IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 2:04-cv-4098 |
| v. | : : | |
| RICHARD LONGWILL, and BARBARA LONGWILL, and AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC. Defendants. | : : : : : : : : : : : | |

Defendants Air Base Carpet Mart, Inc., Air Base Distributing, Inc. and Richard and Barbara Longwill in their representative capacity, by and through their attorneys, Rawle and Henderson, LLP, hereby Answers the Plaintiff's Fourth Amended Complaint and in support of same avers as follows:

1.  Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the averment contained in paragraph 1 of the Fourth Amended Complaint and therefore, same is denied. Strict proof will be required at the time of trial.

2.  Admitted. The averment contained in paragraph 2 of the Fourth Amended Complaint is admitted upon information and belief.

3.  Admitted. The allegations contained in paragraph 3 are admitted only that there was an accident on the premises upon information and belief because the Answering Defendants

have no direct knowledge of events that occurred on August 30, 2002 or the cause of death of the minor child.

4. Admitted in part. It is admitted that Air Base Carpet Mart, Inc. is a Delaware corporation and that its <u>only</u> place of business is located at 230 N. Dupont Highway, New Castle, Delaware 19720.

5. Admitted in part and Denied in part. It is admitted only that Air Base Distributing, Inc. is a Delaware corporation. It is denied that its principal place of business is located at 230 N. Dupont Highway, New Castle, Delaware.

6. Denied. The allegations contained in paragraph 6 of the Fourth Amended Complaint are denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

7. Denied. The allegations contained in paragraph 7 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required the allegations are denied.

8. Denied. The allegations contained in paragraph 8 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required the allegations are denied.

9. Denied. The allegations contained in paragraph 9 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required the allegations are denied.

10. Denied. The allegations contained in paragraph 10 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required the allegations are denied.

11. Denied. The allegations contained in paragraph 11 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required the allegations are denied. By way of further answer, Answering Defendants deny any and all allegations of negligence.

12. Denied. Answering Defendants are without sufficient information to form a belief as to the truth of the averment contained in paragraph 12 and therefore, same is denied. Strict proof will be required at the time of trial.

13. Denied. The allegations contained in paragraph 13 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

14. Denied. The allegations contained in paragraph 14 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. By way of further answer, Answering Defendants deny any and all allegations of negligence. Further, the remaining allegation is denied as Answering Defendants are without sufficient information to form a belief as to the truth of the averment and therefore, same is denied. Strict proof will required at the time of trial.

15. Denied. The allegations contained in paragraph 15 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

16. Denied. The allegations contained in paragraph 16 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required the allegations are denied.

17.     Denied.  The allegations contained in this paragraph are addressed to defendants other than answering defendants herein.  Answering defendants are therefore advised that no further answer is required to the allegations.

18.     Denied.  The allegations contained in paragraph 18 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.  To the extent that an answer is required the allegations are denied.

19.     The allegations contained in paragraph 19 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.  To the extent that an answer is required the allegations are denied.

20.     The allegations contained in paragraph 20 of the Fourth Amended Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

WHEREFORE, answering defendants, Air Base Carpet Mart, Inc., Air Base Distributing, Inc. and Richard and Barbara Longwill in their representative capacity, demands judgment in his favor and against the plaintiff, dismissing plaintiff's Fourth Amended Complaint together with an award of costs and disbursements incurred by answering defendants, including attorneys' fees together with such other relief in favor of answering defendants as this Honorable Court shall deem appropriate under the circumstances.

## FIRST AFFIRMATIVE DEFENSE

The Fourth Amended Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the person of these Answering Defendants and/or subject matter jurisdiction over this action.

**THIRD AFFIRMATIVE DEFENSE**

This action was not commenced as to these Answering Defendants within the statutory time, and accordingly, this suit is barred as to these Answering Defendants by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Fourth Amended Complaint is barred by the doctrines of waiver, estoppel, and/or laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' and/or Plaintiffs' Decedent's injuries, if any, were the result of superseding and/or intervening causes or parties over which or whom these Defendants had no control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were caused by one or more of the co-defendants, and not by these Answering Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were proximately caused by the intervening conduct of third persons, parental authorities, or entities over whom these Answering Defendants had no control, authority, or responsibility.

**EIGHTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's injuries, if any, may have been caused by the conduct of others.

**NINTH AFFIRMATIVE DEFENSE**

The Answering Defendants had no legal duty to Plaintiff's decedent because others/adults were in a better or legal position to warn and protect Plaintiff's decedent, and the failure of these other persons and/or entities to so protect the decedent was the proximate cause of Plaintiff's injuries, if any.

**TENTH AFFIRMATIVE DEFENSE**

The Answering Defendants breached no duty owed to Plaintiff or Plaintiff's decedent.

**ELEVENTH AFFIRMATIVE DEFENSE**

These Answering Defendants are entitled to an offset/net reduction for any compensation obtained or to be obtained by or on behalf of Plaintiff and/or Plaintiff's Decedent from other sources, parties, entities and/or Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff, as against these Answering Defendants has failed to properly elect his remedies and forum barring some or all of his claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Service of process was improper and/or insufficient.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Venue is improper.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or limited by the statutes, immunities and laws of the State of Delaware and the laws, ordinance and rules of the City of Wilmington and New Castle County.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants aver that the accident more specifically described in the allegations contained in Plaintiff's Fourth Amended Complaint was caused by individuals and/or entities who are unknown to Answering Defendants and over whom Answering Defendants had no control at any time material hereto.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If the event alleged in the Fourth Amended Complaint occurred as alleged by plaintiff, which is denied, it was caused by plaintiff and was no way caused by an act or omission on the part of answering defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

No conduct on the part of answering defendants contributed to plaintiff's alleged injury and/or damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

No conduct on the part of answering defendants contributed to plaintiff's alleged injury and/or damages.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Any damages sustained by plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of parties or persons for whom defendants have no responsibility, and have not by the culpable conduct or negligence of answering defendants.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by answering defendants, was the result of an unavoidable accident or sudden emergency.

WHEREFORE, answering defendants, Air Base Carpet Mart, Inc., Air Base Distributing, Inc. and Richard and Barbara Longwill in their representative capacity, demands judgment in his favor and against the plaintiff, dismissing plaintiff's Fourth Amended Complaint together with an award of costs and disbursements incurred by answering defendants, including attorneys' fees together with such other relief in favor of answering defendants as this Honorable Court shall deem appropriate under the circumstances.

RAWLE & HENDERSON LLP

**ECM2517**
By:_____
Edward C. Mintzer, Jr.
Delia A. Clark
Attorneys for defendants,
Air Base Carpet Mart, Inc. d/b/a Air Base
Distributing, Inc., d/b/a Air Base Carpet
Mart and Richard Longwill and Barbara
Longwill (represented in their employment capacity only)

Dated: September 7, 2004.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within-captioned Answer to the Fourth Amended Complaint was served via first-class mail, postage prepaid, on the following:

Thomas R. Kline, Esquire
Matthew A. Casey, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street. 19th Floor
Philadelphia, PA 19102

Daniel J. Hart, Esquire
Marshall, Dennehey, Warner,
Coleman and Warner
1845 Walnut Street
Philadelphia, PA  19103-4797

                                                  **ECM2517**
                                          _____
                                          Edward C. Mintzer, Jr.
                                          Delia A. Clark

Dated: September 7, 2004.