IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased | : : : |
| Plaintiff, | : : CIVIL ACTION NO.: 04-cv 4098 |
| v. | : : |
| RICHARD LONGWILL, and BARBARA LONGWILL, and AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC. Defendants. | : : : : : : : : : : |

**ORDER**

AND NOW, this        day of                  , 2004, upon consideration of defendants, Air Base carpet Mart, Inc and Air Base Distributing, Inc. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and any response thereto, it is hereby ORDERED AND DECREED said Motion is GRANTED, and this case is hereby transferred to the United States District Court for the District of Delaware.

BY THE COURT:

_____
J.

1037476 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased : : : | |
| Plaintiff, : | CIVIL ACTION NO.: 04-cv 4098 |
| : | |
| v. : | |
| : | |
| RICHARD LONGWILL, : and : BARBARA LONGWILL, : and : AIR BASE CARPET MART, INC. : D/B/A AIR BASE DISTRIBUTING, : INC. D/B/A AIR BASE CARPET MART : and : AIR BASE DISTRIBUTING, INC. : Defendants. : | |

**DEFENDANTS, AIR BASE CARPET MART, INC. AND
AIR BASE DISTRIBUTING, INC.'S
<u>MOTION TO TRANSFER VENUE</u>**

Defendants, Air Base carpet Mart, Inc. and Air Base distributing, Inc., by and through their attorneys, Rawle & Henderson LLP, hereby move for the transfer of this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), for the reason set forth below and in the attached Memorandum of Law and Affidavit:

1. Plaintiff commenced a civil action in the Court of Common Pleas in Philadelphia County on or about March 16, 2004. Preliminary Objections for lack of personal jurisdiction were filed on behalf of Air Base Carpet Mart, Inc. on April 12, 2004.

2. Plaintiff filed an amended complaint which changed little substantively of the complaint. A second set of preliminary objections were filed on May 25, 2004. Plaintiff responded by filing a second amended complaint. Again, defendants raised objections asserting

1037476 v.1

that there existed no personal jurisdiction over the corporate defendants or the individual defendants.  In addition, Defendants argued that there were other indispensable parties whom were Delaware residents and over whom there was no personal jurisdiction.

3. Again, plaintiff responded by filing a third Amended Complaint on July 21, 2004. Defendants filed a third set of preliminary objections based primarily on the lack of personal jurisdiction over the Longwills and the corporate entities.

4. Plaintiff filed a fourth amended complaint on August 18, 2004.  The Fourth Amended Complaint deleted the defendant of Teresa Garcia Zavala who was alleged to be a resident of Pennsylvania.

5. Defendants filed a Notice of removal on August 27, 2004.

6. Plaintiff alleges in his Complaint that James H. Gorbey was appointed Administrator of the Estate of Marissa Rose Fishman, the decedent.  The decedent was born on December 30, 2000. (See Fourth Amended Complaint attached as exhibit "A".)

7. On August 20, 2002, the decedent was living at the home of her grandparents who resided at 3220 Coachman Road in Wilmington, Delaware.  (See affidavit of Rochelle Fishman attached as Exhibit "B".)

8. While staying at the residence, the decedent is alleged to have drowned in the indoor pool. at 3220 Coachman Road residence.  (See Exhibit "A".)

9. Moving defendants, Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., timely removed this matter to this Court. (See Exhibit "C" - Defendants, Air Base Carpet Mart, Inc. and Air Base Distributing, Inc.'s Petition for Removal (without exhibits)).  Simultaneously with the filing of this Motion, Moving Defendants have filed their Answer to the Complaint.

10. As outlined in the Complaint, the drowning happened at the defendant, Longwills' personal residence in Wilmington, Delaware.

11. Delaware State Police responded to the residence and prepared an incident report. See Exhibit "D" - Delaware State Police investigation.

12. According to the report, there were at least 12 persons present at the 3220 Coachman Road address. See Exhibit "D."

13. The report indicates that there were two workmen performing work on the outside patio. These individuals were Mr. Rizzo and Mr. Ortiz. See Exhibit "D."

14. These workmen were not employed by Air Base Carpet Mart, Inc. or Air Base distributing, Inc. (See affidavit of Arnold Frey attached as Exhibit "E".)

15. Based upon information and belief Mr. Rizzo owned Ashland Construction, Co. which is a Delaware Corporation. (See Exhibit "F.") Upon information and belief, Ashland construction may have employed both Mr. Rizzo and Mr. Ortiz.

16. The decedent was transported by Talleyville Ambulance to and treated at A.I. Dupont Children's Hospital located in Wilmington, Delaware. See Exhibit "D."

17. The New Castle County Medical Examiner's may have, which upon information and belief is assumed as reasonable, conducted an autopsy.

18. New Castle County Police conducted an investigation into this accidental tragic drowning. See Exhibit "D."

19. The accident and the critical moments thereafter are essential to the understanding of how this accident occurred.

20. New Castle County Police and Emergency Ambulance personnel may hold critical and additional pieces of evidence regarding this accident.

21.     Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania. See Exhibit "A."

22.     Defendants Richard and Barbara Longwill are citizens and residents of the State of Delaware. See Exhibit "A."

23.     Defendants, Air Base carpet Mart, Inc. and Air Base Distributing, Inc. are Delaware corporations. See Exhibit "E."

24.     Air Base Distributing, Inc. has only one location and is located in Dover, Delaware. See Exhibit "E."

25.     Air Base Carpet Mart, Inc.'s principal and only place of business is located in New Castle, Delaware.

26.     Neither corporation has a place of business in Pennsylvania, has applied for a business license in Pennsylvania and neither makes deliveries to Pennsylvania residents. See Exhibit "E."

27.     Air Base Carpet Mart, Inc and Air Base Distributing do not employ workmen as installers or measurers. See Exhibit "E."

28.     The nanny Teresa Zavala was employed by the mother of the decedent, Rochelle Fishman. See Exhibit "B."

29.     Upon information and belief, Mr. Rizzo and Mr. Ortiz and/or Ashland construction were independent contractors.

30.     It is alleged that on August 30, 2002, someone left the door from the house to the pool open. See Exhibit "A."

31.     28 U.S.C. §1404(a) states as follows:

1037476 v.1

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

In ruling on a Motion to Transfer pursuant to 28 U.S.C. §1404(a), the following factors must be considered: (1) the place where the acts and/or omissions occurred; (2) the convenience of the parties and witnesses; (3) the location of the documents; (4) the relative ease of access to sources of proof; (5) the availability of process to compel witnesses to attend depositions or trial; (6) the governing law; (7) trial efficiency; (8) interests of justice; and (9) plaintiff's choice of forum. *See* Harris v. National Railroad Passenger Corporation, 979 F.Supp. 1052, 1053 (E.D.Pa. 1997).

32. In deciding a motion to transfer, the first issue the court must decide is whether the transferee forum is a proper forum to litigate the case. Harris, 979 F.Supp. at 1053.

33. With respect to venue, 28 U.S.C. §1391 states that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated."

34. The District of Delaware is the judicial district in which all of the events or omissions giving rise to the claim occurred (the accident). As such, the District of Delaware is the proper forum for this case.

35. Pennsylvania did not have jurisdiction over the defendants. Additionally, Pennsylvania has no jurisdiction over Mr. Rizzo, Mr. Ortiz and Ashland Construction. The plaintiff has conceded this point, See Exhibit "A" at ¶ 15.

36. For transfer of venue purposes, a plaintiff's choice of forum is not accorded the decisive weight it enjoyed under the doctrine of *forum non conveniens*; rather, "the choice of forum is only one of many factors for a court to consider." Gundle Lining Construction Corp. v. Fireman's Fund Insurance Co., 844 F.Supp. 1163, 1165 (S.D.Tex. 1994). Where none of the

1037476 v.1

conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value. *See* <u>Dunn v. Soo Line Railroad Co.</u>, 864 F.Supp. 64, 65 (N.D.Ill. 1994).

37. Any inspection of the residence and pool requires travel to the District of Delaware.

38. Critical discoverable documents, e.g. medical, deeds, transportation, police, investigation, and the like, are located in the District of Delaware.

39. All or most of the pertinent witnesses are located in Delaware.

40. Transfer to the District of Delaware would give the court jurisdiction over any third parties and indispensable parties.

41. Moving defendants believe that the individual defendants, Richard and Barbara Longwill concur with the transfer.

42. If moving defendants Motion to Transfer Venue is granted, then any action filed by Plaintiff against the workmen may be consolidated with the within action. See Exhibit A ¶15.

43. Consolidation of these cases will be in the interest of judicial economy and trial efficiency as it allows the issue of liability to be tried in one forum between the necessary parties.

44. Consolidation of these actions "will promote more efficient conduct of pretrial discovery, to save witnesses time and money in both trial and pretrial proceedings, and to avoid duplicative litigation and inconsistent results." <u>Pall Corp. v. PTI Technologies, Inc.</u>, 992 F.Supp. 196, 201 (E.D.N.Y. 1998) (citations omitted).

45. Plaintiff will suffer no undue prejudice by pursuing his claim in the District of Delaware.

WHEREFORE, defendants, Air Base Carpet Mart, Inc and Air Base Distributing, Inc., respectfully request that this Honorable Court transfer this case to the District of Delaware.

RAWLE & HENDERSON LLP

**ECM2517**
By: _____

Edward C. Mintzer, Jr.
Delia A. Clark
Attorneys for defendants,
Air Base Carpet Mart, Inc. and Air Base Distributing, Inc.,

Dated: September 7, 2004

1037476 v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased<br>    Plaintiff,<br><br>v.<br><br>RICHARD LONGWILL,<br>and<br>BARBARA LONGWILL,<br>and<br>AIR BASE CARPET MART, INC.<br>D/B/A AIR BASE DISTRIBUTING,<br>INC. D/B/A AIR BASE CARPET MART<br>and<br>AIR BASE DISTRIBUTING, INC.<br>    Defendants. | :<br>:<br>:<br>: CIVIL ACTION NO.: 04-cv 4098<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO TRANSFER VENUE**

Defendants, Air Base Carpet Mart, Inc. (hereinafter "Air Base") and Air Base Distributing, Inc. (hereinafter "Distributing"), by and through their attorneys, Rawle & Henderson LLP, hereby submit the following memorandum of law in support of their Motion to Transfer Venue of this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a):

**I.  STATEMENT OF FACTS**

Plaintiff commenced a civil action in the Court of Common Pleas in Philadelphia County on or about March 16, 2004. Preliminary Objections for lack of personal jurisdiction were filed on behalf of Air Base Carpet Mart, Inc. on April 12, 2004.

Plaintiff filed an Amended Complaint which changed little substantively of the complaint. A second set of preliminary objections were filed on May 25, 2004. Plaintiff responded by filing a second Amended Complaint. Again, defendant raised objections asserting

1037476 v.1

that there existed no personal jurisdiction over the defendants.  In addition, Defendants argued that there were other indispensable parties whom were Delaware residents and over whom there was no personal jurisdiction.  In response to the second set of Preliminary Objections,  plaintiff flied a third Amended Complaint on July 21, 2004.  Defendants filed  preliminary objections to the Third Amended Complaint.  The Preliminary Objections asserted the lack of personal jurisdiction and failure to name indispensable parties.

Plaintiff filed a fourth Amended Complaint on August 18, 2004.   The Fourth Amended Complaint deleted the defendant of Teresa Garcia Zavala who was alleged to be a resident of Pennsylvania.  Defendants timely filed a Notice of Removal on August 27, 2004, as based upopn Diversity Jurisdiction.

Plaintiff alleges in his Complaint that James H. Gorbey was appointed Administrator of the Estate of Marissa Rose Fishman, the decedent.  The decedent was born on December 30, 2000 (See Fourth Amended Complaint attached as Exhibit "A"¶1).

On August 30, 2002, the decedent was living at the home of her grandparents who resided at 3220 Coachman Road in Wilmington, Delaware (See affidavit of Rochelle Fishman attached as Exhibit "B").  While staying at her grandparents' residence, the decedent is alleged to have drowned in the indoor pool. at 3220 Coachman Road residence  (See Exhibit "A" ¶3).

As outlined in the Complaint, the drowning happened at the defendant, Longwills' personal residence in Wilmington, Delaware.  New Castle County Police responded to the residence and prepared an incident  report.  See Exhibit "D" - Delaware  Police investigation.  According to the report, there were at least 12 persons present  at the 3220 Coachman Road address.  See Exhibit D.  The report indicates that there were two workmen performing work on the outside patio.  These individuals were Mr. Rizzo and Mr. Ortiz.  See Exhibit D.

1037476 v.1

These workmen were not employed by Air Base Carpet Mart, Inc. or Air Base Distributing, Inc. (See affidavit of Arnold Frey attached as Exhibit "E"). Based upon information and belief Mr. Rizzo owned Ashland Construction, Co. which is a Delaware Corporation. (See Exhibit "F".) Upon information and belief, Ashland construction may have employed both Mr. Rizzo and Mr. Ortiz.

The decedent was transported to and treated at A.I. Dupont Children's Hospital located in Wilmington, Delaware. See Exhibit D The New Castle County Medical Examiner's, may have, upon information and belief, conducted an autopsy. The New Castle County Police conducted an investigation into this accidental tragic drowning. See Exhibit "D."

The accident and the critical moments thereafter are essential to the understanding of how this accident occurred. New Castle County Police and its emergency personnel hold critical pieces of evidence regarding this accident. Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania. See Exhibit "A". Defendants Richard and Barbara Longwill are citizens and residents of Delaware. See Exhibit "A." Defendants, Air Base and Distributing are Delaware corporations. See Exhibit E. Distributing has only one location which is located in Dover, Delaware. See Exhibit "E." Air Base's principal and only place of business is located in New Castle, Delaware.

Neither Air Base corporation has a place of business in Pennsylvania, neither has applied for a business license in Pennsylvania nor does neither make deliveries to Pennsylvania residents. See Exhibit "E." Air Base and Distributing do not employ workmen as installers or measurers. See Exhibit "E."

It is alleged that on August 30, 2002, someone at the residence left the door from the house to the pool open. See Exhibit A. The nanny, Teresa Zavala, was employed by the mother

1037476 v.1

of the decedent, Rochelle Fishman and not the Longwills or the corporate defendants. See Exhibit "B." Upon information and belief, Mr. Rizzo and Mr. Ortiz and/or Ashland Construction were independent contractors.

In sum, this case involves a tragic drowning, which occurred in Delaware and is currently being litigated in two forums. For the interests of judicial economy, trial efficiency, and the location and availability of critical evidence, the moving defendants are moving to transfer both suits to the District of Delaware, where it could have been brought originally, and consolidate these cases. Plaintiff will not be prejudiced by this transfer.

## II.     LEGAL ARGUMENT

28 U.S.C. §1404(a) states as follows:

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

In ruling on a Motion to Transfer pursuant to 28 U.S.C. §1404(a), the following factors must be considered: (1) the place where the acts and/or omissions occurred; (2) the convenience of the parties and witnesses; (3) the location of the documents; (4) the relative ease of access to sources of proof; (5) the availability of process to compel witnesses to attend depositions or trial; (6) the governing law; (7) trial efficiency; (8) interests of justice; and (9) plaintiff's choice of forum. *See* Harris v. National Railroad Passenger Corporation, 979 F.Supp. 1052, 1053 (E.D.Pa. 1997). In deciding a motion to transfer, the first issue the court must decide is whether the transferee forum is a proper forum to litigate the case. Harris, 979 F.Supp. at 1053.

With respect to venue, 28 U.S.C. §1391 states that a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated. The

District of Delaware is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred (the accident).  As such, the District of Delaware is the proper forum for this case.  Pennsylvania did not have jurisdiction over the defendants.  Pennsylvania does not have jurisdiction over Mr. Rizzo, Mr. Ortiz or Ashland construction all of whom appear to be indispensable parties.  Plaintiff in the Fourth Amended Complaint indicated that he will file an action against these individuals in the different forum which has jurisdiction, Delaware.  See Exhibit "A" at ¶ 15.

For transfer of venue purposes, a plaintiff's choice of forum is not accorded the decisive weight it enjoyed under the doctrine of *forum non conveniens*; rather, "the choice of forum is only one of many factors for a court to consider" Gundle Lining Construction Corp. v. Fireman's Fund Insurance Co., 844 F.Supp. 1163, 1165 (S.D.Tex. 1994).  Where none of the conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value.  *See* Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).  The fact that this accident occurred in the District of Delaware "militates in favor of transferring."  Barnes v. Rollins Dedicated Carriage Service, 976 F.Supp. 767 (1997).

Any inspection of the Longwill residence and pool requires travel to the District of Delaware.  Critical discoverable documents are located in the District of Delaware, as well as a number of emergency personnel who responded to the scene, and other witnesses who may have been in the residence at the time of the incident.  Pall Corp. v. PTI Technologies, Inc., 992 F.Supp. 196 (E.D.N.Y. 1998).   Transfer to the District of Delaware would give the court jurisdiction over any third parties and indispensable parties.  Clearly, the parties, witnesses and judicial efficiency will be served by the transfer to the District of Delaware.  Additionally, the co-defendants, Richard and Barbara Longwill are expected to join in this request.

1037476 v.1

If moving defendants Motion to Transfer Venue is granted, then moving defendants can consolidate this case with any action filed by the plaintiff against the workmen and corporation named above.  Consolidation of these cases will be in the interest of judicial economy and trial efficiency as it allows the issue of liability to be tried in one forum between the necessary parties.  Consolidation of these actions "will promote more efficient conduct of pretrial discovery,to save witnesses time and money in both trial and pretrial proceedings, and to avoid duplicative litigation and inconsistent results."  <u>Pall Corp. v. PTI Technologies, Inc.</u>, 992 F.Supp. 196, 201 (E.D.N.Y. 1998) (citations omitted).  Plaintiff will suffer no undue prejudice by pursuing his claim in the District of Delaware.  <u>Id.</u> at 201.

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons defendants, Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., respectfully request that this Honorable Court transfer this case to the District of Delaware.

Respectfully submitted,

RAWLE & HENDERSON LLP

**ECM2517**

BY:_____

Edward C. Mintzer, Jr.
Delia A. Clark
Attorneys for defendants,
Air Base Carpet Mart, Inc. and
Air Base  Distributing, Inc.

Dated: September 7, 2004

1037476 v.1

## CERTIFICATE OF SERVICE

    The undersigned, an attorney admitted to practice in the Commonwealth of Pennsylvania, hereby affirms that the foregoing Motion to Transfer was filed electronically and served on the below listed counsel via first-class mail, postage pre-paid this 7th day of September, 2004.

Thomas R. Kline, Esquire
Matthew A. Casey, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street. 19th Floor
Philadelphia, PA 19102

Daniel J. Hart, Esquire
Marshall, Dennehey, Warner,
Coleman and Warner
1845 Walnut Street
Philadelphia, PA  19103-4797


**ECM2517**
_____
Edward C. Mintzer, Jr.
Delia A. Clark