IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 04-cv 4098 |
| v. | : : | |
| RICHARD LONGWILL, and BARBARA LONGWILL, and AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC. Defendants. | : : : : : : : : : | |

## AFFIDAVIT

I, Delia A. Clark, hereby make this Affidavit based on personal knowledge, information and belief. I am over the age of 18 and hereby swear as follows:

1. I am an associate with Rawle & Henderson LLP, attorneys for moving defendants, Air Base Carpet Mart, Inc and Air Base Distributing, Inc. and am fully familiar with the facts of the above captioned matter.

2. On August 30, 2002, Marissa Rose Fishman while staying at her grandparents home located at 3229 Coachman road in Wilmington, Delaware, drown in their indoor poor. See Exhibit "D" - Delaware Police Report.

3. The young child had been pulled from the pool and CPR was performed by her mother and aunt. The child was transported by ambulance to A.I. Children's Hospital. See Exhibit D.

4.  At the time of the incident there were at least 12 persons present at the residence.. See Exhibit D.

5.  As an alleged result of this accident, the young child never regained consciousness and died.   See Exhibit D.

6.  A number of emergency personnel responded to the Longwill residence, specifically, several police, EMTs and , 2 detectives, who took statements,  2 First Aid and Fire Engine Companies, and the New Castle County Medical Examiner may have performed an autopsy.  See Exhibit D.

7.  The police and detectives conducted an investigation of the accident scene, taking measurements and statements.  Discovery of their reports and their depositions will be critical in understanding how this accident occurred and who or what was the cause of this accident.

8.  The emergency personnel and medical providers observed and treated the decedent.  Their reports and testimony will be critical in analyzing the severity of the injuries.

9.  The District of Delaware is the situs of this accident and all of the discovery involving the issue of liability and damages is contained therein.

10. With respect to the decedent,  all of the evidence of her injuries and time of death is contained in the District of Delaware.

11. Given the nature of this accident,  the number of parties and witnesses  involved, it is anticipated that discovery will be quite involved.

12. By transferring this matter to the District of Delaware, pretrial discovery will be more efficient, it will save on costs and time in pretrial and trial proceedings, and it will avoid duplicative litigation and inconsistent results.  <u>Pall Corp. v. PTI Technologies, Inc.</u>, 992 F.Supp. 196, 201 (E.D.N.Y. 1998).

13. The Commonwealth of Pennsylvania does not have any relation to the defendants or the incident.

14. It is believed there may be additional indispensable and material parties who may bear responsibility for this tragic accident. These third parties are residents of Delaware.

15. Upon information and belief, counsel for co-defendants, Richard and Barbara Longwill will join in this request.

_____
Delia A. Clark

Sworn to and subscribed
before me this 7th day
of September, 2004.

_____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
TAMIKA ALSTON, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 30, 2007