IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased | : : : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: 2:04-cv-4098 |
| v. | : : |
| RICHARD LONGWILL, and BARBARA LONGWILL, and AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC. Defendants. | : : : : : : : : : : |

**PLAINTIFF JAMES H. GORBEY, JR.'S REPLY
TO MOTION TO TRANSFER VENUE OF DEFENDANTS
<u>AIR BASE CARPET MART, INC. AND AIR BASE DISTRIBUTING, INC.</u>**

Plaintiff, James H. Gorbey, Jr., Administratrix of the Estate of Marissa Rose Fishman, deceased, by and through his attorneys, Kline & Specter, P.C., hereby replies to the Motion to Transfer Venue of Defendants, Air Base Carpert Mart, Inc., and Air Base Distributing, Inc., and in support thereof avers as follows:

    1. - 6.    Admitted.

    7.    Denied as stated. Plaintiff's decedent, age one and a half, was staying with her mother at the home of her maternal grandparents, on August 20, 2002, when she drowned in their pool. Plaintiff's decedent was at the time a Pennsylvania resident who resided for the entirety of

her short life at 110 Kelly Drive, Chadds Ford, Pennsylvania.  <u>See</u> Death Certificate attached hereto as Exhibit "A".

    8.    Admitted.

    9.    Admitted.

    10.    Admitted.

    11.    Admitted.

    12.    Denied as stated. The police report, which is Exhibit D to Moving Defendants' papers, is in writing and speaks for itself.

    13.    Admitted.

    14.    Denied as stated. Plaintiff is without knowledge sufficient to form a belief as to the truth of the averment set forth in paragraph 14, and, accordingly, the averment is deemed denied pursuant to F.R.C.P. 8 (b).

    15.    Admitted.

    16.    Admitted.

    17.    Denied as stated. Plaintiff is without knowledge sufficient to form a belief as to the truth of the averment set forth in paragraph 14, and, accordingly, the averment is deemed denied pursuant to F.R.C.P. 8 (b).

    18.    Denied as stated. The drowning, while certainly tragic, was caused by negligence more particularly set forth in plaintiff's Complaints in this Court.

    19.- 20.    Admitted. Indeed, the critical moments thereafter, namely, the pathophysiology

of how plaintiff's decedent drowned, will be best demonstrated by her birth records, death certificate, medical records, and other information upon which experts will rely in giving opinions regarding whether she endured conscious pain and suffering. This claim, along with the lost earnings claim of the estate, constitute the damages recoverable by the estate here. But for EMS records, the majority of the documents, medical information, and the like, that relate to these damages claims are located in Pennsylvania. By way of further response, despite the fact that they have the burden of demonstrating that the interests of the parties favor transferring the case to the District of Delaware (See Reply Brief, *infra*), Moving defendants fail to point out who the potential witnesses are, where they live, or why traveling to this Court would even inconvenience them, let alone render them unavailable. Indeed, individuals who work in Wilmington, Delaware, may in fact live closer to this Court than to the District of Delaware court. In any event, Moving Defendants fail to support their Motion with conclusive facts regarding witnesses and sources of proof. By contrast, plaintiff can amply demonstrate the specific connections with Pennsylvania for this Pennsylvania estate. By way of further response, importantly, this case involves a Pennsylvania estate, for which Pennsylvania wrongful death and survival damages law, at a minimum, will apply. Pennsylvania has a strong interest in having the estate's claim litigated here.  Of the two potential estate beneficiaries, at least one, plaintiff's decedent's father, lives in Pennsylvania. The other potential beneficiary of the estate, plaintiff's decedent's mother, lived at 110 Kelly Drive, Chadds Ford, Pennsylvania, at the time of the accident.

    21. - 22.    Admitted.

23.     Denied as stated. Plaintiff is without knowledge sufficient to form a belief as to the truth of the averment set forth in paragraph 14, and, accordingly, the averment is deemed denied pursuant to F.R.C.P. 8 (b).

24.- 26.     Denied as stated. Plaintiff is without knowledge sufficient to form a belief as to the truth of the averment set forth in paragraph 14, and, accordingly, the averment is deemed denied pursuant to F.R.C.P. 8 (b). By way of further response, both defendants, through their affiliates and/or subsidiaries, whose relationship with the Moving Defendants requires extensive additional discovery, have regular and systematic contacts with Pennsylvania. By way of example, Defendant Richard Longwill, who, upon information and belief, is a principal for each moving defendant, is an owner, operator, director and/or officer in several Pennsylvania corporations, including Lancaster Carpet Mart, Inc.; Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne Carpet Mart, Inc.; and Lomax Home Center, Inc. Lomax Home Center, Inc., is located at 2940 Jasper Street in Philadelphia, Pennsylvania, and 100% of its stock is owned by defendant Richard Longwill. See Air Base Web Site Home Page, attached as Exhibit "B". There are direct relationships between moving defendants, their officers and directors, and these Pennsylvania entities.

27.     Denied as stated. Plaintiff is without knowledge sufficient to form a belief as to the truth of the averment set forth in paragraph 14, and, accordingly, the averment is deemed denied pursuant to F.R.C.P. 8 (b).

28.     Denied as stated. Plaintiff is without knowledge sufficient to form a belief as to

the truth of the averment set forth in paragraph 14, and, accordingly, the averment is deemed denied pursuant to F.R.C.P. 8 (b).

29.     Denied as stated. Plaintiff is without knowledge sufficient to form a belief as to the truth of the averment set forth in paragraph 14, and, accordingly, the averment is deemed denied pursuant to F.R.C.P. 8 (b).

30.     Denied as stated. The police report, which is attached as Exhibit D to Moving Defendants papers, makes clear that witnesses at the scene blamed Ashland Construction workmen for leaving the subject door open.

31. - 33. The allegations set forth in paragraph 31- 33 consist of conclusions of law to which no response is required. By way of further response, Moving Defendants are simply wrong to assert that 28 U.S.C. § 1404(a) entitles them to the relief that they seek here.

Although a district court has broad discretion in deciding whether to transfer an action under § 1404(a), transfers should not be liberally granted. Elbeco Inc. v. Estrella de Plato, Corp., 989 F.Supp. 669, 679 (E.D.Pa.1997). The party requesting the venue transfer has "the burden of establishing its propriety." Id. (quoting Tranor v. Brown, 913 F.Supp. 388, 391 (E.D.Pa.1996.)) Moreover, "[t]he transfer is not warranted if the effect is merely to shift the inconvenience from one party to the other." Elbeco, 989 F.Supp. at 679. Finally, the court must keep in mind that the plaintiff's choice of forum "should not be lightly disturbed." Id.

In resolving whether the Moving Defendants have established the appropriateness of the transfer, the court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by

transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995)(quoting 15 Wright, Miller & Cooper, Federal Practice and Procedure § 387 (internal quotation marks omitted). "While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a)." Id.

The "private interests" considered include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that a witness may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent they may be unavailable in one of the fora. Id. at 879 (citations omitted).

Relevant "public interests" include: (1) the enforceability of any judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulties in the two fora resulting from court congestion; (4) local interest in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80 (citations omitted).

Applying the Jumara "private interests" analysis to the facts here, Moving Defendants have not established the propriety of the requested transfer. First, this District is plaintiff's choice of forum. He was appointed as Administrator of the Estate by the Register of Wills of Delaware county, Pennsylvania, due to the inability of the parents of plaintiff's decedent to agree upon an Administrator. See Order of the Orphan's Court of Delaware county, Pennsylvania, dated

9/23/03, attached hereto as Exhbit "C ". As the damages in this case should rightly be governed by Pennsylvania law, they will be limited to plaintiff's decedent's pain and suffering and any loss of earnings, each of which are claims that belong solely to the estate under 42 Pa. C.S.A. §8302. Accordingly, virtually all of the discoverable damages information in the case, including medical records and providers, tax records for plaintiff's decedent's lost earnings claim, and crucial fact witnesses, including her father, are located in Pennsylvania. Plaintiff also believes that some of the witnesses who were located at the subject premises are located in Pennsylvania.

Second, although the Moving Defendants are located in Delaware and the drowning occurred there, these facts are not enough to warrant transfer. While Moving Defendants allege in conclusory fashion that "there were at least 12 persons present at the [house where the drowning occurred], they fail even to show where these purported witnesses live, or whether any of them are Pennsylvania residents, much less whether any of them would be inconvenienced by testifying at a trial in this Court or whether they would not be available were the case to be litigated here. See ¶ 12 of Motion to Transfer Venue.

Moreover, litigating this case in Delaware will necessarily affect plaintiff in Pennsylvania. Plaintiff will be forced to proceed with his administration of the estate in two separate fora. In considering the relative ease of access to sources of proof, although Moving Defendants, again in sweepingly conclusory fashion, state that "critical discoverable documents" are located in the District of Delaware, it is highly likely that the trial of the case will involve more damages witnesses than liability witnesses. Accordingly, contrary to Moving Defendant's assertions, the litigation has a substantial and important nexus with Pennsylvania.

Likewise, whereas Moving Defendants allude to the possible difficulty of compelling non-party witnesses to testify in the Eastern District of Pennsylvania, they have failed to make any of the necessary statements concerning what their testimony would cover. They have similarly failed to demonstrate the materiality of such evidence in a way that enables this Court to properly balance the parties' interest. Moreover, although Delaware may be a more convenient venue for the Moving Defendants, this court should not grant a transfer that acts solely as a means to shift inconvenience from the Moving Defendants to the plaintiff, whose choice of venue, as evidenced by where it chose to file suit, "should not be lightly disturbed." Jumara, 55 F.3d at 879.

Similarly, applying the Jumara "public interests" analysis to the facts here, Moving Defendants have not established the propriety of the requested transfer. First, there should be no concerns regarding the enforceability of any judgment in this District. Second, practical considerations that could make the trial easy, expeditious, or inexpensive support litigating the case in this District at least as much as the District of Delaware. The parties are already communicating to establish a discovery plan, and the plaintiff anticipates that discovery will not exceed ninety days from the Rule 16 conference. Third, plaintiff does not believe that this case, which is factually very simple, will overly burden this court from an administrative standpoint. Fourth, Pennsylvania has a strong interest in litigating claims for damages brought by Pennsylvania residents, and, more importantly, on behalf of Pennsylvania estates, in a Pennsylvania jurisdiction. Lastly, this Court will be well familiar with the applicable state law in this diversity case.

34. Denied as stated. By way of further response, plaintiff incorporates herein as if fully set forth his response to ¶¶ 32 and 33, *supra*.

35. Denied as stated. Pennsylvania does have jurisdiction over the Moving Defendants, as evidenced by their extensive contacts with this Commonwealth. See Exhibit "B".

36. Denied as stated. By way of further response, plaintiff incorporates herein as if fully set forth his response to ¶¶ 32 and 33, *supra*.

37. - 41. Denied as stated. By way of further response, plaintiff incorporates herein as if fully set forth his response to ¶¶ 32 and 33, *supra*.

42. - 44. Denied as stated. Contrary to Moving Defendant's assertions, the related action against the Ashland Construction entities is pending in *this* Court and not in Delaware. Plaintiff concurs that the matters should be consolidated, but in this District. See Exhibit "D".

45. Denied. Plaintiff will suffer undue prejudice if his choice of forum is disturbed. The choice of law analysis applied by the District of Delaware, were that to be the forum state, would significantly favor the Moving Defendants. Under 1404(a), assuming plaintiff's choice of forum is otherwise proper, a plaintiff has the right to choose the forum with the most favorable law and a defendant should not be able to use 1404(a) to defeat plaintiff's choice of law. Nole v. DeRamus, 1992 WL 78800 (E.D.Pa.1992). Plaintiff is prepared to address the choice of law issues at oral argument, or through briefs, if the Court believes that it would be instructive.

                                  KLINE & SPECTER,
                                  A Professional Corporation

                BY:_____
                                  THOMAS R. KLINE
                                  ROBERT ROSS
                                  MATTHEW A. CASEY
Dated:                             I.D. Nos. 28895/47152/84443

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 2:04-cv-4098 |
| v. | : : | |
| RICHARD LONGWILL, and BARBARA LONGWILL, and AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC. Defendants. | : : : : : : : : : : : | |

**REPLY BRIEF IN OPPOSITION TO MOTION TO TRANSFER VENUE
OF DEFENDANTS AIR BASE CARPET MART, INC.,
AND AIR BASE DISTRIBUTING, INC.**

I.   **BRIEF STATEMENT OF FACTS**

This case involves the August 30, 2002 drowning of an infant, Marissa Rose Fishman, at an indoor swimming pool located at the home of her maternal grandparents at 3220 Coachman Road, Wilmington, Delaware. She was one-and-a-half years old.

It is alleged that workmen on the premises left a door open to the home's indoor pool, and that plaintiff's decedent was allowed to enter the pool area and, ultimately, the pool itself, unwitnessed. While the police report suggests that the workmen were employed by Ashland Construction Company, Inc., plaintiff has a reasonable belief that said workmen may have been agents of the Moving Defendants. Moving Defendants removed this matter to this Court from the

Philadelphia Court of Common Pleas on August 27, 2004. On August 30, 2004, but before plaintiff was served with the Notice of Removal, plaintiff filed a related action in this Court against the Ashland Construction Company defendants. This case is presently pending in this District as *James H. Gorbey, Jr., Administrator of the Estate of Melissa Rose Fishman, Deceased v. Ashland Construction Company, Inc., et al.*, No. 04-4118. The two cases have the same factual predicate and will presumably be consolidated.

## II.     LEGAL ARGUMENT

Although a district court has broad discretion in deciding whether to transfer an action under § 1404(a), transfers should not be liberally granted. Elbeco Inc. v. Estrella de Plato, Corp., 989 F.Supp. 669, 679 (E.D.Pa.1997). The party requesting the venue transfer has "the burden of establishing its propriety." Id. (quoting Tranor v. Brown, 913 F.Supp. 388, 391 (E.D.Pa.1996.)) Moreover, "[t]he transfer is not warranted if the effect is merely to shift the inconvenience from one party to the other." Elbeco, 989 F.Supp. at 679. Finally, the court must keep in mind that the plaintiff's choice of forum "should not be lightly disturbed." Id.

In resolving whether the Moving Defendants have established the appropriateness of the transfer, the court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995)(quoting 15 Wright, Miller & Cooper, Federal Practice and Procedure § 387 (internal quotation marks omitted). "While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a)." Id.

2

The "private interests" considered include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that a witness may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent they may be unavailable in one of the fora. Id. at 879 (citations omitted).

Relevant "public interests" include: (1) the enforceability of any judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulties in the two fora resulting from court congestion; (4) local interest in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80 (citations omitted).

Applying the Jumara "private interests" analysis to the facts here, Moving Defendants have not established the propriety of the requested transfer. First, this District is plaintiff's choice of forum. He was appointed as Administrator of the Estate by the Register of Wills of Delaware county, Pennsylvania, due to the inability of the parents of plaintiff's decedent to agree upon an Administrator. See Order of the Orphan's Court of Delaware county, Pennsylvania, dated 9/23/03, attached hereto as Exhbit "C". As the damages in this case should rightly be governed by Pennsylvania law, they will be limited to plaintiff's decedent's pain and suffering and any loss of earnings, each of which are claims that belong solely to the estate under 42 Pa. C.S.A. §8302. Accordingly, virtually all of the discoverable damages information in the case, including medical records and providers, tax records for plaintiff's decedent's lost earnings claim, and

crucial fact witnesses, including her father, are located in Pennsylvania. Plaintiff also believes that some of the witnesses who were located at the subject premises are located in Pennsylvania.

Second, although the Moving Defendants are located in Delaware and the drowning occurred there, these facts are not enough to warrant transfer. While Moving Defendants allege in conclusory fashion that "there were at least 12 persons present at the [house where the drowning occurred], they fail even to show where these purported witnesses live, or whether any of them are Pennsylvania residents, much less whether any of them would be inconvenienced by testifying at a trial in this Court or whether they would not be available were the case to be litigated here. See ¶ 12 of Motion to Transfer Venue.

Contrary to Moving Defendant's assertions, the litigation has a substantial and important nexus with Pennsylvania. Litigating this case in Delaware will necessarily affect plaintiff in Pennsylvania. Plaintiff will be forced to proceed with his administration of the estate in two separate fora. In considering the relative ease of access to sources of proof, although Moving Defendants, again in sweepingly conclusory fashion, state that "critical discoverable documents" are located in the District of Delaware, it is highly likely that the trial of the case will involve more damages witnesses than liability witnesses. Furthermore, plaintiff will suffer undue prejudice if his choice of forum is disturbed. The choice of law analysis applied by the District of Delaware, were that to be the forum state, would significantly favor the Moving Defendants. Under 1404(a), assuming plaintiff's choice of forum is otherwise proper, a plaintiff has the right to choose the forum with the most favorable law and a defendant should not be able to use 1404(a) to defeat plaintiff's choice of law. Nole v. DeRamus, 1992 WL 78800 (E.D.Pa.1992).

Plaintiff is prepared to address the choice of law issues at oral argument, or through briefs, if the Court believes that it would be instructive.

Likewise, whereas Moving Defendants allude to the possible difficulty of compelling non-party witnesses to testify in the Eastern District of Pennsylvania, they have failed to make any of the necessary statements concerning what their testimony would cover. They have similarly failed to demonstrate the materiality of such evidence in a way that enables this Court to properly balance the parties' interest. Moreover, although Delaware may be a more convenient venue for the Moving Defendants, this court should not grant a transfer that acts solely as a means to shift inconvenience from the Moving Defendants to the plaintiff, whose choice of venue, as evidenced by where it chose to file suit, "should not be lightly disturbed." Jumara, 55 F.3d at 879.

Similarly, applying the Jumara "public interests" analysis to the facts here, Moving Defendants have not established the propriety of the requested transfer. First, there should be no concerns regarding the enforceability of any judgment in this District. Second, practical considerations that could make the trial easy, expeditious, or inexpensive support litigating the case in this District at least as much as the District of Delaware. The parties are already communicating to establish a discovery plan, and the plaintiff anticipates that discovery will not exceed ninety days from the Rule 16 conference. Third, plaintiff does not believe that this case, which is factually very simple, will overly burden this court from an administrative standpoint. Fourth, Pennsylvania has a strong interest in litigating claims for damages brought by Pennsylvania residents, and, more importantly, on behalf of Pennsylvania estates, in a

Pennsylvania jurisdiction. Lastly, this Court will be well familiar with the applicable state law in this diversity case.

### III.    CONCLUSION

      For all of the foregoing reasons, this Court should deny the Motion to Transfer Venue of Defendants Air Base Carpet Mart, Inc., and Air Base Distributing, Inc.

                                       KLINE & SPECTER,
                                       A Professional Corporation

                       BY:_____
                                       THOMAS R. KLINE
                                       ROBERT ROSS
                                       MATTHEW A. CASEY
Dated:                                  I.D. Nos. 28895/47152/84443

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 2:04-cv-4098 |
| v. | : : | |
| RICHARD LONGWILL, and BARBARA LONGWILL, and AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC. Defendants. | : : : : : : : : : : : | |

## **ORDER**

_____AND NOW, this _____ day of _____, 2004 upon consideration of defendants', Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., Motion to Transfer Venue, and Plaintiff's response thereto, it is hereby ORDERED AND DECREED that said Motion is DENIED.

_____J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased<br>        Plaintiff,<br><br>v.<br><br>RICHARD LONGWILL,<br>and<br>BARBARA LONGWILL,<br>and<br>AIR BASE CARPET MART, INC.<br>D/B/A AIR BASE DISTRIBUTING,<br>INC. D/B/A AIR BASE CARPET MART<br>and<br>AIR BASE DISTRIBUTING, INC.<br>        Defendants. | CIVIL ACTION NO.: 2:04-cv-4098 |

## CERTIFICATION OF SERVICE

I, Matthew A. Casey, Esquire, hereby certify that a true and correct copy of defendant James H. Gorbey, Jr.'s Response to Defendants Motion to Transfer Venue was served upon all interested parties listed below, by United States mail, first class, postage prepaid on this_____ day of September, 2004:

Edward C. Mintzer, Jr.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

Daniel J. Hart, Esquire
Marshall Dennehey Warner Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797

_____
MATTHEW A. CASEY