IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES H. GORBEY, JR., Administrator of the :
ESTATE OF MARISSA ROSE FISHMAN, :
deceased :
        Plaintiff, :    CIVIL ACTION NO.: 2:04-cv-4098
:
v. :
:
RICHARD LONGWILL, :
and :
BARBARA LONGWILL, :
and :
AIR BASE CARPET MART, INC. :
D/B/A AIR BASE DISTRIBUTING, :
INC. D/B/A AIR BASE CARPET MART :
and :
AIR BASE DISTRIBUTING, INC. :
        Defendants. :

STIPULATION AND ORDER
GOVERNING THE PROTECTION AND
EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties to the above-captioned action (the "Litigation"), by and through their undersigned counsel, have below stipulated and agreed to the entry of this protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the protection of confidential information, documents, and other materials (such information, documents, and other materials being hereinafter referred to as "Discovery Material") which may be produced or otherwise disclosed during the course of the Litigation by or among the parties and any non-parties (the "Producing Party");

WP3:1072740.1
1089348 v.1

NOW THEREFORE, upon consideration of the record and the proceedings herein, the stipulation of the parties, and pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED THAT:

1. The Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary or commercially-sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). For purposes of this Stipulation and Order, any Producing Party may apply to the Court for an Order to supplement the foregoing categories of Confidential Discovery Material. Any designation of information as "Confidential" shall constitute a representation by the Producing Party that the information has been reviewed and that there is good cause for such designation.

2. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

3. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Discovery Material, *provided* that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document by providing written notice to all other parties together with properly designated copies of said document within six (6) months after such document has been

produced, with the effect that such document is thereafter subject to the protections of this Stipulation and Order;

(b) In the case of depositions or other pretrial testimony, (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within ten (10) business days after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Materials. All depositions and other pretrial testimony shall be deemed to be "Confidential" until the expiration of the tenth business day after counsel receives a copy of the transcript thereof. Only those portions of the transcripts designated as "Confidential" in this action shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court; and

(c) To the extent that the material being designated as "Confidential" exists in a form which cannot readily be marked as "Confidential" (*e.g.*, floppy disks, CDs, cassette tapes, videocassette tapes, and DVDs), it shall be sufficient for purposes of this Stipulation and Order if the Producing Party indicates in a cover letter transmitting such materials that such materials have been designated as Confidential Discovery Material under this Stipulation and Order.

4. Any summary, compilation, notes, or copy containing Confidential Discovery Material, or any electronic or computer image or database containing Confidential Discovery Material, shall be subject to the terms of this Stipulation and Order to the same extent as the material or information from which such summary, compilation, notes, copy, or electronic or computer image or database is made or derived. Any electronic or computer images or databases

1089348 v.1

containing Confidential Discovery Material shall be stored in such a manner as to prevent access by any persons not authorized to access Confidential Discovery Material under the terms of this Stipulation and Order.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) Outside and inside counsel for the parties in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) Experts, advisors, or consultants assisting counsel for the parties in this Litigation, <u>provided</u> that any such expert, advisor, or consultant signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder;

(c) Witnesses or deponents and their counsel, during the course of and in preparation for depositions or testimony in this Litigation, only to the extent necessary for the prosecution and defense of this Litigation and no copies of notes relating to the Discovery Materials shall be made by such person;

(d) Directors, officers, employees and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in this Litigation, or who appear as witnesses or deponents;

4

1089348 v.1

    (e)    Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

    (f)    The Court and its employees;

    (g)    Court reporters employed in connection with this Litigation;

    (h)    Any arbitrators or mediators in this action; and

    (i)    Any other person only upon order of the Court or stipulation of the Producing Party.

6.    Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

7.    Counsel for the party providing Confidential Discovery Material to any person required to execute an undertaking pursuant to paragraph 5 shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof and shall, upon request of any party, provide a copy of such undertaking.

8.    To the extent that any documents or other materials which contain information which has been designated as "Confidential," or which themselves have been designated as Confidential Discovery Material, are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses information which has been designated as "Confidential," shall be filed under seal (by the filing party) with the Clerk of the Court and shall be submitted in sealed envelopes marked with the caption and title of the Litigation and contain the following legend in prominent type: "CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO COURT ORDER."

5

1089348 v.1

9. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) Constitute an admission that any document designated as "Confidential" contains or reflects trade secrets or any other type of confidential information;

(b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) Prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

(d) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order; or

(e) Prejudice in any way the rights of a party to seek further protection or a determination by the Court whether any Discovery Material designated as "Confidential" should be subject to the terms of this Stipulation and Order.

10. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" that has been obtained lawfully by such party independently of the discovery proceedings in this Litigation.

11. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, such party shall promptly return the original and all copies of the information to the claiming party or person and the receiving party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal). The party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12. In the event additional parties are joined or intervene in this Litigation, they shall not have access to Confidential Discovery Material until the additional party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order. The terms of this Stipulation and Order shall also apply to any documents produced by any party which is joined or intervenes in this Litigation, and which, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order. It shall be sufficient for purposes of agreeing to be fully bound by this Stipulation and Order if such party signs an undertaking in the form attached as Exhibit A hereto.

13. The parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto which is satisfactory

7

1089348 v.1

to all parties, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

14. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material shall, upon request of the Producing Party, either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Parties. Outside counsel for the parties shall be entitled to retain court papers, depositions and trial transcripts and attorney work product (including discovery material containing Confidential Discovery Material), <u>provided</u> that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement by the Producing Party.

15. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as "Confidential" or the application of any provision of this Stipulation and Order may, after making a good faith effort to resolve any such objection, move promptly for an order vacating the designation or the application of said provision. While such an application is pending, the Discovery Material or testimony in question shall be treated as

1089348 v.1

8

Confidential pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift any applicable burden.

16. The use of Confidential Discovery Material in any court proceeding in this Litigation shall be subject to the following requirements:

(a) Any party may refer to Confidential Discovery Material in any pre-trial proceedings before the Court, at evidentiary or other hearings, and at trial. The use of Confidential Discovery Material at trial shall be addressed in the final pre-trial order.

(b) Any party that reasonably believes it may disclose Confidential Discovery Material in any pre-trial proceeding before the Court shall so inform the Court and all other parties at least 48 hours in advance of actual disclosure, so that the parties and the Court can determine what precautions, if any, are appropriate to protect the relevant Confidential Discovery Material, including: (i) how exhibits containing Confidential Discovery Material should be introduced at the proceeding in order to maintain their confidentiality; (ii) how any references to those exhibits or other Confidential Discovery Material should be made on the record; (iii) how witnesses should be instructed on their confidentiality obligations under this Protective Order; (iv) whether persons who are not authorized to receive Confidential Discovery Material should be excluded from those portions of the proceeding that concern such information; and (v) how the pertinent portions of a transcript of the proceeding should be designated.

(c) A party may not disclose Confidential Discovery Material in a proceeding without first giving notice as provided in subparagraph (b) above, except upon good cause and further Order of the Court.

17. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand,

1089348 v.1

9

and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (i) give written notice by e-mail, hand or facsimile transmission within three business days of receipt of such subpoena or document demand to those who produced or designated the material "Confidential" and (ii) refrain from producing any Discovery Material that has been designated "Confidential" in response to such a subpoena or document demand until the earlier of (a) receipt of written notice from the Producing Party that such party does not object to production of the designated Discovery Material, or (b) resolution of any objection asserted by the Producing Party either by agreement or by final order of the Court with jurisdiction over the objection of the Producing Party; provided however that the burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Confidential Discovery Material, and unless the party who produced or designated the Confidential Discovery Material submits a timely objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand delivery prior to production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with a legal process or order, or to seek any relief from this Court.

18. Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

19. The parties to the Litigation agree that the production of any Discovery Material by any non-party to the Litigation shall be subject to and governed by the terms of this Stipulation and Order.

_____
Edward C. Mintzer, Jr., Esquire
Attorney for Air Base Carpet
Mart, Inc. d/b/a Air Base
Distributing, Inc., d/b/a
Air Base Carpet Mart


_____
Matthew Casey, Esquire
Attorney for Plaintiff


_____
Daniel J. Hart, Esquire
Attorney for Richard and
Barbara Longwill


_____
Martin Lessner, Esquire
Personal Counsel for
Richard and Barbara
Longwill and Corporate
Counsel for Air Base

11

18. Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

19. The parties to the Litigation agree that the production of any Discovery Material by any non-party to the Litigation shall be subject to and governed by the terms of this Stipulation and Order.

_____
Edward C. Mintzer, Jr., Esquire
Attorney for Air Base Carpet
Mart, Inc. d/b/a Air Base
Distributing, Inc., d/b/a
Air Base Carpet Mart

*/s/ Matthew C.*
_____
Matthew Casey, Esquire
Attorney for Plaintiff

_____
Daniel J. Hart, Esquire
Attorney for Richard and
Barbara Longwill

_____
Martin Lessner, Esquire
Personal Counsel for
Richard and Barbara
Longwill and Corporate
Counsel for Air Base

11

1089348 v.1

---
Michael Small, Esquire
Attorney for Ashland Construction

SO ORDERED, this ____ day of _____, 2005.

---
United States District Judge

_____
Michael Small, Esquire
Attorney for Ashland Construction

       SO ORDERED, this _____ day of _____, 2005.

_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES H. GORBEY, JR., Administrator of the
ESTATE OF MARISSA ROSE FISHMAN,
deceased
        Plaintiff,

v.

RICHARD LONGWILL,
and
BARBARA LONGWILL,
and
AIR BASE CARPET MART, INC.
D/B/A AIR BASE DISTRIBUTING,
INC. D/B/A AIR BASE CARPET MART
and
AIR BASE DISTRIBUTING, INC.
        Defendants.

CIVIL ACTION NO.: 2:04-cv-4098

## CERTIFICATION REGARDING
## CONFIDENTIAL DISCOVERY MATERIAL

I, _Michael Small_, hereby certify (i) my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Production and Exchange of Confidential Material (the "Order") entered by the United States District Court for the Eastern District of Pennsylvania in the above-captioned action, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for purposes of enforcement of the Order. I understand that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

WP3:1072740.1
1089348 v.1

Signature: _____Michael Small_____

*Please Print or Type the Following*

Name: Michael Small

Title and Affiliation: Attorney

Company: Law Office of Thomas Ramondo

Address: 30 South 17th St Suite 1730
Philadelphia Pa 19145

Telephone: (215) 563-1255

Date: 1/6/05

14

1089348 v.1