IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., | : | CIVIL ACTION |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| MARISSA ROSE FISHMAN, DECEASED | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD LONGWILL, BARBARA | : | |
| LONGWILL, AIR BASE CARPET | : | |
| MART, INC. d/b/a AIR BASE | : | |
| DISTRIBUTING, INC. d/b/a AIR BASE | : | |
| CARPET MART, ASHLAND | : | |
| CONSTRUCTION COMPANY, INC., | : | |
| JOSEPH RIZZO & SONS | : | |
| CONSTRUCTION, VINCENT RIZZO | : | |
| CONSTRUCTION CO., INC. a/d/b/a | : | |
| ASHLAND CONSTRUCTION | : | |
| COMPANY, INC., JOSEPH V. RIZZO | : | |
| AND VINCENT RIZZO | : | NO. 04-4098 |

## ORDER

AND NOW, this            day of                      , 2005, upon consideration of the

Motion of Defendants, Richard and Barbara Longwill, to Dismiss for Lack of Personal

Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2), and any response thereto, it is

hereby ORDERED AND DECREED that said Motion is GRANTED, and this case is

DISMISSED as to Richard Longwill and Barbara Longwill.

**BY THE COURT:**

_____
                                                  J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., ADMINISTRATOR OF THE ESTATE OF MARISSA ROSE FISHMAN, DECEASED | : : : : | **CIVIL ACTION** |
| v. | : : | |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a AIR BASE DISTRIBUTING, INC. d/b/a AIR BASE CARPET MART, ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. a/d/b/a ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH V. RIZZO AND VINCENT RIZZO | : : : : : : : : : : : : : | **NO. 04-4098** |

## ORDER

AND NOW, this          day of                    , 2005, upon consideration of the

Motion of Defendants, Richard and Barbara Longwill, to Transfer Venue Pursuant to Pa. U.S.C.

§1404 (a) and any response thereto, it is hereby ORDERED AND DECREED that said Motion is

GRANTED, and this case is transferred to the United States District Court for the District of

Delaware.

**BY THE COURT:**

_____
                                                                                                    J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., | : | **CIVIL ACTION** |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| MARISSA ROSE FISHMAN, DECEASED | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD LONGWILL, BARBARA | : | |
| LONGWILL, AIR BASE CARPET | : | |
| MART, INC. d/b/a AIR BASE | : | |
| DISTRIBUTING, INC. d/b/a AIR BASE | : | |
| CARPET MART, ASHLAND | : | |
| CONSTRUCTION COMPANY, INC., | : | |
| JOSEPH RIZZO & SONS | : | |
| CONSTRUCTION, VINCENT RIZZO | : | |
| CONSTRUCTION CO., INC. a/d/b/a | : | |
| ASHLAND CONSTRUCTION | : | |
| COMPANY, INC., JOSEPH V. RIZZO | : | |
| AND VINCENT RIZZO | : | **NO. 04-4098** |

### MOTION OF DEFENDANTS, RICHARD AND BARBARA LONGWILL, TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

Defendants, Richard and Barbara Longwill, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby move to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, for the transfer of this case to the District of Delaware pursuant to 28 U.S.C. §1404(a).

1.   This case arises out of the tragic drowning of the granddaughter of Richard Longwill and Barbara Longwill at a residence located at 3220 Coachman Road, Wilmington, Delaware. Richard and Barbara Longwill are residents of the State of Florida.

2. Plaintiff has instituted suit against Richard and Barbara Longwill in their individual capacity and as officers and/or shareholders of Air Base Carpet Mart, et al.

3. This Motion addresses only this Honorable Court's ability to exercise personal jurisdiction over Richard and Barbara Longwill in their individual capacity. Richard and Barbara Longwill contend that they have insufficient contacts with the Commonwealth of Pennsylvania to permit this Honorable Court to exercise personal jurisdiction over them as individuals.

4. By way of background, plaintiff commenced a civil action in the Court of Common Pleas in Philadelphia County on or about March 16, 2004. Preliminary Objections for lack of personal jurisdiction were filed on behalf of defendants on April 12, 2004.

5. Plaintiff filed an Amended Complaint which changed little substantively from the Complaint. A second set of Preliminary Objections were filed on May 25, 2004. Plaintiff responded by filing a Second Amended Complaint. Again, defendants raised objections asserting that there existed no personal jurisdiction over the corporate defendants or the individual defendants. In addition, defendants argued that there were other indispensable parties whom were Delaware residents and over whom there was no personal jurisdiction.

6. Again, plaintiff responded by filing a Third Amended Complaint on July 21, 2004. Defendants filed a third set of Preliminary Objections based primarily on lack of personal jurisdiction over the Longwills and the corporate entities.

7. Plaintiff filed a Fourth Amended Complaint on August 18, 2004. The Fourth Amended Complaint deleted the defendant, Teresa Garcia Zavala, who was alleged to be a resident of Pennsylvania.

8. Defendants filed a Notice of Removal on August 27, 2004 to the District Court for the Eastern District of Pennsylvania.

9. Plaintiff alleges in his Complaint that James H. Gorbey was appointed Administrator of the Estate of Marissa Rose Fishman, the decedent. The decedent was born on December 30, 2000.

10. On August 20, 2002, the decedent was living at 3220 Coachman Road in Wilmington, Delaware, with her grandparents, Richard and Barbara Longwill.

11. While staying at the residence, the decedent is alleged to have drowned in the indoor pool at the 3220 Coachman Road residence.

12. As previously stated, plaintiff is pursuing a claim against Richard and Barbara Longwill, who are plaintiff's decedent's grandparents, in their individual capacity.

13. Defendants, Richard and Barbara Longwill, filed an Answer with Affirmative Defenses to plaintiff's Fourth Amended Complaint on September 16, 2004. A copy of the Answer is attached as Exhibit "A".

14. Delaware State Police responded to the residence and prepared an incident report. A copy of the report is attached as Exhibit "B."

15. According to the report, there were at least 12 persons present at the 3220 Coachman Road address at the time of this incident.

16. The report indicates that there were two workmen performing work on the outside patio. These individuals were Mr. Rizzo and Mr. Ortiz.

17. Mr. Rizzo owned Ashland Construction Co., which is a Delaware corporation.

18. The decedent was transported by Talleyville Ambulance to and treated at A.I. Dupont Children's Hospital located in Wilmington, Delaware.

19. New Castle County Police conducted an investigation into this accidental tragic drowning.

20. The accident and the critical moments thereafter are essential to the understanding of how this accident occurred.

21. New Castle County Police and Emergency Ambulance personnel hold critical pieces of evidence regarding the accident.

22. Defendants, Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., are Delaware corporations.

23. Air Base Distributing, Inc. has only one location and is located in Dover, Delaware.

24. Air Base Carpet Mart, Inc.'s principal and only place of business is located in New Castle, Delaware.

25. It is alleged that on August 30, 2002, someone left the door from the house to the pool open.

26. Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss an action if the court lacks jurisdiction over a person..

27. Plaintiff does attempt to allege jurisdiction over the Longwills in Pennsylvania by claiming that the Longwill defendants "regularly conduct business" in Pennsylvania because they are an owner, operator, director and/or officer in corporations which may do business in Pennsylvania.

28. Under Pennsylvania law, however, establishing personal jurisdiction over an individual on the basis of "doing business" requires evidence showing not only that the individual did business within Pennsylvania, but also that an individual, in his capacity as an

4

officer of the corporation, has specific contacts with Pennsylvania. Spelling-Goldberg Products v. Bodek and Rhodes, 452 F. Supp. 452 (E.D. Pa. 1978).

29.     Defendant Richard Longwill testified at his deposition that although he retained an ownership interest in several Pennsylvania carpet marts, he ceased being an officer or director in December 1999, and as such gave up control of the day-to-day operations at that time.

30.     Richard and Barbara Longwill became domiciled in Florida in approximately December 1999.

31.     In the present case, the Longwills' interest in corporations which may be doing business in Pennsylvania is insufficient to establish personal jurisdiction over the Longwills as individuals. Plaintiff does not allege that at the time plaintiff's decedent drowned, the Longwills had sufficient contacts with Pennsylvania to permit this court to exercise jurisdiction over the Longwills in their individual capacity.

32.     Alternatively, 28 U.S.C. §1404 (a) states as follows:

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

33.     In ruling on a Motion to Transfer pursuant to 28 U.S.C. § 1404 (a), the following factors must be considered: (1) the place where the acts and/or omissions occurred; (2) the convenience of the parties and witnesses; (3) the location of the documents; (4) the relative ease of access to sources of proof; (5) the availability of process to compel witnesses to attend depositions or trial; (6) the governing law; (7) trial efficiency; (8) interests of justice; and (9) plaintiff's choice of forum. See Harris v. National Railroad Passenger Corporation, 979 F. Supp. 1052, 1053 (E.D. Pa. 1997).

34. In deciding a Motion to Transfer, the first issue the court must decide is whether the transferee forum is a proper forum to litigate the case. <u>Harris</u>, 979 F. Supp. at 1053.

35. With respect to venue, 29 U.S.C. §1391 states that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated."

36. The District of Delaware is the judicial district in which all of the events or omissions giving rise to the claim occurred (the accident). As such, the District of Delaware is the proper forum for this case.

37. For transfer of venue purposes, a plaintiff's choice of forum is not accorded the decisive weight it enjoyed under the doctrine of *forum non conveniens*; rather, the choice of forum is only one of many factors for a court to consider. <u>NCR Credit Corp. v. Ye Seekers Horizon</u>, 17 F. Supp. 2d 317 (D.N.J. 1998) *citing* <u>Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.</u>, 844 F. Supp. 1163 (S.D. Tex. 1994). Where none of the conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value. *See* <u>Dunn v. Soo Line Railroad Co.</u>, 864 F. Supp. 64, 65 (N.D. Ill. 1994).

38. Any inspection of the residence and pool requires travel to the District of Delaware.

39. Critical discoverable documents, e.g., medical, deeds, transportation, police, investigation and the like, are located in the District of Delaware.

40. All or most of the pertinent witnesses are located in Delaware.

41. Plaintiff will suffer no undue prejudice by pursuing this claim in the District of Delaware.

WHEREFORE, defendants, Richard and Barbara Longwill, respectfully request that this Honorable Court dismiss plaintiff's claims against Richard and Barbara Longwill.

        **MARSHALL, DENNEHEY, WARNER,**
        **COLEMAN & GOGGIN**

By:   RAK0227
       Richard A. Kraemer, Esquire
       Attorney for Defendants
       Richard and Barbara Longwill

       1845 Walnut Street
       Philadelphia, PA  19103
       215-575-2812 (P)
       215-575-0856 (F)

**DATED**:  February 7, 2005
\01_21\LIAB\LEH\LLPG\463332\LEH\03030\02632

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. GORBEY, JR., : | CIVIL ACTION |
| ADMINISTRATOR OF THE ESTATE OF : | |
| MARISSA ROSE FISHMAN, DECEASED : | |
| : | |
| v. : | |
| : | |
| RICHARD LONGWILL, BARBARA : | |
| LONGWILL, AIR BASE CARPET : | |
| MART, INC. d/b/a AIR BASE : | |
| DISTRIBUTING, INC. d/b/a AIR BASE : | |
| CARPET MART, ASHLAND : | |
| CONSTRUCTION COMPANY, INC., : | |
| JOSEPH RIZZO & SONS : | |
| CONSTRUCTION, VINCENT RIZZO : | |
| CONSTRUCTION CO., INC. a/d/b/a : | |
| ASHLAND CONSTRUCTION : | |
| COMPANY, INC., JOSEPH V. RIZZO : | |
| AND VINCENT RIZZO                : | NO. 04-4098 |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF DEFENDANTS, RICHARD AND BARBARA LONGWILL,
TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendants, Richard and Barbara Longwill, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby submit this Memorandum of Law in Support of their Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue of this case to the District of Delaware pursuant to 28 U.S.C. §1404(a).

**I.   INTRODUCTORY STATEMENT**

This case arises out of the tragic drowning of the granddaughter of Richard Longwill and Barbara Longwill at a residence located at 3220 Coachman Road, Wilmington, Delaware. Richard and Barbara Longwill are residents of the State of Florida. Plaintiff has instituted suit against Richard and Barbara Longwill in their individual capacity and as officers and/or

shareholders of Air Base Carpet Mart, et al. This Motion addresses only this Honorable Court's ability to exercise personal jurisdiction over Richard and Barbara Longwill in their individual capacity. Richard and Barbara Longwill contend that they have insufficient contacts with the Commonwealth of Pennsylvania to permit this Honorable Court to exercise personal jurisdiction over them as individuals.

## II.  **PROCEDURAL HISTORY**

Plaintiff commenced a civil action in the Court of Common Pleas in Philadelphia County on or about March 16, 2004. Preliminary Objections for lack of personal jurisdiction were filed on behalf of defendants on April 12, 2004.

Plaintiff filed an Amended Complaint which changed little substantively of the Complaint. A second set of Preliminary Objections were filed on May 25, 2004. Plaintiff responded by filing a Second Amended Complaint. Again, defendant raised objections asserting that there existed no personal jurisdiction over the defendants. In response to the second set of Preliminary Objections, plaintiff filed a Third Amended Complaint on July 21, 2004. Defendants filed Preliminary Objections to the Third Amended Complaint. The Preliminary Objections asserted the lack of personal jurisdiction and failure to name indispensable parties.

Plaintiff filed a Fourth Amended Complaint on August 18, 2004. The Fourth Amended Complaint deleted the defendant, Teresa Garcia Zavala, who was alleged to be a resident of Pennsylvania. Defendants timely filed a Notice of Removal on August 27, 2004 with the Eastern District of Pennsylvania based upon diversity jurisdiction.

Plaintiff alleges in his Complaint that James H. Gorbey was appointed administrator of the estate of Marissa Rose Fishman, the decedent. The decedent was born on December 30, 2000.

On August 30, 2002, the decedent was living at 3220 Coachman Road in Wilmington, Delaware, with her grandparents. While staying with her grandparents, the decedent is alleged to have drowned in the indoor pool at the 3220 Coachman Road residence.

As outlined in the Complaint, the drowning happened at a residence in Wilmington, Delaware. Plaintiff is pursuing a claim against Richard and Barbara Longwill, decedent's grandparents, in their individual capacity.

New Castle County Police responded to the residence and prepared an incident report. According to the police report, there were at least 12 persons present at the 3220 Coachman Road address. The report indicates there were two workmen performing work on the outside patio. These individuals were Mr. Rizzo and Mr. Ortiz.

These workmen were not employed by Air Base Carpet Mart, Inc. or Air Base Distributing, Inc. Mr. Rizzo owned Ashland Construction, Co., which is a Delaware corporation. Ashland Construction employed both Mr. Rizzo and Mr. Ortiz.

The decedent was transported to and treated at A.I. Dupont Children's Hospital located at Wilmington, Delaware. The New Castle County Police conducted an investigation into this accidental tragic drowning.

The accident and the critical moments thereafter are essential to the understanding of how this accident occurred. New Castle County Police and its emergency personnel hold critical pieces of evidence regarding this accident. Defendants, Richard and Barbara Longwill, are citizens and residents of Delaware. Defendants, Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., are Delaware corporations. Air Base Distributing has only one location which is located in Dover, Delaware. Air Base's principal place of business is located in New Castle, Delaware.

In sum, this case involves a tragic drowning which occurred in Delaware. For the interests of judicial economy, trial efficiency and the location and availability of critical evidence, the Longwills are moving to dismiss this action for lack of personal jurisdiction or, in the alternative, to transfer the case to the District of Delaware, where it could have been originally brought. Plaintiff will not be prejudiced by this transfer.

## III.    LEGAL ARGUMENT

### THIS COURT LACKS IN PERSONAM JURISDICTION OVER THE DEFENDANTS, RICHARD AND BARBARA LONGWILL.

Pennsylvania does have jurisdiction over the Longwill defendants as individuals. There are two types of personal jurisdiction that Pennsylvania courts may exercise over an out-of-state defendant: either the defendant's specific acts occurred within the Commonwealth (specific jurisdiction) or the defendant's general activity in the forum (general jurisdiction). The authority to exercise personal jurisdiction over non-resident defendants is governed by the long arm statute, 42 Pa. C.S.A. §5322. The defendant's contacts with Pennsylvania cannot be random, fortuitous or attenuated. Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985).

Specific jurisdiction arises where "the particular cause of action arose from the defendant's forum-related activities." Brown v. AST Sports Sci., Inc., 2002 U.S. Dist. LEXIS 12294, at *10 (E.D. Pa. Jul. 1, 2002) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); *see also* William Rosenstein & Sons, Co. v. BBI Produce, Inc., 123 F. Supp. 2d 268, 271 (M.D. Pa. 2000) ("specific jurisdiction… applies where the cause of action arose from the defendant's contacts with the forum.").

In the present case, plaintiff brings claims for premises liability and negligence, related to defendants' purported failure to take steps necessary to protect Marissa Fishman from drowning in the Longwills' swimming pool at their Delaware home. At the time of the accident,

4

Defendants, Richard and Barbara Longwills, were residents of Florida. Even if the Longwills have business contacts with the Commonwealth of Pennsylvania in their capacity as officers or shareholders of corporations, it is clear that these causes of action relating to Marissa's death did not arise from any such Pennsylvania-related business activities or from the defendants' business contacts with Pennsylvania. As such, specific jurisdiction may not be successfully asserted over the Longwills in their individual capacity.

Plaintiff also attempts to assert personal jurisdiction over the Longwills by alleging that the Longwill defendants "regularly conducted business" in Pennsylvania because they are an owner, operator, director and/or officer in several Pennsylvania corporations. Defendants' contacts must be "continuous and systematic" with the forum state. Brown, 2002 U.S. Dist. LEXIS 12294, at *10 (*quoting* Helicopteros Nacionales). The standard for establishing the non-resident's contacts is fairly high and requires the contacts be of the sort that approximate physical presence. Rosenstein, 123 F. Supp. 2d at 274 (*quoting* Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)). Further, Pennsylvania law requires that asserting personal jurisdiction over an individual on the basis of "doing business" requires evidence showing not only that the individual did business within Pennsylvania, but that the individual himself has personal contacts with Pennsylvania. Spelling-Goldberg Products v. Bodek and Rhodes, 452 F. Supp. 452 (E.D. Pa. 1978).

In Spelling-Goldberg Products, plaintiffs brought a trademark case against two New Jersey corporations and Coleman Schneider. The court determined that the two corporations had sufficient contacts with Pennsylvania for the court to exercise jurisdiction over the corporations pursuant to the "doing business" clause in the Pennsylvania long arm statute. At his deposition, Mr. Schneider admitted that he was president and had a one-third ownership interest in one of

the corporate defendants. As president of that corporation, he was involved in the day-to-day operations of the corporation and made corporate decisions with respect to where products were shipped throughout the region. Mr. Schneider also admitted to having a one-fifth interest in the second corporate defendant and was the secretary of that company. Plaintiff alleged that based on Mr. Schneider's activities, the Eastern District of Pennsylvania could exercise jurisdiction over him as an individual based on the "doing business" provision of Pennsylvania's long arm statute.

The District Court rejected plaintiff's arguments and found that it lacked jurisdiction over Mr. Schneider personally. The court stated:

> Relevant to the determination of whether an individual has done business in the Commonwealth, is the individual's activities and not his corporation's or those done by him on behalf of the corporation as an officer or agent. Establishing personal jurisdiction over an individual on the basis of "doing business" requires that the evidence show not only that the individual did business within Pennsylvania as defined in *42 Pa. C.S.A. §8309*, but that the business was done by the individual for himself and not on behalf of his corporation.

452 F. Supp. at 455.

Since Mr. Schneider did not have any personal contacts with Pennsylvania and had not done business in Pennsylvania on his own behalf, but only on behalf of the corporations, the court lacked jurisdiction over Mr. Schneider.

Similarly, plaintiff attempts to bootstrap Richard and Barbara Longwills' affiliation with the corporate defendants in this matter as a basis to assert jurisdiction over the Longwills in their individual capacity. The Longwills, however, have no personal contacts with Pennsylvania. Any contact they may have with the Commonwealth of Pennsylvania is based solely on their business affiliations.

6

At his deposition, Mr. Longwill admitted that he retains business ownership interests in several Pennsylvania carpet marts, but that since December 1999, when he became domiciled in Florida, he gave up all involvement in the day-to-day operations of these entities. The Longwills anticipate plaintiff will allege that based on Mr. Longwill's business activities, the Eastern District of Pennsylvania may exercise jurisdiction over him as an individual based on the "doing business" provision of Pennsylvania's long arm statute. However, the accident that occurred is unrelated to the Longwills' corporate interests in the Commonwealth of Pennsylvania and, therefore, these contacts are insufficient for this court to retain proper jurisdiction over the Longwills. Clearly, based on the law set forth in Spelling, Mr. Longwill's contacts with the Commonwealth are based solely on his business interests, which are not sufficient for the court to assert personal jurisdiction over him as an individual defendant in this matter.

Alternatively, 28 U.S.C. §1404(a) states as follows:

For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

In ruling on a Motion to Transfer pursuant to 28 U.S.C. §1404 (a), the following factors must be considered: (1) the place where the acts and/or omissions occurred; (2) the convenience of the parties and witnesses; (3) the location of the documents; (4) the relative ease of access to sources of proof; (5) the availability of process to compel witnesses to attend depositions or trial; (6) the governing law; (7) trial efficiency; (8) interests of justice; and (9) plaintiff's choice of forum. *See* Harris v. National Railroad Passenger Corporation, 979 F. Supp 1052, 1053 (E.D. Pa. 1997).

With respect to venue, 28 U.S.C. §1391 states that a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim

7

occurred, or a substantial part of property that is subject of the action is situated. The District of Delaware is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred (the accident). As such, the District of Delaware is the proper forum for this case. Once a defendant raises the question of personal jurisdiction, "the plaintiff bears the burden of proof, by a preponderance of the evidence of facts sufficient to establish personal jurisdiction." <u>Carteret Savings Bank, FA v. Shushan</u>, 954 F.2d 141, 146 (3d Cir.), cert. denied, 506 U.S. 817 (1992); <u>Time Share Vacation Club v. Atlantic Resorts, Ltd.</u>, 735 F.2d 61, 63 (3d Cir. 1984). If this Court does not dismiss plaintiff's claims against the Longwills, then the Court should transfer the case to the District of Delaware.

## IV.   CONCLUSION

For the reasons stated herein, defendants, Richard Longwill and Barbara Longwill, respectfully request that this Honorable Court grant this Motion and dismiss plaintiff's claims against Richard and Barbara Longwill.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**


By:   RAK0227
      Richard A. Kraemer, Esquire
      Attorney for Defendants
      Richard and Barbara Longwill

      1845 Walnut Street
      Philadelphia, PA  19103
      215-575-2812 (P)
      215-575-0856 (F)

**DATED**:  February 7, 2005
\01_21\LIAB\LEH\LLPG\463332\LEH\03030\02632

8

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have served upon all persons listed below a true and correct copy of the Motion of Defendants, Richard and Barbara Longwill, to Dismiss or, in the Alternative, Motion to Transfer Venue in the above-captioned matter this date via regular mail as follows:

Matthew A. Casey, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102

Edward C. Mintzer, Jr., Esquire
RAWLE & HENDERSON, LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

Michael R. Small, Esquire
LAW OFFICES OF THOMAS D. ROMANDO
United Plaza
30 South 17th Street
Suite 1730
Philadelphia, PA  19103

             **MARSHALL, DENNEHEY, WARNER,
             COLEMAN & GOGGIN**


          By: RAK0227
             Richard A. Kraemer, Esquire
             Attorney for Defendants
             Richard and Barbara Longwill

             1845 Walnut Street
             Philadelphia, PA  19103
             215-575-2812

**DATED:** February 7, 2005
\01_21\LIAB\LEH\LLPG\463332\LEH\03030\02632