## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES H. GORBEY, JR., Administrator of the :
ESTATE OF MARISSA ROSE FISHMAN, :
deceased :
        Plaintiff,           :     CIVIL ACTION NO.: 04-cv 4098
                                :
v.                             :
                                :
RICHARD LONGWILL,            :
and :
BARBARA LONGWILL, :
and :
AIR BASE CARPET MART, INC. :
D/B/A AIR BASE DISTRIBUTING, :
INC. D/B/A AIR BASE CARPET MART :
and :
AIR BASE DISTRIBUTING, INC. :
        Defendants.        :

### <u>ORDER</u>

    AND NOW, this _____ day of _____, 2003, upon consideration of Defendants,

Air Base carpet Mart, Inc and Air Base Distributing, Inc.'s Motion to Dismiss Pursuant to Fed. R.

Civ. P. 12(b)(2) and any responses thereto, it is hereby ORDERED and DECREED that said

Motion is GRANTED and this case is dismissed with prejudice.


                                BY THE COURT:


                          _____
                                      U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES H. GORBEY, JR., Administrator of the          :
ESTATE OF MARISSA ROSE FISHMAN,          :
deceased          :
            Plaintiff,          :          CIVIL ACTION NO.: 04-cv 4098
                      :
v.          :
                      :
RICHARD LONGWILL,          :
and          :
BARBARA LONGWILL,          :
and          :
AIR BASE CARPET MART, INC.          :
D/B/A AIR BASE DISTRIBUTING,          :
INC. D/B/A AIR BASE CARPET MART          :
and          :
AIR BASE DISTRIBUTING, INC.          :
            Defendants.          :

## ORDER

      AND NOW, this      day of        , 2004, upon consideration of Defendants, Air

Base carpet Mart, Inc and Air Base Distributing, Inc.'s Motion to Transfer Venue Pursuant to 28

U.S.C. § 1404(a), and any response thereto, it is hereby ORDERED AND DECREED said

Motion is GRANTED, and this case is hereby transferred to the United States District Court for

the District of Delaware.

                      BY THE COURT:

                                    _____

                                          U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES H. GORBEY, JR., Administrator of the     :
ESTATE OF MARISSA ROSE FISHMAN,               :
deceased                                       :
               Plaintiff,     :        CIVIL ACTION NO.: 04-cv 4098
                                 :
v.                                             :
                                 :
RICHARD LONGWILL,                              :
and                                            :
BARBARA LONGWILL,                              :
and                                            :
AIR BASE CARPET MART, INC.                     :
D/B/A AIR BASE DISTRIBUTING,                   :
INC. D/B/A AIR BASE CARPET MART                :
and                                            :
AIR BASE DISTRIBUTING, INC.                    :
               Defendants.     :

## ORDER

      AND NOW, this      day of         , 2004, upon consideration of Defendants, Air

Base carpet Mart, Inc and Air Base Distributing, Inc.'s Motion for Application of Delaware

Liability Law, and any response thereto, it is hereby ORDERED AND DECREED said Motion

is GRANTED.  Delaware law regarding liability will be applied in this matter.


                         BY THE COURT:


                                           U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES H. GORBEY, JR., Administrator of the   :
ESTATE OF MARISSA ROSE FISHMAN,     :
deceased                                      :
          Plaintiff,              :     CIVIL ACTION NO.: 04-cv 4098
                                        :
v.                                     :
                                        :
RICHARD LONGWILL,             :
and                                       :
BARBARA LONGWILL,            :
and                                       :
AIR BASE CARPET MART, INC.       :
D/B/A AIR BASE DISTRIBUTING,    :
INC. D/B/A AIR BASE CARPET MART  :
and                                       :
AIR BASE DISTRIBUTING, INC.      :
          Defendants.          :

## PRELIMINARY STATEMENT

This matter concerns a tragic drowning that occurred at a private residence in Delaware. All of the defendants are Delaware citizens. All acts and omissions alleged by the Plaintiff in the Fourth Amended Complaint are acts and omissions that are alleged to have occurred **entirely** within the State of Delaware. Plaintiff filed this action in Pennsylvania to gain a forum based advantage over the Defendants. However, Plaintiff's Fourth Amended Complaint does not contain any averments which create jurisdiction for Air Base Carpet Mart, Inc. and Air Base Distributing, Inc. in Pennsylvania.

This matter could have and should have been brought in the United States District Court for the District of Delaware. However, plaintiff has attempted to create jurisdiction in Pennsylvania through a broad assertion of working through non-party affiliates. The non-party businesses are separate and distinct corporations existing under the laws of the Commonwealth

1096767 v.1

of Pennsylvania. Furthermore, the State of Delaware has a significant interest in the litigation because of the following: (1) the alleged tort occurred entirely within the State of Delaware; (2) at least three Delaware corporations will be required to defend assertions of liability in a foreign jurisdiction; (3) the Trust that owns the 3220 Coachman Road residence is a Delaware Trust; and (4) the oversight of pools is a routinely local government concern.

## MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE OF DEFENDANTS AIR BASE CARPET MART, INC. d/b/a AIR BASE DISTRIBUTING, INC., d/b/a AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC.

Defendants, Air Base Carpet Mart, Inc. and Air Base Distributing, Inc. (hereinafter collectively referred to as "Air Base"), by and through their attorneys, Rawle & Henderson LLP, hereby move for an Order dismissing plaintiff's Complaint pursuant to F.R.C.P. 12(b), or, in the alternative, for an Order transferring venue, and, in support thereof, aver as follows:

1.    James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, deceased (hereinafter "plaintiff") has brought this action to recover for allegedly sustained damages in connection with a drowning that occurred at 3220 Coachman Road in Wilmington, Delaware (hereinafter the "Longwill residence").

2.    Defendants, Air Base Carpet Mart, Inc. and Air Base Distributing, Inc. are Delaware corporations. See Affidavit of Arnold Frey attached as Exhibit "A".

3.    Air Base does not maintain any ownership interest in the residence located at 3220 Coachman Road. The 3220 Coachman Road residence is owned by a Delaware Grantors Trust. See deposition of Richard Longwill at p. 9, a copy of which is attached hereto as Exhibit "B."

4.    Air Base does not maintain any ownership interest in any of the Carpet Mart corporations located within the Commonwealth of Pennsylvania; or vice versa.

1096767 v.1

5.    On the date of the incident, two employees of Ashland Construction Company, Vincent Rizzo and Salvador Ortiz, were working at the 3220 Coachman Road residence.  See deposition of Vincent Rizzo at p. 11, copies of the relevant portions have been attached hereto as Exhibit "C."

6.    No workers were supplied by Air Base with regard to the construction at the 3220 Coachman Road residence.  Air Base supplied no materials used in the construction project.

7.    Furthermore, no Air Base employees were on site at the accident scene, at the time of occurrence.

8.    All work regarding the project at the 3220 Coachman Road residence was done by Vincent Rizzo and employees of Ashland Construction.

9.    The alleged acts or omissions concerned the use of an inner access door in the 3220 Coachman Road residence.  Said inner access door was never under the control of Air Base, nor were any employees of Air Base inside the residence on August 30, 2002, at the time of the occurrence.

10.    Vincent Rizzo was paid by check(s) drawn in Delaware, from a Delaware bank, payable to a Delaware citizen working in Delaware on behalf of a Delaware corporation, while working as a mason and not on behalf of Air Base.

11.    Air Base has not made any corporate filings in the Commonwealth of Pennsylvania.  Furthermore, Air Base does not pay any Pennsylvania state taxes.

12.    Air Base makes inter-company transfers of inventory to corporations - the seven Pennsylvania Carpet Marts -  and does not market to Pennsylvania citizens.

13.    Air Base has no rational nexus to the unfortunate and tragic drowning at the Coachman Road residence.

14.    Air Base clearly allocated and separated out its inter-company receivables, representing inventory transfers to the Pennsylvania Carpet Marts.  The inventory was transferred to the Pennsylvania Carpet Marts at cost.  Accordingly, Air Base did not derive any profit from the transfer of the inventory, between corporations.

15.    Air Base maintained all the formal corporate indicia of a separate Delaware corporation.

16.    None of the  Pennsylvania Carpet Marts are subsidiaries of Air Base.

17.    Financial statements on behalf of Air Base and the Pennsylvania Carpet Marts are separate and distinct; there are no consolidated financial statements.

18.    Air Base does not own any property within the Commonwealth of Pennsylvania.

**A.    Motion to Dismiss for Lack of Personal Jurisdiction**

19.    This Honorable Court lacks personal jurisdiction over Moving Defendants.

20.    Once an objection to personal jurisdiction is raised and supported by competent evidence, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992) cert. denied, 506 U.S. 817 (1992).

21    In order for a Federal District Court in Pennsylvania to maintain personal jurisdiction over Moving Defendants the plaintiff must prove that said Defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

1096767 v.1

22.     The required minimum contacts do not exist unless "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958).

23.     To satisfy the requisite minimum contacts, the connection with the forum state must be sufficient so that the person or entity "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559 (1980); See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

24.     A court's jurisdiction over a non-resident defendant may arise either out of a specific connection that the defendant has with the forum state that has given rise to the plaintiff's cause of action ("specific jurisdiction") or out of substantial, continuous and systematic contact with the forum state ("general jurisdiction"). See, Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-49, 72 S.Ct. 413 (1952); Helicopteros Nationales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 notes 8-9, 104 S.Ct. 1868 (1984);Brotherhood Cia Naviera S.A. v. Zapata Marine Service, Inc., 547 F.Supp. 688, 691 n. 2 (E.D. Pa. 1982).

25.     To survive a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing court's jurisdiction over moving defendants. F.R.C.P. 12(b)(2).

## I.     This Courts Lack Specific Personal Jurisdiction Over Moving Defendants

26.     Plaintiff's cause of action does not arise out of any specific contacts between any of the Moving Defendants and the Commonwealth of Pennsylvania.

27.     Plaintiff's cause of action arises out of a drowning which occurred at a private residence in Delaware. See Plaintiff's Fourth Amended Complaint a copy of which is attached hereto as Exhibit "D."

1096767 v.1

28.    Specific jurisdiction may arise when particular or infrequent contacts by the defendant with the forum state are related to plaintiff's claim. Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197 (3d. Cir. 1998).

29.    For specific jurisdiction to exist, the "plaintiff must show that the defendant has constitutionally 'minimum contacts' with the forum [state]." IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d. Cir. 1998).

30.    A defendant may be found to have purposely established minimum contacts with the forum state by deliberately engaging in significant activities there, or by creating continuing obligations such that he has "availed himself of the privilege of conducting business there." Arch v. The American Tobacco Co., Inc., 984 F.Supp. 830, 835 (E.D.Pa. 1997). That is, "entry" into the forum state to carry out tortious conduct would be enough to show that the defendant "manifest[ed] behavior intentionally targeted and focused on" the forum state. IMO Industries, 155 F.3d at 259.

31.    The due process inquiry must focus on "the relationship among the defendant, the forum and the litigation." Rush v. Savchuck, 444 U.S. 320, 327, 100 S.Ct. 571 (1980).

32.    It is the plaintiff's burden to demonstrate that the defendant has minimum contacts with the forum state. Time Share Club v. Atlantic Resorts Ltd., 735 F.2d 61, 63 (3rd Cir. 1984).

33.    To meet this burden plaintiff "must come forward with sufficient facts by affidavit, depositions or other competent evidence to establish the court's jurisdiction over the defendant." National Precast Crypt Co. v. Dy-Core of Pennsylvania Inc., 785 F. Supp. 1186, 1189 (W.D. Pa. 1992).

34.    All acts and omissions alleged by the Plaintiff in the Fourth Amended Complaint are acts and omissions that are alleged to have occurred **entirely** within the State of Delaware.

35.    Air Base is a corporation organized and existing under the laws of the State of Delaware. See Exhibit "A."

36.    Plaintiff's cause of action does not arise out of any specific connection between Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., and the Commonwealth of Pennsylvania, Pennsylvania Federal District Courts lack specific personal jurisdiction over said Defendants.

WHEREFORE, Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., request this Honorable Court to grant their Motion to Dismiss and dismiss all claims with prejudice.

## II.    Pennsylvania Courts Lack General Personal Jurisdiction Over Moving Defendants

37.    Even when the cause of action does not arise out of, or relate to the foreign corporation's activities in the forum state, due process is not offended by a state's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the state and the foreign corporation. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952).

38.    In the Third Circuit, "the plaintiff must show significantly more than minimum contacts to establish general jurisdiction. The nonresident's contacts must be continuous and substantial. . . . The standard for establishing general jurisdiction is fairly high, and requires that defendant's contacts be of the sort that approximate physical presence." William Rosenstein & Sons Co. v. BBI Produce, Inc., 123 F. Supp.2d 268, 271 (M.D. Pa. 2000).

39.    Comparing the two categories of personal jurisdiction, "the bar for general jurisdiction is set much higher than that for specific jurisdiction." Brown v. AST Sports Sci., Inc., 2002 U.S. Dist. Lexis 12294 at *20-21.

40.    This Honorable Court has no general personal jurisdiction over Air Base Carpet

Mart, Inc. and Air Base Distributing, Inc., because Defendants have not maintained continuous and systematic contacts with the Commonwealth of Pennsylvania. See, Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408 (1984).

41.     To satisfy the requisite minimum contacts, the connection with the forum state must be sufficient so that the person or entity "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559 (1980); See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

42.     A party claiming that a nonresident defendant is subject to "general jurisdiction" faces a "fairly high" burden. Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

43.     A nonresident defendant must have "substantial" or "continuous and systematic" contacts of the sort that "approximate physical presence" before a state may exercise general jurisdiction over the defendant. Id. at 1086.

44.     Plaintiff alleges that Air Base purposely avails itself through its affiliates, of the laws and benefits of the Commonwealth of Pennsylvania. See Exhibit "D."

45.     Air Base Carpet Mart, Inc. is a Delaware corporation with its principal place of business, and only store, located at 230 N. DuPont Highway in New Castle, Delaware. Air Base Distributing, Inc. is an distinct and separate Delaware corporation which has one store location in Dover, Delaware. See Exhibit "A."

46.     Moving Defendants own no property in Pennsylvania and have no financial accounts in Pennsylvania. See Exhibit "A."

47.     Air Base Carpet Mart, Inc. is a separate corporate and business entity from Lomax Home Center, Inc., Yorketown Carpet, Inc., Reading Carpet Factory Outlet, Inc. and Lancaster

Carpet Mart, Inc.  See Exhibit "A."  Air Base has no subsidiaries.

48.    Moving Defendants do not own stock in any of the Pennsylvania Carpet Mart corporations.  Furthermore, no Pennsylvania individuals or entities maintain any ownership interest in Moving Defendants.

49.    Air Base makes no sales directly to Pennsylvania residents.  Air Base's minimal contact with the Commonwealth of Pennsylvania are the inter-company transfers of goods to the Pennsylvania Carpet Mart corporations.

50.    Air Base transfers goods to the Pennsylvania Carpet Marts, at cost, and those goods are reflected on that particular corporation's accounts receivable.  Thereafter, the Pennsylvania Carpet Mart would cut a check from its separate bank account.  This is a tax free exchange and Air Base derives no profit from the transaction.

51.    Air Base's minimal contacts with the Commonwealth of Pennsylvania do not approach "continuous and systematic" nor do they amount to a physical presence within Pennsylvania.

52.    Air Base derives **no** profit from the inter-company transfers to the Pennsylvania Carpet Marts.

53.    Arnold Frey testified that Air Base advertises on the radio and the radio spots "hit the Pennsylvania people because when you advertise on for Delaware you're targeting Pennsylvania people automatically.  See Exhibit "E" at p. 26.

54.    Air Base does not place ads on Pennsylvania radio stations.  See Exhibit "E" at p. 27.

55.    Air Base does place ads in the Philadelphia Inquirer. See Exhibit "E" at p. 27.

56.     Air Base advertises in the Philadelphia Inquirer because it is distributed in Delaware.  See Exhibit "E" at p. 27.

57.     Any advertising on behalf of Air Base in Pennsylvania is as a result of the proximity of Pennsylvania to Air Base's target market, Wilmington and New Castle Delaware. Air Base targets only Delaware citizens with their advertising.

58.     Accordingly, any contacts with Pennsylvania as a result of Air Base's advertising do not satisfy the high burden of continuous and systematic contacts.

59.     Plaintiff's Fourth Amended Complaint fails to establish that Moving Defendants had continuous and systematic contacts with Pennsylvania.

WHEREFORE, Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., request this Honorable Court to grant their Motion to Dismiss and dismiss all claims with prejudice.

**B.     Motion to Transfer Venue**

### I.     This Matter Should be Transferred to The United States District Court for the District of Delaware

60.     Plaintiff could have brought this action in the United States District Court for the District of Delaware.

61.     All defendants have sufficient contacts with the State of Delaware to establish personal jurisdiction in Delaware.

62.     28 U.S.C. §1404(a) states as follows:

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

1096767 v.1

In ruling on a Motion to Transfer pursuant to 28 U.S.C. §1404(a), the following factors must be considered: (1) the place where the acts and/or omissions occurred; (2) the convenience of the parties and witnesses; (3) the location of the documents; (4) the relative ease of access to sources of proof; (5) the availability of process to compel witnesses to attend depositions or trial; (6) the governing law; (7) trial efficiency; (8) interests of justice; and (9) plaintiff's choice of forum. *See* Harris v. National Railroad Passenger Corporation, 979 F.Supp. 1052, 1053 (E.D.Pa. 1997).

63.    In deciding a motion to transfer, the first issue the court must decide is whether the transferee forum is a proper forum to litigate the case. Harris, 979 F.Supp. at 1053.

64.    For transfer of venue purposes, a plaintiff's choice of forum is **not** accorded the decisive weight it enjoyed under the doctrine of *forum non conveniens*; rather, "the choice of forum is only one of many factors for a court to consider." Gundle Lining Construction Corp. v. Fireman's Fund Insurance Co., 844 F.Supp. 1163, 1165 (S.D.Tex. 1994).

65.    Where none of the conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value. *See* Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).

66.    In the instant matter, none of the conduct occurred in the Commonwealth of Pennsylvania. On the contrary, all alleged actions or omissions occurred entirely within the State of Delaware. See Exhibit "D."

67.    Richard and Barbara Longwill are residents of the State of Florida. See deposition of Richard Longwill at p. 5, a copy of which is attached hereto as Exhibit "B."

68.    Ashland Construction Company is a Delaware corporation and does not maintain a place of business in the Commonwealth of Pennsylvania. See deposition of Vincent Rizzo at p. 14, a copy of which is attached hereto as Exhibit "C."

69.    Vincent Rizzo is a Delaware citizen. See Exhibit "C" at p. 7.

70.    On August 30, 2002, the decedent was living at the 3220 Coachman Road residence. See Affidavit of Rochelle Fishman attached as Exhibit "F".

71.    Delaware State Police responded to the residence and prepared an incident report. See Delaware State Police investigation, a copy of which is attached hereto as Exhibit "G"

72.    According to the report, there were at least 12 persons present at the 3220 Coachman Road residence. See Exhibit "G"

73.    The report indicates that there were two workmen performing work on the outside patio. These individuals were Mr. Rizzo and Mr. Ortiz. See Exhibit "G."

74.    These workmen were not employed by Air Base Carpet Mart, Inc. or Air Base Distributing, Inc. See Exhibit "A."

75.    The New Castle County Medical Examiner conducted an autopsy.

76.    New Castle County Police conducted an investigation into this accidental tragic drowning. See Exhibit "G."

77.    New Castle County Police and Emergency Ambulance personnel may hold critical and additional pieces of evidence regarding this accident.

78.    Any inspection of the residence and pool requires travel to the District of Delaware.

79.    Critical discoverable documents, e.g. medical records, deeds, ambulance records, police, investigation, and the like, are located in the District of Delaware.

80.    Plaintiff will suffer no undue prejudice by pursuing this claim in the District of Delaware.

1096767 v.1

81.     None of the conduct alleged in Plaintiff's Fourth Amended Complaint occurred in the Commonwealth of Pennsylvania.  Accordingly, Plaintiff's choice of forum should be given minimal value.  *See* Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).

WHEREFORE, Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., request this Honorable Court to grant their Motion to Transfer Venue to the United States District Court for the District of Delaware.

### II.     Should This Matter Remain In The United States District Court For The Eastern District Of Pennsylvania, Delaware Law Regarding Liability Should Be Applied

82.     It is well established that a Federal District Court in a diversity action will apply the choice of law rules of the forum state in determining which state's law will be applied to the substantive issues before it.  Klaxson v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

83.     In Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796, Pennsylvania abandoned the strict lex loci delicti rule which looked to the place of the wrong in tort cases to determine the substantive rights of the parties "in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court."  416 Pa. at 21, 203 A.2d at 805.

84.     In Cipolla v. Sharposka, 439 Pa. 563, 267 A.2d 854 (1970),  the Supreme Court of Pennsylvania dealt with a case in which a Pennsylvania resident was injured in Delaware, in an automobile accident.  The Pennsylvania resident brought an action against his host driver, a Delaware resident driving an automobile registered in Delaware.

85.     The issue before the Court was whether the legal effect of the guest-host relationship should be determined under Delaware or Pennsylvania law, a crucial matter

inasmuch as Delaware, but not Pennsylvania, had a guest statute barring the action.

86.    The Court first determined that the choice of laws question did not present a false conflict, as the selection of the law of either state would further the policies of that state since Pennsylvania's policy was to protect plaintiffs and Delaware's was to protect defendants in guest-host situations. 439 Pa. at 566, 267 A.2d at 856.

87.    The Cipolla Court was thus required to consider whether Delaware or Pennsylvania had the greater interest in the application of its law to determine the consequence of the guest-host relationship.   The Court pointed out that Pennsylvania had a relevant contact as the plaintiff was a Pennsylvania resident.   On the other hand, Delaware had relevant contacts as the defendant was a resident of Delaware, where the automobile was registered, and insurance rates are predicated on the place where a vehicle is housed. Delaware law was applied because, qualitatively, Delaware's contacts outweighed those of Pennsylvania, and Delaware therefore had the greater interest in having its law applied.

88.    In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the 'policies and interest underlying the particular issue before the court.' Griffith, supra 416 Pa. at 21.   When doing this it must be remembered that a mere counting of contacts is not what is involved.   The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale. Cipolla, supra 439 Pa. at 566.

89.    Inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's laws just because a visitor from a state offering higher protection decides to visit there. This is, of course, a highly territorial approach, but departures from the territorial view of torts ought not to be lightly undertaken. Gordon v. Parker, 83 F. Supp. 40, 42 (D. Mass

1949).

90.    The instant matter does not present a false conflict, as the selection of the law of either state would further the policies of that state since Pennsylvania's policy was to protect plaintiffs and Delaware's was to protect defendants in guest-host situations.  <u>Cipolla</u>, supra 439 Pa. at 566.

91.    Accordingly, the court must consider whether Delaware or Pennsylvania had the greater interest in the application of its law to determine the consequence of the guest-host relationship.

92.    Delaware's contacts with the accident relate to substantive aspects of the case. Pennsylvania's contact arises not from substantive matters but rather from Marissa Fishman's alleged place of residence, which is in dispute.  See Exhibit "F."

93.    Delaware has the persuasive choice of law, qualititatively because of the following concerns:

    a.    The alleged tort occurred fully within Delaware;

    b.    At least three Delaware corporations will be required to defend assertions of liability in a foreign jurisdiction;

    c.    The Trust that owns the 3220 Coachman Road residence is a Delaware Trust;

    d.    The oversight of pools is a routinely local government concern;

    e.    The law on damages of Delaware and Pennsylvania are substantially similar;

    d.    The oral contract between the Longwills and Ashland contstruction was made in Delaware and should be governed by Delaware law.

WHEREFORE, Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., request this Honorable Court to enter an Order in the form attached hereto holding that Delaware

law regarding liability will be applied in this matter.

Respectfully submitted,

RAWLE & HENDERSON LLP

BY:____**ECM2517**_____
Edward C. Mintzer, Jr.
Michael Hurvitz
Attorneys for Defendants,
Air Base Carpet Mart, Inc. and
Air Base  Distributing, Inc.

Dated:

1096767 v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the<br>ESTATE OF MARISSA ROSE FISHMAN,<br>deceased | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 04-cv 4098 |
| | : | |
| v. | : | |
| | : | |
| RICHARD LONGWILL, | : | |
| and | : | |
| BARBARA LONGWILL, | : | |
| and | : | |
| AIR BASE CARPET MART, INC. | : | |
| D/B/A AIR BASE DISTRIBUTING, | : | |
| INC. D/B/A AIR BASE CARPET MART | : | |
| and | : | |
| AIR BASE DISTRIBUTING, INC. | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AIR BASE CARPET
MART, INC. d/b/a AIR BASE DISTRIBUTING, INC., d/b/a AIR BASE CARPET MART
and AIR BASE DISTRIBUTING, INC.'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE MOTION TO TRANSFER VENUE**

Defendants, Air Base  Carpet Mart, Inc. (hereinafter "Air Base") and Air Base

Distributing, Inc. (hereinafter "Distributing"), resent the following memorandum of law in

support of their motion for dismissal.

**I.    STATEMENT OF FACTS**

James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, deceased

(hereinafter "plaintiff") has brought this action to recover for allegedly sustained damages in

connection with a drowning that occurred at 3220 Coachman Road in Wilmington, Delaware

(hereinafter the "Longwill residence").  Defendants, Air Base Carpet Mart, Inc. and Air Base

Distributing, Inc. are Delaware corporations.  See Affidavit of Arnold Frey attached as Exhibit

"A".

Air Base does not maintain any ownership interest in the residence located at 3220 Coachman Road. The 3220 Coachman Road residence is owned by a Delaware Grantors Trust. See deposition of Richard Longwill at p. 9, a copy of which is attached hereto as Exhibit "B." Air Base does not maintain any ownership interest in any of the Carpet Mart corporations located within the Commonwealth of Pennsylvania; or vice versa.

On the date of the incident, two employees of Ashland Construction Company, Vincent Rizzo and Salvador Ortiz, were working at the 3220 Coachman Road residence. See deposition of Vincent Rizzo at p. 11, copies of the relevant portions have been attached hereto as Exhibit "C." No workers were supplied by Air Base with regard to the construction at the 3220 Coachman Road residence. Air Base supplied no materials used in the construction project. Furthermore, no Air Base employees were on site at the accident scene, at the time of occurrence. All work regarding the project at the 3220 Coachman Road residence was done by Vincent Rizzo and employees of Ashland Construction.

The alleged acts or omissions concerned the use of an inner access door in the 3220 Coachman Road residence. Said inner access door was never under the control of Air Base, nor were any employees of Air Base inside the residence on August 30, 2002, at the time of the occurrence. Vincent Rizzo was paid by check(s) drawn in Delaware, from a Delaware bank, payable to a Delaware citizen working in Delaware on behalf of a Delaware corporation, while working as a mason and not on behalf of Air Base.

Air Base has not made any corporate filings in the Commonwealth of Pennsylvania. Furthermore, Air Base does not pay any Pennsylvania state taxes. Air Base makes inter-company transfers of inventory to corporations - the seven Pennsylvania Carpet Marts - and does not market to Pennsylvania citizens. Air Base has no rational nexus to the unfortunate and

tragic drowning at the Coachman Road residence. Air Base clearly allocated and separated out its inter-company receivables, representing inventory transfers to the Pennsylvania Carpet Marts. The inventory was transferred to the Pennsylvania Carpet Marts at cost. Accordingly, Air Base did not derive any profit from the transfer of the inventory, between corporations.

Air Base maintained all the formal corporate indicia of a separate Delaware corporation. None of the Pennsylvania Carpet Marts are subsidiaries of Air Base. Financial statements on behalf of Air Base and the Pennsylvania Carpet Marts are separate and distinct; there are no consolidated financial statements. Air Base does not own any property within the Commonwealth of Pennsylvania.

## II.    **LEGAL ARGUMENT**

This Honorable Court lacks personal jurisdiction over Moving Defendants. Once an objection to personal jurisdiction is raised and supported by competent evidence, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992) cert. denied, 506 U.S. 817 (1992).

In order for a Federal District Court in Pennsylvania to maintain personal jurisdiction over Moving Defendants the plaintiff must prove that said Defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). The required minimum contacts do not exist unless "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958).

To satisfy the requisite minimum contacts, the connection with the forum state must be sufficient so that the person or entity "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559 (1980); See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). A court's jurisdiction over a non-resident defendant may arise either out of a specific connection that the defendant has with the forum state that has given rise to the plaintiff's cause of action ("specific jurisdiction") or out of substantial, continuous and systematic contact with the forum state ("general jurisdiction"). See, Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-49, 72 S.Ct. 413 (1952); Helicopteros Nationales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 notes 8-9, 104 S.Ct. 1868 (1984);Brotherhood Cia Naviera S.A. v. Zapata Marine Service, Inc., 547 F.Supp. 688, 691 n. 2 (E.D. Pa. 1982). To survive a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing court's jurisdiction over moving defendants. F.R.C.P. 12(b)(2).

## I.    This Courts Lack Specific Personal Jurisdiction Over Moving Defendants

Plaintiff's cause of action does not arise out of any specific contacts between any of the Moving Defendants and the Commonwealth of Pennsylvania. Plaintiff's cause of action arises out of a drowning which occurred at a private residence in Delaware. See Plaintiff's Fourth Amended Complaint a copy of which is attached hereto as Exhibit "D."

Specific jurisdiction may arise when particular or infrequent contacts by the defendant with the forum state are related to plaintiff's claim. Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197 (3d. Cir. 1998). For specific jurisdiction to exist, the "plaintiff must show that the defendant has constitutionally 'minimum contacts' with the forum [state]." IMO Industries,

Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d. Cir. 1998).  A defendant may be found to have purposely established minimum contacts with the forum state by deliberately engaging in significant activities there, or by creating continuing obligations such that he has "availed himself of the privilege of conducting business there."  Arch v. The American Tobacco Co., Inc., 984 F.Supp. 830, 835 (E.D.Pa. 1997).  That is, "entry" into the forum state to carry out tortious conduct would be enough to show that the defendant "manifest[ed] behavior intentionally targeted and focused on" the forum state.  IMO Industries, 155 F.3d at 259.

The due process inquiry must focus on "the relationship among the defendant, the forum and the litigation."  Rush v. Savchuck, 444 U.S. 320, 327, 100 S.Ct. 571 (1980).  It is the plaintiff's burden to demonstrate that the defendant has minimum contacts with the forum state. Time Share Club v. Atlantic Resorts Ltd., 735 F.2d 61, 63 (3rd Cir. 1984).  To meet this burden plaintiff "must come forward with sufficient facts by affidavit, depositions or other competent evidence to establish the court's jurisdiction over the defendant."  National Precast Crypt Co. v. Dy-Core of Pennsylvania Inc., 785 F. Supp. 1186, 1189 (W.D. Pa. 1992).  All acts and omissions alleged by the Plaintiff in the Fourth Amended Complaint are acts and omissions that are alleged to have occurred **entirely** within the State of Delaware.

Air Base is a corporation organized and existing under the laws of the State of Delaware. See Exhibit "A."  Plaintiff's cause of action does not arise out of any specific connection between Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., and the Commonwealth of Pennsylvania, Pennsylvania Federal District Courts lack specific personal jurisdiction over said Defendants.

WHEREFORE, Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., request this Honorable Court to  grant their Motion to Dismiss and dismiss all claims with

prejudice.

## II.   Pennsylvania Courts Lack General Personal Jurisdiction Over Moving Defendants

Even when the cause of action does not arise out of, or relate to the foreign corporation's activities in the forum state, due process is not offended by a state's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the state and the foreign corporation. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952). In the Third Circuit, "the plaintiff must show significantly more than minimum contacts to establish general jurisdiction. The nonresident's contacts must be continuous and substantial. . . . The standard for establishing general jurisdiction is fairly high, and requires that defendant's contacts be of the sort that approximate physical presence." William Rosenstein & Sons Co. v. BBI Produce, Inc., 123 F. Supp.2d 268, 271 (M.D. Pa. 2000).

Comparing the two categories of personal jurisdiction, "the bar for general jurisdiction is set much higher than that for specific jurisdiction." Brown v. AST Sports Sci., Inc., 2002 U.S. Dist. Lexis 12294 at *20-21.

This Honorable Court has no general personal jurisdiction over Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., because Defendants have not maintained continuous and systematic contacts with the Commonwealth of Pennsylvania. See, Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408 (1984). To satisfy the requisite minimum contacts, the connection with the forum state must be sufficient so that the person or entity "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559 (1980); See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). A party claiming that a nonresident defendant is subject to "general jurisdiction" faces a "fairly high" burden. Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086

(9th Cir. 2000).

A nonresident defendant must have "substantial" or "continuous and systematic" contacts of the sort that "approximate physical presence" before a state may exercise general jurisdiction over the defendant. Id. at 1086. Plaintiff alleges that Air Base purposely avails itself through its affiliates, of the laws and benefits of the Commonwealth of Pennsylvania. See Exhibit "D."

Air Base Carpet Mart, Inc. is a Delaware corporation with its principal place of business, and only store, located at 230 N. DuPont Highway in New Castle, Delaware. Air Base Distributing, Inc. is an distinct and separate Delaware corporation which has one store location in Dover, Delaware. See Exhibit "A." Moving Defendants own no property in Pennsylvania and have no financial accounts in Pennsylvania. See Exhibit "A." Air Base Carpet Mart, Inc. is a separate corporate and business entity from Lomax Home Center, Inc., Yorketown Carpet, Inc., Reading Carpet Factory Outlet, Inc. and Lancaster Carpet Mart, Inc. See Exhibit "A." Air Base has no subsidiaries.

Moving Defendants do not own stock in any of the Pennsylvania Carpet Mart corporations. Furthermore, no Pennsylvania individuals or entities maintain any ownership interest in Moving Defendants. Air Base makes no sales directly to Pennsylvania residents. Air Base's minimal contact with the Commonwealth of Pennsylvania are the inter-company transfers of goods to the Pennsylvania Carpet Mart corporations. Air Base transfers goods to the Pennsylvania Carpet Marts, at cost, and those goods are reflected on that particular corporation's accounts receivable. Thereafter, the Pennsylvania Carpet Mart would cut a check from its separate bank account. This is a tax free exchange and Air Base derives no profit from the transaction. Air Base's minimal contacts with the Commonwealth of Pennsylvania do not approach "continuous and systematic" nor do they amount to a physical presence within

Pennsylvania. Air Base derives **no** profit from the inter-company transfers to the Pennsylvania Carpet Marts. Plaintiff's Fourth Amended Complaint fails to establish that Moving Defendants had continuous and systematic contacts with Pennsylvania.

Arnold Frey testified that Air Base advertises on the radio and the radio spots "hit the Pennsylvania people because when you advertise on for Delaware you're targeting Pennsylvania people automatically. See Exhibit "E" at p. 26.

Air Base does not place ads on Pennsylvania radio stations. See Exhibit "E" at p. 27. Air Base does place ads in the Philadelphia Inquirer. See Exhibit "E" at p. 27. Air Base advertises in the Philadelphia Inquirer because it is distributed in Delaware. See Exhibit "E" at p. 27. Any advertising on behalf of Air Base in Pennsylvania is as a result of the proximity of Pennsylvania to Air Base's target market, Wilmington and New Castle Delaware. Air Base targets only Delaware citizens with their advertising. Accordingly, any contacts with Pennsylvania as a result of Air Base's advertising do not satisfy the high burden of continuous and systematic contacts.

WHEREFORE, Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., request this Honorable Court to grant their Motion to Dismiss and dismiss all claims with prejudice.

**B.    Motion to Transfer Venue**

### I.    This Matter Should be Transferred to The United States District Court for the District of Delaware

Plaintiff could have brought this action in the United States District Court for the District of Delaware. All defendants have sufficient contacts with the State of Delaware to establish personal jurisdiction in Delaware.

1096767 v.1

28 U.S.C. §1404(a) states as follows:

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

In ruling on a Motion to Transfer pursuant to 28 U.S.C. §1404(a), the following factors must be considered: (1) the place where the acts and/or omissions occurred; (2) the convenience of the parties and witnesses; (3) the location of the documents; (4) the relative ease of access to sources of proof; (5) the availability of process to compel witnesses to attend depositions or trial; (6) the governing law; (7) trial efficiency; (8) interests of justice; and (9) plaintiff's choice of forum. *See* Harris v. National Railroad Passenger Corporation, 979 F.Supp. 1052, 1053 (E.D.Pa. 1997).

In deciding a motion to transfer, the first issue the court must decide is whether the transferee forum is a proper forum to litigate the case. Harris, 979 F.Supp. at 1053. For transfer of venue purposes, a plaintiff's choice of forum is **not** accorded the decisive weight it enjoyed under the doctrine of *forum non conveniens*; rather, "the choice of forum is only one of many factors for a court to consider." Gundle Lining Construction Corp. v. Fireman's Fund Insurance Co., 844 F.Supp. 1163, 1165 (S.D.Tex. 1994). Where none of the conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value. *See* Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).

In the instant matter, none of the conduct occurred in the Commonwealth of Pennsylvania. On the contrary, all alleged actions or omissions occurred entirely within the State of Delaware. See Exhibit "D." Richard and Barbara Longwill are residents of the State of Florida. See deposition of Richard Longwill at p. 5, a copy of which is attached hereto as Exhibit "B." Ashland Construction Company is a Delaware corporation and does not maintain a place of business in the Commonwealth of Pennsylvania. See deposition of Vincent Rizzo at p.

14, a copy of which is attached hereto as Exhibit "C." Vincent Rizzo is a Delaware citizen. See Exhibit "C" at p. 7.

On August 30, 2002, the decedent was living at the 3220 Coachman Road residence. See Affidavit of Rochelle Fishman attached as Exhibit "F". Delaware State Police responded to the residence and prepared an incident report. See Delaware State Police investigation, a copy of which is attached hereto as Exhibit "G" According to the report, there were at least 12 persons present at the 3220 Coachman Road residence. See Exhibit "G" The report indicates that there were two workmen performing work on the outside patio. These individuals were Mr. Rizzo and Mr. Ortiz. See Exhibit "G" These workmen were not employed by Air Base Carpet Mart, Inc. or Air Base Distributing, Inc. See Exhibit "A." The New Castle County Medical Examiner conducted an autopsy. New Castle County Police conducted an investigation into this accidental tragic drowning. See Exhibit "G." New Castle County Police and Emergency Ambulance personnel may hold critical and additional pieces of evidence regarding this accident. Any inspection of the residence and pool requires travel to the District of Delaware. Critical discoverable documents, e.g. medical records, deeds, ambulance records, police, investigation, and the like, are located in the District of Delaware. Plaintiff will suffer no undue prejudice by pursuing this claim in the District of Delaware.

None of the conduct alleged in Plaintiff's Fourth Amended Complaint occurred in the Commonwealth of Pennsylvania. Accordingly, Plaintiff's choice of forum should be given minimal value. *See* Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).

WHEREFORE, Defendants Air Base Carpet Mart, Inc. and Air Base Distributing, Inc., request this Honorable Court to grant their Motion to Transfer Venue to the United States District Court for the District of Delaware.

II.     **Should This Matter Remain In The United States District Court For The Eastern District Of Pennsylvania, Delaware Law Regarding Liability Should Be Applied**

It is well established that a Federal District Court in a diversity action will apply the choice of law rules of the forum state in determining which state's law will be applied to the substantive issues before it. <u>Klaxson v. Stentor Electric Manufacturing Co.</u>, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). In <u>Griffith v. United Airlines, Inc.</u>, 416 Pa. 1, 203 A.2d 796, Pennsylvania abandoned the strict lex loci delicti rule which looked to the place of the wrong in tort cases to determine the substantive rights of the parties "in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." 416 Pa. at 21, 203 A.2d at 805.

In <u>Cipolla v. Sharposka</u>, 439 Pa. 563, 267 A.2d 854 (1970),  the Supreme Court of Pennsylvania dealt with a case in which a Pennsylvania resident was injured in Delaware, in an automobile accident.  The Pennsylvania resident brought an action against his host driver, a Delaware resident driving an automobile registered in Delaware.  The issue before the Court was whether the legal effect of the guest-host relationship should be determined under Delaware or Pennsylvania law, a crucial matter inasmuch as Delaware, but not Pennsylvania, had a guest statute barring the action.  The Court first determined that the choice of laws question did not present a false conflict, as the selection of the law of either state would further the policies of that state since Pennsylvania's policy was to protect plaintiffs and Delaware's was to protect defendants in guest-host situations. 439 Pa. at 566, 267 A.2d at 856.  The <u>Cipolla</u> Court was thus required to consider whether Delaware or Pennsylvania had the greater interest in the application of its law to determine the consequence of the guest-host relationship.   The Court pointed out that Pennsylvania had a relevant contact as the plaintiff was a Pennsylvania resident.   On the

other hand, Delaware had relevant contacts as the defendant was a resident of Delaware, where the automobile was registered, and insurance rates are predicated on the place where a vehicle is housed. Delaware law was applied because, qualitatively, Delaware's contacts outweighed those of Pennsylvania, and Delaware therefore had the greater interest in having its law applied.
In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the 'policies and interest underlying the particular issue before the court.' Griffith, supra 416 Pa. at 21. When doing this it must be remembered that a mere counting of contacts is not what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale. Cipolla, supra 439 Pa. at 566.

Inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's laws just because a visitor from a state offering higher protection decides to visit there. This is, of course, a highly territorial approach, but departures from the territorial view of torts ought not to be lightly undertaken. Gordon v. Parker, 83 F. Supp. 40, 42 (D. Mass 1949).

The instant matter does not present a false conflict, as the selection of the law of either state would further the policies of that state since Pennsylvania's policy was to protect plaintiffs and Delaware's was to protect defendants in guest-host situations. Cipolla, supra 439 Pa. at 566.

Accordingly, the court must consider whether Delaware or Pennsylvania had the greater interest in the application of its law to determine the consequence of the guest-host relationship. Delaware's contacts with the accident relate to substantive aspects of the case. Pennsylvania's contact arises not from substantive matters but rather from Marissa Fishman's alleged place of residence, which is in dispute. See Exhibit "E."

Delaware has the persuasive choice of law, qualititatively because of the following

concerns:

    a.    The alleged tort occurred fully within Delaware;

    b.    At least three Delaware corporations will be required to defend assertions of liability in a foreign jurisdiction;

    c.    The Trust that owns the 3220 Coachman Road residence is a Delaware Trust;

    d.    The oversight of pools is a routinely local government concern;

    e.    The law on damages of Delaware and Pennsylvania are substantially similar;

    d.    The oral contract between the Longwills and Ashland contstruction was made in Delaware and should be governed by Delaware law.

Respectfully submitted,

RAWLE & HENDERSON LLP


BY:____**ECM2517**_____
Edward C. Mintzer, Jr.
Michael Hurvitz
Attorneys for Defendants,
Air Base Carpet Mart, Inc. and
Air Base  Distributing, Inc.

Dated:

1096767 v.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney admitted to practice in the Commonwealth of Pennsylvania, hereby affirms that the foregoing Motion to Transfer was filed electronically and served on the below listed counsel via first-class mail, postage pre-paid this 7th day of September, 2004.

Thomas R. Kline, Esquire
Matthew A. Casey, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street. 19th Floor
Philadelphia, PA 19102

Daniel J. Hart, Esquire
Marshall, Dennehey, Warner,
Coleman and Warner
1845 Walnut Street
Philadelphia, PA  19103-4797

Michael Small, Esquire
EISEMAN, MYERS & LIERO
United Plaza
30 S. 17th Street, Suite 1730
Philadelphia, PA 19103

**ECM2517**

_____
Edward C. Mintzer, Jr.

1096767 v.1