# EXHIBIT "D"

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION
BY:
ATTORNEY FOR       THOMAS R. KLINE/ROBERT ROSS/MATTHEW A. CASEY
ATTORNEY I.D. #    Attorney I.D. No. 28895/47152/84443
THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
215-772-1000

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased 110 West Front Street Media, Pennsylvania 19063 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | CIVIL TRIAL DIVISION |
| RICHARD LONGWILL 3220 Coachman Road Surrey Park Wilmington, DE 19803 | |
| BARBARA LONGWILL 3220 Coachman Road Surrey Park Wilmington, DE 19803 | MARCH TERM, 2004 NO. 003776 **JURY TRIAL DEMANDED** |
| AIR BASE CARPET MART, INC., d/b/a AIR BASE DISTRIBUTING, INC. d/b/a AIR BASE CARPET MART 230 N. Dupont Hwy. New Castle, DE 19720 | |
| AIR BASE DISTRIBUTING, INC. 230 N. Dupont Hwy. New Castle, DE 19720 | |

### FOURTH AMENDED COMPLAINT
### [2-S Premises Liability]

1. Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

County dated September 23, 2003; Mr. Gorbey is a citizen and resident of the Commonwealth of Pennsylvania.

2.  Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000 and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

3.  Plaintiff's decedent drowned on August 30, 2002 while staying at the home of her maternal grandparents, who are named defendants herein, at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803.

4.  Defendant Air Base Carpet Mart, Inc., d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart ("Air Base") is a Delaware corporation or other jural entity with a principal place of business at 230 N. Dupont Hwy., New Castle, DE 19720.

5.  Defendant Air Base Distributing, Inc. is a Delaware corporation or other jural entity, which, upon information and belief, shows the same address.

6.  Defendants Richard Longwill and Barbara Longwill ("the Longwill defendants") reside at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803. The Longwill defendants, either jointly or individually, own the premises, which includes an indoor pool, at this address.

7.  Defendant Richard Longwill is an owner, operator, director and/or officer in several Pennsylvania corporations, including Lancaster Carpet Mart, Inc.; Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne Carpet Mart, Inc.; and Lomax Home Center, Inc. Lomax Home Center, Inc. is located at 2940 Jasper Street in Philadelphia, Pennsylvania, and 100% of its stock is owned by defendant Richard Longwill. See Air Base Web Site Home Page, attached as Exhibit "A".

8.  Defendant Barbara Longwill is the secretary-treasurer of Air Base Carpet Mart,

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Inc., which regularly conducts business in Pennsylvania through its affiliates Lancaster Carpet Mart, Inc.; Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne Carpet Mart, Inc.; and Lomax Home Center, Inc. See Exhibit "A".

9. Defendant Air Base, itself and through the foregoing affiliates, purposefully avails itself of the laws and benefits of the Commonwealth of Pennsylvania. See Exhibit "A".

10. Philadelphia county venue is proper because the Longwill defendants, both individually and through their corporate affiliations with Defendant Air Base, and defendant Air Base own and operate Lomax Home Center, Inc. at 2940 Jasper Street in Philadelphia, Pennsylvania.

11. On August 30, 2002, Marissa Rose Fishman, a minor, who was visiting at Richard and Barbara Longwill's residence, was upon information and belief, to be confirmed through discovery, caused to drown due to the negligent acts and/or failures to act on the part of defendants and their actual and/or ostensible agents, servants and/or employees, including their failure to take reasonable steps to make the premises safe and negligently exposing an infant to an unsupervised swimming pool, which may have constituted an attractive nuisance.

12. Plaintiff's decedent, an infant, proceeded unattended through an open sliding glass door separating the kitchen and a large, indoor pool.

13. Said actual and/or ostensible agents, servants and/or employees included, upon information and belief, Teresa Garcia Zavala, a nanny, and workmen, either employed or contracted by defendant Richard Longwill and defendant Air Base.

14. Upon information and belief, said workmen negligently left the sliding door open leading to the pool on the subject premises.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

15. Plaintiff will pursue a separate action against said workmen in a different forum that has jurisdiction over them, which action may, at a future date, be consolidated with the within action. If if is found that said workmen, alone, were responsible for making the pool premises safe by keeping entryways to the subject pool closed, then said workmen, and their principals, employers and/or masters, may be solely liable to plaintiff.

16. All defendants named herein are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known to plaintiff without the benefit of discovery. By way of more specific identification, said actual /or ostensible agents, servants and/or employees were working at the subject premises on August 30, 2002.

17. The Longwill defendants owed a non-delegable duty to children on the premises to protect them from all hazards that were reasonably foreseeable; said hazards included both the means of access to the indoor pool and the work that was being conducted on the premises that day.

18. The door to the pool being left open, and the pool itself, constituted an attractive nuisance, one that was reasonably foreseeable given the work that was being done that day. This attractive nuisance caused the death of Marissa Rose Fishman.

19. The unreasonably dangerous condition created by the work was foreseeable, and it caused the death of Marissa Rose Fishman.

20. Plaintiff claims all damages recoverable under the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302, arising out of Marissa Rose Fishman's

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

drowning and subsequent death.

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against defendants in an amount in excess of Fifty Thousand Dollars ($50,000) exclusive of pre-judgment interest, costs, and post-judgment interest.

                                        KLINE & SPECTER,
                                        A Professional Corporation

BY: _[signature]_____
        THOMAS R. KLINE
        ROBERT ROSS
        MATTHEW A. CASEY
        I.D. Nos. 28895/47152/84443
Dated: 8/17/04        Attorneys for Plaintiff

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

## VERIFICATION

I, James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, a minor, deceased, hereby verifies that the within Fourth Amended Complaint is based on first-hand information and on information furnished to my counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
James H. Gorbey, Jr., Administrator of the
Marissa Rose Fishman, a minor, deceased

Date: 8/16/04