**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased<br>　　　　Plaintiff<br>　　　　　　v.<br>RICHARD LONGWILL AND BARBARA LONGWILL AND AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART AND AIR BASE DISTRIBUTING, INC.<br>　　　　Defendants | :<br>:<br>:<br>:<br>: No. 04-CV-4098<br>:<br>:<br>:<br>:<br>:<br>: |

<u>ORDER</u>

AND NOW, this _____ day of _____, 2005, in response to the motion of defendant Ashland Construction Company, Inc.; Rizzo Construction Company, Inc. also d/b/a Ashland Construction Company, Inc; Joseph V. Rizzo and Vincent Rizzo and any response thereto it is hereby ORDERED and DECREED that said motion is GRANTED. Plaintiff's Complaint is hereby DISMISSED with prejudice, or in the alternative the transfer of venue is GRANTED and this case is transferred to the Federal Court in Delaware, Pennsylvania.

　　　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased | : : : | |
| Plaintiff | : | |
| v. | : | No. 04-CV-4098 |
| RICHARD LONGWILL AND BARBARA LONGWILL AND AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART AND AIR BASE DISTRIBUTING, INC. | : : : : : : | |
| Defendants | | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE OF DEFENDANTS ASHLAND CONSTRUCTION COMPANY, INC.; VINCENT RIZZO CONSTRUCTION CO., INC. A/D/B/A ASHLAND CONSTRUCTION <u>COMPANY, INC.; JOSEPH V. RIZZO and VINCENT RIZZO</u>**

Defendants, Ashland Construction Company, Inc.; Vincent Rizzo Construction Co., Inc. a/d/b/a Ashland Construction Company, Inc.; Joseph V. Rizzo and Vincent Rizzo, by and through their attorneys, The Law Office of Thomas D. Romando, hereby move for an Order dismissing plaintiffs' Complaint pursuant to F.R.C.P. 12(b), or, in the alternative, for an Order transferring venue, and, in support thereof, aver as follows:

1. The plaintiff has brought this action to recover for damages he alleges he suffered in connection with a drowning that occurred at 3220 Coachman Road, in Wilmington, Delaware (hereinafter the "Longwill residence").

2. As outlined in the Complaint, the drowning happened at the defendant, Longwills' personal residence in Wilmington, Delaware.

3. Defendants, Ashland Construction Company, Inc.; Vincent Rizzo Construction Co., Inc. a/d/b/a Ashland Construction Company, Inc.; are Delaware corporations. Joseph V. Rizzo and Vincent Rizzo, are Delaware residents. See deposition of Vincent Rizzo attached hereto as Exhibit "A".

4. Ashland does not have any ownership interest in the Longwill residence.

5. On the date of the incident, Ashland Construction Company had two of its employees, Vincent Rizzo and Salvador Ortiz, at the Longwill residence. At the time, Ashland was installing pavers outside the Longwill home. See deposition of Vincent Rizzo at p. 11, copies of the relevant portions have been attached hereto as Exhibit "A."

6. No workers were supplied by Air Base with regard to the construction at the Longwill home. Furthermore, Air Base supplied no materials used in the construction project.

7. All work regarding this project at the Longwill residence was done by Vincent Rizzo and Ashland Construction.

8. The alleged acts or omissions concerned the use of a door in the Longwill residence. Said door was never under the control of Ashland or any of its employees.

9. Vincent Rizzo was paid by check drawn in Delaware, from a Delaware bank, payable to a Delaware citizen working, in Delaware, on behalf of a Delaware corporation, while working as a mason and not on behalf of the business of Air Base.

10. The oral contract for the job done by Vincent Rizzo, at the Coachman Road residence, was made in Delaware and invoices were issued only in Delaware.

11. Ashland has not made any corporate filings in the Commonwealth of Pennsylvania.

12. Ashland does not own any property within the Commonwealth of Pennsylvania.

**A.      Motion to Dismiss for Lack of Personal Jurisdiction**

13.      This Honorable Court lacks personal jurisdiction over moving defendants.

14.      Once an objection to personal jurisdiction is raised and supported by competent evidence, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992) cert. denied, 506 U.S. 817 (1992).

15.      In order for a federal court in Pennsylvania to maintain personal jurisdiction over moving defendants the plaintiff must prove that said defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).  A court may exercise personal jurisdiction as long as the "relationship among the defendant, the cause of action, and the forum falls within the 'minimum contacts' framework" established by the Supreme Court in International Shoe Co. v. Washington 326 U.S. 310 (1945); Mellon Bank (East) PSFS, Nat'l Assn. V. Farino 960 F.2d 1217, 1221-22 (3d Cir. 1992); Snyder v. Dolphin Encounters Limited et al 235 F.Supp.2d 433 (E.D.PA. 2002).

16.      The required minimum contacts do not exist unless "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958).

17.      To satisfy the requisite minimum contacts, the connection with the forum state must be sufficient so that the person or entity "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559 (1980); See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

18. A court's jurisdiction over a non-resident defendant may arise either out of a specific connection that the defendant has with the forum state that has given rise to the plaintiff's cause of action ("specific jurisdiction") or out of substantial, continuous and systematic contact with the forum state ("general jurisdiction"). See, Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-49, 72 S.Ct. 413 (1952); Helicopteros Nationales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 notes 8-9, 104 S.Ct. 1868 (1984);Brotherhood Cia Naviera S.A. v. Zapata Marine Service, Inc., 547 F.Supp. 688, 691 n. 2 (E.D. Pa. 1982).

19. To survive a motion to dismiss for lack of personal jurisdiction, plaintiff bears burden of establishing court's jurisdiction over moving defendants. F.R.C.P. 12(b)(2).

### I. Pennsylvania Courts Lack Specific Personal Jurisdiction Over Moving Defendants

20. The plaintiff's cause of action does not arise out of any specific contacts between any of the moving defendants and the Commonwealth of Pennsylvania.

21. Plaintiff's cause of action arises out of a drowning which occurred at a private residence in Delaware. See plaintiff's Fourth Amended Complaint a copy of which is attached hereto as Exhibit "B."

22. Specific jurisdiction may arise when particular or infrequent contacts by the defendant, when the forum state are related to plaintiff's claim. Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197 (3d. Cir. 1998).

23. For specific jurisdiction to exist, the "plaintiff must show that the defendant has constitutionally 'minimum contacts' with the forum [state]." IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d. Cir. 1998).

24. A defendant may be found to have purposely established minimum contacts with the forum state by deliberately engaging in significant activities there or by creating continuing

obligations such that he has "availed himself of the privilege of conducting business there." Arch v. The American Tobacco Co., Inc., 984 F.Supp. 830, 835 (E.D.Pa. 1997). That is, "entry" into the forum state to carry out tortious conduct would be enough to show that the defendant "manifested behavior intentionally targeted and focused on" the forum state. IMO Industries, 155 F.3d at 259.

25. The due process inquiry must focus on "the relationship among the defendant, the forum and the litigation. Rush v. Savchuck, 444 U.S. 320, 327, 100 S.Ct. 571 (1980).

26. It is the plaintiff's burden to demonstrate that the defendant has minimum contacts with the forum state. Time Share Club v. Atlantic Resorts Ltd., 735 F.2d 61, 63 (3rd Cir. 1984).

27. To meet this burden plaintiff "must come forward with sufficient facts by affidavit, depositions or other competent evidence to establish the court's jurisdiction over the defendant. National Precast Crypt Co. v. Dy-Core of Pennsylvania Inc., 785 F. Supp. 1186, 1189 (W.D. Pa. 1992).

28. All acts and omissions alleged by the plaintiff in the Fourth Amended Complaint, upon which the plaintiffs base their claim for liability against moving defendants are acts and omissions that are alleged to have occurred entirely within the State of Delaware.

29. Ashland is a corporation organized and existing under the laws of the State of Delaware. See Exhibit "A."

30. This claim is completely unrelated to Ashland's masonry business. In the contrary, this claim involves a drowning that occurred at a personal residence in the State of Delaware.

31. Ashland derives less than 1% of its business from Pennsylvania residents and the only Pennsylvania supplier Ashland uses did not supply any materials for the work done at the Longwill residence.

32. Because the plaintiff's cause of action does not arise out of any specific connection between defendants, Ashland Construction Company, Inc.; Vincent Rizzo Construction Co., Inc. a/d/b/a Ashland Construction Company, Inc.; Joseph V. Rizzo and Vincent Rizzo, and the Commonwealth of Pennsylvania, Pennsylvania federal courts lack specific personal jurisdiction over said defendants.

## II.   Pennsylvania Courts Lack General Personal Jurisdiction Over Moving Defendants

33. Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum state, due process is not offended by a State's subjecting the corporation to its personam jurisdiction when there are sufficient contacts between the State and the foreign corporation.  Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952).

34. In the Third Circuit, "the plaintiff must show significantly more than minimum contacts to establish general jurisdiction.  The nonresident's contacts must be continuous and substantial. . . .  The standard for establishing general jurisdiction is fairly high, and requires that defendant's contacts be of the sort that approximate physical presence."  William Rosenstein & Sons Co. v. BBI Produce, Inc., 123 F. Supp.2d 268, 271 (M.D. Pa. 2000).

35. Comparing the two categories of personal jurisdiction, "the bar for general jurisdiction is set much higher than that for specific jurisdiction."  Brown v. AST Sports Sci., Inc., 2002 U.S. Dist. Lexis 12294 at *20-21.

36. This Honorable Court has no general personal jurisdiction over defendants, Ashland Construction Company, Inc.; Vincent Rizzo Construction Co., Inc. a/d/b/a Ashland

Construction Company, Inc.; Joseph V. Rizzo and Vincent Rizzo, because defendants have not maintained continuous and systematic contacts with the Commonwealth of Pennsylvania. See, Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408 (1984).

37. To satisfy the requisite minimum contacts, the connection with the forum state must be sufficient so that the person or entity "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559 (1980); See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

38. A party claiming that a nonresident defendant is subject to "general jurisdiction" faces a "fairly high" burden. Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

39. A nonresident defendant must have "substantial" or "continuous and systematic" contacts of the sort that "approximate physical presence" before a state may exercise general jurisdiction over the defendant. Id. at 1086.

40. Plaintiff alleges that Ashland Construction Company, Inc.; Vincent Rizzo Construction Co., Inc. a/d/b/a Ashland Construction Company, Inc.; Joseph V. Rizzo and Vincent Rizzo purposely avail themselves, of the laws and benefits of the Commonwealth of Pennsylvania. See plaintiff's Fourth Amended Complaint a copy of which is attached hereto as Exhibit "B."

41. Pursuant to the Court's Order dated December 4, 2004, the parties conducted discovery related to *in personam* jurisdiction. During this limited discovery period, Richard Longwill, Arnold Frey and Vincent Rizzo were deposed by the plaintiff. Furthermore, Ashland produced documents in response to plaintiff's request for production of documents.

42. Ashland is incorporated in Delaware, and its physical locations are all within Delaware. Ashland does not have any locations in the Commonwealth of Pennsylvania. Furthermore, Ashland does not make any corporate filings with the Commonwealth of Pennsylvania.

43.     Ashland Construction Co., Inc. is a Delaware corporation with its principal place of business and only location at 1800 West 11th St., Wilmington, Delaware.  Vincent Rizzo resides at 16 Holly Lane, Wilmington, Delaware.  Joseph Rizzo resides at 900 Butler Ave, Wilmington, Delaware.  See deposition of Vincent Rizzo a copy of which is attached hereto as Exhibit "A"

44.     Defendants own no property in Pennsylvania and have no financial accounts in Pennsylvania.  See Exhibit "A."

45.     Ashland does no advertising directly to Pennsylvania residents.  Mr. Rizzo testified most of the business he gets is word of mouth and 99% of that business is in Delaware.  Ashland's main contact with Pennsylvania is that they purchase concrete block from Fizzano Concrete Products in Riddley Park.  However, the materials used for the Longwill residence were obtained from Delaware Brick.

46.     Ashland's minimal contacts with the Commonwealth of Pennsylvania do not approach "continuous and systematic" nor do they amount to a physical presence within Pennsylvania.

47.     Plaintiff's Fourth Amended Complaint does not establish any basis that Air Base has continuous and systematic contacts with Pennsylvania.

B.    **Motion to Transfer Venue**

        I.    **This Matter Should be transferred to The United States District Court for the District of Delaware**

48. Plaintiff could have brought this action in the United States District Court for the District of Delaware.

49. All defendants have sufficient contacts with the State of Delaware to establish personal jurisdiction in Delaware.

50. 28 U.S.C. §1404(a) states as follows:

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

In ruling on a Motion to Transfer pursuant to 28 U.S.C. §1404(a), the following factors must be considered: (1) the place where the acts and/or omissions occurred; (2) the convenience of the parties and witnesses; (3) the location of the documents; (4) the relative ease of access to sources of proof; (5) the availability of process to compel witnesses to attend depositions or trial; (6) the governing law; (7) trial efficiency; (8) interests of justice; and (9) plaintiff's choice of forum. *See* Harris v. National Railroad Passenger Corporation, 979 F.Supp. 1052, 1053 (E.D.Pa. 1997).

51. In deciding a motion to transfer, the first issue the court must decide is whether the transferee forum is a proper forum to litigate the case. Harris, 979 F.Supp. at 1053.

52. For transfer of venue purposes, a plaintiff's choice of forum is not accorded the decisive weight it enjoyed under the doctrine of *forum non conveniens*; rather, "the choice of forum is only one of many factors for a court to consider." Gundle Lining Construction Corp. v. Fireman's Fund Insurance Co., 844 F.Supp. 1163, 1165 (S.D.Tex. 1994).

53. Where none of the conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value. *See* Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).

54. In the instant matter, none of the conduct occurred in the Commonwealth of Pennsylvania, on the contrary, all activities occurred entirely within the State of Delaware. See plaintiff's Fourth Amended Complaint, a copy of which is attached hereto as Exhibit "B."

55. Ashland Construction Company, Inc.; Vincent Rizzo Construction Co., Inc. a/d/b/a Ashland Construction Company, Inc.; Joseph V. Rizzo and Vincent Rizzo are either residents of the State of Delaware or Delaware Corporations. See deposition of Vincent Rizzo a copy of which is attached hereto as Exhibit "A"

56. Ashland Construction Company is a Delaware corporation and does not maintain a place of business in the Commonwealth of Pennsylvania. See deposition of Vincent Rizzo, a copy of which is attached hereto as Exhibit "A."

57. Furthermore, Joseph Rizzo and Vincent Rizzo are Delaware citizens. See Exhibit "A" at p. 7.

58. On August 20, 2002, the decedent was living at the home of her grandparents who resided at 3220 Coachman Road in Wilmington, Delaware. See affidavit of Rochelle Fishman attached as Exhibit "C".

59. Delaware State Police responded to the residence and prepared an incident report. See Exhibit "D" - Delaware State Police investigation.

60. According to the report, there were at least 12 persons present at the 3220 Coachman Road address. See Exhibit "D"

61. The report indicates that there were two workmen performing work on the outside patio. These individuals were Mr. Rizzo and Mr. Ortiz. See Exhibit "D"

62. The decedent was transported by Talleyville Ambulance to and treated at A.I. Dupont Children's Hospital located in Wilmington, Delaware.

63. The New Castle County Medical Examiner's may have, which upon information and belief is assumed as reasonable, conducted an autopsy.

64. New Castle County Police conducted an investigation into this accidental tragic drowning. See Exhibit "D"

65. New Castle County Police and Emergency Ambulance personnel may hold critical and additional pieces of evidence regarding this accident.

66. Any inspection of the residence and pool requires travel to the District of Delaware.

67. Critical discoverable documents, e.g. medical, deeds, transportation, police, investigation, and the like, are located in the District of Delaware.

68. Plaintiff will suffer no undue prejudice by pursuing his claim, in the District of Delaware.

69. None of the conduct alleged in plaintiff's Fourth Amended Complaint occurred in the Commonwealth of Pennsylvania. Accordingly, plaintiff's choice of forum should be given minimal value. See Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).

**II.     Should This Matter Remain In The United States District Court For The Eastern District Of Pennsylvania, Delaware Law Regarding Liability Should Be Applied**

70. It is well established that a district court in a diversity action will apply the choice of law rules of the forum state in determining which state's law will be applied to the substantive issues before it. Klaxson v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

71. In Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796, cited by the district judge, Pennsylvania abandoned the strict lex loci delicti rule which looked to the place of the

wrong in tort cases to determine the substantive rights of the parties "in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." 416 Pa. at 21, 203 A.2d at 805.

72. In Cipolla v. Sharposka, 439 Pa. 563, 267 A.2d 854 (1970), the Supreme Court of Pennsylvania dealt with a case in which a Pennsylvania resident was injured in Delaware, in an automobile accident. The Pennsylvania resident brought an action against his host driver, a Delaware resident driving an automobile registered in Delaware.

73. The issue before the court was whether the legal effect of the guest-host relationship should be determined under Delaware or Pennsylvania law, a crucial matter inasmuch, as Delaware but not Pennsylvania, had a guest statute barring the action.

74. The court first determined that the choice of laws question did not present a false conflict as the selection of the law of either state would further the policies of that state since Pennsylvania's policy was to protect plaintiffs and Delaware's was to protect defendants in guest-host situations. 439 Pa. at 566, 267 A.2d at 856.

75. The Cipolla Court was thus required to consider whether Delaware or Pennsylvania had the greater interest in the application of its law to determine the consequence of the guest-host relationship. The court pointed out that Pennsylvania had a relevant contact as the plaintiff was a Pennsylvania resident. On the other hand, Delaware had relevant contacts as the defendant was a resident of Delaware, where the automobile was registered, and insurance rates are predicated on the place where a vehicle is housed. Delaware law was applied because, qualitatively, Delaware's contacts outweighed those of Pennsylvania, and Delaware, therefore, had the greater interest in having its law applied.

76. In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the 'policies and interest underlying the particular issue before the court.' Griffith, supra 416 Pa. at 21.

77. When doing this it must be remembered that a mere counting of contacts is not what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale. Cipolla, supra 439 Pa. at 566.

78. Inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's laws just because a visitor from a state offering higher protection decides to visit there. This is, of course, a highly territorial approach, but departures from the territorial view of torts ought not to be lightly undertaken. Gordon v. Parker, 83 F. Supp. 40, 42 (D. Mass 1949).

79. The instant matter does not present a false conflict, as the selection of the law of either state would further the policies of that state since Pennsylvania's policy was to protect plaintiffs and Delaware's was to protect defendants in guest-host situations. Cipolla, supra 439 Pa. at 566.

80. Accordingly, the court must consider whether Delaware or Pennsylvania had the greater interest in the application of its law to determine the consequence of the guest-host relationship.

81. All defendants in this matter are citizens of Delaware. In fact, the only contact to Pennsylvania is the estate. According to Rochelle Fishman's affidavit, she and the decedent were residing in Delaware, at the time of the incident, and had no intention of returning to the Commonwealth of Pennsylvania. See Exhibit "C."

82.     Delaware's contacts with the accident, relate to substantive aspects of the case. Pennsylvania's contact arises not from substantive matters, but rather from Marissa Fishman's alleged place of residence, which in fact, is in dispute.  See Affidavit of Rochelle Fishman.

**Legal Analysis:**

The question of whether a federal court may exercise jurisdiction over a non-resident defendant of the forum state must be tested against both the long-arm statute of the forum state and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197 (3d. Cir. 1998).  Pursuant to Pennsylvania's long-arm statute, jurisdiction is permitted over a non-resident defendant if the defendant has engaged in:

(1)     transacting business in this Commonwealth;
(2)     contracting to supply services or things in this Commonwealth;
(3)     causing any harm or tortious injury by act or omission in this Commonwealth; or
(4)     causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

42 Pa.C.S.A. §5322(a).

Pursuant to the Due Process Clause of the Constitution, personal jurisdiction exists where the plaintiff demonstrates that the defendant has purposely established "minimum contacts" in or purposely directed its activities toward residents of the forum state.  Asahi Metal Industry Co., Ltd. v. Superior Court of California, 408 U.S. 102, 108 (1987), quoting Burger King Corp. v. Rudewicz, 471 U.S. 462 (1987) and International Shoe Co. v. Washington, 326 U.S. 310 (1945). Furthermore, the Due Process Clause is satisfied if the assertion of personal jurisdiction comports with the notions of fair play and substantial justice.  Burger King, 471 U.S. 462.  Thus, as a leading Third Circuit case explained,

> A federal court . . . must undertake a two-step inquiry.  First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution.  In [Pennsylvania], this inquiry is collapsed into a single step because the . . . long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process.

IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d. Cir. 1998).  Pennsylvania's long-arm statute, moreover, includes both general and specific jurisdiction bases over out-of-state defendants.  42 Pa.C.S. 5301, 5322.

Specific jurisdiction may arise when particular or infrequent contacts by the defendant with the forum state, are related to plaintiff's claim.  Pennzoil Products, 149 F.3d at 200.  For specific jurisdiction to exist, the "plaintiff must show that the defendant has constitutionally 'minimum contacts' with the forum [state]."  IMO Industries, Inc., 155 F.3d at 259, quoting Burger King.  A defendant may be found to have purposely established minimum contacts with the forum state by deliberately engaging in significant activities there or by creating continuing obligations such that he has "availed himself of the privilege of conducting business there." Arch v. The American Tobacco Co., Inc., 984 F.Supp. 830, 835 (E.D.Pa. 1997).  That is, "entry" into the forum state to carry out tortious conduct would be enough to show that the defendant "manifest[ed] behavior intentionally targeted and focused on" the forum state.  IMO Industries, 155 F.3d at 259.

To assert general jurisdiction over a non-resident, the plaintiff must establish that the defendant's contacts with the forum state are so "continuous and substantial" with the forum state that the defendant should reasonably expect to be haled into court there on any cause of action.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984); Provident Nat'l v. California Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d. Cir. 1987).

Additionally, for general jurisdiction to exist, the defendant must have purposely availed itself of the benefits and protections of the laws of the forum in which, the plaintiff seeks to establish personal jurisdiction. Burger King, 471 U.S. 475.

The court would also examine whether a defendant has a place of business in Pennsylvania; whether it has any employees there; whether it owns any property there; whether it has a telephone listing there; and whether it sells its products or services there. Reverse Vending Assoc. v. Tomra Systems U.S., 655 F.Supp.1122 (E.D.Pa.1987) (finding general jurisdiction not established, because plaintiff offered no evidence of the foregoing factors). In addition, the Eastern District might also consider, as it did in another case, whether the plaintiffs have made a showing of the legal benefit or protection of the law that the defendant received by allegedly having continuous and systematic contact with the forum state. Snider v. Slatkin, 105 F.Supp.2d 428 (E.D.Pa. 2000) (finding general jurisdiction not established, because of plaintiff's failure to make such a showing).

A court may exercise personal jurisdiction over a defendant, if the defendant has specific or general contacts with the forum. Specific jurisdiction is appropriate only if the cause of action is related to or arises out of the defendants forum-related activities, so that it should reasonably expect to be hauled into court. Verotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,75 F.3d 147, 151 (3rd Cir. 1996). The defendant must have "purposely directed his activities at residents of the forum" and the litigation must have resulted from alleged injuries that" 'arise out of or relate to those activities.'" BP Chem Ltd. v. Formossa Chem. & Fibre Corp., 229 F.3d 254, 259 (3rd Cir. 2000). This determination is both claim-specific and defendant-specific. Remick v. Manfredy, 238 F.3d 248, 255-56 (3rd Cir. 2001).

In the instant matter, none of the conduct occurred in the Commonwealth of Pennsylvania, on the contrary, all activities occurred entirely within the State of Delaware. Ashland does no advertising directly to Pennsylvania residents. Mr. Rizzo testified most of the business he gets is word of mouth and 99% of that business is in Delaware. Ashland's main contact with Pennsylvania is that they purchase concrete block from Fizzano Concrete Products in Riddley Park. However, the materials used for the Longwill residence were obtained from Delaware Brick.

        Respectfully Submitted,

        _____
        MICHAEL R. SMALL