IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, Deceased | : : : : | **CIVIL ACTION** |
| v. | : : | |
| RICHARD LONGWILL and BARBARA LONGWILL and AIR BASE CARPET MART, INC. d/b/a AIR BASE DISTRIBUTING, INC. d/b/a AIR BASE CARPET MART and AIR BASE DISTRIBUTING, INC. and TERESA GARCIA ZAVALA | : : : : : : : : : : | NO. 2:04-cv-4098 |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS,
RICHARD LONGWILL AND BARBARA LONGWILL, IN THEIR
INDIVIDUAL CAPACITY, TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendants, Richard Longwill and Barbara Longwill ("the Longwill defendants"), in their individual capacity, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby respond as follows to plaintiff's Fourth Amended Complaint.

1. Denied. The Longwill defendants lack sufficient knowledge or information in which to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Fourth Amended Complaint and, therefore, they are denied and strict proof is demanded at the time of trial.

2. Denied. The Longwill defendants lack sufficient knowledge or information in which to form a belief as to the truth of the averments contained in this paragraph of plaintiff's

Fourth Amended Complaint and, therefore, they are denied and strict proof is demanded at the time of trial.

3.  Denied. The Longwill defendants lack sufficient knowledge or information in which to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Fourth Amended Complaint and, therefore, they are denied and strict proof is demanded at the time of trial.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

8.  Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

9.  Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

10. Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

11. Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the Longwill defendants specifically deny that they were negligent in any manner whatsoever and, in particular, as alleged in this paragraph of plaintiff's Fourth Amended Complaint. Likewise, the Longwill defendants specifically deny the allegations

relating to agents, servants and/or employees as alleged in this paragraph of plaintiff's Fourth Amended Complaint.

12. Denied. The Longwill defendants lack sufficient knowledge or information in which to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Fourth Amended Complaint and, therefore, they are denied and strict proof is demanded at the time of trial.

13. Denied. The Longwill defendants specifically deny that Teresa Garcia Zavala was their agent, ostensible agent, servant, employee and/or workman and/or the agent, ostensible agent, servant, employee and/or workman of defendant, Air Base.

14. Denied. The Longwill defendants lack sufficient knowledge or information in which to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Fourth Amended Complaint and, therefore, they are denied and strict proof is demanded at the time of trial.

15. Denied. The Longwill defendants lack sufficient knowledge or information in which to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Fourth Amended Complaint and, therefore, they are denied and strict proof is demanded at the time of trial.

16. Denied. The Longwill defendants specifically deny that Teresa Garcia Zavala was their agent, ostensible agent, servant, employee and/or workman and/or the agent, ostensible agent, servant, employee and/or workman of defendant, Air Base.

17. Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

18. Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

19. Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

20. Denied. The allegations contained in this paragraph of plaintiff's Fourth Amended Complaint constitute conclusions of law to which no response is required.

WHEREFORE, defendants, Richard Longwill and Barbara Longwill, deny liability and demand judgment in their favor, together with interest, costs and attorney's fees.

### FIRST AFFIRMATIVE DEFENSE

The Fourth Amended Complaint fails to state a claim upon which relief can be granted against the answering defendants.

### SECOND AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the person of these answering defendants and/or subject matter jurisdiction over this action.

### THIRD AFFIRMATIVE DEFENSE

This action was not commenced as to these answering defendants within the statutory time, and accordingly, this suit is barred as to these answering defendants by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Fourth Amended Complaint is barred by the doctrines of waiver, estoppel and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or plaintiffs' decedent's injuries, if any, were the result of superseding and/or intervening causes or parties over which or whom these defendants had no control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by one or more of the co-defendants and not by these answering defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were proximately caused by the intervening conduct of third persons, parental authorities or entities over whom these answering defendants had no control, authority or responsibility.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's injuries, if any, may have been caused by the conduct of others.

### NINTH AFFIRMATIVE DEFENSE

The answering defendants had no legal duty to plaintiff's decedent because others/adults were in a better or legal position to warn and protect plaintiff's decedent, and the failure of these other persons and/or entities to so protect the decedent was the proximate cause of plaintiff's injuries, if any.

### TENTH AFFIRMATIVE DEFENSE

The answering defendants breached no duty owed to plaintiff or plaintiff's decedent.

### ELEVENTH AFFIRMATIVE DEFENSE

These answering defendants are entitled to an offset/net reduction for any compensation obtained or to be obtained by or on behalf of plaintiff and/or plaintiff's decedent from other sources, parties, entities and/or defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff, as against these answering defendants, has failed to properly elect his remedies and forum barring some or all of his claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Service of process was improper and/or insufficient.

### FIFTEENTH AFFIRMATIVE DEFENSE

Venue is improper.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the statutes, immunities and laws of the State of Delaware and the laws, ordinance and rules of the City of Wilmington and New Castle County.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering defendants aver that the accident more specifically described in the allegations contained in plaintiff's Fourth Amended Complaint was caused by individuals and/or entities who are unknown to answering defendants and over whom answering defendants had no control at any time material hereto.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If the event alleged in the Fourth Amended Complaint occurred as alleged by plaintiff, which is denied, it was caused by plaintiff and was no way caused by an act or omission on the part of answering defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

No conduct on the part of answering defendants contributed to plaintiff's alleged injury and/or damages.

### TWENTIETH AFFIRMATIVE DEFENSE

No conduct on the part of answering defendants contributed to plaintiff's alleged injury and/or damages.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Any damages sustained by plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of parties or persons for whom defendants have no responsibility, and have not by the culpable conduct or negligence of answering defendants.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by answering defendants, was the result of an unavoidable accident or sudden emergency.

WHEREFORE, defendants, Richard Longwill and Barbara Longwill, deny liability and demand judgment in their favor, together with interest, costs and attorney's fees.

                                    **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

                                    By:  _____djh1937_____
                                            Daniel J. Hart, Esquire
                                            Attorney I.D. No. 1937
                                            Attorney for Defendants
                                            Richard and Barbara Longwill

                                            1845 Walnut Street
                                            Philadelphia, PA  19103
                                            215-575-2677

**DATED:**  September 16, 2004

\01_21\LIAB\DJH\LLPG\463020\JYS\03030\02632

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of the Answer with Affirmative Defenses of Defendants, Richard Longwill and Barbara Longwill, to Plaintiff's Fourth Amended Complaint in the above-captioned matter this date via regular mail as follows:

Matthew A. Casey, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102

Edward C. Mintzer, Jr., Esquire
RAWLE & HENDERSON, LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

                                     **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

                                     By: _____djh1937_____
                                        Daniel J. Hart, Esquire
                                        Attorney I.D. No. 1937
                                        Attorney for Defendants
                                        Richard and Barbara Longwill

                                        1845 Walnut Street
                                        Philadelphia, PA  19103
                                        215-575-2677

**DATED:** September 16, 2004

\01_21\LIAB\DJH\LLPG\463020\JYS\03030\02632