# W ETZEL & A SSOCIATES, P.A.
Attorneys at Law

**Benjamin C. Wetzel, III**

The Carriage House, Suite 201
1100 North Grant Avenue
Wilmington, Delaware 19805

Telephone: 302.652.1200
Facsimile: 302.652.1900
E-mail: bwetzel@wetzellaw.com

February 2, 2006

The Honorable Kent A. Jordan
U.S. District Court
844 N. King Street
Lock Box 10
Wilmington, DE 19801

    RE:    Gorbey, et al. v. Longwill, et al.
            C. A. No.: 05-0211 KAJ
            Our File No.: 7264

           *Interim Status Report*

Dear Judge Jordan:

      I write to advise the Court on the nature of the matters in issue and the progress of discovery to date. Very briefly, the case involves the August 30, 2002 drowning and death of plaintiff''s decedent, Marissa Rose Fishman, then age two. She drowned at the home of her grandparents, defendants Richard and Barbara Longwill, at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803 . At the time of the drowning, workers employed by defendant Ashland Construction were moving furniture from an outside patio to the indoor pool area where plaintiff''s decedent perished.

      I can report to the Court, from communication with my lead counsel, that the parties have exchanged Rule 26(a)(1) initial disclosures and have completed four (4) depositions. While the discovery cut-off is March 31, 2006, the parties still need to complete approximately seven depositions, made up entirely of witnesses who were at the home on the date of the accident. Plaintiff''s counsel has served damages expert reports from two damages expert witnesses, but, in conformity with the Scheduling Order, section 3d, the parties have agreed to exchange any applicable liability expert reports following the completion of the fact witness depositions, several of which have been difficult to schedule at a date and time convenient to all parties.

The Honorable Kent A. Jordan
February 2, 2006
Page 2

      One issue that appears to be ripe for discussion during the February 9 telephone status conference is whether the parties believe that it may be prudent to continue the February 28 mediation to enable the parties to complete the fact discovery. Additionally, counsel for the Airbase Defendants will likely want to discuss his recent request that the parties stipulate to dismiss the Airbase Defendants, and if such agreement cannot be reached, then he intends to file a motion for summary judgment.

                        Respectfully submitted,

                        /s/ Benjamin C. Wetzel, III

                        Benjamin C. Wetzel, III

cc:    Matthew Casey, Esq.
       Edward C. Mintzer, Jr., Esq.
       Roger D. Landon, Esq.
       William J. Cattie, III, Esq.
       Kevin J. Connors, Esq.