## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR., Administrator of the        :
ESTATE OF MARISSA ROSE FISHMAN,                   :
deceased                                          :        Civil Action No.: 05cv211 KAJ
          Plaintiff,                      :
                                                  :
v.                                                :
                                                  :
RICHARD LONGWILL,                                 :
and                                               :
BARBARA LONGWILL,                                 :
and                                               :
AIR BASE CARPET MART, INC.                        :
D/B/A AIR BASE DISTRIBUTING,                      :
INC. D/B/A AIR BASE CARPET MART                   :
and                                               :
AIR BASE DISTRIBUTING, INC.                       :
          Defendants.                     :

---

## DEFENDANTS', AIR BASE CARPET MART, INC. D/B/A AIR BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART & AIR BASE DISTRIBUTING, INC., MOTION FOR SUMMARY JUDGMENT

Defendants, Air Base Carpet Mart, Inc. d/b/a Air Base Distributing, Inc. d/b/a Air Base

Carpet Mart & Air Base Distributing, Inc. (hereinafter referred to as "Moving Defendants" or

"Air Base"), by and through its attorneys, Rawle & Henderson LLP, hereby move for an Order

dismissing Plaintiffs' Complaint pursuant to F.R.C.P. 56, and, in support thereof, aver as

follows:

For the reasons set forth in the accompanying Brief in Support of Defendants', Air Base

Carpet Mart, Inc. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart & Air Base

Distributing, Inc.'s, Motion for Summary Judgment, Air Base respectfully requests that this

Honorable Court enter an Order granting Defendants' Motion for Summary Judgment.

Respectfully submitted,

RAWLE & HENDERSON, LLP


By: ___/s/ Delia A. Clark_____
          DELIA A. CLARK, No. 3337
          300 Delaware Avenue, Suite 1015
          Wilmington, DE  19801
          302-654-0500

          EDWARD C. MINTZER, JR.
          JORDAN S. DERRINGER
          One S. Penn Square, 16th Floor
          The Widener Building
          Philadelphia, PA 19107

          Attorneys for Defendants,
          Air Base Carpet Mart, Inc.
          d/b/a Air Base Distributing, Inc. d/b/a Air
          Base Carpet Mart & Air Base Distributing,
          Inc.

Dated: February 16, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JAMES H. GORBEY, JR., Administrator of the : 
ESTATE OF MARISSA ROSE FISHMAN, : 
deceased :      Civil Action No.: 05cv211 KAJ
         Plaintiff, : 
  : 
v. : 
  : 
RICHARD LONGWILL, : 
and : 
BARBARA LONGWILL, : 
and : 
AIR BASE CARPET MART, INC. : 
D/B/A AIR BASE DISTRIBUTING, : 
INC. D/B/A AIR BASE CARPET MART : 
and : 
AIR BASE DISTRIBUTING, INC. : 
         Defendants. : 

## TABLE OF CONTENTS

Page Number

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.     NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.     FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     A.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     B.     NEGLIGENCE AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . 7

     C.     AIR BASE OWES NO DUTY TO PLAINTIFF . . . . . . . . . . . . . . . . . 8

            1.     The Workmen Were Independent Contractors . . . . . . . . . . . . . . . . . 9

            2.     At the Time of the Accident, The Workmen Were Acting Outside The Scope of the Work They Were Contracted For . . . . . . . . . . . . . . . . . . . . . . . . . 13

1243429 v.1

**V.    CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Respectfully submitted,

RAWLE & HENDERSON, LLP

By:    /s/ Delia A. Clark
        DELIA A. CLARK, No. 3337
        300 Delaware Avenue, Suite 1015
        Wilmington, DE  19801
        302-654-0500

        EDWARD C. MINTZER, JR.
        JORDAN S. DERRINGER
        One S. Penn Square, 16th Floor
        The Widener Building
        Philadelphia, PA 19107

        Attorneys for Defendants,
        Air Base Carpet Mart, Inc.
        d/b/a Air Base Distributing, Inc. d/b/a Air
        Base Carpet Mart & Air Base Distributing,
        Inc.

Dated: February 16, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the | : | |
| ESTATE OF MARISSA ROSE FISHMAN, | : | |
| deceased | : | Civil Action No.: 05cv211 KAJ |
|        Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD LONGWILL, | : | |
| and | : | |
| BARBARA LONGWILL, | : | |
| and | : | |
| AIR BASE CARPET MART, INC. | : | |
| D/B/A AIR BASE DISTRIBUTING, | : | |
| INC. D/B/A AIR BASE CARPET MART | : | |
| and | : | |
| AIR BASE DISTRIBUTING, INC. | : | |
|        Defendants. | : | |

**TABLE OF CITATIONS**

**CASES**                                                    **PAGE NUMBER**

Brown v. Interbay Funding, LLC,
    __ F. Supp.2d __; 2006 WL 56963 (D.Del. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7.

Celotex Corp. v. Catrett,
    477 U.S. 317, 106 S.Ct. 2548 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 7.

E.I. duPont De Nemours & Co. v. Allstate Ins. Co.,
    879 A.2d 929 (Del. Super. Ct. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7.

E.I. duPont De Nemours & Co. v. I.D. Griffith,
    50 Del. 348 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10.

Fisher v. Townsends, Inc.,
    695 A.2d 53 (Del. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9.

Gooden v. Mitchell,
    21 A.2d 197 (Del. Super. 1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

Li v. Capano Builders, Inc.,
    1999 WL 191570 (D.Del. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11.

New Haverford Partnership v. Stroot,
    772 A.2d 792 (Del. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7.

Reardon v. Exchange Furniture Store, Inc.,
    188 A.704 (Del. Super. Ct. 1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13.

Seeney v. Dover Country Club Apartments, Inc.,
    318 A.2d 619 (Del. Super. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11.

Shepard v. Reinoehl,
    830 A.2d 1235 (Del. Sup. Ct. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.

**STATUTES & RULES**

Fed. R. Civ. Proc. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 7.

**OTHER AUTHORITIES**

Restatement (Second) of Agency,
    §220 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9.

Restatement (Second) of Torts,
    §409 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By:    /s/ Delia A. Clark
          DELIA A. CLARK, No. 3337
          300 Delaware Avenue, Suite 1015
          Wilmington, DE  19801
          302-654-0500

          EDWARD C. MINTZER, JR.
          JORDAN S. DERRINGER
          One S. Penn Square, 16th Floor
          The Widener Building
          Philadelphia, PA 19107

          Attorneys for Defendants,
          Air Base Carpet Mart, Inc.
          d/b/a Air Base Distributing, Inc. d/b/a Air
          Base Carpet Mart & Air Base Distributing,
          Inc.

Dated: February 16, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JAMES H. GORBEY, JR., Administrator of the   :
ESTATE OF MARISSA ROSE FISHMAN,      :
deceased                                      :      Civil Action No.: 05cv211 KAJ
          Plaintiff,             :
                                     :
v.                                    :
                                   :
RICHARD LONGWILL,              :
and                                  :
BARBARA LONGWILL,            :
and                                  :
AIR BASE CARPET MART, INC.       :
D/B/A AIR BASE DISTRIBUTING,     :
INC. D/B/A AIR BASE CARPET MART   :
and                                  :
AIR BASE DISTRIBUTING, INC.      :
          Defendants.         :

**BRIEF IN SUPPORT OF DEFENDANTS', AIR BASE CARPET MART, INC. D/B/A AIR
BASE DISTRIBUTING, INC. D/B/A AIR BASE CARPET MART & AIR BASE
DISTRIBUTING, INC., MOTION FOR SUMMARY JUDGMENT**

**I.**     **NATURE OF THE CASE**

       Plaintiff, is the executor of the estate of Marissa Fishman, a twenty month old child who,

on the morning of August 30, 2002, drowned when she fell into an indoor pool located at her

grandparents residence. Despite efforts to resuscitate her, Marissa was pronounced dead at the

hospital later that same evening. Plaintiff alleges that this tragic accident resulted because the

residence's interior door connecting the indoor pool and the residence was left open and that

young, Marissa Fishman, wandered out. See a copy of the Fourth Amended Complaint, attached

hereto as Exhibit "A".

       Plaintiff, the Administrator of the Estate of Marissa Fishman, subsequently brought suit

against the Longwills, Marissa's grandparents, Air Base, a corporation whose stock is primarily

held by the Longwills, as well as, Ashland Construction, an independent contractor hired to

1243429 v.1

perform masonry work on the patio surrounding the pool area. <u>See</u> Exhibit "A", as well as, a copy of plaintiff's Complaint against Ashland Construction, et al., attached hereto as Exhibit "B".

Regardless of the sympathetic nature of this case, Air Base, a corporation with whom her grandparents owned a significant amount of stock, arranged for the hiring of workmen on the premises, as a matter of law, is not liable in tort for her death.

## II.    <u>SUMMARY OF THE ARGUMENT</u>

1.    <u>Standard of Review</u> – There are no genuine issues as to any material facts and therefore summary judgment in favor of the Air Base Defendants is appropriate. <u>See</u> Fed. R. Civ. P. 56 (c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548 (1986); <u>E.I. duPont De Nemours & Co. v. Allstate Ins. Co.</u>, 879 A.2d 929, 938 (Del. Super. Ct. 2004).

2.    <u>Negligence as a Matter of Law</u> – In order to state a claim for negligence, the defendant must have owed plaintiff a duty of care, which he breached, and which was the proximate cause of plaintiff's injury. <u>See</u> <u>Brown v. Interbay Funding, LLC</u>, __ F. Supp.2d __; 2006 WL 56963 (D.Del. 2006); <u>New Haverford Partnership v. Stroot</u>, 772 A.2d 292 (Del. 2001).

3.    <u>Air Base Owed No Duty to the Plaintiff</u> – In the instant action, the Air Base Defendants do not owe any duty to the plaintiff because the workmen were independent contractors, and as such, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. <u>See</u> Restatement (Second) of Torts, §409.

a)    <u>The Workmen Were Independent Contractors</u> – The Air Base Defendants did not maintain the requisite degree of control over the workmen in order to have been anything other than the employer of an independent contractor. <u>See</u> <u>Fisher v. Townsends, Inc.</u>, 695 A.2d

54 (Del. 1997); E.I. duPont De Nemours & Co. v. I.D. Griffith, 50 Del. 348 (1957); Li v. Capano

Builders, 1999 WL 191570 (D.Del 1999); and Seeney v. Dover Country Club Apartments, Inc.,

318 A.2d 619 (Del. Super. 1974).

        b)      At the Time of the Accident, the Workmen Were Acting Outside the

Scope of the Work They Were Contracted For —Assuming arguendo, that the Court were to

determine that the workmen were not independent contractors, at the time of the accident, these

individual were performing a "favor," unrelated to the work they were retained to perform, and

thus Air Base cannot be liable.  See, Reardon v. Exchange Furniture Store, Inc., 188 A. 704 (Del.

1936).

## III.   <u>FACTS</u>

        On Friday, August 30, 2002, at approximately 10:30 a.m., Marissa Rose Fishman

("Marissa"), twenty months old, drowned after she entered an indoor pool on the premises

located at 3220 Coachmen Road, (hereinafter the "residence") Surrey Park, Wilmington,

Delaware.  See a copy of the police report attached hereto as Exhibit "C".  Family members

attempted resuscitation at the scene.  See Exhibit "C".  The paramedics subsequently arrived and

the child was taken to the duPont Hospital for Children where she was pronounced dead.  See

Exhibit "C", and, death certification for Marissa Fishman, attached hereto as Exhibit "D".  The

residence is owned by a trust, Barbara Longwill, Marissa's grandmother is the trustee.  See

Deposition of Richard Longwill, dated December 6, 2004, attached hereto as Exhibit "E" at Page

9, Line 12 through Page 12, Line 19.

        On the day of the accident, the following individuals were at the residence: Barbara

Longwill; Helen Longwill (maternal great grandmother); Rochelle Fishman (Mother); Samuel

Fishman (brother); Harrison Fishman (brother); Alexandra Fishman (elder sister); Debra

Longwill (maternal aunt); Allison Lucas (second cousin); Theresa Zavala (Fishman housekeeper/nanny); and two workmen – Vincent Rizzo and Salvador Brito-Ortiz.  See Exhibit "C".

Vincent Rizzo and Salvador Brito-Ortiz were hired to lay pavers at the residence on a patio located outside and adjacent to the pool enclosure in the rear of the home.  See the deposition of Vincent J. Rizzo, dated January 30, 2006, attached hereto as Exhibit "F", at page 21, Lines 4-8, & page 27, Lines 14-17.  All of the other people listed above were inside the residence.  See Exhibit "F" at Page 116, Lines 16-18

According to Ms. Zavala, the Fishman's nanny, the child awoke around 7:00 a.m.  See Exhibit "C".  Ms. Zavala and the child joined the rest of the family for breakfast.  See Exhibit "C".  At approximately 9:00 a.m., Ms. Zavala began cleaning the bathroom and bedroom.  See Exhibit "C".  She heard the children talking in the kitchen, and she assumed that all the children were being watched, by an adult thus, she continued cleaning.  See Exhibit "C".  When she went to the kitchen area, Ms. Longwill asked about the minor child.  See Exhibit "C".  Ms. Zavala and Mrs. Fishman began looking for the decedent.  Alexandra Fishman observed Marissa lying in the pool.  See Exhibit "C".  Mrs. Fishman ran to the pool area, removed the child from the pool.  See Exhibit "C".  CPR was begun.  See Exhibit "C".  There exists a sliding glass door between the kitchen and pool area that remained closed when the children were in the house.  Ms. Zavala reported that Marissa was incapable of opening this door.  See Exhibit "C".  Ms. Zavala assumed that the door was left open by a workman because earlier in the morning she had observed men moving a circular table and three chairs into the pool enclosure.  See Exhibit "C".

According to Rochelle Fishman, at approximately 10:00 a.m.  She walked into the living room.  She noticed that her daughter was missing and began looking for her.  See Exhibit "C".

Shortly afterwards, Alexandra found Marissa in the swimming pool.  <u>See</u> Exhibit "C".  Rochelle jumped into the pool and pulled Marissa out of the water.  <u>See</u> Exhibit "C".  She and her sister Deborah began CPR.  <u>See</u> Exhibit "C".  Rochelle also believed that the workman may have left the door open to the pool area.  <u>See</u> Exhibit "C".

Debora Longwill was visiting her parents.  <u>See</u> Exhibit "C".  She recalled observing Marissa ten to fifteen minutes prior to the accident while she was speaking on the telephone.  <u>See</u> Exhibit "C".

Mr. Rizzo, the owner of Ashland Construction Company, testified that he was hired as a mason to lay bricks in an outside patio.  <u>See</u> Exhibit "F" at Page 21, Lines 4-8.  Although he was hired to work on the patio, Barbara Longwill asked him to clean a patio table and chairs.  She also requested that the furniture be moved to the pool enclosure because she was entertaining later in the week.  <u>See</u> Exhibit "F" at Page 37, Line 6 through Page 39, Line 7 & Page 110, Lines 1-5.  Mr. Rizzo agreed.  Approximately one hour later, he carried the furniture inside to the pool. <u>See</u> Exhibit "F" at Page 37, Line 6 through Page 39, Line 7.  As he was placing the table, he heard Mrs. Fishman scream.  <u>See</u> Exhibit "F" at Page 37, Line 6 through Page 39, Line 7.  He observed Mrs. Fishman jump into the pool to pull her daughter out.  <u>Id.</u>  Mr. Rizzo testified that neither he nor his employees opened or closed the door to the pool area.  <u>See</u> Exhibit "F" at Page 78, Lines 22-24 & Page 88, Lines 2-23.

Plaintiff's complaint alleges that the child's death was caused by the negligence of the workmen on the premises, or in Ms. Zavala, by leaving the sliding doors which lead to the pool open.  <u>See</u> Exhibit "A".  Plaintiff further alleges that the workmen and nanny were employed or contracted by defendant Richard Longwill and defendant Air Base, and as such, these defendants are vicariously liable for the acts of the workmen.  <u>See</u> Exhibit "A".

Air Base is a carpet retailer which is a duly formed Delaware Corporations. Richard Longwill owns approximately fifty percent of the stock. See Deposition of Richard Longwill, dated December 6, 2004, attached hereto as Exhibit "E", at Pages 18-20. The remaining stock is owned by Barbara Longwill. See Exhibit "E", at Page 41, line 22 through Page 42, Line 4. Mr. Longwill has no active business role in Air Base. See Deposition of Arnold Frey, dated December 23, 2004, attached hereto as Exhibit "G" at Page 22, Lines 19-23.

Mr. Rizzo was hired by John Manger, an Air Base employee, to perform the work at the Coachmen Road address. See Deposition of Vincent Rizzo, dated December 30, 2005, attached hereto as Exhibit "H" at Page 25, Lines 19-24. John Manger, came to the residence "[a] couple times he did. That's the extent as far as what Mr. Manger came out." See Exhibit "G" at Page 63, Lines 20-24. There was no contract for any of the work that was done. Moreover, any materials were purchased by Ashland Construction. Mr. Rizzo testified that he had receipts for the materials. See Exhibit "H, at Page 30, Lines 2-9. Air Base paid for the patio work. See Exhibit "H at Page 30, Line 21 through Page 31, Line 1.

Mr. Rizzo's contact with Mr. Longwill was brief. See Exhibit "H" at Page 34, Lines 19-22.. Mr. Longwill and he spoke about minor suggestions for the appearance of the patio. See Exhibit "H" at Page 35, Lines 2-6.

Mr. Rizzo testified that neither Mr. Manger, Mr. Longwill nor any Airbase employee instructed him about how to accomplish the masonry work required for the patio. Further, Mr. Rizzo ordered the materials, and used his own tools and vehicle to complete the work. See Exhibit "F" at Page 113, Line 3 through Page 116, Line 22. Additionally, Ashland Construction is an independent masonry business. Id.

As previously stated, Barbara Longwill requested Mr. Rizzo to clean the patio furniture for her as a favor. However, this work was not done in connection with the masonry work that he was being paid to perform at the residence. See Exhibit "F" at Page 109, Line 4 through Page 110, Line 8.

## IV.    ARGUMENT

### A.    STANDARD OF REVIEW

Summary judgment is appropriate if:

> there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The facts must be viewed in the light most favorable to the non-moving party. Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances. However, when the facts permit a reasonable person to draw but one inference, the question becomes one for a decision as a matter of law.

E.I. duPont De Nemours & Co. v. Allstate Ins. Co., 879 A.2d 929, 938 (Del. Super. Ct. 2004)(internal citations omitted); Fed. R. Civ. P. 56 (c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986).

In this case, there are no genuine issues as to any material facts as to the role of Airbase and therefore summary judgment should be granted.

### B.    NEGLIGENCE AS A MATTER OF LAW

"To state a claim for negligence one must allege that defendant owed plaintiff a duty of care; defendant breached that duty; and defendant's breach was the proximate cause of plaintiff's injury." New Haverford Partnership v. Stroot, 772 A.2d 792, 798 (Del. 2001); Brown v. Interbay Funding, LLC, __ F. Supp.2d __; 2006 WL 56963 (D.Del. 2006).

The existence of a duty is a question of law to be decided by the Court. Shepard v. Reinoehl, 830 A.2d 1235, 1238 (Del. Sup. Ct. 2002).

> In deciding this question, the Court should determine whether "such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other – or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." This determination should be made "by reference to the body of statutes, rules, principles and precedents which make up the law." Where a duty of care does exist, it is measured in terms of reasonableness; and one's duty is to act reasonably and protect against reasonably foreseeable events. The determination of duty must be formulated based upon the facts of each case.

Id. at 1238-39 (internal citations omitted).

## C.    AIR BASE OWED NO DUTY TO THE PLAINTIFF DECEDENT

According to the Restatement (Second) of Torts, §409[1], "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." The rationale for the preceding statement is explained in Comment b, "since the employer has no power of control over the manner in which the work is to be done by the contractor, it is regarded as the contractor's own enterprise, and he, rather than the employer, is the proper party to be charged with the responsibility of preventing the risk, and bearing and distributing it."

Clearly, as evidenced by Mr. Rizzo's testimony, Airbase exercised no control over the manner in which the masonry was performed. In this case, Air Base, at best, merely the retained an independent contractor, and therefore cannot, as a matter of law, be found liable to the plaintiff. Restatement (Second) of Torts §409.

---

[1] Delaware has previously adopted other parts of Chapter 15 from the Restatement (Second) of Torts. See e.g., Li v. Capano Builders, Inc., 1999 WL 191570 (D. Del. 1999), at *5.

### 1.     The Workmen Were Independent Contractors

In <u>Fisher v. Townsends, Inc.</u>, 695 A.2d 53 (1997), the Delaware Supreme Court discussed the different relationships that exist between a principal and an agent.  <u>Fisher v. Townsends, Inc.</u>, 695 A.2d 53, 59 (1997).  The Court noted that there were two types of relationships, servants or independent contractors, and that the classification depends "upon the right of control capable of being exercised by the principal."  <u>Id.</u>  "If the principal assumes the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract, a master/servant type of agency relationship has been created."  <u>Id.</u> <u>citing</u>, <u>Gooden v. Mitchell</u>, 21 A.2d 197, 200-01 (Del. Super. 1941). However, if the "worker is not subject to that degree of physical control, but is subject only to the general control and direction by the contractee, the worker is termed an independent contractor." <u>Id.</u> <u>citing</u>, <u>Gooden</u>, <u>supra</u>.  In making the determination, the Supreme Court of Delaware cited the <u>Restatement (Second) of Agency</u>, §220.  The Restatement provides:

> the following non-exclusive "matters of fact" are to be considered in deciding whether the actual tortfeasor is a servant or an independent contractor:
> (a)     the extent of control, which, by the agreement, the master may exercise over the details of the work;
> (b)     whether or not the one employed is engaged in a distinct occupation or business;
> (c)     the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d)     the skill required in the particular occupation;
> (e)     whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f)     the length of time for which the person is employed;
> (g)     the method of payment, whether by the time or by the job;

(h)    whether or not the work is a part of the regular business of the employer;
(i)    whether or not the parties believe they are creating the relation of master and servant; and
(j)    whether the principal is or is not in business.

Id. at 59.

However, there is no hard and fast rule to determine the independency of a contractor.

See E.I. duPont De Nemours & Co. v. I.D. Griffith, 50 Del. 348, 351 (1957). Instead, it is a fact analysis and made on a case by case basis. Id.

The test of independency consists of the amount of control retained or exercised by the owner, particularly with respect to the absolute right to direct the manner and method of proceeding with the work rather than with respect to the end result only. A requirement that the work be performed according to standards and specifications imposed by the owner is not sufficient to establish the degree of control necessary to make a presumably independent contractor the agent of the owner. But retention of the right not only to insure conformity with specifications but the retention or exercise of the right to direct the manner in or means by which the work shall be performed will destroy the independent status of the contractor.

Id.

In Griffith, an unsecured piece of duct blew across the roof, and caused property damage. Defendant alleged that plaintiff was an independent contractor, was responsible for the damage to the roof. Ultimately the Court held that plaintiff was not an independent contractor because of the amount of control retained by the defendant. This holding was based upon an employee's testimony that:

he was the man placed by [defendant] in charge of all of the roofing activity and related matters; that it was his job to co-ordinate the activities of the various sub-contractors working on the roof, including the activities of [plaintiff's] men installing the metal duct work; that part of his job was to approve or disapprove all the work done on the roof; that he had over-all control of all work done on the roof; and that any work done must be done in accordance with [defendant's] safety standards.

Id. at 352.

In contrast, Li v. Capano Builders, 1999 WL 191570 (D. Del 1999), plaintiff/decedent was illegally working at defendant's development property. Defendant, a general contractor, subcontracted with Ark Roofing, Ark Roofing subcontracted the work to Rising Sun Contractors, who once again, sub-contracted with Chung Nam Pak – plaintiff/decedent's employer. The Court, in granting summary judgment on behalf of the defendant, held that the defendant never had "active control" over the subcontractors. Instead,

> when a house was ready for siding, [defendant] merely called the siding subcontractor, Ark, and "wait[ed] for the siding crew to show up." [defendant] neither requested a particular siding crew nor demanded a certain number of workers from Ark. He had limited contact with the siding subcontractors while they worked at the site. Although he would inspect the various houses for compliance with the siding subcontract, he would not supervise the construction of the pump jacks because he believed that subcontractors "should know what was safe for them and what wasn't." [Defendant] also inspected the finished siding before authorizing Capano Builders to pay the subcontractors.

In so holding, the Li court also compared the above facts with another Delaware case, Seeney v. Dover Country Club Apartments, Inc., 318 A.2d 619 (Del. Super. 1974). The Court noted that in Seeney,

> defendants' on-site foreman did not control the manner and methods of an independent contractor's work even though the foreman coordinated the work of the various subcontractors, told subcontractors when and where to install pipeline, and inspected the work for compliance with the contract. The Superior Court found that [i]mparting such instructions to the independent contractor did not demonstrate control by the owner over the manner and means of accomplishing the [work]. Instead, the owner was merely exercising his right to supervise the general result and also the immediate results, from time to time, as the work progressed.

Similarly, in the instant matter, it is clear that Mr. Rizzo and his employees were independent contractors. There was no control exercised over the manner and methods by which the work was performed.

Mr. Rizzo's contact with Richard Longwill was brief. Mr. Longwill made cosmetic suggestions which pertained to the end result. See Exhibit "F" pp. 34-35. As Mr. Longwill's comments made concerning the masonry were purely cosmetic there is no question that no one from the Airbase defendants controlled the manner in which the work was being performed by Mr. Rizzo and Ashland Construction.

Further, the only contact that Air Base had with this job was to retain and pay them for the patio masonry. John Manger, the Air Base employee who hired Mr. Rizzo, and Ashland Construction checked periodically with the job's progress. All materials were purchased by Ashland Construction or Mr. Rizzo. Mr. Rizzo supplied the materials, workman and tools, including transportation. See Exhibit "F" at pp. 113-116. Finally, Air Base is a corporation engaged in the sale of carpeting and flooring. Ashland Construction is a separate and distinct business entity engaged in masonry.

It is obvious that Mr. Longwill, Air Base or Mr. Manger did not retain any control over the manner in which the work was performed. Not only did they not control the manner in which the work was performed, but none were present while the majority of the work was performed. Moreover, Mr. Rizzo and Mr. Ortiz worked for Ashland Construction as employees. Ashland Construction supplied the tools and machinery necessary. Therefore, the workmen were at all times acting as independent contractors.

**2.    At the Time of the Accident, the Workmen Were Acting Outside of the Scope of the Work they were Contracted For**

Even in light of evidence viewed most favorable to plaintiff, the contract was for masonry work at the residence. If the workmen were responses for opening the interior door leading to the pool open, this would have occurred as a result of performing work outside of the scope of the contract. Therefore, Air Base cannot be held liable for any injuries occurring as a result of the workmen's conduct. See e.g. Reardon v. Exchange Furniture Store, Inc., 188 A. 704, 707 (Del. Super. Ct. 1936) (where the Court held that a corporation who hired a plumber to remove a hopper, and was subsequently injured while placing the hopper in the basement of a store, was not liable because placing the hopper in the basement was outside of the contracted work).

Here, the nature of this work required the workmen's presence only outside of the house. The workmen were asked by Barbara Longwill to clean off patio furniture and place it inside the house. If the workmen were responsible for unlatching the door which led to the pool, it only could have occurred after cleaning the patio furniture. This was unrelated to installation of a new brick patio. Therefore, at the time of the accident, they were acting outside the scope of the contract with Air Base. In fact, moving furniture into the home was not contemplated as part of the masonry work by any party.

As the workmen were not engaged in any task on behalf of Air Base when moving furniture inside of the residence, any acts or omissions of the workmen which are alleged to have caused or contributed to the death of Marissa Fishman, cannot be attributed in any way to the Air Base defendants.

## IV.  <u>CONCLUSION</u>

Any alleged relationship between Air Base and the death of Marissa Fishman is tenuous. Under the present circumstances, there was no duty.

For the foregoing reasons, it is respectfully requested that this Honorable Court enter an Order in favor of the Air Base defendants with prejudice and dismissing all claims.

<div style="margin-left: 40%;">

Respectfully submitted,

RAWLE & HENDERSON, LLP

By:   /s/ Delia A. Clark
     DELIA A. CLARK, No. 3337
     300 Delaware Avenue, Suite 1015
     Wilmington, DE  19801
     302-654-0500

     EDWARD C. MINTZER, JR.
     JORDAN S. DERRINGER
     One S. Penn Square, 16th Floor
     The Widener Building
     Philadelphia, PA 19107

     Attorneys for Defendants,
     Air Base Carpet Mart, Inc.
     d/b/a Air Base Distributing, Inc. d/b/a
     Air Base Carpet Mart & Air Base
     Distributing, Inc.

</div>

Dated: February 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment, Brief in Support Thereof and Order was served upon the below-listed counsel of record this __16th__ day of February, 2006, by First Class U.S. Mail, postage prepaid:

Thomas R. Kline, Esquire
Matthew A. Casey, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street. 19th Floor
Philadelphia, PA 19102

Roger D. Landon
Murphy, Spadaro & Landon
1011 Center Road, Std. 210
Wilmington, DE  19805

Michael Small, Esquire
EISEMAN, MYERS & LIERO
United Plaza
30 S. 17th Street, Suite 1730
Philadelphia, PA 19103

Benjamin C. Wetzel, III, Esquire
Wetzel & Associates, P.A.
The Carriage House
1100 North Grant Avenue – Suite 201
Wilmington, DE  19805

Kevin J. Connors, Esquire
Daniel J. Hart, Esquire
Marshall, Dennehey, Warner, Coleman
    & Goggin
1220 N. Market Street – Suite 500
P.O. Box 8888
Wilmington, DE  19899

RAWLE & HENDERSON LLP


By: __/s/ Delia A. Clark_____
       Delia A. Clark, No. 3337
       300 Delaware Avenue, Suite 1015
       Wilmington, DE  19801
       302-654-0500
       Attorney for Defendants, Air Base Carpet
       Mart, Inc. and Air Base  Distributing, Inc.

1243429 v.1