Sep 20 2004 10:15AM  Selective Insurance  (302)368-5821  p.7
SEP-20-2004 08:46AM  FROM-BRAMHALL & HITCHENS  +302 685 2220  T-330  P.005/009  F-993



**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased<br>110 West Front Street<br>Media, Pennsylvania 19063 | Civil Action<br><br>Docket No. 04cv4118<br><br>**JURY TRIAL DEMANDED** |
| vs. | |
| ASHLAND CONSTRUCTION COMPANY, INC.<br>1800 West 11th Street<br>Wilmington, DE 19805<br>and<br>JOSEPH RIZZO & SONS CONSTRUCTION<br>13 Rizzo Avenue<br>New Castle, DE 19720-2139<br>and<br>VINCENT RIZZO CONSTRUCTION CO., INC.<br>a/d/b/a Ashland Construction Company, Inc.<br>1800 West 11th Street<br>Wilmington, DE 19805<br>and<br>JOSEPH V. RIZZO<br>1800 West 11th Street<br>Wilmington, DE 19805<br>and<br>VINCENT RIZZO<br>1800 West 11th Street<br>Wilmington, DE 19805 | FILED AUG 30 2004 |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys, Thomas R. Kline, Esquire, Robert Ross, Matthew A. Casey, and Kline & Specter, A Professional Corporation, hereby avers as follows:

1. This action is brought in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332 as a civil action in which the amount in controversy exceeds the sum or value of the applicable limits for diversity jurisdiction, exclusive of interest and costs, and is a controversy between citizens of different states; the plaintiff is a citizen of the

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Commonwealth of Pennsylvania and the defendants are citizens of Delaware.

2. Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware County, Pennsylvania, dated September 23, 2003; Mr. Gorbey is a citizen and resident of the Commonwealth of Pennsylvania.

3. Defendant Ashland Construction Co., Inc. is a Delaware corporation with a principal place of business at 1800 West 11th Street, Wilmington, DE 19805.

4. Defendant Joseph Rizzo & Sons Construction Co. is a Delaware corporation with a principal place of business at 13 Rizzo Avenue, New Castle, Delaware 19720.

5. Defendant Vincent Rizzo Construction Co., Inc., is a Delaware corporation with a business and/or mailing address at 1800 West 11th Street, Wilmington, DE 19805.

6. The aforementioned defendants will hereinafter be referred to as "the corporate defendants."

7. Defendant Joseph V. Rizzo is an individual citizen of the state of Delaware with a business address therein at 1800 West 11th Street, Wilmington, DE 19805.

8. Defendant Vincent Rizzo is an individual citizen of the state of Delaware with a business address therein at 1800 West 11th Street, Wilmington, DE 19805.

9. The aforementioned individual defendants will hereinafter be referred to as "the Rizzo defendants."

10. The Rizzo defendants own, operate and control the business affairs and daily operations of the corporate defendants, including the training, supervision and monitoring of the daily activities of their agents, servants and/or employees.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

11. The Rizzo defendants and the corporate defendants were engaged at all times applicable hereto in the masonry and/or construction business.

12. Upon information and belief, all of the defendants, either individually and/or through their agents, servants, and/or employees, were working at a residence located at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803 ("the Coachman Road residence") on August 30, 2002.

13. The area where the work was being done included the area in and around the patio and a swimming pool located on the premises of the Coachman Road residence.

14. Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000 and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

15. Plaintiff's decedent drowned on August 30, 2002 in the swimming pool located on the premises of the Coachman Road residence.

16. Plaintiff's decedent was caused to drown due to the negligent acts and/or failures to act on the part of the corporate defendants and the Rizzo defendants individually, as more particularly set forth herein.

17. The corporate defendants are vicariously liable for acts and/or failures to act on the part of their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz.

18. Said acts and/or failures to act included the failure to take reasonable care to make the premises safe for the work to be done; negligently exposing an infant to an unsupervised swimming pool; failing to conduct their work in a manner that gave due

3

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

consideration to the presence of young children on the premises; negligently leaving open, and/or failing to properly close, a door on the premises that leads to the swimming pool; and negligently creating an attractive nuisance and unreasonably dangerous condition that exposed others at the residence, including plaintiff's decedent, to an increased risk of physical harm.

19. The Rizzo defendants failed to properly train, supervise and/or monitor their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz.

20. These failures to properly train, supervise and/or monitor their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz, caused the negligence more particularly described in paragraph 18, *supra*.

21. Plaintiff's decedent, an infant, proceeded unattended through the open and/or improperly closed door leading to the swimming pool.

22. Plaintiff's decedent then fell into the swimming pool.

23. Plaintiff's decedent was thereafter caused to endure the horrors associated with death by drowning, which process includes, among other things, profound air hunger, laryngospasm, and conscious, severe pain.

24. The corporate defendants are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known to plaintiff without the benefit of discovery. By way of more specific identification, said actual /or ostensible agents, servants and/or employees were working at the subject residence on August

4

# SELECTIVE INSURANCE – LITIGATION FILE BRIEF
## AGENT: Bramhall and Hitchen

DATE: September 30, 2004          COMPLETED BY: Kris Pappano-Stibitz
PHONE: 800-374-9656        EXT. 6316      FAX: 1-610-530-2612
EMAIL: Kristina.Pappano-Stibitz@SELECTIVE.COM

| | |
|---|---|
| Insured(s): Ashland Construction | Claim #: 20334897 |
| Date/Method of Service: August 14, 2004 | Docket/Index#: 04-4118 |
| Court: Federal | Venue: Eastern District |
| James H. Gorbey Jr. Administrator of the Estate of Marissa Rose Fishman Deceased  VS  Ashland Construction Co Inc and Joseph Rizzo & Sons Construction and Vincent Rizzo Construction Co Inc a/d/b/a Ashland Construction Company Inc and Joseph Rizzo and Vincent Rizzo | |
| VS | |
| Coverage Issue(s): | |
| Plaintiff's Attorney: Matthew Casey | Phone: |
| D/L: 8/30/02 | Location: Delaware |

Loss Description:
Undetermined at this point. The info that we have been given is that our insd was working on the patio around the pool. Our insd is the only def in the case either named by company or individually. Once more info is known liability determination will need to be made. At this point we need to get to counsel to file a motion to get the case moved from PA to Delaware court

Enter on behalf of - Ashland Construction Co Inc and Joseph Rizzo & Sons Construction and Vincent Rizzo Construction Co Inc a/d/b/a Ashland Construction Company Inc and Joseph Rizzo and Vincent Rizzo

Damages:
This incident involves the death of a 2-year-old child. We are still gathering facts of how this occurred and how the insd would be involved but the info that is known is that our insd was working on the patio around the in ground pool and the child came out and fell or got into the pool when no one was around later to be found.

| Meds: $ | Liens: $ | Lost earnings (Past/future): $ |
|---|---|---|
| Full Value of injuries/damages: $ | Insured's exposure: $ | |
| Demand(s): $ | Offer(s): $ | ADR? |
| Defense Counsel: Eiseman, Myers & Liero   Phone: 215-563-1255 | | Date Referred: 9/30/04 |
| 60 day preliminary due: 11/30/04 | 150 ASE due: 2/27/05 | Flat feel level: |

Strategy/File Direction/plan: George spoke to Jeff at the beginning of the week about this file. We need to immediately file a motion in federal court to have it removed from PA. The only problem we may have is that Vincent Rizzo has done work in Philadelphia but Ashland Construction does not have a PA license. This case really does belong in Delaware as all the parties lived in Delaware, it occurred in Delaware and the insd is a Delaware based company. It seems they based it in PA for a more favorable venue. Please note that this needs to be done ASAP.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

30, 2002.

25. The door to the pool being left open, and/or not properly closed, created an attractive nuisance, and an unreasonably dangerous condition, which was reasonably foreseeable to the said actual/or ostensible agents, servants and/or employees who were working at the subject residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz, as well as to the Rizzo defendants themselves in their training, supervision and/or monitoring of the workers.

26. This attractive nuisance and unreasonably dangerous condition caused the death of Marissa Rose Fishman.

27. Plaintiff claims all damages recoverable under the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302, arising out of Marissa Rose Fishman's drowning and subsequent death.

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against defendants in an amount in excess of the applicable arbitration limits exclusive of pre-judgment interest, costs, and post-judgment interest.

KLINE & SPECTER,
A Professional Corporation

BY: _____
THOMAS R. KLINE
ROBERT ROSS
MATTHEW A. CASEY
I.D. Nos. 28895/47152/84443
Attorneys for Plaintiff

Dated: 5/30/04

5

## SUMMONS IN A CIVIL ACTION

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES H. GORBEY, JR., ADMINISTRATOR OF THE ESTATE OF MARISSA ROSE FISHMAN, DECEASED<br><br>v.<br><br>ASHLAND CONSTRUCTION COMPANY, INC. AND JOSEPH RIZZO & SONS CONSTRUCTION AND VINCENT RIZZO CONSTRUCTION CO., INC. A/D/B/A ASHLAND CONSTRUCTION COMPANY, INC. AND JOSEPH RIZZO AND VINCENT RIZZO | CIVIL ACTION NO. 04-4118<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>JOSEPH V. RIZZO<br>1300 West 11th Street<br>Wilmington, DE 19805 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

MATTHEW A. CASEY, ESQ.
1525 LOCUST STREET
PHILADELPHIA, PA. 19102

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court<br><br>(By) Deputy Clerk<br>*[signature]*<br>STEPHEN SONNIE | Date: AUGUST 30, 2004 |

09/30/2004 11:57 FAX 6105302612      CLAIMS FAX             → PHILLY STAFF       ☒006
Case 1:05-cv-00211-MPT    Document 71-4    Filed 02/16/2006    Page 9 of 10
Sep 20 2004 10:15AM  Selective Insurance  (302)368-5821              P.6

SEP-20-2004  08:46AM  FROM-BRAMHALL & HITCHENS    +302 895 2220      T-330  P 004/008  F-813

**United States District Court**
Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Michael E. Kunz*
*Clerk of Court*

Clerk's Office
Room 2609
Telephone
(215)597-7704

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. If you decide to consent, <u>your case will receive a date certain for trial</u>.

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trial *de novo* demanded pursuant to Local Rules 53.2, Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case *is* referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ. 605(2/97)

# KLINE & SPECTER
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
### THE NINETEENTH FLOOR
### 1525 LOCUST STREET
### PHILADELPHIA, PENNSYLVANIA 19102

MATTHEW A. CASEY

215-772-1000
FAX: 215-772-1359

September 1, 2004

VIA CERTIFIED MAIL, R.R.R.
& FIRST CLASS MAIL

JOSEPH V. RIZZO
1800 West 11th Street
Wilmington, DE 19805

Re: Gorbey v. Ashland Construction Company, Inc., et al.
Docket No. 04 cv 4118

Dear Mr. Rizzo:

Please be advised that this firm represents James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, deceased.

Enclosed please find a Summons with Notice of Rights form, as well as a copy of the Civil Action Complaint, which was instituted on August 30, 2004 in connection with the above-captioned action. Your receipt of this letter and its enclosures constitutes legal service of process pursuant to the Federal Rules of Civil Procedure.

Upon receipt of this letter, these papers should be forwarded to the attention of your liability insurance carrier at the time of this incident. If you were not insured at that time, these papers should be forwarded to the attention of your attorney for proper handling. If you do not have an attorney, you may contact the Lawyer Referral Service as indicated on the first page of the Complaint, or one in your area, for further assistance.

You will note from the face sheet of this Complaint that you have twenty (20) days from the date of this letter within which to enter an appearance and/or otherwise plead to this action. Your failure to act within the twenty (20) days will result in a default judgment being entered against you.

Very truly yours,

MATTHEW A. CASEY

MAC/jpl
Enclosure

cert 7/2/03