IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., | &#124; |
| Administrator of the Estate of | &#124; |
| Marissa Rose Fishman, Deceased, | &#124; |
| | &#124; |
| Plaintiff, | &#124; |
| | &#124; |
| v. | &#124;    C.A. No. 05-211 KAJ |
| | &#124; |
| RICHARD LONGWILL, | &#124;    JURY TRIAL DEMANDED |
| BARBARA LONGWILL, | &#124; |
| AIR BASE CARPET MART, INC. | &#124; |
| d/b/a Air Base Distributing, Inc. d/b/a | &#124; |
| Air Base Carpet Mart, AIR BASE | &#124; |
| DISTRIBUTING, INC., ASHLAND | &#124; |
| CONSTRUCTION COMPANY, INC., | &#124; |
| JOSEPH RIZZO & SONS | &#124; |
| CONSTRUCTION, VINCENT RIZZO | &#124; |
| CONSTRUCTION CO., INC., | &#124; |
| d/b/a Ashland Construction Co., Inc., | &#124; |
| JOSEPH V. RIZZO, VINCENT RIZZO, | &#124; |
| | &#124; |
| Defendants. | &#124; |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS',
ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO
CONSTRUCTION CO., INC., d/b/a ASHLAND CONSTRUCTION CO., INC.,
JOSEPH V. RIZZO, AND VINCENT RIZZO,
MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO CHOICE OF LAW AND DAMAGES**

MURPHY SPADARO & LANDON
ROGER D. LANDON (ID#: 2460)
CHASE T. BROCKSTEDT (ID#: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
Joseph V. Rizzo, and Vincent Rizzo

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................... ii, iii

NATURE AND STAGE OF PROCEEDINGS ...............................................................1

SUMMARY OF ARGUMENT ...................................................................................2

STATEMENT OF FACTS ....................................................................................3, 4

ARGUMENT.................................................................................................... 5-13

I.     The Summary Judgment Standard .........................................................5

II.    Delaware Law Governs ..........................................................................6

       A.     Delaware Applies the "Most Significant Relationship" Test ........................6

       B.     The Relationships with Delaware .................................................7

       C.     Delaware Law Applies .............................................................9

III.   Damages Are Limited to the Survival Action .........................................10

       A.     The Wrongful Death Statute Does Not Apply.............................................10

       B.     Damages are Recoverable Under the Survival Statute ...............................11

CONCLUSION.......................................................................................14

# TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)....................................................5

Brown v. Grabowski, 922 F.2d 1097 (3d Cir. 1990), cert. denied, 501 U.S. 1218 ..........5

Carrick v. Zurich-American Ins. Co., 14 F.3d 907, 909 (3d Cir. 1994) ...........................7

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) .................................................................5

Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp.,

    812 F.2d 141 (3d Cir. 1987) .........................................................................................5

Frantz v. United States, 791 F.Supp. 445 (D. Del. 1992)...............................................12

Johnson v. Physicians Anesthesia Service, PA, 621 F.Supp. 908 (D.Del. 1985)...........13

Klavon Co. v. Stentor Electric Mfg. Co., 313 U.S. 467 (1941)........................................7

Loden v. Getty Oil Co., 340 A.2d 174 (Del. Super. 1975),

    aff'd 359 A.2d 161 (Del. 1976)...................................................................................14

Magee v. Rose, 405 A.2d 143 (Del. Super. 1979)...........................................................14

Marcangelo v. Boardwalk Regency Corp., 847 F. Supp. 1222 (D.N.J. 1994) .................6

Travelers Indem. Co. v. Lake, 594 A.2d 38, 47 (Del. 1991)............................................7

Turner v. Lipschultz, 619 A.2d 912, 915 (Del. 1995) ......................................................8

United States v. Cumberbatch, 647 A.2d 1098 (Del. 1994)...........................................12

Statutes

10 Del. C. §3701 .....................................................................................................2, 12, 13

10 Del. C. §3724...............................................................................................................10

Pennsylvania's Wrongful Death Act, 42 Pa. C.S.A. §8301 ..............................................6

Survival Act, 42 Pa. C.S.A. §8302 ...................................................................................6

<u>Other Authorities</u>

RESTATEMENT (SECOND) OF CONFLICTS §§ 6,145 and 146 (1971) .................................... 6

## NATURE AND STAGE OF PROCEEDINGS

This lawsuit stems from the drowning death of Marissa Fishman, a twenty month old child, on August 30, 2002.  The case currently pending before this Court has its origin in two actions filed in the United States District Court for the Eastern District of Pennsylvania which were consolidated on December 1, 2004 and then transferred to this Court on March 4, 2005. See Orders at Ex. A.   The allegations against defendants are set forth in two documents known as the "Civil Action Complaint", Ex. B., and the "Fourth Amended Complaint", Ex. C.[1]

The plaintiff is James H. Gorbey, Jr., the Administrator of the Estate of Marissa Rose Fishman.  The defendants are Richard and Barbara Longwill (the "Longwill" defendants), Air Base Carpet Mart, Inc. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, Air Base Distributing, Inc. (the "Air Base Carpet" defendants), Ashland Construction Company, Inc., Vincent Rizzo Construction Co., d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo, and Vincent Rizzo (the "Ashland" defendants).[2]

The Ashland defendants asserted crossclaims and counterclaims against the Longwill defendants and the Air Base Carpet defendants.  This is the Ashland defendants' opening brief in support of their motion for partial summary judgment as to choice of law and damages.

---

[1] The Fourth Amended Complaint was originally filed in the Court of Common Pleas, Philadelphia County.
[2] Joseph Rizzo and Sons Construction is an entity that was named as a defendant in the Civil Action Complaint.  That entity has no relation to this case.  Counsel has not entered an appearance nor answered on that entity's behalf.

1

## SUMMARY OF ARGUMENT

1.      When confronted with a choice of law determination, this Court is to apply the "most significant relationship" test.  Delaware has the most significant relationship to the facts and circumstances of this case and the laws of Delaware should govern.  There are no genuine issues of material fact and the Ashland defendants are entitled to partial summary judgment.

2.      As the administrator of the estate, Delaware law does not permit Plaintiff to assert a claim for damages pursuant to 10 Del. C. §3724, the wrongful death statute.  Claims brought pursuant to §3724 must be asserted as personal representative for the benefit of a decedent's spouse, parent, child or siblings, or must be asserted by the beneficiary directly.  The damages recoverable to Plaintiff are limited to those permissible under 10 Del. C. §3701, the survival statute.  Pursuant to the statute, the estate may recover damages for a) Marissa Fishman's conscious pain and suffering, if any, from the time of injury to the time of death; and, b) expenses incurred in connection with medical treatment rendered to her after she drowned.  There are no genuine issues of material fact and the Ashland defendants are entitled to partial summary judgment.

130475                                      2

**STATEMENT OF FACTS**

On Friday, August 30, 2002, at approximately 10:20 a.m. Marissa Rose Fishman, at the age of 20 months, drowned after she entered an indoor pool on the premises of her grandparents, Richard and Barbara Longwill located at 3220 Coachman Road, Surrey Park, Wilmington Delaware (the "Longwill Residence").  See police report, Ex. D.  Although Marissa's family members attempted resuscitation at the scene, the paramedics ultimately arrived and the child was taken to the A.I. duPont Hospital for Children where she was pronounced dead.  Id.; See death certification for Marissa Rose Fishman, Ex. E.

On the day of the incident, the following individuals were inside the Longwill Residence: Helen Longwill (the decedent's great grandmother); Barbara Longwill (the decedent's grandmother); Rochelle Longwill Fishman (the decedent's mother); Alexandra, Harrison and Samuel Fishman (the decedent's siblings); Debra Longwill (the decedent's aunt); Allison Lucas (the decedent's second cousin); and Theresa Zavala (Rochelle Fishman's nanny).  See police report, Ex. D.  Also at the Longwill Residence that day were Vincent Rizzo and Salvador Ortiz-Britto of Ashland Construction who were installing pavers on an outside patio.  Dep. tr. of Vincent Rizzo dated Dec. 30, 2004 at p. 11, Ex. F.

The relevant facts with respect to the current motion for summary judgment regarding choice of law and damages are related to the location of the incident and the residency of the parties and witnesses.  As stated above, the incident occurred in Delaware.  The Longwill Residence is owned by a trust and Barbara Longwill, the decedent's grandmother, is the trustee. Dep. tr. of Richard Longwill dated Dec. 6, 2004 at pp. 9 and 12, Ex. G.  Defendants Air Base Carpet and Air Base Distributing are Delaware corporations.  See Fourth Amended Complaint,

Ex. C.  Richard and Barbara Longwill own all of the stock in Air Base Carpet.  Dep. tr. of

Richard Longwill dated Dec. 6, 2004 at pp. 18-20, Ex. G.  Defendants Ashland Construction

Company and Vincent Rizzo Construction Co., Inc., are Delaware corporations.  See Civil

Action Complaint at ¶¶ 3 and 5, Ex. B.  Ashland is owned by defendants Joseph and Vincent

Rizzo, both Delaware residents.  Id. at ¶¶ 7 and 8; Dep. tr. of Vincent Rizzo dated December 30,

2004 at pp. 17-19, Ex. F.  Ashland performs nearly all of its work in Delaware.  Id. at pp. 17-19.

At the time of the incident, Rochelle Fishman had moved out of the residence she shared

with her husband and was residing at the Longwill Residence with her four children.  Dep. tr. of

Barbara Longwill dated Mar. 7, 2006 at pp. 67-69, Ex. H.  According to Rochelle Longwill, she

and her children had been living at the Longwill Residence for twelve days prior to the incident.

Dep. tr. of Rochelle Fishman dated Mar. 7, 2006 at pp. 28-29, Ex. I.  Rochelle Longwill and her

children remained residents of the Longwill Residence for approximately two years after the

incident.  Dep. tr. of Barbara Longwill dated Mar. 7, 2006 at pp. 67-69, Ex. H.

**ARGUMENT**

**I.    THE SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where there are no genuine issues of material fact, and the evidence is so one-sided that a party is entitled to judgment as a matter of law.  Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Court will consider the pleadings, admissions on file and affidavits in making its determination.  FED. R. CIV. P. 56(c).

To be sure, the moving party initially bears the burden of showing that no genuine issues of material fact exist.  Celotex, 477 U.S. at 423; Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp., 812 F.2d 141, 144 (3d Cir. 1987).  If a properly supported motion shows no genuine issues of material fact, however, the burden shifts to the nonmoving party to prove the existence of genuine issues of material fact.  Anderson, 477 U.S. at 248.  Further, the nonmoving party cannot create a genuine issue for trial with bare assertions, conclusory allegations, vague statements or general denials.  See Celotex, 477 U.S. at 324.  See also Marcangelo v. Boardwalk Regency Corp., 847 F. Supp. 1222, 1226 (D.N.J. 1994).

## II.    <u>DELAWARE LAW GOVERNS</u>

Plaintiff seeks all damages recoverable under Pennsylvania's Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302. <u>See</u> Civil Action Complaint at ¶27, Ex. B and Fourth Amended Complaint at ¶20, Ex. C. The Ashland defendants submit that Delaware law, and not the law of Pennsylvania, should govern this case.

### A.    <u>Delaware Applies the "Most Significant Relationship" Test</u>

A federal court must apply the law dictated by the conflict of laws rules of the state in which it sits. <u>Klavon Co. v. Stentor Electric Mfg. Co.</u>, 313 U.S. 467 (1941); <u>Carrick v. Zurich-American Ins. Co.</u>, 14 F.3d 907, 909 (3d Cir. 1994). Delaware has adopted the "most significant relationship test" found in the RESTATEMENT (SECOND) OF CONFLICTS §§ 6,145 and 146 (1971) which directs a court to apply the law of the state where the injury occurred in a personal injury action unless some other state has a more "significant relationship" to the occurrence and the parties. <u>Travelers Indem. Co. v. Lake</u>, 594 A.2d 38, 47 (Del. 1991). The Delaware Supreme Court has ruled that in a tort action, the choice of law analysis also applies to the admissibility of evidence where the facts are of consequence to the determination of the action. <u>Turner v. Lipschultz</u>, 619 A.2d 912, 915 (Del. 1995). The state with the "most significant relationship" to the claim at issue is determined by balancing the following factors:

(a)  The needs of interstate and international systems;

(b)  The relevant policies of the forum;

(c)  The relevant policies of other interested states and the relevant interests of those states in the determination of a particular issue;

(d)  The protection of justified expectations;

(e)  The basic policies underlying the particular field of law;

(f)  Certainty, predictability and uniformity of result; and

(g) Ease of determination and application of the law to be applied.

<u>Travelers</u>, 594 A.2d at 47 (quoting RESTATEMENT (SECOND) OF CONFLICTS §145(1) (1971)).  The Court in <u>Travelers</u> identified the following additional considerations a Court should utilize in applying the test:

> (a) The place where the injury occurred;
>
> (b) The place where the conduct causing the injury occurred;
>
> (c) The domicile, residence, nationality, place of incorporation and place of business of the parties; and
>
> (d) The place where the relationship, if any, between the parties is centered.

<u>Id</u>.

### B.    <u>The Relationships with Delaware</u>

The laws of Delaware should apply because the injury occurred in this state.  It is clear Delaware has the "most significant relationship" to the facts and circumstances of this case.  It is undisputed the incident took place in Delaware at the Wilmington home of Richard and Barbara Longwill.  Defendants Air Base Carpet and Air Base Distributing are Delaware corporations.  <u>See</u> Fourth Amended Complaint at ¶¶ 4 and 5, Ex. C.  Richard Longwill owns approximately fifty percent of the stock of Air Base Carpet.  Dep. tr. of Richard Longwill dated December 6, 2004 at pp. 18-20, Ex. G.  The remaining stock of Air Base Carpet is owned by Barbara Longwill.  <u>Id</u>. at pp. 41-42.

Ashland Construction Company and Vincent Rizzo Construction Co., Inc. are Delaware corporations.  <u>See</u> Civil Action Complaint at ¶¶ 3 and 5, Ex. B.  Ashland is owned by Joseph and Vincent Rizzo, both Delaware residents.  <u>Id</u>. at ¶¶ 7 and 8; Dep. tr. of Vincent Rizzo dated Dec. 30, 2004 at pp 6-9, Ex. F.  Vincent Rizzo testified that Ashland Construction was the entity

working at the Longwill Residence on the date of the incident.  <u>Id</u>. at pp. 10-12.  Mr. Rizzo further

testified that Ashland Construction is a masonary company and that, on the date of the incident,

Mr. Rizzo and an employee of Ashland, Salvador Ortiz-Britto, were installing pavers on a patio at

the Longwill Residence.  <u>Id</u>. at 11 and 14.  Mr. Rizzo testified that Ashland performs most of its

work in Delaware and less than one percent in Pennsylvania.  <u>Id</u>. at pp. 17-19.  Mr. Rizzo testified

that the work performed at the Longwill Residence was at the direction of John Manger, Air Base

Carpet's construction manager.  Dep. tr. of Vincent Rizzo dated Jan. 30, 2006 at pp. 18-20, Ex. J.

Mr. Rizzo also testified that the only other work Ashland Construction has performed in

Pennsylvania was also at the direction of Mr. Manger at a business owned by Richard Longwill,

Lomax Carpet.  Dep. tr. at Vincent Rizzo dated Dec. 30, 2004 at pp. 20-21, Ex. F.  The materials

for the masonry project performed by Ashland Construction came from a Delaware supplier.  <u>Id</u>.

at 59.  Additionally, Mr. Ortiz-Britto is a Delaware resident.  Dep. tr. of Salvador Ortiz-Britto

dated Feb. 23, 2006 at pp. 4-5, Ex. K.

     At the time of the incident, the residential address for Richard and Barbara Longwill was

3220 Coachman Road, Surrey Park, Wilmington, Delaware, the location of the incident.  <u>See</u>

police report, Ex. D.  The Longwill Residence was the home of Rochelle Fishman and her

children, Alexandra, Harrison, Samuel and Marissa (the decedent).  <u>Id</u>.  Barbara Longwill testified

that her daughter Rochelle Fishman and Rochelle's children had been living at the Longwill

Residence for a couple of weeks following an incident involving Rochelle's former husband, Eric

Fishman.  Dep. tr. of Barbara Longwill dated Mar. 7, 2006 at pp. 67-69, Ex. H.  Mrs. Longwill

testified that her daughter had been separated and that she was afraid of being in the same

residence with her husband at the time.  <u>Id</u>.  Beginning in mid-August, 2002, Rochelle Fishman

resided at the Longwill Residence for two years.  <u>Id</u>.  Rochelle Fishman similarly testified that

following an incident with her husband she moved into her parents' residence with her children

and had been living there for twelve days prior to the incident. Dep. tr. of Rochelle Fishman dated

Mar. 7, 2006 at pp. 28-29, Ex. I. She further testified that during that time she had not been back

to the residence she shared with her husband. Id. at 29.

### C.   **Delaware Law Applies**

The incident occurred in Delaware and therefore, the laws of Delaware should govern this

action. Additionally, the facts and circumstances of this case should also result in a finding that

Delaware law applies. All of the contacts are with Delaware. Specifically, the incident occurred

in Delaware, the individuals involved in the incident were Delaware residents and all of the named

defendants are Delaware residents or entities. The only contact with Pennsylvania is that the

Plaintiff opened the estate there. James H. Gorbey, Jr., is a Pennsylvania attorney who was

appointed to be the Administrator of Marissa Fishman's estate by the Delaware County,

Pennsylvania Register of Wills. Dep. tr. of James H. Gorbey, Jr., Esq. dated Apr. 5, 2006 at pp.

11-14, Ex. M. He testified at length that the duty of the Administrator is to protect the estate and

that the lawsuit was filed on behalf of the estate. Id. at pp. 41-42. Rochelle Fishman testified it

was not her idea and that she completely disagrees with the fact that it has been filed. Dep. tr. of

Rochelle Fishman dated March 7, 2006 at p. 3, Ex. I. There is no reason for Pennsylvania law to

apply as Delaware has the "most significant relationship." There are no genuine issues of material

fact and the Ashland defendants are entitled to summary judgment.

## III.     DAMAGES ARE LIMTED TO THE SURVIVAL ACTION

Plaintiff alleges that it is entitled to any damages recoverable under the Pennsylvania

wrongful death and survival statutes.  However, since Delaware law applies to this case, Plaintiff

is only entitled to damages recoverable under Delaware's survival statute and not the wrongful

death statute as plaintiff's complaints have not stated a claim for any Delaware "wrongful death"

damages.

### A.     The Wrongful Death Statute Does Not Apply

Title 10 §3724 of the Delaware Code governs actions for wrongful death.  The statute

provides, in pertinent part, that "[a]n action under this subchapter shall be for the benefit of the

spouse, parent, child and siblings of the deceased person."  10 Del. C. §3724(a).  The statute also

states, in pertinent part:

> [i]n an action under this subchapter, damages may be awarded to the
> beneficiaries proportioned to the injury resulting from the wrongful
> death.  The amount recovered shall be divided among the
> beneficiaries in shares directed by the verdict.

10 Del. C. §3724(c).  It is well settled Delaware law that a wrongful death action is to

compensate the decedent's loved ones as opposed to the decedent's estate.  Frantz v. United

States, 791 F.Supp. 445 (D. Del. 1992).  The statute permits a decedent's loved ones to bring

only those claims defined by the statute and not claims of the decedent.  United States v.

Cumberbatch, 647 A.2d 1098 (Del. 1994).  This Court ruled that an earlier version of 10 Del. C.

§3724(a) provided for a wrongful death action which could only be brought for the benefit of the

spouse, parent and children of a deceased person.  Johnson v. Physicians Anesthesia Service, PA,

621 F.Supp. 908 (D.Del. 1985).  Interpreting the intent of the Delaware General Assembly as to

who had standing to assert a wrongful death claim, this Court stated that a wrongful death action

"can be brought either by the personal representative 'for the benefit of' the wife, husband, parents, and child of a deceased person or by the named beneficiaries themselves." Id. at 916.

In this case, the claim for wrongful death was brought by the Administrator of the Estate of Marissa Fishman.   A claim asserted by "James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, Deceased" is not a claim made "for the benefit of" the decedent's spouse, parent, child or siblings.  **[insert Gorbey testimony]**  The claims made by the plaintiff are on behalf of Marissa's estate and §3724 is not the proper vehicle to compensate Marissa's estate. Furthermore, it cannot be argued that the wrongful death claim is "for the benefit of" Marissa's parents or siblings.  Rochelle Fishman testified that the lawsuit was not her idea and that she completely disagrees with the fact that it has been filed.  Dep. tr. of Rochelle Fishman dated March 7, 2006 at p. 3, Ex. I.  Moreover, any potential verdict in this case will go to the Estate and cannot be divided by the beneficiaries pursuant to §3724(c).  The estate cannot assert a wrongful death claim under Delaware law.  There are no genuine issues of material fact and summary judgment is warranted.

### B.    Damages are Recoverable Under the Survival Statute

Title 10 §3701 of the Delaware Code states that:

> [a]ll causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action occurred.  Accordingly, all actions so surviving, may be instituted or prosecuted by or against the executors or administrators of the person to or against whom the cause of action occured.  This section shall not affect the survivorship among the original parties to a joint cause of action.

Delaware courts have held that damages relating to or subsequent to death are not recoverable under this statue.  Loden v. Getty Oil Co., 340 A.2d 174 (Del. Super. 1975), aff'd 359 A.2d 161 (Del. 1976).  The damages recoverable by an administrator of an estate are limited to 1) pain and

suffering from the time of injury until the time of death; 2) expenses incurred by the injured party to recover from such injury; and 2) loss of earnings as a result of the injury from the date of injury until the time of death.  <u>Magee v. Rose</u>, 405 A.2d 143 (Del. Super. 1979).

Under Delaware law it is permissible for an estate to assert a cause of action under 10 <u>Del</u>. <u>C</u>. §3701, the survival statute.  The claim should be allowed to proceed and the Plaintiff, provided it meets its burden, may recover damages on behalf of Marissa's estate.  The potentially recoverable damages are the conscious pain and suffering experienced by Marissa during the drowning and any medical expenses incurred in the efforts to save her life.  The estate cannot recover damages for the loss of earnings from the date of injury until the date of death because she was not employed.

As stated above, the estate cannot recover damages under the wrongful death statute.  Specific damages for pecuniary benefits that would have been realized had the decedent lived are precluded.  Plaintiff has submitted a report from David L. Hopkins, an economic consultant, that estimates Marissa's life expectancy, work life expectancy and future lost earning capacity.  <u>See</u> Hopkins Report at Ex. L.  Mr. Hopkins estimates that the residual value of Marissa's estate, had she lived and accumulated earnings, would be between $1.7 and $3.6 million.  <u>Id</u>.  Damages that are also precluded are related to the mental anguish/emotional distress claims which could have been asserted by Marissa's parents and siblings.  The estate cannot assert emotional distress claims on behalf of beneficiaries.  Therefore, the estate cannot recover 1) damages for the deprivation of the expectation of pecuniary benefits nor can it recover 2) damages for the mental anguish of Marissa's next-of-kin.  Under Delaware law such wrongful death claims can be recovered pursuant to 10 <u>Del</u>. <u>C</u>. §3724(d)(1) and (5), only if suit is filed on behalf of the beneficiaries or by the beneficiaries themselves.  In this case, suit was filed on behalf of the

estate of Marissa Rose Fishman and not on behalf of her parents or siblings, nor was it filed by her parents or siblings directly.  Therefore, damages pursuant to the wrongful death statute are precluded.

## <u>CONCLUSION</u>

The death of Marissa Fishman occurred at the Delaware residence of her grandparents. Delaware has the "most significant relationship" to the facts and circumstances of this case and, therefore, Delaware law should apply. The plaintiff is only entitled to assert a claim for damages permitted pursuant to 10 <u>Del</u>. <u>C</u>. §3701 (the survival action) and cannot assert a claim for damages under the wrongful death statute, 10 <u>Del</u>. <u>C</u>. §3724. The Ashland defendants respectfully request this Court enter partial summary judgment in favor of the Ashland defendants and issue an order declaring that Delaware law applies and Plaintiff's damages are limited to an award for conscious pain and suffering, if any, of the decedent from the time of injury until her death and medical expenses incurred in connection with treatment rendered to her after she drowned. There are no genuine issues of material fact and such a finding is warranted. For the reasons set forth above, defendants Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc. d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo and Vincent Rizzo respectfully request the entry of partial summary judgment in their favor and against Plaintiff and all Co-Defendants.

Respectfully submitted,

MURPHY SPADARO & LANDON

/s/ Chase T. Brockstedt
Roger D. Landon (ID #: 2460)
Chase T. Brockstedt (ID #: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
April 17, 2006        Joseph V. Rizzo, and Vincent Rizzo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR.,                          |
Administrator of the Estate of                 |
Marissa Rose Fishman, Deceased,                |
                                               |
            Plaintiff,                          |
                                               |
v.                                             |          C.A. No. 05-211 KAJ
                                               |
RICHARD LONGWILL,                              |          JURY TRIAL DEMANDED
BARBARA LONGWILL,                              |
AIR BASE CARPET MART, INC.                     |
d/b/a Air Base Distributing, Inc. d/b/a        |
Air Base Carpet Mart, AIR BASE                 |
DISTRIBUTING, INC., ASHLAND                    |
CONSTRUCTION COMPANY, INC.,                    |
JOSEPH RIZZO & SONS                            |
CONSTRUCTION, VINCENT RIZZO                    |
CONSTRUCTION CO., INC.,                        |
d/b/a Ashland Construction Co., Inc.,          |
JOSEPH V. RIZZO, VINCENT RIZZO,                |
                                               |
            Defendants.                         |

## CERTIFICATE OF SERVICE

I, Chase T. Brockstedt, Esq., do hereby certify that on this 17th day of April, 2006, two

copies of the foregoing OPENING BRIEF IN SUPPORT OF DEFENDANTS', ASHLAND

CONSTRUCTION COMPANY, INC., VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a

ASHLAND CONSTRUCTION CO., INC., JOSEPH RIZZO, AND VINCENT RIZZO,

MOTION FOR SUMMARY JUDGMENT AS TO CHOISE OF LAW AND DAMAGES were

e-filed and delivered in the manner indicated to the following individual(s):

**Via First Class Mail**
Matthew Casey, Esq.
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

**Via First Class Mail**
Edward C. Mintzer, Jr., Esq.
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

00130475.DOC

**Via First Class Mail**
Benjamin C. Wetzel, III, Esq.
Wetzel & Associates, P.A.
1100 N. Grant Avenue, #201
Wilmington, DE  19805

**Via Hand Delivery**
Kevin J. Connors, Esq.
Marshall Dennehey Warner Coleman & Goggin
1220 N. Market Street, 5th Floor
Wilmington, DE  19801

**Via Hand Delivery**
William J. Cattie, III, Esq.
Rawle & Henderson LLP
300 Delaware Avenue, #1015
Wilmington, DE  19801

**Via First Class Mail**
Daniel Hart, Esq.
Marshall Dennehey Warner Coleman & Goggin
1845 Walnut Street
Philadelphia, PA  19103

MURPHY SPADARO & LANDON

_/s/ Chase T. Brockstedt_
ROGER D. LANDON (ID #: 2460)
CHASE T. BROCKSTEDT (ID #: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
Joseph V. Rizzo, and Vincent Rizzo

00130475.DOC