

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the ESTATE OF MARISSA ROSE FISHMAN, deceased 110 West Front Street Media, Pennsylvania 19063 | : Civil Action :<br>: Docket No. 04cv4418 :<br>: **JURY TRIAL DEMANDED** |
| vs. | : |
| ASHLAND CONSTRUCTION COMPANY, INC. 1800 West 11th Street Wilmington, DE 19805 and JOSEPH RIZZO & SONS CONSTRUCTION 13 Rizzo Avenue New Castle, DE 19720-2139 and VINCENT RIZZO CONSTRUCTION CO., INC. a/d/b/a Ashland Construction Company, Inc. 1800 West 11th Street Wilmington, DE 19805 and JOSEPH V. RIZZO 1800 West 11th Street Wilmington, DE 19805 and VINCENT RIZZO 1800 West 11th Street Wilmington, DE 19805 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

FILED AUG 30 2004

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys, Thomas R. Kline, Esquire, Robert Ross, Matthew A. Casey, and Kline & Specter, A Professional Corporation, hereby avers as follows:

1. This action is brought in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332 as a civil action in which the amount in controversy exceeds the sum or value of the applicable limits for diversity jurisdiction, exclusive of interest and costs, and is a controversy between citizens of different states; the plaintiff is a citizen of the

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Commonwealth of Pennsylvania and the defendants are citizens of Delaware.

2. Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware County, Pennsylvania, dated September 23, 2003; Mr. Gorbey is a citizen and resident of the Commonwealth of Pennsylvania.

3. Defendant Ashland Construction Co., Inc. is a Delaware corporation with a principal place of business at 1800 West 11th Street, Wilmington, DE 19805.

4. Defendant Joseph Rizzo & Sons Construction Co. is a Delaware corporation with a principal place of business at 13 Rizzo Avenue, New Castle, Delaware 19720.

5. Defendant Vincent Rizzo Construction Co., Inc., is a Delaware corporation with a business and/or mailing address at 1800 West 11th Street, Wilmington, DE 19805.

6. The aforementioned defendants will hereinafter be referred to as "the corporate defendants."

7. Defendant Joseph V. Rizzo is an individual citizen of the state of Delaware with a business address therein at 1800 West 11th Street, Wilmington, DE 19805.

8. Defendant Vincent Rizzo is an individual citizen of the state of Delaware with a business address therein at 1800 West 11th Street, Wilmington, DE 19805.

9. The aforementioned individual defendants will hereinafter be referred to as "the Rizzo defendants."

10. The Rizzo defendants own, operate and control the business affairs and daily operations of the corporate defendants, including the training, supervision and monitoring of the daily activities of their agents, servants and/or employees.

2

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

11. The Rizzo defendants and the corporate defendants were engaged at all times applicable hereto in the masonry and/or construction business.

12. Upon information and belief, all of the defendants, either individually and/or through their agents, servants, and/or employees, were working at a residence located at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803 ("the Coachman Road residence") on August 30, 2002.

13. The area where the work was being done included the area in and around the patio and a swimming pool located on the premises of the Coachman Road residence.

14. Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000 and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

15. Plaintiff's decedent drowned on August 30, 2002 in the swimming pool located on the premises of the Coachman Road residence.

16. Plaintiff's decedent was caused to drown due to the negligent acts and/or failures to act on the part of the corporate defendants and the Rizzo defendants individually, as more particularly set forth herein.

17. The corporate defendants are vicariously liable for acts and/or failures to act on the part of their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz.

18. Said acts and/or failures to act included the failure to take reasonable care to make the premises safe for the work to be done; negligently exposing an infant to an unsupervised swimming pool; failing to conduct their work in a manner that gave due

3

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

consideration to the presence of young children on the premises; negligently leaving open, and/or failing to properly close, a door on the premises that leads to the swimming pool; and negligently creating an attractive nuisance and unreasonably dangerous condition that exposed others at the residence, including plaintiff's decedent, to an increased risk of physical harm.

19. The Rizzo defendants failed to properly train, supervise and/or monitor their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz.

20. These failures to properly train, supervise and/or monitor their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz, caused the negligence more particularly described in paragraph 18, *supra*.

21. Plaintiff's decedent, an infant, proceeded unattended through the open and/or improperly closed door leading to the swimming pool.

22. Plaintiff's decedent then fell into the swimming pool.

23. Plaintiff's decedent was thereafter caused to endure the horrors associated with death by drowning, which process includes, among other things, profound air hunger, laryngospasm, and conscious, severe pain.

24. The corporate defendants are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known to plaintiff without the benefit of discovery. By way of more specific identification, said actual /or ostensible agents, servants and/or employees were working at the subject residence on August

4

09/30/2004 10:54 FAX 6105302612     CLAIMS FAX     Case 1:05-cv-00211-MPT    Document 81-3    Filed 04/17/2006    Page 5 of 5    TIMELY STAGE    @012/012

Sep 20 2004 10:17AM  Selective Insurance                    (302)368-5821    p.11

SEP-20-2004 08:47AM   FROM-BRAMHALL & HITCHENS              +302 995 2220    T-330  P.009/009  F-993

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

30, 2002.

25. The door to the pool being left open, and/or not properly closed, created an attractive nuisance, and an unreasonably dangerous condition, which was reasonably foreseeable to the said actual /or ostensible agents, servants and/or employees who were working at the subject residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz, as well as to the Rizzo defendants themselves in their training, supervision and/or monitoring of the workers.

26. This attractive nuisance and unreasonably dangerous condition caused the death of Marissa Rose Fishman.

27. Plaintiff claims all damages recoverable under the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302, arising out of Marissa Rose Fishman's drowning and subsequent death.

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against defendants in an amount in excess of the applicable arbitration limits exclusive of pre-judgment interest, costs, and post-judgment interest.

KLINE & SPECTER,
A Professional Corporation

BY: _____
THOMAS R. KLINE
ROBERT ROSS
MATTHEW A. CASEY
I.D. Nos. 28895/47152/84443
Attorneys for Plaintiff

Dated: 5/30/04

5