## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., | : | CIVIL ACTION |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| MARISSA ROSE FISHMAN, DECEASED | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD LONGWILL, BARBARA | : | |
| LONGWILL, AIR BASE CARPET | : | |
| MART, INC. d/b/a AIR BASE | : | |
| DISTRIBUTING, INC. d/b/a AIR BASE | : | |
| CARPET MART, ASHLAND | : | |
| CONSTRUCTION COMPANY, INC., | : | |
| JOSEPH RIZZO & SONS | : | |
| CONSTRUCTION, VINCENT RIZZO | : | |
| CONSTRUCTION CO., INC. a/d/b/a | : | |
| ASHLAND CONSTRUCTION | : | |
| COMPANY, INC., JOSEPH V. RIZZO | : | |
| AND VINCENT RIZZO | : | NO.  05-211 KAJ |

### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF
### <u>DEFENDANTS, RICHARD LONGWILL AND BARBARA LONGWILL</u>

 

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
Kevin J. Connors, Esquire
DE Bar ID: 2135
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendants
Richard and Barbara Longwill

## **TABLE OF CONTENTS**

| | | | | Page |
|---|---|---|---|---|
| **TABLE OF CITATIONS**……………………………………………………… | | | | ii |
| **BRIEF:** | | | | |
| **I.** | **NATURE AND HISTORY OF THE CASE**………………………………… | | | 1 |
| **II.** | **SUMMARY OF THE ARGUMENT**…………………………………………… | | | 1 |
| | **1.** | **Standard of Review**……………………………………………… | | 1 |
| | **2.** | **Plaintiff's Claims Are Barred By Delaware Premises Guest Statute**……………………………………… | | 2 |
| | | (a) | Decedent Was "Guest Without Payment" Under Section 1501……………………………………………….. | 2 |
| | | (b) | Section 1501 Exception for "Wilful or Wanton Disregard" Does Not Apply Because Plaintiff Has Not Proferred Relevant Proof Thereof……………………….. | 2 |
| **III.** | **STATEMENT OF FACTS**………………………………………………… | | | 2 |
| **IV.** | **ARGUMENT**……………………………………………………………… | | | 3 |
| | **A.** | **Standard of Review**……………………………………………… | | 3 |
| | **B.** | **Plaintiff's Claims Are Barred By The Delaware Premises Guest Statute**……………………………………… | | 4 |
| | | 1. | Decedent Was "Guest Without Payment" Under Section 1501………………………………………………. | 4 |
| | | 2. | Section 1501 Exception for "Wilful Or Wanton Disregard" Does Not Apply Because Plaintiff Has Not Proferred Relevant Proof Thereof……………………… | 7 |
| **V.** | **CONCLUSION**…………………………………………………………….. | | | 8 |

## TABLE OF CITATIONS

**Cases**                                                                                                    **Page**

Bailey v. Pennington, 406 A.2d 44 (Del. 1979)……………………………………..    2, 7

Celotex v. Catrett, 477 U.S. 317 (1986)……………………………………………    3

Dennis v. Dennis, 2001 Del. Super. LEXIS 11 (Del. Super. Ct. Jan. 31, 2001)……    2, 4, 5, 6

Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300 (3d Cir. 1995)………..    3

Leuzzi v. Lovell, 1998 Del. Super. LEXIS 521, *5,
    (Del. Super. Ct. Oct. 15, 1998) (Mem. Op.)………………………………….    5, 6

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)………….    4

Parker v. Comcast Corp., 2006 U.S. Dist. LEXIS 10700 (D. Del. Mar. 17, 2006)…    1, 4

Pa. Coal Ass'n v. Babbitt, 63 F.3d 231 (3d Cir. 1995)………………………………    4

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000)………………….    4

Stratford Apartments, Inc. v. Fleming, 305 A.2d 624 (Del. 1973)…………………    5

Whitney v. Brann, 394 F. Supp. 1, 6 (D. Del. 1975)………………………………..    2, 8

**Statutes and Rules:**

Fed. R. Civ. P. 56(c)…………………………………………………………………    1, 3

Fed. R. Civ. P. 56(e)…………………………………………………………………    4

25 Del. C. § 1501 (2005)……………………………………………………………    2, 4, 5, 6, 7, 8

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF
DEFENDANTS, RICHARD LONGWILL AND BARBARA LONGWILL**

Defendants, Richard Longwill and Barbara Longwill ("the Longwill defendants"), in their individual capacity, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby submit the instant Brief in Support of their Motion for Summary Judgment.

**I.   NATURE AND HISTORY OF THE CASE:**

The instant litigation arises out of a Pennsylvania state action that was filed in the Court of Common Pleas, Philadelphia County, by the executor of the estate of the decedent, Marissa Fishman. (*See* plaintiff's Fourth Amended Complaint attached hereto as Exhibit "A".) That state action was removed to the United States District Court for the Eastern District of Pennsylvania, and was transferred to this Court pursuant to stipulation by the parties and the subsequent March 4, 2005 Order of the Honorable Anita B. Brody, District Judge, United States District Court for the Eastern District of Pennsylvania. (*See* March 4, 2005 Order attached hereto as Exhibit "B".)

In the Complaint, plaintiff alleges that the Longwill defendants are liable in negligence for the drowning death of the decedent, Marissa Fishman, on their property. (*See* Exhibit "A".) The Longwill defendants filed a timely answer in the removed federal action with the District Court for the Eastern District of Pennsylvania. (*See* Answer With Affirmative Defenses of Defendants, Richard Longwill and Barbara Longwill, in Their Individual Capacity, to Plaintiff's Fourth Amended Complaint attached hereto as Exhibit "C".)

**II.   SUMMARY OF ARGUMENT:**

    **1.   Standard of Review:**

When there is no genuine issue as to any material fact, the moving party is entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also* <u>Parker v. Comcast Corp.</u>, 2006 U.S. Dist. LEXIS 10700, *7-*8 (D. Del. Mar. 17, 2006).

2. **Plaintiff's Claims Are Barred By Delaware Premises Guest Statute:**

Plaintiff is barred by Delaware statute from making negligence claims arising from the accident against the Longwill defendant. The statute bars negligence claims against private property owners or occupants, where a "guest without payment" is injured on the property. *See* 25 Del. C. § 1501 (2005).

   (a) **Decedent Was "Guest Without Payment" Under Section 1501:**

Under Delaware state court interpretation of section 1501, the decedent, Marissa Fishman, was a "guest without payment," and therefore the Longwill defendants are protected under Section 1501 from plaintiff's negligence claims. *See* Dennis v. Dennis, 2001 Del. Super. LEXIS 11 (Del. Super. Ct. Jan. 31, 2001).

   (b) **Section 1501 Exception for "Wilful Or Wanton Disregard" Does Not Apply Because Plaintiff Has Not Proffered Relevant Proof Thereof:**

To overcome the bar, a plaintiff under Section 1501 is required to show defendant's "wilful or wanton disregard," which entails the kind of consciousness or disregard of consequences not present in negligent behavior. *See* Bailey v. Pennington, 406 A.2d 44, 46 (Del. 1979) (citation omitted). *See also* Whitney v. Brann, 394 F. Supp. 1, 6 (D. Del. 1975) ("no presumption of negligence arises from the mere fact that an accident occurred.") (citation omitted). Plaintiff has not proffered evidence even of negligence, let alone "wilful or wanton" conduct on behalf of the Longwill defendants.

**III. STATEMENT OF FACTS:**

The Longwill defendants are the grandparents of the decedent, Marissa Fishman, who drowned in her grandparents' pool on August 20, 2002 in Wilmington, Delaware. (*See* New Castle County Police Department Report attached hereto as Exhibit "D"; Certificate of Death attached hereto as Exhibit "E".) Marissa Fishman was approximately twenty months old and was visiting the home of the Longwill defendants with her mother. (*See* Exhibit "D".) The

Longwill defendants' residence included a patio and an enclosed pool which was separated from the house by a sliding glass door. (*See id.*) On the date of the accident, contractors were working in the patio area. (*See id.*) The sliding door was left open. (*See id.*) Marissa Fishman was found in the pool after family members noted her absence. (*See id.*) Her mother started CPR, and responding paramedics continued CPR upon arrival and during transport to AI DuPont Hospital. (*See id.*; New Castle County EMS Patient Care Report attached hereto as Exhibit "F".) Unfortunately, Marissa Fishman could not be revived, and she was pronounced dead approximately nine hours after being pulled from the pool. (See Exhibit "E".)

The plaintiff, James H. Gorbey, Jr. ("plaintiff"), as administrator of the decedent's estate, filed the present action against the Longwill defendants and the contractors working at the Longwill defendants' residence on the date of the accident. (*See* Exhibit "A.") Plaintiff alleges that the Longwill defendants are liable for the accidental drowning of their granddaughter, decedent Marissa Fishman. (*See id.*) However, plaintiff's claims are barred by Delaware statute, and summary judgment must therefore be entered for the Longwill defendants.

IV.    **ARGUMENT:**

    A.    **Standard of Review.**

Under the Federal Rules of Civil Procedure, a court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Further,

> [t]he moving party bears the burden of proving that no genuine issue of material fact exists. See Celotex v. Catrett, 477 U.S. 317, 323 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed.

3

Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

Parker v. Comcast Corp., 2006 U.S. Dist. LEXIS 10700, *7-*8 (D. Del. Mar. 17, 2006).

### B.   Plaintiff's Claims Are Barred By The Delaware Premises Guest Statute.

Under the Delaware Premises Guest Statute (hereinafter, "section 1501"),

> [n]o person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others.

25 Del. C. § 1501 (2005).   Plaintiff cannot show either that the decedent was not a "guest without payment" or that the Longwill defendants acted with "wilful or wanton disregard of the rights of others." Thus the statute applies, and plaintiff's claims are barred.

#### 1.   Decedent Was "Guest Without Payment" Under Section 1501.

There is no dispute that the decedent entered onto the private residential premises of the Longwill defendants as a guest without payment. In an unreported decision, a Delaware Superior Court held in part that an infant was a guest without payment at the house of the defendant, who was his grandfather, and that any putative economic activities of the infant's mother, who was the daughter of the defendant, could not be imputed to the infant. In Dennis v.

4

Dennis, 2001 Del. Super. LEXIS 11 (Del. Super. Ct. Jan. 31, 2001), the infant and his mother were guests at the grandfather's house, where the mother was helping her sister clean the house in preparation for Thanksgiving celebrations.  The infant, who was sitting in the lap of the defendant grandfather in the kitchen, got up, picked up a cup of hot water and poured it on himself, sustaining first and second degree burns as a result.

> The court explained that under the definition of the term "guest without payment,"
>
>> it must be shown that the homeowner received or expected no benefit of value from the guest's presence.  Delaware courts have construed the language of 25 Del. C. § 1501 broadly, holding that even social guests who confer some benefit upon a property owner will be guests without payment unless that benefit is more than *de minimus*.  While the benefit to the landowner can be indirect and need not be financial in nature, it has been broadly interpreted to require evidence that the landowner was getting or expecting to get a benefit of value for which other persons would have to pay.

Dennis, 2001 Del. Super. LEXIS 11, at *4-*5 (*citing* Stratford Apartments, Inc. v. Fleming, 305 A.2d 624, 626 (Del. 1973); Leuzzi v. Lovell, 1998 Del. Super. LEXIS 521, *5, (Del. Super. Ct. Oct. 15, 1998) (Mem. Op.) (footnotes omitted).

In light of this definition, the court held that the infant fell squarely within the meaning of "guest without payment."  The court stated that, "[e]xcept for the enjoyment associated with spending quality time with one's grandchild, the Court has difficulty contemplating a situation where a thirteen-month-old child would be able to confer a benefit upon his grandfather as contemplated by 25 Del. C. § 1501." Dennis, 2001 Del. Super. LEXIS 11, at *6-*7.  Furthermore, the court found that even if the mother's cleaning of the grandfather's house in preparation for Thanksgiving celebrations could somehow confer business invitee status upon the mother (an argument which the court rejected), her status could not be imputed to the infant.  The court "previously examined the status of each person independently for purposes of 25 Del. C. § 1501 and has found in dictum that status is not automatically imputed in the absence of a

5

cogent theory." *Id.* at *8 (*citing* Leuzzi, 998 Del. Super. LEXIS 521, at *8).  Because the plaintiffs had not articulated any "cogent theory" of how the mother's alleged business invitee status could be ascribed to her infant son, the Dennis court found that the infant was a "guest without payment" under section 1501.

The instant case presents a nearly identical factual situation for the purposes of an analysis of the "guest without payment" language of section 1501.  Here, the decedent was a guest of her grandparents, the Longwill defendants, as a member of the family.  (*See* Exhibit "E".)  Just as the Dennis court had "difficulty contemplating a situation where a thirteen-month-old child would be able to confer a benefit upon his grandfather as contemplated by 25 Del. C. § 1501" except for the enjoyment the grandfather derived from the familial relationship, Dennis, 2001 Del. Super. LEXIS 11, at *6-*7, in this case plaintiff cannot claim that the decedent, a twenty-month-old child, could have conferred even a *de minimus* economic benefit upon the Longwill defendants; the only benefit the Longwill defendants could have received would have been derived from familial bonds of affection.

Furthermore, even if, *arguendo*, the decedent's mother had visited the Longwill defendants (her parents) for the main or sole purpose of engaging in a business transaction with them (of which there is no evidence or allegation), the mother's (hypothetical) business invitee status could not be imputed to the decedent.  Plaintiffs have proffered no "cogent theory," *see id.* at *8, of how business invitee status could be ascribed to the decedent, much less any evidence to support such a theory.  Thus, the decedent falls squarely within the definition of the term "guest without payment" in section 1501.

### 2. Section 1501 Exception for "Wilful Or Wanton Disregard" Does Not Apply Because Plaintiff Has Not Proffered Relevant Proof Thereof.

The exception in section 1501 does not apply to the instant matter. That exception allows a claim to proceed where the "accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others." § 1501. As the Supreme Court of Delaware has explained, the terms "wilful or wanton" in section 1501 require consciousness not found in negligent behavior.

> Wilful or wanton conduct "assumes the character of maliciousness or wickedness * * *. Willfulness cannot exist without purpose or design. The difference is one of kind, not degree. There is a clear distinction between wantonness and negligence, as the former term includes the elements of consciousness of one's conduct, realization of the probability of injury to another, and disregard of the consequences."

Bailey v. Pennington, 406 A.2d 44, 46 (Del. 1979) (citation omitted).

In light of that standard for defining wilful or wanton conduct, the Bailey court found that the defendant did not act willfully or wantonly. In that case, at an outdoor party at the defendant's residence, the defendant moved an oil-burning insect-repelling torch from one spot to another spot that was approximately five feet from the picnic table where the plaintiff was sitting. The torch subsequently tipped over and spilled burning oil on the plaintiff. Bailey, 406 A.2d at 45. The court held that although the defendant's placement of the torch might have constituted negligent conduct, there was "no evidence that the defendant acted maliciously, or wickedly, or with a conscious realization of the probability of injury" to the plaintiff. *Id.* at 46.

In the instant case, there is no indication that the Longwill defendants acted with any of the requisite characteristics, as set forth above, of wilful or wanton disregard of the rights of others. The accident in question, though unquestionably tragic, cannot be considered even an instance of negligence. It is a matter of hornbook law that "no presumption of negligence arises

7

from the mere fact that an accident occurred." <u>Whitney v. Brann</u>, 394 F. Supp. 1, 6 (D. Del. 1975) (citation omitted). Here, negligence cannot be attributed where plaintiff has failed to demonstrate how the bare fact that the sliding door was left open, in itself, could have constituted negligent conduct under the circumstances.

Because plaintiff has proffered no proof of even negligent conduct, much less wilful or wanton conduct, on the part of the Longwill defendants, plaintiff cannot show that his claims fall within the "wilful or wanton disregard" exception of section 1501.[1] Plaintiff's claims against the Longwill defendants are thus barred under section 1501, and the Longwill defendants are entitled to summary judgment as a matter of law.

## V. CONCLUSION:

This case presents a paradigmatic instance where section 1501, the Delaware Premises Guest Statute, should be applied. Delaware case law interpreting section 1501, as well as the plain meaning of the statutory language, demonstrate that the decedent, Marissa Fishman, was a "guest without payment" and thus her estate or any other person acting on her behalf is precluded by section 1501 from asserting a claim against the Longwill defendants. Moreover, the "wilful or wanton disregard" exception of section 1501 does not apply to the facts of this case. In order for that exception to apply, a plaintiff must prove that the defendant acted willfully or wantonly – i.e., with a consciousness above and beyond merely negligent behavior. Plaintiff has not adduced evidence sufficient even for a finding of negligence. Without proof of negligence, much less wilful or wanton conduct, plaintiff is barred from asserting a claim against the Longwill defendants under the Delaware Premises Guest Statute. Summary judgment must therefore be entered in favor of the Longwill defendants.

---

[1] For essentially the same reasons, Plaintiff also cannot prove that the Longwill defendants acted intentionally to harm the decedent.

8

**WHEREFORE,** defendants, Richard Longwill and Barbara Longwill, respectfully request that this Honorable Court grant the instant Motion and enter the attached Order granting summary judgment on all claims and cross-claims made against them.

                              **MARSHALL, DENNEHEY, WARNER,**
                              **COLEMAN & GOGGIN**


By:   */s/ Kevin J. Connors*
       Kevin J. Connors, Esquire
       DE Bar ID: 2135
       1220 North Market Street, 5th Floor
       P.O. Box 8888
       Wilmington, DE 19899-8888
       Attorney for Defendants
       Richard and Barbara Longwill

**DATED:** April 27, 2006

\01_18\LIAB\DJHART\LLPG\690475\JMSMITH\03030\02632

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., | : | CIVIL ACTION |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| MARISSA ROSE FISHMAN, DECEASED | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD LONGWILL, BARBARA | : | |
| LONGWILL, AIR BASE CARPET | : | |
| MART, INC. d/b/a AIR BASE | | |
| DISTRIBUTING, INC. d/b/a AIR BASE | : | |
| CARPET MART, ASHLAND | : | |
| CONSTRUCTION COMPANY, INC., | : | |
| JOSEPH RIZZO & SONS | : | |
| CONSTRUCTION, VINCENT RIZZO | : | |
| CONSTRUCTION CO., INC. a/d/b/a | : | |
| ASHLAND CONSTRUCTION | : | |
| COMPANY, INC., JOSEPH V. RIZZO | : | |
| AND VINCENT RIZZO | : | NO.  05-211 KAJ |

**CERTIFICATE OF SERVICE**

I, Kevin J. Connors, Esquire, do hereby certify that on the 27th day of April, 2006, two copies of the foregoing Brief in Support of Motion for Summary Judgment of Defendants, Richard Longwill and Barbara Longwill, were e-filed and delivered in the manner indicated to the following individual(s):

**Via E-File & First-Class Mail:**

Matthew A. Casey, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102

Roger D. Landon, Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road
Suite 210
Wilmington, DE  19805

Benjamin C. Wetzel, III, Esquire
WETZEL & ASSOCIATES, P.A.
The Carriage House
1100 North Grant Avenue
Suite 201
Wilmington, DE  19805

Edward C. Mintzer, Jr., Esquire
RAWLE & HENDERSON, LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

Delia Ann Clark, Esquire
RAWLE & HENDERSON, LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE  19801

                           **MARSHALL, DENNEHEY, WARNER,
                           COLEMAN & GOGGIN**


                           By:  */s/ Kevin J. Connors*
                                Kevin J. Connors, Esquire
                                DE Bar ID: 2135
                                1220 North Market Street
                                5th Floor
                                P.O. Box 8888
                                Wilmington, DE 19899-8888
                                Attorney for Defendants
                                Richard and Barbara Longwill

**DATED:**  April 27, 2006

\01_18\LIAB\EIYUN\LLPG\686599\EIYUN\03030\02632