IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., )<br>Administrator of the )<br>Estate of Marissa Rose )<br>Fishman, Deceased, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>RICHARD LONGWILL, BARBARA )<br>LONGWILL, AIR BASE CARPET )<br>MART, INC., d/b/a Air Base)<br>Distributing, Inc., d/b/a )<br>Air Base Carpet Mart, AIR )<br>BASE DISTRIBUTING, INC., )<br>ASHLAND CONSTRUCTION )<br>COMPANY, INC., JOSEPH )<br>RIZZO & SONS CONSTRUCTION )<br>VINCENT RIZZO CONSTRUCTION)<br>CO., INC., d/b/a Ashland )<br>Construction Co., Inc., )<br>JOSEPH V. RIZZO, VINCENT )<br>RIZZO, )<br> )<br>Defendants. ) | C.A. No. 05-211 KAJ<br>JURY TRIAL DEMANDED |

Deposition of BARBARA H. LONGWILL, taken pursuant to notice at the law offices of Murphy, Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware, beginning at 1:20 p.m. on Tuesday, March 7, 2006, before Heather M. Triozzi, Registered Professional Reporter, Certified Shorthand Reporter, and Notary Public.

Date 10/9/02 @ 11 AM   Page No. 1

STATEMENT OF: Barbara Longwill

I am Barbara Longwill, DOB: 3-29-41, SS#: 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, residing at 3220 Coachman Ave, Surrey Park, DE 19803; 302-478-5871. I am not currently employed. I am married to Richard, with 3 Children, Debra Longwill Fox, 39, Michael Aaron Longwill, 38, and Rochelle-Beth Fishman, 36. The home at 3220 Coachman is in a trust and I am ~~~ @ the trustee. ~~~ We have lived here 35 years. This is not our primary residence. 648 Palm Drive, Hallandale, FL 33009.

On August 18, 2002, Richard & myself, Rochelle and her four (4) children moved into the house then, along with her housekeeper, Teresa. Rochelle had been living at 110 Kelly Drive, Chadsford, PA 19317. The reason she moved temporarily in was due to the fact she was involved in a divorce proceedings with her husband, who was and in N.J. acting suspiciously on a beach that day. Rochelle was concerned for her safety and called us with this information. We talked her therapist who recommended she not be at home when her husband returns. We, my husband & I, were returning from vacation w/ family.

Witness: R. Mangano   X Barbara Longwill

EXHIBIT
Barbara Longwill

STATEMENT OF: Barbara Langwill     Date 10/9/02 @ 11 AM   Page No. 2

Rochelle & her 4 children had been away with us and intended on returning home to their residence in PA, ~~until they got~~ until she got the police message. ~~because~~ Came here to 3220 Coachman Drive because she had packed some items and taken the 4 children out of the home in Chadsford, PA. Rochelle had told me, after we returned here on 8-18-02, that she would not be returning to her PA home until her husband moved out. From August 18, 2002 to August 30, 2002, and in fact to present, my daughter has set up temporary residence here; dropping the kids off at camp, doing errands from here as a base, etc. Her children are Alexandra, 7, Harrison, 5, Samuel, 4 & Marrissa, 20 mths. The rules of the house were that no children go up to the 2 doors ~~leading to~~ the pool, ~~alone~~ without an adult. We have 2 interior doors leading out to the pool enclosure. They are located in the dining room and in the bedroom. They are sliding glass doors with (2) locks; one at the handle & one at top pane of movable slider. At home, the doors

Witness: R. Manganelli     Barbara Langwill

Date 10/9/02 @ 11 AM  Page No. 3

STATEMENT OF: Barbara Vonquill

are always locked, except when in use. I was home here inside the house from the moment I woke up until the incident happened. I was expecting 20+ guests for dinner. The day of the incident was August 30, 2002. I would say I awoke this day at or around 9 AM. Present at the time were Richard, Rochelle, Debra, Teresa, Helen Vonquill, Alison and Rochelle's 4 children. I cannot recall who else was awake. My plans were to cook the food for that day. I recall Alison & Teresa asking to help me. I remember seeing everyone awake well before the incident happened. Rochelle, my daughter & Marissa's mother, was awake and was mainly in the bedroom where she had been living. I last recall seeing Marissa in the kitchen with me, playing with the cabinets & microwave. I cannot judge the time frame that this event was from when the incident happened. Two workers had also arrived in the AM, Mr. Rizzo & helper but the time of their arrival

Witness: R. Manganelli            Barbara Vonquill

Date: 10/9/02 @ 11 AM    Page No. 4

STATEMENT OF: Barbara Honywill

is unknown to me. Marissa had not been noticed by me playing at/or with the interior pool doors at the dining room & bedroom. Had I noticed her, I would have taken action in moving her away. I was at the sink in the kitchen when I first became aware of something wrong. I recall Alexandra saying, "where is Marissa", and then she said "Oh my god, the pool door is open". At the same time, Rochelle & Debra came running out from the back bedrooms. I moved out of the kitchen and saw Marissa being brought into the dining room. Debra & Rochelle brought her inside and laid her down on the dining room carpet to do CPR. Debra is a dermatologist. I called 911. I do not know who left the door open specifically. I had two workers here, Vinny Rizzo and a helper. Originally, Vinny agreed to help get a table from the outside to bring it in through the dining room door and into the pool enclosure for me. I observed him do this and after he was done,

Witness: R. Margavelli                Barbara Honywill

Date 3/9/02 @ 11AM    Page No. 5

STATEMENT OF:

Barbara Longwill

I went over to the dining room slider where he accessed the pool enclosure and locked them again. Thereafter, Vinny offered to clean the chairs ~~[crossed out]~~ as well, then in. Apparently, thereafter, either him or his helper, or both, took the chairs inside ~~[crossed out]~~ and ~~[crossed out]~~ the interior dining room slider was open to the pool enclosure. I had not noticed the door open prior to Marissa being found. ~~[crossed out]~~ 911 dictated instructions to me and eventually I passed the phone to Rochelle Debra. I recall the CPR compressions were being counted off. The children were in the immediate area. I don't recall where Anison & my mother-in-law ~~grandmother~~ were. I did not say anything to the workers. I cannot put a timeframe on how long it took the EMT's to get here. The workers were outside on the outside patio and would not be able to see in from the outside as all exterior windows were boarded up. Marissa was immediately taken away upon EMT's —

Witness: R. Margarelli          X Barbara Longwill

Date 10/9/02 @ 11AM   Page No. 6

STATEMENT OF:

Barbara Longwill

arrival. I stayed at home with the children. ~~[scribbled out]~~ Again, in reviewing when Marissa left my sight from my last seeing her in the kitchen, I was in the kitchen, I assume my mother in law was in her guest room, I assume ~~Rochelle~~ & Debra were in the back room ~~Rochelle~~ was in, or in the room w/ all the kids beds. I do not know where Allison was. The two workers were, I assume, outside. I do not know where Teresa was when the subject incident happened. Up to the point of the accident, Eric Fishman, was not permitted here. On 5-24-02, I had to call 911 to my home to have him removed for showing up unannounced & uninvited. There shall be a police report on that incident. From that point forward, he would not be permitted here. I lifted that for the shiva — 6 or 7 nights — for Marissa. At no point was Eric Fishman accusatory to me or my family. Everyone was interviewed by police.

Witness: R. Manganelli           Barbara Longwill

Date 10/9/02 @ 11AM  Page No. 7

STATEMENT OF: Barbara Longwill

I was told specifically that they ruled the matter an accidental death. In the police review, they determined that an autopsy would not be necessary and the body was released.

I have read these seven (7) pages & they are true & correct. X Barbara Longwill

Witness: R. Manganelli

Barbara Longwill