IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : <br> : <br> : Civil Action No.: 05-211-KAJ |
| Plaintiff, | : |
| vs. | : <br> : |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, and VINCENT RIZZO, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS', ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a ASHLAND CONSTRUCTION CO., INC. JOSEPH V. RIZZO, AND VINCENT RIZZO, MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO <u>CHOICE OF LAW AND DAMAGES</u>**

                         Respectfully submitted,
                         **Wetzel & Associates, P.A.**

BY: **/s/ Benjamin C. Wetzel, III**
      Benjamin C. Wetzel, III (I.D. No. 985)
      The Carriage House
      1100 North Grant Avenue
      Suite 201
      Wilmington, DE 19805
      (302) 652-1200
          and
      **Kline & Specter, P.C.**

BY: **/S/ Joshua Van Naarden**
      Matthew Casey, Esquire
      Joshua Van Naarden, Esquire
      1525 Locust Street
      19th Floor
Date: May 1, 2006      Philadelphia PA 19102

**TABLE OF CONTENTS**

| | |
|---|---|
| **TABLE OF AUTHORITIES** ................................................................. | i |
| **NATURE AND STAGE OF PROCEEDINGS**............................................ | 1 |
| **SUMMARY OF ARGUMENT**.................................................................. | 3 |
| **COUNTER-STATEMENT OF FACTS**...................................................... | 4 |
| **ARGUMENT**............................................................................................ | 5 |
| I.    The Summary Judgment Standard ...................................................... | 5 |
| II.    Pennsylvania Damages Law Governs.................................................. | 6 |
|       A.    Pennsylvania Damages Law Applies Under The "Most Significant Relationship" Test ............................................. | 6 |
|       B.    In The Alternative, If Delaware Damages Law Applies, Then Plaintiff Should Be Afforded Leave to Amend The Caption to Add Any Appropriate Beneficiaries in Accordance With Pleading Requirements Governing Delaware Wrongful Death Actions........................................................ | 9 |
| **CONCLUSION.**...................................................................................... | 11 |

## TABLE OF AUTHORITIES

**CASES:**                                                         **PAGE**

Pacitti v. Macys,
193 F.3d 766, 772 (3d Cir.1999)......................................................... 5

Blizzard v. Hastings,
886 F.Supp. 405, 408 (D.Del.1995)..................................................... 5

Olson v. General Elec. Astrospace,
101 F.3d 947, 951 (3d Cir.1996)......................................................... 5

Travelers Indemnity Co. v. Lake,
594 A.2d 38,47 (Del.1991)................................................................. 6,7

Griffith v. United Air Lines. Inc.
416 Pa. 1, 203 A.2d 796..................................................................... 8

Compagnie des Bauxiles de Guinee v. Argonaut-Midwest Ins. Co.
    880 F.2d 685 (3rd Cir. 1989)......................................................... 8

Scott v. Easter Air Lines Inc.
399 F.2d 149 (3rd Cir. 1967)............................................................... 8

Jacobs v. Pennsylvania R. Co.
31 F. Supp 595.................................................................................... 9

**RULES AND STATUTES**:

42 Pa.C.S.A. § 8301............................................................................ 2

42 Pa.C.S.A. § 8302............................................................................ 2,6

10 Del. C. §3724................................................................................. 3,11

10 Del. C. §3701................................................................................. 3,11

Fed. R. Civ. P 56(c)............................................................................ 5

Restatement (Second) of Conflict of Laws § 6 and 145......................... 6,7,8

## NATURE AND STAGE OF PROCEEDINGS

This case involves the August 30, 2002 drowning of an infant, Marissa Rose Fishman, at an indoor swimming pool located at the home of her maternal grandparents at 3220 Coachman Road, Wilmington, Delaware. Plaintiff alleges, among other things, that workmen employed by the Moving Defendants left a door open to the home's indoor pool, and that Plaintiff's decedent was allowed to enter the pool area and, ultimately, the pool itself. She subsequently drowned. This case involves claims for wrongful death and survival act damages.

Plaintiff's decedent was approximately two years of age at the time of her death. She was born and lived all of her brief life in Pennsylvania. Thus, Plaintiff's decedent had a Pennsylvania domicile. At the time of her death, she was visiting her grandparents' house in Delaware. Her father, one of her estate's two beneficiaries, is also a Pennsylvania domiciliary residing at 200 Locust Street, Philadelphia, Pennsylvania.. While her mother is today a Delaware resident, at the time of her daughter's death she, too, was domiciled in Pennsylvania.

Plaintiff originally filed this case in the Philadelphia Court of Common Pleas. On August 27, 2004, , the Defendants removed it to the United States District Court for the Eastern District of Pennsylvania Eastern District and, on March 4, 2005, upon application of the Defendants, the case was transferred to this Court. Plaintiff's Complaint is attached hereto as Exhibit "A".

Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc. Joseph V. Rizzo, and Vincent Rizzo, have moved for partial summary judgment as to choice of law and damages. Plaintiff is claiming damages under Pennsylvania's Wrongful Death and Survival Statutes, 42 Pa.C.S.A. § 8301 and 42 Pa.C.S.A. §

1

8302, for estate administration expenses, for the estate's future lost earning capacity, and for the pain and suffering endured by Plaintiff's decedent during the drowning episode. Plaintiff has served expert reports setting forth these damages, and these reports are attached as Exhibits "B" and "C". Importantly, under Pennsylvania damages law, the decedent's estate brings both the survival action, on the estate's behalf, and the wrongful death action, on behalf of all of the estate's beneficiaries.

## SUMMARY OF ARGUMENT

1. Pennsylvania has the most significant relationship to the facts and circumstances relating to the damages of this case and, accordingly, Pennsylvania law should apply to the determination of damages. In the alternative, if this Honorable Court determines that Delaware law will apply to the determination of damages, then the Plaintiff should be permitted leave to amend the caption of the Complaint to add any appropriate wrongful death beneficiary in accordance with the pleading requirements governing a Delaware wrongful death action.

2. Plaintiff properly noticed their intention of seeking recovery for all of the damages allowable pursuant to 10 Del. C. §3724, the wrongful death statute and 10 Del. C. §3701, the survival statute. Plaintiff's beneficiaries are not barred from recovering under 10 Del. C. §3724, the wrongful death statute.

## COUNTER-STATEMENT OF FACTS RELEVANT TO INSTANT MOTION

This case involves the August 30, 2002 drowning of a Pennsylvania domiciliary Marissa Rose Fishman, at an indoor swimming pool located at the home of her maternal grandparents at 3220 Coachman Road, Wilmington, Delaware. See Certificate of Death of Marissa Rose Fishman, attached hereto as Exhibit "D". She was twenty months old. Id.

James H. Gorbey was appointed as Administrator of the Estate by the Register of Wills of Delaware county, Pennsylvania, due to the inability of the parents of Plaintiff's decedent to agree upon an Administrator. See Order of the Orphan's Court of Delaware county, Pennsylvania, dated 9/23/03, attached hereto as Exhbit "E". Although the Moving Defendants are located in Delaware and the drowning occurred there, at the time of her death, Plaintiff's decedent and each of her parents were domiciled in Pennsylvania, residing at 110 Kelly Drive, Chadds Ford, Pennsylvania. See Certificate of Death. Because of the foregoing, and Pennsylvania's strong interest in assuring that its citizens are afforded the full measure of damages, which principle is enshrined in the Pennsylvania Constitution, Plaintiff claimed wrongful death and survival act damages under Pennsylvania's statutory scheme. See Plaintiff's Complaint, attached hereto as Exhibit "A".

## ARGUMENT

**I.    THE SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P 56(c). When deciding a motion for summary judgment , the court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir.1999). An issue is genuine if a reasonable jury could return a verdict for the Plaintiff   given the evidence. Blizzard v. Hastings, 886 F.Supp. 405, 408 (D.Del.1995). The nonmoving party, however, must demonstrate the existence of a material fact by supplying sufficient evidence-not mere allegations-for a reasonable jury to find for the non-movant. Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir.1996).

## II. PENNSYLVANIA DAMAGES LAW SHOULD APPLY

Plaintiff, on behalf of this Pennsylvania estate, and for the benefit of its two Pennsylvania beneficiaries, properly seeks all damages recoverable under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8302. Defendants' motion, which seeks the application of Delaware law, argues in conclusory fashion that, "[t]he incident occurred in Delaware and therefore (*sic*), the laws of Delaware should govern this action." See Moving Defendants' Brief at 9. As it relates to the damages issues in this case, this argument lacks merit and should be denied. Moving Defendants fail to point out a single reason, other than a basic "lex loci delicti" argument, to support Delaware law on the damages issue. Moving Defendants seek to deny the estate the right to recover damages for the decedent's lost earning capacity, which is permitted under the Pennsylvania survival statute. These damages are set forth in an expert report served by the Plaintiff, which is attached hereto as Exhibit "C". Pennsylvania has a strong interest in assuring that this Pennsylvania estate can recover the full measure of damages. Moving Defendants have failed to point out any interest that Delaware has relevant to the damages determination in this case.

### A. Pennsylvania Damages Law Applies Under The "Most Significant Relationship" Test

Delaware courts apply the "most significant relationship test" of the Second Restatement of Conflicts. Travelers Indemnity Co. v. Lake, 594 A.2d 38, 47 (Del.1991) (adopting the most significant relationship test from the Restatement (Second) of Conflicts). Section 145 of the Restatement directs the court to apply the law of the state "that has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Restatement

(Second) of Conflict of Laws § 145. After applying the factors set forth in Sections 145 and 6, and evaluating the contacts according to their relative importance with respect to the damages in this case, it is clear that Pennsylvania, not Delaware, has the most significant relationship to the damages issues here.

Section 6 of the Restatement provides the following choice of law considerations: (a) the needs of the interstate and international systems (e.g., choice of law rules should seek to further harmonious relations and facilitate intercourse between states); (b) the relevant policies of the forum; (c) the **relevant policies of other interested states and the relative interests of those states** in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of the result; and (g) ease in determination and application of the law to be applied. Restatement (Second) of Conflicts of Laws § 6. (emphasis added)

Section 145 sets forth the relevant contacts that the court should consider when applying the principles of § 6 to determine the law applicable to an issue. These additional factors include: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. Id. The court should evaluate the contacts according to their relative importance with respect to the particular issue. Id.; see also Travelers Indemnity, 594 A.2d at 48 ("[T]he Restatement test does not authorize a court to simply add up the interests on both sides of the equation and automatically apply the law of the jurisdiction meeting the highest number of contacts listed in sections 145 and 6. Section 145 has a qualitative aspect.")

7

In evaluating the principles set forth in section 145 and section 6 it is apparent that when the injured party is domiciled in another state, the policies and interests of that state are given particular weight to be balanced against the other contacts. It is undisputed that Marissa Fishman and her parents were domiciled in Pennsylvania prior to the August 30, 2002, incident. Pennsylvania, as the domicile of the decedent and her family, is vitally concerned with the administration of the decedent's estate and the well-being of the surviving beneficiaries.

The Supreme Court of Pennsylvania has outlined this vital interest in Griffith v. United Air Lines, Inc. 416 Pa. 1, 203 A.2d 796. Griffith, like this case, involved a wrongful death and survival action by a Pennsylvania estate for injuries that occurred elsewhere. Id. In Griffith the Pennsylvania Supreme Court explained:

> Pennsylvania's interest in the amount of recovery . . . is great ... Our Commonwealth, the domicile of decedent and his family, is vitally concerned with the administration of decedent's estate and the well-being of the surviving dependents to the extent of granting full recovery, *including expected earnings*. This policy is so strong that it has been embodied in the Constitution of Pennsylvania, Article III, Section 21 P.S.: 'The General Assembly may enact laws requiring the payment by employers, or employers and employees jointly, of reasonable compensation for injuries to employees arising in the course of their employment * * *; *but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive * * *.*' (Emphasis supplied.)

Griffith v. United Air Lines, Inc. 416 Pa. 1, 203 A.2d 796. Importantly, Griffith has been cited with approval in several cases in this Circuit.[1]

Applying the most significant relationship test demonstrates that Pennsylvania law should apply to the determination of damages. There is literally no Delaware connection to the damages

---

[1] See Compagnie des Bauxiles de Guinee v. Argonaut-Midwest Ins. Co. 880 F.2d 685 (3rd Cir. 1989); Scott v. Easter Air Lines Inc. 399 F.2d 149 (3rd Cir. 1967).

in this case. By contrast, the damages have a perfect nexus with Pennsylvania. The conscious pain and suffering is that of a Pennsylvania domiciliary. The lost earnings capacity is, likewise, that of a Pennsylvania domiciliary, and should be computed according to Pennsylvania law. The estate administration expenses of this Pennsylvania estate will be subject to the local estate administration requirements of Delaware county, Pennsylvania. On the issue of life expectancy, which is always involved in a death action, Pennsylvania medical records - - those of Plaintiff's decedent's pediatrician in Pennsylvania - - will be applicable. These many connections, coupled with the strong interest that Pennsylvania has, as outlined above, support the application of Pennsylvania law on the issue of damages.

      **B.**      **In The Alternative, If This Honorable Court Determines that Delaware Law Will Apply to Damages, Then Plaintiff Should be Permitted Leave To Amend the Caption to Add The Words "For the Benefit Of"**

If this Honorable Court determines that Delaware law will apply to the damages issues in the case, then Plaintiff should be permitted leave to amend the caption to add the words, "for the benefit of", the appropriate wrongful death beneficiaries. This court has discretion to allow Plaintiff to amend the complaint. Jacobs v. Pennsylvania R. Co. 31 F. Supp 595. In fact, modern authorities favor allowing amendments to prevent failure of justice. Id. Defendants clearly knew and understood that Eric Fishman, father of the decedent, was a beneficiary and sought recovery of damages under Pennsylvania law by virtue of the fact that is was pled in Plaintiff's original Eastern District of Pennsylvania complaint. As set forth *supra*, under Pennsylvania wrongful death and survival law, the named estate representative is authorized to bring *both* the wrongful death and survival claims, and there is no requirement to plead that the

9

claim is being brought "for the benefit of" any particular person. The suggested amendment would not set up a new cause of action or change the legal theory of recovery, it would merely add the words necessary to conform the action to a Delaware wrongful death action. The Defendants already had notice of all the pertinent facts as stated in Plaintiff's complaint.

**CONCLUSION**

Pennsylvania has the most significant relationship to the facts and circumstances relating to the damages of this case and, accordingly, Pennsylvania law should apply to the determination of damages. In the alternative, if this Honorable Court determines that Delaware law will apply to the determination of damages, then the Plaintiff should be permitted leave to amend the caption of the Complaint to add any appropriate wrongful death beneficiary in accordance with the pleading requirements governing a Delaware wrongful death action. Plaintiff properly noticed their intention of seeking recovery for all of the damages allowable pursuant to 10 Del. C. §3724, the wrongful death statute and 10 Del. C. §3701, the survival statute. Plaintiff's beneficiaries are not barred from recovering under 10 Del. C. §3724, the wrongful death statute. For the reasons set forth above, Plaintiff respectfully requests that Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc. Joseph V. Rizzo, and Vincent Rizzo motion for partial summary judgment is denied, or in the alternative Plaintiff is permitted leave to amend the caption of the Complaint to add any appropriate wrongful death beneficiary in accordance with the pleading requirements governing a Delaware wrongful death action.

Respectfully submitted,

**Wetzel & Associates, P.A.**

BY: **/s/ Benjamin C. Wetzel, III**
   Benjamin C. Wetzel, III (I.D. No. 985)
   The Carriage House
   1100 North Grant Avenue
   Suite 201
   Wilmington, DE 19805
   (302) 652-1200

and
**Kline & Specter, P.C.**

BY: **/S/ Joshua Van Naarden**

Matthew Casey, Esquire
Joshua Van Naarden, Esquire
1525 Locust Street
19th Floor
Philadelphia PA 19102
(215) 772-1000
Attorneys for Plaintiff

Date: May 1, 2006