IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | \| \| \| |
| Plaintiff, | \| |
| v. | \|   C.A. No. 05-211 KAJ |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, VINCENT RIZZO, | \|   JURY TRIAL DEMANDED |
| Defendants. | \| |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS',
ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO
CONSTRUCTION CO., INC., d/b/a ASHLAND CONSTRUCTION CO., INC.,
JOSEPH V. RIZZO, AND VINCENT RIZZO,
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>AS TO CHOICE OF LAW AND DAMAGES</u>**

MURPHY SPADARO & LANDON
ROGER D. LANDON (ID#: 2460)
CHASE T. BROCKSTEDT (ID#: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
Joseph V. Rizzo, and Vincent Rizzo

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

UNCONTROVERTED FACTS ..............................................................................................1

ARGUMENT.............................................................................................................................2

   I.    Delaware Law Applies ..................................................................................................2

   II.   Amendment Should Not Be Granted.....................................................................8

CONCLUSION.......................................................................................................................10

i

# **TABLE OF AUTHORITIES**

Cases

Griffith v. United Air Lines, Inc., 203 A.2d 796 (Pa. 1964) .......................................... 2,3

Johnson v. Physical Anesthesia Service, PA., 621 F. Supp. 908 (D. Del. 1985) ............. 8

Magee v. Rose, 405 A.2d 143 (Del. Super Ct. 1979) ....................................................... 8

Travelers Indem. Co. v. Lake, 594 A.2d 38, 47 (Del. 1991) ............................................ 2

Statutes

10 Del. C. §3701 ............................................................................................................. 10

10 Del. C. §3724 .................................................................................................... 6, 8, 10

10 Del. C. §8107 ............................................................................................................... 9

Other Authorities

RESTATEMENT (SECOND) OF CONFLICTS §§6, 145 and 146 .............................................. 2

## UNCONTROVERTED FACTS

The parties agree that the "Most Significant Relationship" test governs the determination of which law applies to this case. The uncontroverted facts relevant to this test are as follows:

- The incident took place at the Wilmington, Delaware residence of Marissa Fishman's grandparents, Richard and Barbara Longwill (the "Longwill Residence"). See Fourth Amended Complaint at ¶¶ 4 and 5, Ex. A.;

- Defendants Ashland Construction Company and Vincent Rizzo Construction Company are Delaware corporations. Id. at ¶¶ 3 and 5;

- Ashland Construction is owned by Defendants Joseph and Vincent Rizzo, both Delaware residents. Id. at ¶¶ 7 and 8;

- Ashland performs less than one percent of its work in Pennsylvania. Dep. tr. of Vincent Rizzo dated Dec. 30, 2004 at pp. 17-19, Ex. B.;

- The work performed at the Longwill Residence was at the direction of John Manger, an employee of Defendant Air Base Carpet Mart, Inc., a Delaware corporation located in Delaware owned by Richard Longwill, a Delaware resident. Dep. tr. of Vincent Rizzo dated Jan. 30, 2006 at pp. 18-20, Ex. C.;

- At the time of the incident, Rochelle Fishman and her four children, Alexandra, Harrison, Samuel and Marissa (decedent) were living at the Longwill Residence. Dep. tr. of Barbara Longwill dated Mar. 7, 2006 at pp. 67-69, Ex. D.;

- Rochelle Longwill and her children lived at that address for approximately two years. Id.; and

- It is undisputed that all of the named Defendants are either Delaware residents or Delaware entities.

**ARGUMENT**

I.  **DELAWARE LAW APPLIES**

Plaintiff does not dispute the legal standard directing that a federal court must apply the conflict of laws rules of the state in which it sits, nor does Plaintiff disagree with the test to be applied in a choice of law analysis as set forth in the Ashland defendants' Opening Brief at pages 6-7. Instead, Plaintiff has seized on one of the eleven factors this Court must apply in determining the jurisdiction with the "most significant relationship" and argues that Pennsylvania, rather than Delaware, has a "vital" interest in the outcome of this litigation.

In support of its argument, Plaintiff cites to one case, Griffith v. United Air Lines, Inc., 203 A.2d 796 (Pa. 1964). Griffith, a Pennsylvania Supreme Court decision, grappled with choice of law issues in a case involving death from a plane crash which occurred in Colorado. In abandoning the "place of injury" rule, the court adopted a "more flexible" rule which permitted an analysis of the "policies and interests underlying the particular issues before the Court." Id. at 806-807. In its analysis, the court compared such interests in determining whether Colorado or Pennsylvania law should apply. Id. at 806. In applying what is essentially the precursor to the "most significant relationship" test espoused in the RESTATEMENT (SECOND) OF CONFLICTS §§6, 145 and 146 and adopted by Travelers Indem. Co. v. Lake, 594 A.2d 38, 47 (Del. 1991), the Griffith Court noted that United is not a Colorado entity, that it is an airline that flies throughout the country, and it should therefore reasonably anticipate that it would be subject to the laws of other states, including Pennsylvania. Id. at 807. In ruling Pennsylvania law applied, the court stated "United could reasonably anticipate that it might be subject to the laws of [Pennsylvania] and could financially protect itself against such eventuality. The element of surprise is lacking." Id.

Ironically, the <u>Griffith</u> decision does not support Plaintiff's "vital" interest argument and only serves as further support that Delaware has the "most significant relationship" to the facts and circumstances of this case. None of the defendants in this case could have reasonably expected that they would be subject to the laws of Pennsylvania. The Ashland defendants are Delaware entities and Delaware residents working at a Delaware location at the request of a Delaware corporation owned by a Delaware resident. There are no connections with the Commonwealth of Pennsylvania and it came as a "surprise" to the Ashland defendants (and presumably all Defendants) that they were sued in Philadelphia and may be subject to Pennsylvania laws. Furthermore, it is unfair to expect Delaware defendants to be subjected to a Pennsylvania law that may require them to pay damages not permitted under Delaware law.

Nevertheless, Plaintiff still argues that since Pennsylvania allows for the recovery of lost earnings – meaning the Estate can collect more money than it could under Delaware law – it has a "vital" and therefore, more of an interest, pursuant to the "most significant relationship" test, than Delaware in adjudicating this claim. To determine which jurisdiction has more of an interest, it is necessary to determine whose "interest" such a recovery serves. It is undisputed that Pennsylvania law permits the Estate to recover lost earning damages and under Delaware law the Estate cannot. Marissa Fishman was twenty months old at the time of her death and died intestate. Therefore, the statutory beneficiaries of the Estate are her parents, Eric and Rochelle Fishman. Dep. tr. of James H. Gorbey, Jr., Esquire dated Apr. 5, 2006 at pp. 27-28, Ex. E. Any recovery of damages – lost earnings or otherwise – will ultimately be for the parents' benefit. Therefore, the choice of law war waged by the Estate really comes down to a fight for lost earning damages that ultimately will go to the parents of Marissa Fishman. The facts of this case make clear that Marissa's parents have no interest in such a recovery or the litigation in general.

Rochelle Fishman testified as follows:

Q. I take it this lawsuit was not your idea?

A. You're right.

Q. And I take it you completely disagree with the fact that it's been filed?

A. Yes.

Q. Do you have any discussions - - have you had any discussions at all with Eric Fishman about the status of the suit or the reason for filing it?

A. No.

Dep. tr. of Rochelle Fishman dated Mar. 7, 2006 at p. 3, Ex. F.

Marissa's father, Eric Fishman, testified that he contacted the law firm of Kline & Specter in Philadelphia because of "the death of his daughter." Dep. tr. of Eric Fishman dated Apr. 5, 2006 at p. 24, Ex. G. Mr. Fishman requested that Kline & Specter assist him in becoming the administrator of the estate of his daughter to investigate her death and file a civil lawsuit. Id. at p. 29. He wanted to do this because he did not know what happened to his daughter and neither his wife nor her family told him what happened nor would they speak to him about Marissa's death. Id. at pp. 29-30. Mr. Fishman hired the Kline & Specter law firm (current counsel for the Estate) to petition for him to be appointed the administrator of his daughter's estate. Id. at pp. 33-34. This request was denied by the Resister of Wills and James H. Gorbey, Jr., Esquire was appointed administrator instead. Id. Following such appointment, Mr. Fishman was no longer represented by Kline & Spector and he did not have any discussions with his wife, Mr. Gorbey or the Kline & Specter law firm about instituting a civil action as a result of his daughter's death. Id. at pp. 33-36. He testified about this issue as follows:

Q. After the petition that Kline & Specter filed on your behalf seeking to have you assigned as the administrator of the estate your daughter, after that petition failed

> and you were not appointed the administrator, is that when your lawyer/client relationship with the firm ended?
>
> A.   Yes.
>
> \* \* \*
>
> Q.   So the Kline & Specter firm was the only firm that you consulted with whatsoever with respect to your daughter's death?
>
> A.   Yes.
>
> Q.   Is that true?  Did you ever make a decision not to file a wrongful death claim on your own behalf for the death of your daughter?
>
> A.   No.
>
> Q.   Did you know that you could have if you had done so within two years of her death?
>
> A.   I was informed.
>
> Q.   Did you make a decision not to do that?
>
> A.   Uh-huh.  I just – didn't bother.

Dep. tr. of Eric Fishman dated Apr. 5, 2006 at pp. 50-51. Ex. G.  Although Kline & Specter at one time represented Mr. Fishman, after his request to be appointed administrator was denied, that representation ended.  Apparently, Mr. Fishman's desire to prosecute a civil lawsuit ended as well because he considered such an option and chose not to pursue any claim.

The administrator of Marissa Fishman's estate, Mr. Gorbey, testified that his duty is to determine whether the estate has any assets or liabilities and to perform the administrative functions required by the law "[i]rrespective of the feelings of the family members." Dep. tr. James H. Gorbey, Jr., Esquire dated Apr. 5, 2006 at p. 36, Ex. E.  He further testified that all of his decisions are for the benefit of the Estate.  Id. at p. 37-38.  Mr. Gorbey has had no discussions with either Eric or Rochelle Fishman about the case or the litigation.  Id. at p. 44.  In the event of

a settlement offer, Mr. Gorbey testified he would not consult with the parents at all and only at the Court hearing in which he would seek approval of a potential settlement could the parents lodge an objection. Id. at p. 38.

The uncontroverted facts are that the parents of Marissa Fishman have no "interest" in this litigation and have made a decision not to pursue a claim for damages. If the beneficiaries of the Estate do not seek a recovery and want no part of the litigation, what "interest" is the Commonwealth of Pennsylvania protecting? Had the parents (or siblings for that matter) wanted to pursue a claim for pecuniary loss or other damages as a result of the death of their daughter, the laws of Delaware provide the protection and the means for such recovery. The Delaware Wrongful Death Statute, 10 Del. C. §3724, allows the parents and siblings of Marissa Fishman to recover pecuniary loss and, if they so desired, mental anguish damages. However, the two individuals who would ultimately benefit if this case was to be adjudicated pursuant to Pennsylvania law, if Plaintiff were able to recover the lost earnings it so desperately seeks, have no interest in such recovery. The fight for that recovery is not being driven by the Commonwealth or the beneficiaries of the Estate of Marissa Fishman.

In balancing the interests of Delaware and Pennsylvania under these circumstances, consider Delaware's interest in protecting its citizens (all of the defendants in this case) from civil claims for damages which would ultimately flow to individuals who have affirmatively decided they have no interest in pursuing such damages. Contrast Delaware's interest with Pennsylvania's interest in allowing the estate of a 20 month old child to make a speculative claim for the residual value of her estate had she lived to a normal life expectancy so that any such recovery can be forced on the child's parents who have no interest in recovering such damages (who would have likely been dead by the time their daughter had reached the end of a normal life

expectancy) so that the parents then would have been the beneficiaries of any residual value her estate might have had, and it becomes clear that Delaware has the great interest in this matter.

As stated above and in the Ashland defendants' Opening Brief, the facts of this case comport with the factors this Court must apply in a choice of law analysis and should result in a finding that Delaware has the "most significant relationship" to this case. As for the one "interest" factor argued by Plaintiff to support a contrary finding, the desires of the parents of Marissa Fishman undermine that assertion. There are no genuine issues of material fact and the Ashland defendants are entitled partial summary judgment as to choice of law.

## II.   AMENDMENT SHOULD NOT BE GRANTED

Plaintiff argues that should the Court determine Delaware law governs this case, it should be permitted to amend the claim to add the words "for the benefit of" the appropriate wrongful death beneficiaries.  Plaintiff's argument underscores its misunderstanding of the relevant issues and law concerning this case.

The Delaware Wrongful Death Statute, 10 Del. C. §3724, limits the class of people who can recover damages.  This includes the parents and siblings of Marissa Fishman and, had a claim been brought by them individually, they would be eligible to recover any potential award Johnson v. Physical Anesthesia Service, PA., 621 F. Supp. 908 (D. Del. 1985).  Such claims were not brought.  The damages recoverable by an administrator of an estate are limited to 1) pain and suffering from the time of injury to the time of death; 2) expenses incurred by the injured party to recover from such injury.  Magee v. Rose, 405 A.2d 143 (Del. Super Ct. 1979).  Changing the caption to add the words "for the benefit of" will have no legal effect under Delaware law.  The damages Plaintiff seeks are claims specific to Marissa's parents and siblings and must be brought by them individually.

The evidence is overwhelming that at no time has this lawsuit been filed "for the benefit" of Eric or Rochelle Fishman (or their children) and adding words to that effect through an amendment to the complaint is pointless.  An estate cannot recover damages under the wrongful death statute and specific damages for pecuniary benefits that would have been realized had the decedent lived are precluded.  Therefore, granting Plaintiff such relief would not create a viable wrongful death claim pursuant to Delaware law.  It is clear the parents want no part of this case and the prosecution of it by Mr. Gorbey on behalf of the Estate does not account for their

feelings nor are they consulted in any decisions. Neither Eric nor Rochelle Fishman are represented by Mr. Gorbey or the firm of Kline & Specter with respect to any claims – wrongful death or otherwise – and the statute of limitations on any claim which can be asserted by them has expired. <u>See</u>, 10 <u>Del</u>. <u>C</u>. §8107. Therefore, they cannot be added as proper plaintiffs for a wrongful death claim. Moreover, such an amendment would open the door to their mental anguish claims which have never been pled and which they have no desire to pursue. Plaintiff's alternative request to amend the complaint should be denied. There are no genuine issues of material fact and the Ashland defendants are entitled to summary judgment.

**CONCLUSION**

The death of Marissa Fishman occurred at the Delaware residence of her grandparents. Delaware has the "most significant relationship" to the facts and circumstances of this case and, therefore, Delaware law should apply. The plaintiff is only entitled to assert a claim for damages permitted pursuant to 10 Del. C. §3701 (the survival action) and cannot assert a claim for damages under the wrongful death statute, 10 Del. C. §3724. The Ashland defendants respectfully request this Court enter partial summary judgment in favor of the Ashland defendants and issue an order declaring that Delaware law applies and Plaintiff's damages are limited to an award for conscious pain and suffering, if any, of the decedent from the time of injury until her death and medical expenses incurred in connection with treatment rendered to her after she drowned. There are no genuine issues of material fact and such a finding is warranted. For the reasons set forth above, defendants Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc. d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo and Vincent Rizzo respectfully request the entry of partial summary judgment in their favor and against Plaintiff and all Co-Defendants.

Respectfully submitted,

MURPHY SPADARO & LANDON

/s/ Chase T. Brockstedt
Roger D. Landon (ID #: 2460)
Chase T. Brockstedt (ID #: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
May 4, 2006                     Joseph V. Rizzo, and Vincent Rizzo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | |
| Plaintiff, | |
| v. | C.A. No. 05-211 KAJ |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, VINCENT RIZZO, | JURY TRIAL DEMANDED |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I, Chase T. Brockstedt, Esq., do hereby certify that on this 4th day of May, 2006, one copy of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS', ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a ASHLAND CONSTRUCTION CO., INC., JOSEPH RIZZO, AND VINCENT RIZZO, MOTION FOR SUMMARY JUDGMENT AS TO CHOISE OF LAW AND DAMAGES were e-filed and delivered in the manner indicated to the following individual(s):

**Via First Class Mail**
Matthew Casey, Esq.
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA  19102

**Via First Class Mail**
Edward C. Mintzer, Jr., Esq.
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

00131409.DOC

**Via First Class Mail**
Benjamin C. Wetzel, III, Esq.
Wetzel & Associates, P.A.
1100 N. Grant Avenue, #201
Wilmington, DE  19805

**Via Hand Delivery**
William J. Cattie, III, Esq.
Rawle & Henderson LLP
300 Delaware Avenue, #1015
Wilmington, DE  19801

**Via Hand Delivery**
Kevin J. Connors, Esq.
Marshall Dennehey Warner Coleman & Goggin
1220 N. Market Street, 5th Floor
Wilmington, DE  19801

**Via First Class Mail**
Daniel Hart, Esq.
Marshall Dennehey Warner Coleman & Goggin
1845 Walnut Street
Philadelphia, PA  19103

MURPHY SPADARO & LANDON

  /s/ Chase T. Brockstedt
ROGER D. LANDON (ID #: 2460)
CHASE T. BROCKSTEDT (ID #: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
Joseph V. Rizzo, and Vincent Rizzo

00131409.DOC