IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : <br> : <br> : Civil Action No.: 05-211-KAJ |
| Plaintiff, | : |
| vs. | : <br> : |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, and VINCENT RIZZO, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT OF DEFENDANTS, RICHARD LONGWILL
<u>AND BARBARA LONGWILL</u>**

Plaintiff James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman, deceased, by and through his attorneys, Kline and Specter P.C., hereby submit Plaintiff's Response in Opposition to Defendants' Motion and avers as follows:

1. Admitted.

2. Denied as stated. Plaintiff's decedent, a two-year old, drowned at the home of her grandparents, Defendants Richard and Barbara Longwill, at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803. Plaintiff's decedent went through a doorway to the indoor pool area that had been left open, fell into the pool and drowned.

3. Denied as stated. On August 20, 2002, workers employed by Defendant Ashland Construction were moving furniture from an outside patio to the indoor pool area where

Plaintiff's decedent perished. Prior to moving the furniture, the Ashland employees had cleaned the furniture, which was covered with brick dust as a result of the patio work being done. It was at this time that Plaintiff's decedent proceeded through the unopened doorway to the indoor pool, and subsequently drowned.

    4. Denied as stated. The medical records corresponding to Marissa Fishman's drowning and death are in writing and speak for themselves.

    5. Denied as stated. Plaintiff's complaint is in writing and speaks for itself.

    6. Denied. Delaware's premises guest statute, 25 Del.C. § 1501 is in writing and speaks for itself. By way of further response, the Defendants, under the seminal case from the Delaware Supreme Court, Fox v.Fox, Del.Supr., 729 A.2d 825 (1999), are liable because they exposed Plaintiff's decedent to an attractive nuisance on the premises.

    7. Denied as stated. It is irrelevant if Marissa Fishman was a guest without payment within the meaning of section 1501. Plaintiff's negligence claims are cognizable under the Restatement (Second) of Torts § 343B and § 339 and are not barred by 25 Del.C. § 1501.

    8. Denied. It is unnecessary for Plaintiff to present evidence of "willful or wanton" actions on behalf of the defendants in order to impose liability. The Longwill Defendants are liable because they exposed plaintiff's decedent to an attractive nuisance on the premises.

    9. Denied. The Defendants, under the seminal case from the Delaware Supreme Court, Fox v.Fox, Del.Supr., 729 A.2d 825 (1999), are liable because they exposed Plaintiff's decedent to an attractive nuisance on the premises.

    10. Denied as stated. Federal Rule of Civil Procedure is in writing and speaks for itself.

    11. As set forth in the paragraphs above and in the attached Brief in Opposition to the Motion for Summary Judgment of Defendants, Richard Longwill and Barbara Longwill, which is

incorporated by reference herein, Plaintiff's claims are not barred by Delaware Statute and the Defendants present motion must be denied.  An appropriate order denying Defendants' motion is attached.

    **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny the Defendants, Richard Longwill and Barbara Longwills, present motion and enter the atached Order denying summary judgment.

                  Respectfully submitted,

                  **Wetzel & Associates, P.A.**

BY:   **/s/ Benjamin C. Wetzel, III**
        Benjamin C. Wetzel, III (I.D. No. 985)
        The Carriage House
        1100 North Grant Avenue
        Suite 201
        Wilmington, DE 19805
        (302) 652-1200
           and

**Kline & Specter, P.C.**

BY:   **/S/ Joshua Van Naarden**
        Matthew Casey, Esquire
        Joshua Van Naarden, Esquire
        1525 Locust Street
        19th Floor
        Philadelphia PA 19102
        (215) 772-1000
        Attorneys for Plaintiff

Date: May 11, 2006

Case 1:05-cv-00211-MPT    Document 95    Filed 05/11/2006    Page 4 of 4