**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : | |
| | : | Civil Action No.: 05-211-KAJ |
| Plaintiff, | : | |
| vs. | : | |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, and VINCENT RIZZO, | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, RICHARD LONGWILL AND BARBARA LONGWILL**

Respectfully submitted,

**Wetzel & Associates, P.A.**

BY: **/s/ Benjamin C. Wetzel, III**
Benjamin C. Wetzel, III (I.D. No. 985)
The Carriage House
1100 North Grant Avenue
Suite 201
Wilmington, DE 19805
(302) 652-1200
and
**Kline & Specter, P.C.**

BY: **/S/ Joshua Van Naarden**
Matthew Casey, Esquire
Joshua Van Naarden, Esquire
1525 Locust Street
19th Floor
Philadelphia PA 19102

Date: May 11, 2006

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................... i

**NATURE AND STAGE OF PROCEEDINGS.**......................................... 1

**SUMMARY OF ARGUMENT**.................................................................. 2

**COUNTER-STATEMENT OF FACTS**................................................... 3

**ARGUMENT**.......................................................................................... 4

I. The Summary Judgment Standard ......................... .......................... 4

II. Delaware Premises Guest Statute Does Not Bar Recovery for Claims Based upon the Attractive Nuisance Doctrine................................. 4

III. CONCLUSION...................................................................................... 10

# TABLE OF AUTHORITIES

**CASES:** **PAGE**


Pacitti v. Macy's
193 F.3d 766, 772 (3d Cir.1999)...................................................... 4

Blizzard v. Hastings
886 F.Supp. 405, 408 (D.Del.1995).................................................. 4

Olson v. General Elec. Astrospace
101 F.3d 947, 951 (3d Cir.1996)...................................................... 4

Moran v. Delaware Racing Association
9 Storey 250, 218 A.2d 452, 453 (Del.Super.1966)..................... .... 5

Space v. National R.R. Passenger Corp.
555 F.Supp. 163 (1983), (D.C.Del.,1983)...................................... 5,6,7

Fox v. Fox
729 A.2d 825 (DE Supreme 1999).............................................. ..... 5,8

Coe v. Schneider
424 A.2d 1, n. 1 (Del.1980)........................................................... 6

Schorah v. Carey
331 A.2d 383, 384 (Del.1975)................................................. ....... 6

Acton v. Wilmington and Northern Railroad Co.
407 A.2d at 206 ............................................................ ...... 7

Stratford Apartments, Inc. v. Fleming
305 A.2d 624, 626 (Del.1973)......................................................... 7

Porter v. Delmarva Power & Light Co.
547 A.2d 124 (Del.1988)............................................................. 7


**RULES AND STATUTES**:


25 Del.C. § 1501..................................................................................2,4,5,10

Fed. R. Civ. P 56(c)............................................................................ 4

Prosser, Law of Torts, § 59 at 364-376 (4th ed. 1971).................................. 5

Prosser, Law of Torts, § 58 at 362 (4th ed. 1971).......................................... 5

Restatement (Second) of Torts § 339 (1965)................................................. 6,8

Restatement (Second ) of Torts § 343B (1965).............................................. 7

**NATURE AND STAGE OF PROCEEDINGS**

This case involves the August 30, 2002, drowning of an infant, Marissa Rose Fishman, at an indoor swimming pool located at the home of her maternal grandparents at 3220 Coachman Road, Wilmington, Delaware. Plaintiff alleges, among other things, that the Longwill Defendants are liable because they exposed Plaintiff's decedent to an attractive nuisance on the premises, when she proceeded through an unopened doorway to the indoor pool, and subsequently drowned. This case involves claims for wrongful death and survival act damages.

Plaintiff originally filed this case in the Philadelphia Court of Common Pleas. On August 27, 2004, , the Defendants removed it to the United States District Court for the Eastern District of Pennsylvania Eastern District and, on March 4, 2005, upon application of the Defendants, the case was transferred to this Court. Plaintiff's Complaint is attached hereto as Exhibit "A".

Defendants, Richard Longwill and Barbara Longwill, have moved for summary judgment claiming that Delaware's premises guest statute bars Plaintiff from recovering any negligence claims against the Longwill Defendants, private property owners, where a "guest without payment" has been injured on the property. The attractive nuisance doctrine, properly plead in Plaintiff's complaint, allows for such recovery of negligence claims and accordingly the Defendants motion must fail.

**SUMMARY OF ARGUMENT**

Plaintiff's claims are not barred by Delaware statute from making negligence claims arising from Plaintiff's decedents drowning and subsequent death on the Longwill Defendants' property. Recovery is permitted for private property owner negligence where an attractive nuisance is found to exist. Delaware premises guest statute, 25 Del.C. § 1501, may limit private landowner liability in instances were a "guest without payment" is injured on the premises, however, it is inapplicable when the injured party, like Plaintiff's decedent, is lured by artifices that the defendant landowner built. Defendants argument that Plaintiff has not proffered relevant proof of "willful and wanton disregard" is irrelevant as Plaintiff need not prove such allegations to prevail under the doctrine of attractive nuisance.

## COUNTER-STATEMENT OF FACTS RELEVANT TO INSTANT MOTION

This case involves the August 30, 2002 drowning of a Marissa Rose Fishman, at an indoor swimming pool located at the home of her maternal grandparents at 3220 Coachman Road, Wilmington, Delaware. See Certificate of Death of Marissa Rose Fishman, attached hereto as Exhibit "B". Plaintiff's decedent was approximately two years of age at the time of her death. At the time of her death, she was visiting her grandparents' house in Delaware.

It is undisputed that the indoor pool was owned, maintained, purchased and constructed for the Longwill Defendants. The indoor pool constitutes an artificial condition on the Longwill premises thus creating an attractive nuisance. The attractive nuisance doctrine was plead in Plaintiff's complaint that was transferred to this Court upon the Defendants application on March 4, 2005. See Plaintiff's Complaint ¶25 and ¶26 attached hereto as Exhibit "A." Plaintiff's negligence claims are not barred by the Delaware premises guest statute since the Longwill Defendants' indoor pool constitutes an attractive nuisance and the Defendants' motion must be denied.

**ARGUMENT**

I. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P 56(c). When deciding a motion for summary judgment , the court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir.1999). An issue is genuine if a reasonable jury could return a verdict for the Plaintiff given the evidence. Blizzard v. Hastings, 886 F.Supp. 405, 408 (D.Del.1995). The nonmoving party, however, must demonstrate the existence of a material fact by supplying sufficient evidence-not mere allegations-for a reasonable jury to find for the non-movant. Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir.1996).

II. Delaware Premises Guest Statute Does Not Bar Recovery for Claims Based Upon the Attractive Nuisance Doctrine

The Defendants contend that Plaintiff's negligence claims must be dismissed because they are barred by Delaware's premises guest statute. Delaware's premises guest statute, 25 Del.C. § 1501, provides:

> No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others.

25 Del.C. § 1501. The Defendants allege that because it is undisputed that Plaintiff's decedent was a visitor in the Longwill home, that liability can only be predicated on intentional or willful

or wanton conduct, but not negligence, under the terms of 25 Del.C. § 1501. The Defendants are wrong.

An analysis of both the Delaware common law of tort and the legislative revisions which led to the applicable version of 25 Del.C. § 1501, is essential to determine whether Section 1501 precludes the negligence claims in this case. Under the common law of Delaware, as in nearly every state, a landowner has no duty of non-negligence to trespassers[1]. Moran v. Delaware Racing Association, 9 Storey 250, 218 A.2d 452, 453 (Del.Super.1966). Nonetheless, it was established at common law that a landowner would be liable for an injury inflicted in a willful or wanton manner to a trespasser. Prosser, Law of Torts, § 58 at 362 (4th ed. 1971). The courts have also recognized that because of immaturity and want of judgment, a child may be incapable of understanding and appreciating all the possible dangers which she may encounter in trespassing a property. Thus, an exception from the willful or wanton standard in the case of child trespassers has long been recognized at common law. Space v. National R.R. Passenger Corp. 555 F.Supp. 163 (1983), (D.C.Del.,1983); Prosser, Law of Torts, § 59 at 364-376 (4th ed. 1971). This exception developed originally through the doctrine of "attractive nuisance" which posited that a child could be lured onto land by artifices that the defendant landowner built so that the defendant himself was responsible for the trespass. Id.. Therefore, in those circumstances where an "attractive nuisance" was found to exist, the common law allowed recovery for child visitors if the landowner's conduct amounted to negligence. Delaware has long recognized a

[1]In Fox v. Fox 729 A.2d 825 (DE Supreme 1999) the Court held trespassing children's claims are not barred by 25 De. C. § 1501 and such logic is extended to children invitees. In Fox a child was injured while visiting her grandparents and was properly allowed to present a negligence claim under the attractive nuisance doctrine as discussed more fully infra..

negligence standard in the case of child visitors where an attractive nuisance, such as an indoor pool, is found to exist.

The "attractive nuisance" exception has been recognized in the Restatement of Torts. Restatement (Second) of Torts § 339 (1965) provides:

> **ARTIFICIAL CONDITIONS HIGHLY DANGEROUS TO TRESPASSING CHILDREN.**
>
> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if:
>
> (a) the place where the condition exists is one upon which the **possessor knows or has reason to know that children are likely to trespass**, and
>
> (b) the condition is one of which the **possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death** or serious bodily harm to such children, and
>
> (c) the **children because of their youth do not discover the condition or realize the risk** involved in intermeddling with it or in coming within the area made dangerous by it, and
>
> (d) the utility to the possessor of maintaining the condition and the **burden of eliminating the danger are slight as compared with the risk to children** involved, and
>
> (e) the **possessor fails to exercise reasonable care to eliminate the danger** or otherwise to protect the children.

Restatement (Second) of Torts § 339 (1965)(emphasis added). Delaware has adopted the standards set forth in Section 339. Coe v. Schneider, 424 A.2d 1, n. 1 (Del.1980); Schorah v. Carey, 331 A.2d 383, 384 (Del.1975). Therefore, as a matter of Delaware common law, a child trespasser can recover for the ordinary negligence of a landowner if the criteria of the Restatement (Second) of Torts § 339 are satisfied.

The current statute (25 Del.C. § 1501), with the addition of the category of trespassers,

more clearly reflects the legislative intent to codify the common law. Space v. National R.R. Passenger Corp. 555 F.Supp. 163 (1983); *quoting* Acton v. Wilmington and Northern Railroad Co., 407 A.2d at 206. Given this intent to codify the common law, it must also follow, that the legislature intended to preserve the common law exception for child trespassers set forth in Restatement§ 339.[2] 25 Del.C. § 1501 does not eliminate the standards of the Restatement (Second) of Torts § 339 adopted and in the case of child trespassers a landowner is responsible for ordinary negligence under the Restatement (Second) of Torts § 339(e) if the other criteria of Section 339 are satisfied. Space v. National R.R. Passenger Corp. 555 F.Supp. 163 (1983).[3]

We are now required to address the applicability of § 343B to the doctrine of attractive nuisance. Section 343B of the restatement (second) of torts (1965) provides that

> [i]n any case where a possessor of land would be subject to liability to a child for physical harm **caused by a condition on the land if the child were a trespasser, the possessor is subject to liability if the child is a licensee or an invitee**.

Section 343B of the restatement (second) of torts (1965)(emphasis added). Comment a to §

---

[2]It is well settled that any statute in derogation of the common law must be construed against the party for whose benefit it is passed, in this case the landowner. Stratford Apartments, Inc. v. Fleming, 305 A.2d 624, 626 (Del.1973).

[3]In Porter the Court recognized Delaware's "long adherence" to the "humanitarian doctrine" espoused in § 339 and the recognition "that a child of tender years is not to be held to the same level of foreseeability or appreciation of danger as an adult." Porter v. Delmarva Power & Light, 547 A.2d at 129. The General Assembly did not intend to eliminate the doctrine of attractive nuisance with its passage of the premises guest statute. Id.

343B expressly states that the section is "concerned chiefly" with the attractive nuisance doctrine. Simply stated, § 343B indicates that a child licensee or invitee is entitled to at least as much protection as the child trespasser and the "possessor of the land is no less obligated to anticipate and take into account [the child licensee's or invitee's] propensities to inquire into or meddle with conditions which he finds on the land, his inattention, and his inability to understand or appreciate the danger, or to protect himself against it." Restatement (second) of Torts § 343B, cmts. b, c (1965).

The Supreme Court of Delaware in Fox recognized the applicability of the attractive nuisance doctrine to children licensees and invitees, formally adopting § 343B. Fox v. Fox 729 A.2d 825 (1999), (Del.Supr.,1999). In Fox, plaintiff, just shy of her third birthday, was injured when her foot made contact with the blades of a riding lawnmower. Plaintiff's grandparents, the defendants, were babysitting Plaintiff at their home in Townsend, Delaware. The grandparents decided to mow the grass, using a riding mower. Unbeknownst to either defendant, the minor Plaintiff got up, went outside, and ran towards the lawnmower. Her right foot slid under the left side of the lawnmower resulting in severe injuries. Id. The relationship of the parties in the Fox case are identical to the relationships in the present case, in that this unfortunate event occurred on the property of Marissa Fishman's grandparents. The only notable difference is that the cause of the injury in the present case resulted from a condition on upon the land (indoor pool) and not from an instrumentality (lawnmower).

The evidence in the case at bar satisfies the attractive nuisance requirements set out in the Restatement (Second) of Torts § 339. The facts are as follows:

(a). Defendants knew that children (specifically grandchildren) were likely to enter the indoor pool area unattended if the sliding glass door was left open. December 9, 2002 Statement of Barbara Longwill pg. 2; Deposition of Barbara Longwill pg. 83 ln 15 attached collectively hereto as Exhibit "C"); and

(b). Defendants knew that allowing their grandchildren unsupervised access to the indoor pool involved an unreasonable risk of death or serious bodily harm (See 10/9/02 statement of Barbara Longwill pg. 2 attached hereto as Exhibit "C"); and

(c). Marissa Fishman, deceased, at the time of this incident was 20 months old and did not realize the risk involved in coming within the indoor pool area; and

(d). The burden of eliminating the danger that the indoor pool presented was

slight and would have entailed ensuring that the glass sliding door was locked at all times when children are left unattended; and

(e). Defendants failed to exercise reasonable care to eliminate the danger posed by the glass sliding door to the indoor pool remaining open while children were left unattended.

Plaintiff is not barred under Delaware's premises guest statute because the attractive nuisance exception is applicable to the present case. Accordingly, Plaintiff need not present evidence of the Defendants willful or wanton disregard for the safety of Plaintiff's decedent, and the Defendants present Motion should be denied..

**CONCLUSION**

Plaintiff's claims are not barred by Delaware statute from making negligence claims arising from Plaintiff's decedents drowning and subsequent death on the Longwill Defendants' property. Delaware premises guest statute, 25 Del.C. § 1501 is inapplicable when the injured party, like Plaintiff's decedent, was lured by artifices that the defendant landowner built which ultimately results in injury. Defendants argument that Plaintiff has not proffered relevant proof of "willful and wanton disregard" is irrelevant as Plaintiff need not prove such allegations to prevail under attractive nuisance doctrine. For the reasons set forth above, Plaintiff respectfully requests that the Motion for Summary Judgment of Defendants, Richard Longwill and Barbara Longwill is denied and Plaintiff may recover under the negligence theory pursuant to the attractive nuisance doctrine.

Respectfully submitted,

**Wetzel & Associates, P.A.**

BY: **/s/ Benjamin C. Wetzel, III**
Benjamin C. Wetzel, III (I.D. No. 985)
The Carriage House
1100 North Grant Avenue
Suite 201
Wilmington, DE 19805
(302) 652-1200
and
**Kline & Specter, P.C.**
BY: **/S/ Joshua Van Naarden**
Matthew Casey, Esquire
Joshua Van Naarden, Esquire
1525 Locust Street
19th Floor
Philadelphia PA 19102
(215) 772-1000
Attorneys for Plaintiff

Date: May 11, 2006