2004 AUG 18 PM 4: 10
PRO PROTHY

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION
BY:
ATTORNEY FOR          THOMAS R. KLINE/ROBERT ROSS/MATTHEW A. CASEY
ATTORNEY ID. #        Attorney I.D. No. 28895/47152/84443
THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
215-772-1000

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the<br>ESTATE OF MARISSA ROSE FISHMAN, deceased<br>110 West Front Street<br>Media, Pennsylvania 19063 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | CIVIL TRIAL DIVISION |
| RICHARD LONGWILL<br>3220 Coachman Road<br>Surrey Park<br>Wilmington, DE 19803 | |
| | MARCH TERM, 2004<br>NO. 003776 |
| BARBARA LONGWILL<br>3220 Coachman Road<br>Surrey Park<br>Wilmington, DE 19803 | **JURY TRIAL DEMANDED** |
| AIR BASE CARPET MART, INC., d/b/a<br>AIR BASE DISTRIBUTING, INC. d/b/a AIR BASE<br>CARPET MART<br>230 N. Dupont Hwy.<br>New Castle, DE 19720 | |
| AIR BASE DISTRIBUTING, INC.<br>230 N. Dupont Hwy.<br>New Castle, DE 19720 | |

## FOURTH AMENDED COMPLAINT
### [2-S Premises Liability]

1.      Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of

Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware

A1

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

County dated September 23, 2003; Mr. Gorbey is a citizen and resident of the Commonwealth of Pennsylvania.

2.      Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000 and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

3.      Plaintiff's decedent drowned on August 30, 2002 while staying at the home of her maternal grandparents, who are named defendants herein, at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803.

4.      Defendant Air Base Carpet Mart, Inc., d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart ("Air Base") is a Delaware corporation or other jural entity with a principal place of business at 230 N. Dupont Hwy., New Castle, DE 19720.

5.      Defendant Air Base Distributing, Inc. is a Delaware corporation or other jural entity, which, upon information and belief, shows the same address.

6.      Defendants Richard Longwill and Barbara Longwill ("the Longwill defendants") reside at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803. The Longwill defendants, either jointly or individually, own the premises, which includes an indoor pool, at this address.

7.      Defendant Richard Longwill is an owner, operator, director and/or officer in several Pennsylvania corporations, including Lancaster Carpet Mart, Inc.; Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne Carpet Mart, Inc.; and Lomax Home Center, Inc. Lomax Home Center, Inc. is located at 2940 Jasper Street in Philadelphia, Pennsylvania, and 100% of its stock is owned by defendant Richard Longwill. See Air Base Web Site Home Page, attached as Exhibit "A".

8.      Defendant Barbara Longwill is the secretary-treasurer of Air Base Carpet Mart,

42

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Inc., which regularly conducts business in Pennsylvania through its affiliates Lancaster Carpet

Mart, Inc.; Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet,

Inc.; Yorktowne Carpet Mart, Inc.; and Lomax Home Center, Inc. See Exhibit "A".

9.      Defendant Air Base, itself and through the foregoing affiliates, purposefully avails

itself of the laws and benefits of the Commonwealth of Pennsylvania. See Exhibit "A".

10.     Philadelphia county venue is proper because the Longwill defendants, both

individually and through their corporate affiliations with Defendant Air Base, and

defendant Air Base own and operate Lomax Home Center, Inc. at 2940 Jasper Street in

Philadelphia, Pennsylvania.

11.     On August 30, 2002, Marissa Rose Fishman, a minor, who was visiting at

Richard and Barbara Longwill's residence, was upon information and belief, to be confirmed

through discovery, caused to drown due to the negligent acts and/or failures to act on the part of

defendants and their actual and/or ostensible agents, servants and/or employees, including their

failure to take reasonable steps to make the premises safe and negligently exposing an infant to

an unsupervised swimming pool, which may have constituted an attractive nuisance.

12.     Plaintiff's decedent, an infant, proceeded unattended through an

open sliding glass door separating the kitchen and a large, indoor pool.

13.     Said actual and/or ostensible agents, servants and/or employees included, upon

information and belief, Teresa Garcia Zavala, a nanny, and workmen, either employed or

contracted by defendant Richard Longwill and defendant Air Base.

14.     Upon information and belief, said workmen negligently left the sliding door open

leading to the pool on the subject premises.

A3

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

15.    Plaintiff will pursue a separate action against said workmen in a different forum that has jurisdiction over them, which action may, at a future date, be consolidated with the within action. If if is found that said workmen, alone, were responsible for making the pool premises safe by keeping entryways to the subject pool closed, then said workmen, and their principals, employers and/or masters, may be solely liable to plaintiff.

16.    All defendants named herein are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known to plaintiff without the benefit of discovery. By way of more specific identification, said actual /or ostensible agents, servants and/or employees were working at the subject premises on August 30, 2002.

17.    The Longwill defendants owed a non-delegable duty to children on the premises to protect them from all hazards that were reasonably foreseeable; said hazards included both the means of access to the indoor pool and the work that was being conducted on the premises that day.

18.    The door to the pool being left open, and the pool itself, constituted an attractive nuisance, one that was reasonably foreseeable given the work that was being done that day. This attractive nuisance caused the death of Marissa Rose Fishman.

19.    The unreasonably dangerous condition created by the work was foreseeable, and it caused the death of Marissa Rose Fishman.

20.    Plaintiff claims all damages recoverable under the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302, arising out of Marissa Rose Fishman's

A4

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

drowning and subsequent death.

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against

defendants in an amount in excess of Fifty Thousand Dollars ($50,000) exclusive of pre-

judgment interest, costs, and post-judgment interest.

KLINE & SPECTER,
A Professional Corporation

BY: _____

THOMAS R. KLINE
ROBERT ROSS
MATTHEW A. CASEY
I.D. Nos. 28895/47152/84443
Attorneys for Plaintiff

Dated: 8/17/04

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

## VERIFICATION

I, James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, a minor, deceased, hereby verifies that the within Fourth Amended Complaint is based on first-hand information and on information furnished to my counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S.§4904 relating to unsworn falsification to authorities.

James H. Gorbey, Jr., Administrator of the
Marissa Rose Fishman, a minor, deceased

Date: 8/16/04

A4













Air Base Carpet Mart locations





**Air Base Carpet Mart**
230 N. DuPont Hwy
New Castle, DE 19720
Phone 302-328-1597

**Air Base Carpet Mart**
756 S Little Creek Rd
Dover, DE 19901
Phone: 302-678-0970

**Lomax Rug Company**
2940-56 Jasper Street
Philadelphia, PA 19134
Phone: 215-739-8110

**Exton Carpet Mart**
270 Pottstown Pike or Road
Exton, PA 19341
Phone: 610-363-5017

**Hours all locations:**

Sunday 11 - 5
Monday 10 - 9
Tuesday 10 - 6
Wed - Friday 10 - 9
Saturday 9 - 6

E-mail: rugnroll@aol.com

**Lancaster Carpet Mart**
1271 Manheim Pike
Lancaster, PA 17601
Phone: 717-299-2381

**York Carpet Mart**
1391 Eden Rd. & Rt 130
York, PA 17402-1939
Phone: 717-848-3905

**Reading Carpet Mart**
3515 N. 5th St. Highway
N.
Reading, PA 19605
Phone: 610-921-2037

**Mechanicsburg Carpet**
5103 Carlisle Pike
Mechanicsburg, PA 170
Phone: 717-975-1717

**Harrisburg Carpet Mar**
5051 Hampton CT RD
Harrisburg, PA 17112
Phone: 717-671-1414

A8



KLINE & SPECTER
A PROFESSIONAL CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES H. GORBEY, JR., Administrator of the : Civil Action
ESTATE OF MARISSA ROSE FISHMAN, deceased :
110 West Front Street : Docket No. 04cv4118
Media, Pennsylvania 19063 :
: **JURY TRIAL DEMANDED**
vs. :
:
:
ASHLAND CONSTRUCTION COMPANY, INC. :
1800 West 11th Street :
Wilmington, DE 19805 :
and :
JOSEPH RIZZO & SONS CONSTRUCTION :
13 Rizzo Avenue :
New Castle, DE 19720-2139 :
and :
VINCENT RIZZO CONSTRUCTION CO., INC. :
a/d/b/a Ashland Construction Company, Inc. :
1800 West 11th Street :
Wilmington, DE 19805 :
and :
JOSEPH V. RIZZO :
1800 West 11th Street :
Wilmington, DE 19805 :
and :
VINCENT RIZZO :
1800 West 11th Street :
Wilmington, DE 19805 :

FILED AUG 30 2004

### CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys, Thomas R. Kline, Esquire, Robert Ross, Matthew

A. Casey, and Kline & Specter, A Professional Corporation, hereby avers as follows:

1.    This action is brought in the United States District Court for the Eastern District

of Pennsylvania pursuant to 28 U.S.C. §1332 as a civil action in which the amount in controversy

exceeds the sum or value of the applicable limits for diversity jurisdiction, exclusive of interest

and costs, and is a controversy between citizens of different states; the plaintiff is a citizen of the

A9

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Commonwealth of Pennsylvania and the defendants are citizens of Delaware.

2.      Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of

Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware

County, Pennsylvania, dated September 23, 2003; Mr. Gorbey is a citizen and resident of the

Commonwealth of Pennsylvania.

3.      Defendant Ashland Construction Co., Inc. is a Delaware corporation with a

principal place of business at 1800 West 11th Street, Wilmington, DE 19805.

4.      Defendant Joseph Rizzo & Sons Construction Co. is a Delaware corporation with

a principal place of business at 13 Rizzo Avenue, New Castle, Delaware 19720.

5.      Defendant Vincent Rizzo Construction Co., Inc., is a Delaware corporation with a

business and/or mailing address at 1800 West 11th Street, Wilmington, DE 19805.

6.      The aforementioned defendants will hereinafter be referred to as "the corporate

defendants."

7.      Defendant Joseph V. Rizzo is an individual citizen of the state of Delaware with

a business address therein at 1800 West 11th Street, Wilmington, DE 19805.

8.      Defendant Vincent Rizzo is an individual citizen of the state of Delaware with a

business address therein at 1800 West 11th Street, Wilmington, DE 19805.

9.      The aforementioned individual defendants will hereinafter be referred to as "the

Rizzo defendants."

10.     The Rizzo defendants own, operate and control the business affairs

and daily operations of the corporate defendants, including the training, supervision and

monitoring of the daily activities of their agents, servants and/or employees.

2

A 10

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

11.    The Rizzo defendants and the corporate defendants were engaged at all times applicable hereto in the masonry and/or construction business.

12.    Upon information and belief, all of the defendants, either individually and/or through their agents, servants, and/or employees, were working at a residence located at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803 ("the Coachman Road residence") on August 30, 2002.

13.    The area where the work was being done included the area in and around the patio and a swimming pool located on the premises of the Coachman Road residence.

14.    Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000 and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

15.    Plaintiff's decedent drowned on August 30, 2002 in the swimming pool located on the premises of the Coachman Road residence.

16.    Plaintiff's decedent was caused to drown due to the negligent acts and/or failures to act on the part of the corporate defendants and the Rizzo defendants individually , as more particularly set forth herein.

17.    The corporate defendants are vicariously liable for  acts and/or failures to act on the part of their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz.

18.    Said acts and/or failures to act included the failure to take reasonable care to make the premises safe for the work to be done; negligently exposing an infant to an unsupervised swimming pool; failing to conduct their work in a manner that gave due

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

consideration to the presence of young children on the premises; negligently leaving open, and/or failing to properly close, a door on the premises that leads to the swimming pool; and negligently creating an attractive nuisance and unreasonably dangerous condition that exposed others at the residence, including plaintiff's decedent, to an increased risk of physical harm.

19.     The Rizzo defendants failed to properly train, supervise and/or monitor their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz.

20.     These failures to properly train, supervise and/or monitor their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz, caused the negligence more particularly described in paragraph 18, *supra*.

21.     Plaintiff's decedent, an infant, proceeded unattended through the open and/or improperly closed door leading to the swimming pool.

22.     Plaintiff's decedent then fell into the swimming pool.

23.     Plaintiff's decedent was thereafter caused to endure the horrors associated with death by drowning, which process includes, among other things, profound air hunger, laryngospasm, and conscious, severe pain.

24.     The corporate defendants are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known to plaintiff without the benefit of discovery. By way of more specific identification, said actual /or ostensible agents, servants and/or employees were working at the subject residence on August

4

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

30, 2002.

25. The door to the pool being left open, and/or not properly closed, created an attractive nuisance, and an unreasonably dangerous condition, which was reasonably foreseeable to the said actual /or ostensible agents, servants and/or employees who were working at the subject residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz, as well as to the Rizzo defendants themselves in their training, supervision and/or monitoring of the workers.

26. This attractive nuisance and unreasonably dangerous condition caused the death of Marissa Rose Fishman.

27. Plaintiff claims all damages recoverable under the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302, arising out of Marissa Rose Fishman's drowning and subsequent death.

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against defendants in an amount in excess of the applicable arbitration limits exclusive of pre-judgment interest, costs, and post-judgment interest.

KLINE & SPECTER,
A Professional Corporation

BY: _____
THOMAS R. KLINE
ROBERT ROSS
MATTHEW A. CASEY
I.D. Nos. 28895/47152/84443
Attorneys for Plaintiff

Dated: 5/30/04

5

A13