IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., ADMINISTRATOR OF THE ESTATE OF MARISSA ROSE FISHMAN, DECEASED | : : : : | CIVIL ACTION NO.  05-211 KAJ |
| v. | : : | TRIAL BY JURY OF TWELVE DEMANDED |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a AIR BASE DISTRIBUTING, INC. d/b/a AIR BASE CARPET MART, ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. a/d/b/a ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH V. RIZZO AND VINCENT RIZZO | : : : : : : : : : : : : : | |

**REPLY BRIEF OF DEFENDANTS, RICHARD LONGWILL AND BARBARA LONGWILL, IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

                                                    MARSHALL, DENNEHEY, WARNER,
                                                    COLEMAN & GOGGIN
                                                    Kevin J. Connors, Esquire
                                                    DE Bar ID: 2135
                                                    1220 North Market Street
                                                    5th Floor
                                                    P.O. Box 8888
                                                    Wilmington, DE 19899-8888
                                                    Attorney for Defendants,
                                                    Richard and Barbara Longwill

## **TABLE OF CONTENTS**

**Page**

TABLE OF CITATIONS………………………………………………………… ii

ARGUMENT …………………………………………………………………  1

    A.    Delaware's Premises Guest Statute Applies to Residential Swimming Pools……………………………………  2

    B.    Based on the Facts of This Case, Plaintiffs' Reliance on *Fox v. Fox* is Misplaced…………………………………….  4

CONCLUSION…………………….……………………………………………  4

# **TABLE OF CITATIONS**

**Page**

**Cases**

*Carper v. New Castle County Bd. of Education,* 432 A.2d 1202, 1205 (Del. 1981)……………………………………………………………………… 3

*Curtis v. Am. Indep. Ins. Co.,* 2004 Del. Super. LEXIS 189, *29 (Del. Super. Ct. 2004)……………………………………………………………… 3

*Fox v. Fox*, 729 A.2d 825 (Del. Sup. Ct.. 1999)……………………………………........ 1, 3

*Graham v. State,* 2004 Del. LEXIS 134, *9 (Del. 2004)………………………...……… 2

*Kelson v. State,* Del. Supr., No. 129, 1990…………………………………… ……… 2

*Kent Gen. Hosp. v. Kent County Bd. of Assessment,* 1995 Del. Ch. LEXIS 92, *9 (Del. Ch. 1995)……………………………………. 3

*New Castle County Council v. State*, 688 A.2d 888, 892 (Del. 1996)………………………. 2

*State v. Davis*, 1993 Del. Super. LEXIS 109, *11 fn 1 (Del. Super. Ct. 1993)……………… 2

*Williams v. State,* 756 A.2d 349, 352 (Del. 2000)…………………………………………….. 2

**Statutes and Rules**

Delaware's Premises Guest Statute, 25 Del. C. §1501 (2005)………………………….. 1, 3, 4

Restatement (Second) of Torts §339 (1965)……………………………………………. 3

**REPLY BRIEF OF DEFENDANTS, RICHARD LONGWILL AND BARBARA LONGWILL, IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants, Richard Longwill and Barbara Longwill ("the Longwill defendants"), in their individual capacity, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby submit their Reply Brief in Support of Motion for Summary Judgment.

**I.    ARGUMENT**

The Longwill defendants have moved for summary judgment alleging that plaintiffs' claims against the Longwill defendants are barred by Delaware's Premises Guest Statute, 25 Del. C. §1501 (2005).  Plaintiffs have opposed the Motion arguing that Delaware's "attractive nuisance" doctrine supersedes the immunity provided by Delaware's Premises Guest Statute. Plaintiffs rely almost exclusively on the case of *Fox v. Fox*, 729 A.2d 825 (Del. Super. Ct. 1999) to support their argument.  For the reasons stated herein, plaintiffs' reliance on *Fox v. Fox, supra,* is misplaced, and Delaware's "attractive nuisance" doctrine does not override the Premises Guest Statute under the facts of this case.

**A.    Delaware's Premises Guest Statute Applies to Residential Swimming Pools.**

Prior to January 30, 1980, Delaware's Premises Guest Statute read as follows:

> No person who enters onto premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises…

25 Del. C. §1505 (1979).

As a result of this language, the owners of commercial swimming pools were using the statute to insulate themselves from liability.  On January 30, 1980, the Delaware legislature moved to amend the statute and added the words "private residential or farm" between the words "onto" and "premises" in the statute.  As such, the statute read:

1

> No person who enters onto <u>private residential or farm</u> premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises…

25 Del. C. §1501 (1980).

The legislative synopsis associated with this amendment stated the reason for the amendment. A true and correct copy of the legislative amendment and synopsis is attached hereto as Exhibit "A". The synopsis states:

> At present, owners of commercial swimming pools are protected from any liability to a child who wanders onto the premises and is killed or injured. It is the purpose of this Act to restrict such immunity only to private residential property, and farms.

*See* Exhibit "A".

As a general rule of statutory interpretation, the Assembly's intent in enacting or amending a statute can be revealed by reference to the synopsis in the House Bill. *State v. Davis*, 1993 Del. Super. LEXIS 109, *11 fn 1 (Del. Super. Ct. 1993) ("The Court recognizes that the above synopsis is not binding authority. However, it serves as a helpful guide to the General Assembly's intent in enacting the supplemental provision."), citing *Kelson v. State,* Del. Supr., No. 129, 1990, Christie, J. (Aug. 1, 1991) (ORDER) fn. 4 (relying on the synopsis to Senate Bill No. 435 to discern the 135th General Assembly's purpose in enacting an amendment to 16 Del. C. § 4753A); *See also Graham v. State,* 2004 Del. LEXIS 134, *9 (Del. 2004) ("The synopsis reflects the legislature's intent" to permit cumulative sentencing); *Williams v. State,* 756 A.2d 349, 352 (Del. 2000) ("The synopsis to the House Bill that was later enacted provides further guidance concerning the legislative intent"); *New Castle County Council v. State*, 688 A.2d 888, 892 (Del. 1996) ("While one might speculate concerning the purpose of Chapter 569, there can be no doubt of the General Assembly's intent in enacting Chapter 568 since it contains a

2

synopsis."); *Carper v. New Castle County Bd. of Education,* 432 A.2d 1202, 1205 (Del. 1981) (The synopsis of a Bill is a proper source from which to glean legislative intent); *Kent Gen. Hosp. v. Kent County Bd. of Assessment,* 1995 Del. Ch. LEXIS 92, *9 (Del. Ch. 1995) (same); *Curtis v. Am. Indep. Ins. Co.,* 2004 Del. Super. LEXIS 189, *29 (Del. Super. Ct. 2004) ("In construing this statute, it is the duty of the Court to find the legislative intent and give it effect. 'When a legislative body . . . amends its prior enactment by a material change of language, the rule of statutory construction presumes that a change in meaning was intended.' Further, courts have considered assorted external factors in seeking out legislative intent; the 'most legitimate factors are drafters' commentaries prepared before a bill is enacted by the legislature.' As well, 'the synopsis of a bill is a proper source from which to glean legislative intent.'") (citations omitted).

In the present case, the legislative intent for amending the Premises Guest Statute could not be more clear. The Premises Guest Statute provides immunity to the owners or occupiers of private residences for injury or death to a child arising out of the use of a swimming pool.

### B. Based on the Facts of This Case, Plaintiffs' Reliance on *Fox v. Fox* is Misplaced.

In *Fox v. Fox,* 729 A.2d 825 (Del. Super. Ct. 1999), minor plaintiff was injured while visiting her grandparents. The child was injured when her foot slipped on grass and went under a riding lawnmower. The Supreme Court analyzed whether the Restatement (Second) of Torts §339 (1965), frequently referred to as the "attractive nuisance" doctrine, overrode the immunity provided by Delaware's Premises Guest Statute.

Ultimately, the Court found that a riding mower was not an attractive nuisance. The Court, however, did hold that, "<u>absent clear legislative intent to the contrary,</u>" the attractive nuisance doctrine could override the Premises Guest Statute. The *Fox* holding was in a vacuum

3

since the court did not discuss specific instances of what would constitute an attractive nuisance which overrode the immunity of Section 1501. In the present case, there is a <u>clear legislative intent</u> that the Premises Guest Statute applies to pools on private residential property. *See* Exhibit "A".

## II. **CONCLUSION**

Based upon the clear, unambiguous legislative intent in amending Delaware's Premises Guest Statute on January 30, 1980 to eliminate the immunity of owners of commercial swimming pools, while providing such immunity to the owners of swimming pools on private residential properties, this Honorable Court should find that the Delaware's Premises Guest Statute applies to the facts of this case and enter summary judgment in favor of defendants, Richard Longwill and Barbara Longwill, on all claims and cross-claims made against them.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By:   /s/ Kevin J. Connors
         Kevin J. Connors, Esquire
         DE Bar ID: 2135
         1220 North Market Street
         5th Floor
         P.O. Box 8888
         Wilmington, DE 19899-8888
         Attorney for Defendants,
         Richard and Barbara Longwill

**DATED:** May 18, 2006

\01_18\LIAB\DJHART\LLPG\692768\JMSMITH\03030\02632

4