IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | \| \| \| \| |
| Plaintiff, | \| \| |
| v. | \|   C.A. No. 05-211 KAJ \| |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, VINCENT RIZZO, | \|   JURY TRIAL DEMANDED \| \| \| \| \| \| \| \| \| \| \| |
| Defendants. | \| |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS',
ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO
CONSTRUCTION CO., INC., d/b/a ASHLAND CONSTRUCTION CO., INC.,
JOSEPH V. RIZZO, AND VINCENT RIZZO,
<u>MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY</u>**

MURPHY SPADARO & LANDON
ROGER D. LANDON (ID#: 2460)
CHASE T. BROCKSTEDT (ID#: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
Joseph V. Rizzo, and Vincent Rizzo

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

ARGUMENT.....................................................................................................................1

  I.  THE ASHLAND DEFENDANTS OWED
     NO DUTY TO MARISSA FISHMAN ...................................................................1

     A.  Delaware Law Requires Control ......................................................................1

     B.  The Ashland Defendants Assumed No Duty ....................................................3

     C.  Plaintiff's "Reasonableness" and "Foreseeability"
         Argument is Misplaced......................................................................................6

  II.  ANY FACTUAL ISSUES ARE NOT MATERIAL.............................................8

     A.   The Relevant Evidence Remains Uncontroverted.........................................8

CONCLUSION................................................................................................................11

i

# **TABLE OF AUTHORITIES**

Cases

Behringer v. William Gretz Brewing Co., 169 A.2d 249 (Del. 1961) .............................. 7

Bryant v. Delmarva Power & Light Company, 1995 WL 653987
  (Del. Super. Ct. Oct. 2, 1995) ................................................................................... 2

Craig v. A.A.R. Realty Corp., 576 A.2d 688 (Del. Super. Ct. 1989) ............................... 3

Figgs v. Bellevue Holding Co., 652 A.2d 1084 (Del. Super. Ct. 1994) ....................... 2, 5

Gade v. National Solid Wastes Management Ass'n, 112 S. Ct. 2374 (1992) .................. 2

Hawthorne v. EDIS Co. 2003 WL 23009254 (Del. Super. Ct. July 14, 2003) ................ 2

Li v. Capano Builders, Inc., 1999 WL 191570 (D. Del. Mar. 26, 1999) ......................... 5

Monroe Park Apartments Corp. v. Bennett, 232 A.2d 105 (Del. 1967) .......................... 3

Murphy v. Godwin, 303 A.2d 668 (Del. Super. Ct. 1973) .............................................. 1

Rabar v. E.I. DuPont de Nemours & Co., Inc., 415 A.2d 499
  (Del. Super. Ct. 1980) ............................................................................................ 1, 2

Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125
  (E.D. Pa. 1980) ......................................................................................................... 4

**ARGUMENT**

I. **THE ASHLAND DEFENDANTS OWED NO DUTY TO MARISSA FISHMAN**

In their opening brief, the Ashland defendants argue they are not liable because 1) the area of work was the outside patio of the Longwill Residence, 2) Delaware law requires a defendant to "control" the area in question to impose a duty, and 3) the Ashland defendants owed no duty to make the interior of the Longwill Residence safe for Marissa Fishman.  In response, Plaintiff argues 1) the Ashland defendants admitted they voluntarily assumed a duty to make the interior of the Longwill Residence safe and 2) the Delaware law cited by the Ashland defendants requiring "control" to impose a duty is incorrect and that the true test to determine duty, and resulting liability, is "reasonableness" and "foreseeability."

A. **Delaware Law Requires Control**

As a threshold matter, in order to prove a prima facie case of negligence, it is necessary to establish that a defendant owed a duty, breached that duty, and as a result of the breach, caused harm.  Murphy v. Godwin, 303 A.2d 668, 674 (Del. Super. Ct. 1973).  Plaintiff agrees with this statement of the law.  However, Plaintiff asserts that the test to determine whether the Ashland defendants owed a duty to Marissa Fishman should be "reasonableness" and "foreseeability" as opposed to who had "control" of the area of the interior sliding glass door.  Plaintiff's Answering Brief at p. 4.[1]  Plaintiff asserts that the Ashland defendants rely on bad law and that the cases cited analyzing the issue of "control" do not apply.  Specifically, Plaintiff represents in the answering brief at page 8 that the case of Rabar v. E.I. DuPont de Nemours & Co., Inc., 415 A.2d 499 (Del. Super. Ct. 1980) has been overruled and that the Ashland defendants have attempted to "bootstrap inopposite case law" into this case.  Id. at p. 8.  This contention is misleading and the cases addressing premises liability are relevant.

---

[1] Future citations to Plaintiff's Answering Brief will be cited as "AB at p. ___."

Plaintiff's reliance on Hawthorne v. EDIS Co., for the proposition that Rabar was overruled and is no longer good law is confusing.[2] The Hawthorne court was asked to consider premises liability arising from injuries occurring on a construction site. Hawthorne, 2003 WL 23009254 at *1 (Del. Super. Ct. July 14, 2003), Ex. A. In determining whether a defendant "controlled" the area of work where the injury occurred, the court expressly referenced the holding in Rabar and stated:

> a question of fact is presented as to whether [defendant] owed a duty as to whether [defendant] maintained control of the work area. [Plaintiff] points out that although the Rabar case was overruled on other grounds, the Rabar work-area control test is still intact.

Id. at *7 (citing to Bryant v. Delmarva Power & Light Company, 1995 WL 653987 at *7 (Del. Super. Ct. Oct. 2, 1995)), Ex. B. Similarly, in the Bryant case, the court was considering premises liability arising from an accident at a marine construction site. Bryant, 1995 WL 653987 at *1. In determining the legal responsibility for workplace safety, the Bryant court also noted the work-area control test employed in Rabar and stated:

> [a]lthough the Rabar Court's ultimate conclusion regarding the effect of Delaware's workplace safety regulations has been overruled by Gade, the Court is not convinced that Rabar's analytical framework should be discarded. Rather, the Rabar methodology should be retained for purposes of determining who is legally responsible under Delaware common law for maintaining workplace safety.
>
> \* \* \*
>
> Accordingly, the Court will apply Rabar's methodology to determine whether the utility defendants were legally responsible for workplace safety in the instant case.

Id. at *7.

---

[2] Part of the Rabar decision that was related to who was responsible for implementing workplace safety regulations was overruled by Gade v. National Solid Wastes Management Ass'n, 112 S. Ct. 2374 (1992) (ruling that the Occupational Safety and Health Act of 1970 (OSHA) pre-empted state law on this issue). The overruling was recognized by Figgs v. Bellevue Holding Co., 652 A.2d 1084 (Del. Super. Ct. 1994).

The Rabar decision is good law.  Although Plaintiff inexplicably cites Hawthorne for the proposition that it was overruled, the "control" test is very much intact and relevant.  The duty to make a premises safe flows from the party who has control of the area and the ability to eliminate hazards and dangerous conditions.  To determine if the Ashland defendants owed a duty to Marissa Fishman it is necessary to determine if they controlled the interior of the house where the pool access was located.  The test espoused in Rabar and employed by Bryant, Hawthorne and many other Delaware courts is good law.

Plaintiff has attempted to distinguish Craig v. A.A.R. Realty Corp., 576 A.2d 688 (Del. Super. Ct. 1989) and Monroe Park Apartments Corp. v. Bennett, 232 A.2d 105 (Del. 1967) and asserts that both cases have no factual or legal nexus with the case presently before this Court.[3] Admittedly, neither case addresses who is potentially liable for the drowning death of a twenty month old child in a pool located on the premises of her grandparents, but, as stated in the opening brief, both cases, and all of the cases dealing with premises liability relied on by the Ashland defendants, require "actual control" to impose liability against a landowner/possessor and are relevant to the instant motion.

### B.    The Ashland Defendants Assumed No Duty

In an effort to defeat the "control" requirement, Plaintiff argues that Ashland Construction's Spanish speaking employee, Salvador Ortiz-Britto, admitted he had a duty to close the sliding glass door to the pool area and keep the inside of the Longwill Residence safe for small children and, therefore, liability should be imposed against the Ashland defendants.  Plaintiff relies on this admission (as opposed to who actually controlled the area) to support its assumption of duty argument by quoting his inadmissible deposition testimony.  Specifically,

---

[3] Plaintiff states on page 8 of the Answering Brief that the Ashland defendants rely on Peters v. Gelb, 303 A.2d 685 (Del. Super. Ct. 1973).  That case does not appear in the Ashland defendants' motion for summary judgment or their opening brief in support.  The Ashland defendants do not rely on that case.

132009                                               3

Plaintiff argues that since Mr. Ortiz-Britto was aware of children at the Longwill Residence and testified that his employer, Vincent Rizzo, told him to make sure the doors were kept closed, the Ashland defendants assumed a duty to make the area safe and close the door.

The testimony of Mr. Ortiz-Britto cited by Plaintiff was provided in the context of the work which Ashland had done and completed inside the pool enclosure weeks earlier and not the work on the outside patio which was being done when the drowning occurred. Moreover, that "testimony" resulted from objectionable grossly leading questions. Pursuant to Federal Rule of Civil Procedure 56, the Court may only consider admissible evidence in the disposition of a motion for summary judgment. Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1139 (E.D. Pa. 1980). The answers provided by Mr. Ortiz-Britto were over objections and the record is preserved. Therefore, the testimony and the arguments in support should not be considered by this Court in deciding the pending motion.

However, even if the Court were inclined to accept that the questions asked of Mr. Ortiz-Britto were proper, were accurately interpreted by the translator, were understood by him, that his answers were accurately interpreted by the translator, and that his testimony was not taken out of context by Plaintiff in its Answering Brief, the facts do not support a showing that the Ashland defendants assumed a duty to keep the interior of the house, including the pool area, safe. How could they have assumed such a duty when they spent at most a couple of minutes inside the residence that morning during the several hours they were there before the child drowned?

Assumption of the duty for workplace safety was addressed in Li v. Capano Builders, Inc., 1999 WL 191570 (D. Del. Mar. 26, 1999), Ex. C. In considering liability for the death of a subcontractor installing siding on a house, this Court noted the law in Delaware is that "[a] duty

132009                                    4

to ensure workplace safety can be imposed upon a party who 'by agreement or otherwise, undertakes responsibility for implementing the required safety measures.'" Id. at *4 (citing to Figgs v. Bellevue Holding Co., 652 A.2d 1084, 1092 (Del. Super. Ct. 1994).  In granting the defendant developer's motion for summary judgment, this Court ruled that the developer had not voluntarily assumed a duty as to workplace safety because it contracted with its subcontractors to undertake such responsibilities at the job site.  Id. at *5.  The evidence in this case does not support the argument that the Ashland defendants voluntarily assumed a duty to protect the children in the Longwill Residence (and specifically, Marissa Fishman) from the potential danger posed by the pool.

It is undisputed that the Ashland defendants performed work at the Longwill Residence that required them to be inside of the pool area.  However, that phase of the work had been completed long before the work on the outside patio began. Dep. tr. of Vincent Rizzo dated Jan. 30, 2006 at pp. 22-23, Ex. D.  Plaintiff recognizes such facts and states in its "Counter-Statement of Facts" a follows:

> [t]he first phase of the project involved remodeling of the pool enclosure itself, and included, inter alia, removing the glass, replacing a "knee wall," and then replacing the glass wall enclosing the pool.  This work required the workers to be inside the pool enclosure.  The second phase of work apparently involved replacing the patio floor [outside of the house and pool enclosure] with brick pavers.

AB at p. v. (citations omitted).  Mr. Rizzo specifically testified "[i]t [the pool enclosure work] was completed every bit of two or three weeks before this [outside] patio was even started, in full.  It was completed."  Dep. tr. of Vincent Rizzo dated Jan. 30, 2006 at p. 23, Ex. D.

Although Plaintiff states that the "task of cleaning and moving furniture . . . to a clean area is certainly part of the project for which [they] were hired," the testimony provided by Mrs. Longwill establishes just the opposite.  AB at p. 5; Dep. tr. of Barbara Longwill dated Mar. 7,

2006 at pp. 35-37, Ex. E.  Prior to being asked by Mrs. Longwill to do a favor in preparation for a party that evening by cleaning a table and chairs and moving them inside (clearly not installing pavers on a patio) there is no evidence that Mr. Rizzo or Mr. Ortiz-Britto were inside of the house, or had been, once the inside work was finished.  Mrs. Longwill testified that when Mr. Rizzo wanted to come inside the house, he would be "proper" and ring the doorbell.  Id. at p. 86.  There is no evidence to suggest that the Ashland defendants were working inside the home and had control over the area where the sliding glass door was located.  Rather, the uncontroverted evidence is that the work that was being performed on the day of the incident was outside on the patio and the only reason the men were inside the home was to assist Mrs. Longwill in preparation for a party she was having that evening.  Id. at pp. 35-37.  The Ashland defendants' work area – the area they controlled – was outside and was not the interior sliding glass door.  When the work inside the pool enclosure was finished, they relinquished control of any area inside the Longwill Residence.  On the day of the incident, the area of the interior sliding glass door was controlled by one of the eight adults inside the home.

        **C.**     **Plaintiff's "Reasonableness" and "Foreseeabilty" Argument is Misplaced**

Plaintiff argues (without any citation) in section II(B) of its answering brief that the Ashland defendants owed a duty to Marissa Fishman in "terms of reasonableness" and because the incident was "foreseeable."  AB at pp. 4-8.  Specifically, Plaintiff argues that there is a genuine issue of material fact as to how long it took Mr. Rizzo and Mr. Ortiz-Britto to bring the furniture inside and that "[i]t was foreseeable that, if the workers left the sliding glass door open, 20 month old Marissa could enter the pool area, fall into the pool, and drown."  Id. at p. 5.  Plaintiff argues that leaving the door open during that process was unreasonable.  Id.

Plaintiff's argument is designed to create issues of fact where none exist. Mr. Rizzo testified that it took 30-40 seconds to bring the table and chairs inside because he and Mr. Ortiz-Britto brought them in one after another. Dep. tr. of Vincent Rizzo dated Jan. 30, 2006 at pp. 59-60, Ex. D. This testimony is uncontroverted and such evidence offered in support of a motion for summary judgment must be accepted as true. <u>Behringer v. William Gretz Brewing Co.</u>, 169 A.2d 249 (Del. 1961). Furthermore, Mr. Rizzo's testimony is consistent with Plaintiff's own expert who opines that Marissa Fishman was in the pool struggling for at least one of two minutes. Report of Ian C. Hood dated Jan. 24, 2006, Ex F. To state that there are issues of fact as to how long it took the Ashland defendants to bring the chairs and table inside and that it may have been longer than 30-40 seconds is not a reasonable inference which can be drawn. Moreover, to infer that Marissa Fishman drowned in the time it took Mr. Rizzo and Mr. Ortiz-Britto to bring the furniture inside is contrary to the evidence. The factual predicate necessary to support Plaintiff's entire "reasonableness" and "foreseeability" argument that Marissa Fishman somehow got into the pool area during the time it took Mr. Rizzo and Mr. Ortiz-Britto to bring the furniture inside, is not only an unreasonable inference, it is undermined by the evidence. However, if the Court were to wrongly engage in a "reasonableness" and "foreseeability" analysis, is it reasonable to assume that the mother, grandmother, great grandmother, nanny, cousin and aunt would leave a child of twenty months unsupervised while workers are bringing furniture from outside into the pool enclosure? The "reasonableness" and "foreseeability" analysis supports the Ashland defendants' position.

II. **ANY FACTUAL ISSUES ARE NOT MATERIAL**

With respect to liability, the Court need look no further than the requirements of duty and control as explained in section I of this reply and section II of the opening brief. The Ashland defendants cannot be held liable and summary judgment is appropriate if the Plaintiff cannot meet its burden of proving that the Ashland defendants owed a duty to Marissa Fishman. "Control" is necessary to impose such a duty and there is not a shred of evidence to support an argument that the Ashland defendants, working on an outside patio, controlled any area of the interior of the Longwill Residence. The Court's decision should start and end with that issue. Nevertheless, if the Court considers Plaintiff's additional arguments, the result should be the same.

    A.    **The Relevant Evidence Remains Uncontroverted**

Plaintiff argues there are discrepancies in the record which preclude the Court from entering summary judgment. Although its argument spans six pages, there are only two factual issues raised. First, Plaintiff argues that the conflicting testimony of Barbara Longwill creates a genuine issue of material fact. Second, Plaintiff contends that the testimony of Mr. Rizzo and Mr. Ortiz-Britto regarding the process of moving furniture inside is conflicting and therefore summary judgment is inappropriate.

Initially, there are discrepancies between the written statement of Barbara Longwill taken on the date of the incident and her deposition which took place three years and seven months later.[4] However, the discrepancies in her statements are only relevant to the pending motion in that she either left the door open after speaking with Mr. Rizzo about where to put the furniture in the pool enclosure or she closed the door after that exchange and someone else opened the

---

[4] Plaintiff's assertion on page 11 that Mrs. Longwill's deposition was taken six months after the incident is wrong.

132009                                                                           8

door after she walked away.  See, Ashland defendants Opening Brief at pp. 16-19.  Regardless, the discrepancies do not raise a genuine issue of material fact because the undisputed fact is that the door was open some 40 or so minutes later when Mr. Rizzo brought the furniture into the pool area.

With respect to the conflicting statements as to whether Mr. Rizzo and Mr. Ortiz-Britto brought the chairs or the table inside the home first, the Ashland defendants agree that the testimony regarding the exact order the furniture was brought inside is conflicting and are not attempting to hide from any fact.  However, the discrepancies referenced in Plaintiff's lengthy block quotes on pages 11-14 of the answering brief are not genuine issues of material fact precluding summary judgment.  The facts relevant to the pending motion, set forth in the Ashland defendants' opening brief, that are material to who had the duty to close the door and whether any inference can be drawn that the Ashland defendants had that duty and breached it, remain uncontradicted.  They are as follows:

- Barbara Longwill took Mr. Rizzo into the pool area to show him where to put a table – this occurred at least 40 minutes before Marissa Fishman's motionless body was discovered in the pool.  Dep. tr. of Barbara Longwill dated Mar. 7, 2006 at pp. 35-37, Ex. E; Dep. tr. Vincent Rizzo dated Jan. 30, 2006 at pp. 37-38, Ex. D.

- Mr. Rizzo went back outside and he and Mr. Ortiz-Britto spent 30-40 minutes outside on the patio cleaning the table and chairs as a favor to Mrs. Longwill.  Id.

- During those 30-40 minutes, no adult in the Longwill Residence can account for Marissa Fishman's whereabouts – including her great-grandmother, grandmother, mother, aunt, cousin or nanny.  Dep. tr. of Barbara Longwill dated Mar. 7, 2006 at p. 32, Ex. E; Dep. tr. of Rochelle Fishman dated Mar. 7, 2006 at pp. 19-23, Ex. G.

- During those 30-40 minutes, Marissa's three older siblings (Alexandra, age 8; Harrison, age 6; and Samuel, age 4) were inside the Longwill Residence and were capable of opening the interior door to the pool.  See police

> report, Ex. H; Dep. tr. of Barbara Longwill dated Mar. 7, 2006 at p. 81, Ex. E.

- When Mr. Rizzo and Mr. Ortiz-Britto brought the chairs and table into the house and into the pool area, the interior sliding glass door to the pool was already open. Dep. tr. of Vincent Rizzo dated Jan. 30, 2006 at pp. 37-39, 80-86, Ex. D; Dep. tr. Salvador Ortiz-Britto dated Feb. 23, 2006 at pp. 29-30, 49-51, Ex. I.

- It took Mr. Rizzo and Mr. Ortiz-Britto 30-40 seconds to bring in the chairs and table. Id. at pp. 59-60.

- Marissa Fishman's body was discovered floating face down in the pool as the table was being brought inside. Id. at 38-39.

Notably, Plaintiff's answering brief ignores this undisputed evidence and the fact that no one in the Longwill Residence could account for Marissa Fishman's whereabouts for a minimum of 43 minutes and chooses to argue that the Ashland defendants' motion for summary judgment is based on their own "self-serving testimony." AB at p. 11. Plaintiff further asserts that one possible scenario is that Mr. Rizzo and Mr. Ortiz-Britto "cleaned the chairs first, took them into the pool area, exited the pool area without closing the interior sliding glass door between the enclosed pool area and the dining room, and *did not immediately return . . . .*" Id. (emphasis added). Arguing that testimony of Mr. Rizzo and Mr. Ortiz-Britto, provided three years and seven months after the incident, is unclear as to exactly what furniture was brought in first is a fair characterization of the evidence. However, to argue that the two men did not bring the furniture inside in one or two trips over a period of time less than a minute is not a fair characterization of, and actually is contradicted by, the evidence. The uncontroverted facts of this case are that it took them 30-40 seconds.

A careful review of Plaintiff's genuine issue of fact assertion reveals that the disputed facts are not relevant to the issue of "control" and duty. Moreover, the inferences Plaintiff attempts to draw are not reasonable and are contradicted by the record evidence. Conversely, the

reasonable inferences drawn by the Ashland defendants are supported by relevant, admissible, and uncontroverted evidence.

## CONCLUSION

To impose liability against the Ashland defendants for the drowning death of Marissa Fishman, it is necessary to prove that they owed her a duty to make the interior of the Longwill Residence safe. To impose such a duty, it is necessary to show that the Ashland defendants "controlled" the inside of the Longwill Residence and specifically the area of the interior sliding glass door and therefore had the ability to make safe any unreasonably dangerous condition. Plaintiff cannot meet its burden. Furthermore, there are no genuine issues of material fact and summary judgment in favor of the Ashland defendants as to liability is warranted.

                    Respectfully submitted,

                    MURPHY SPADARO & LANDON

                    /s/ Chase T. Brockstedt
                    Roger D. Landon (ID #: 2460)
                    Chase T. Brockstedt (ID #: 3815)
                    1011 Centre Road, Suite 210
                    Wilmington, DE 19805

                    Attorneys for Defendants
                    Ashland Construction Company, Inc.,
                    Vincent Rizzo Construction Co., Inc. d/b/a
                    Ashland Construction Co., Inc.,
May 30, 2006          Joseph V. Rizzo, and Vincent Rizzo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | |
| Plaintiff, | |
| v. | C.A. No. 05-211 KAJ |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, VINCENT RIZZO, | JURY TRIAL DEMANDED |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Chase T. Brockstedt, Esq., do hereby certify that on this 30th day of May, 2006, one copy of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS', ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a ASHLAND CONSTRUCTION CO., INC., JOSEPH RIZZO, AND VINCENT RIZZO, MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY were e-filed and delivered in the manner indicated to the following individual(s):

| **Via First Class Mail** | **Via First Class Mail** |
|---|---|
| Matthew Casey, Esq. | Edward C. Mintzer, Jr., Esq. |
| Kline & Specter | Rawle & Henderson LLP |
| The Nineteenth Floor | The Widener Building |
| 1525 Locust Street | One South Penn Square |
| Philadelphia, PA 19102 | Philadelphia, PA 19107 |

132009

**Via First Class Mail**
Benjamin C. Wetzel, III, Esq.
Wetzel & Associates, P.A.
1100 N. Grant Avenue, #201
Wilmington, DE  19805

**Via Hand Delivery**
William J. Cattie, III, Esq.
Rawle & Henderson LLP
300 Delaware Avenue, #1015
Wilmington, DE  19801

**Via Hand Delivery**
Kevin J. Connors, Esq.
Marshall Dennehey Warner Coleman & Goggin
1220 N. Market Street, 5th Floor
Wilmington, DE  19801

**Via First Class Mail**
Daniel Hart, Esq.
Marshall Dennehey Warner Coleman & Goggin
1845 Walnut Street
Philadelphia, PA  19103

MURPHY SPADARO & LANDON

 /s/ Chase T. Brockstedt
ROGER D. LANDON (ID #: 2460)
CHASE T. BROCKSTEDT (ID #: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
Joseph V. Rizzo, and Vincent Rizzo

132009