IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR.,                          |
Administrator of the Estate of                 |
Marissa Rose Fishman, Deceased,                |
                                               |
                    Plaintiff,                 |
                                               |
v.                                             |        C.A. No. 05-211 KAJ
                                               |
RICHARD LONGWILL,                              |        JURY TRIAL DEMANDED
BARBARA LONGWILL,                              |
AIR BASE CARPET MART, INC.                     |
d/b/a Air Base Distributing, Inc. d/b/a        |
Air Base Carpet Mart, AIR BASE                 |
DISTRIBUTING, INC., ASHLAND                    |
CONSTRUCTION COMPANY, INC.,                    |
JOSEPH RIZZO & SONS                            |
CONSTRUCTION, VINCENT RIZZO                     |
CONSTRUCTION CO., INC.,                        |
d/b/a Ashland Construction Co., Inc.,          |
JOSEPH V. RIZZO, VINCENT RIZZO,                |
                                               |
                    Defendants.                |

**DEFENDANTS', ASHLAND CONSTRUCTION COMPANY, INC.,
VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a ASHLAND
CONSTRUCTION CO., INC., JOSEPH V. RIZZO, AND
VINCENT RIZZO, RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>PETITION FOR LEAVE TO FILE A SUR REPLY</u>**

Defendants', Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc.,

d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo, and Vincent Rizzo herby file this

Response in Opposition to Plaintiff's Petition for Leave of Court to file a Sur Reply.  In support

thereof, Defendants state as follows:

1.       Plaintiff argues in its petition that since the filing of Ashland Defendants' reply

brief in support of their motion for summary judgment as to liability, additional information has

been developed which "necessitates a Sur Reply in order to ensure this Court has all relevant

information" to properly decide Ashland Defendants' potential liability.  The additional information, according to Plaintiff, consists of three depositions and an expert report issued June 8, 2006.

2.      Local Rule 7.1.2(c) states that no additional briefs, beyond the Ashland Defendants reply brief, are permissible without leave of Court.  Section (c) also states that after the briefing has concluded, "a party may call to the Court's attention and briefly discuss pertinent cases after a party's final brief is filed or after oral argument."

3.      There are no cases cited in Plaintiff's petition and oral argument has not been scheduled.  Although the Ashland Defendants believe the Court should have all of the information relevant and necessary to decide the pending motions, and specifically Ashland Defendants' motion for summary judgment as to liability, the additional information Plaintiff seeks to introduce is irrelevant, inadmissible and improper.

4.      The deposition testimony of the three New Castle County Police officers (only two officers' testimony appears in Plaintiff's proposed Sur Reply) has no bearing on the pending motions.  Plaintiff attempts to rely on inadmissible hearsay from officers John Schlosser and Michael Santos that the Ashland Defendants somehow admitted they had a duty to keep the interior of the Longwill Residence safe and that they admitted leaving the interior sliding glass door open.  This information does not appear in the police report.  Moreover, the testimony from the two officers on this issue recounts statements allegedly made by Mr. Ortiz-Britto and/or Mr. Rizzo and is hearsay (and in some instances, double hearsay).  The testimony from the two officers that repeats alleged statements is not admissible and should not be considered by the Court.

5.       Although Plaintiff represents to the Court that the testimony of Officers Schlosser and Santos is vital to the pending motions, its motives are not pure.  As Plaintiff admits, a third member of the New Castle County Police Department, Corporal Claudine Malone, also testified.  She stated that she was told by Debra Longwill (Marissa's aunt) that Barbara Longwill left the door to the pool open and that is how Marissa Fishman got into the pool.  Dep. tr. of Corporal Claudine Malone dated May 17, 2006 at pp. 22-25, 37-39, Ex. A.  It is ironic that Plaintiff expresses a desire to provide the Court with additional information yet has only provided the Court with self-serving portions of the "necessary" information learned after briefing was completed.  If Plaintiff believed it had a good faith basis to bring such information to the Court's attention, it had an obligation to bring all of it forward.  Although Corporal Malone's testimony certainly advances the Ashland Defendants' position, such information was not brought to the Court's attention because, like the statements of Officers Schlosser and Santos, this information is inadmissible hearsay and therefore irrelevant and improper.  Simply, the testimony of the officers has no bearing on the pending motions.

6.       The other "necessary" information Plaintiff seeks to produce is an expert report dated June 8, 2006.  The proposed report expresses conclusory and inadmissible opinions regarding the Ashland Defendants' potential liability.  Whether the Ashland Defendants owed a duty to Marissa Fishman is a legal issue to be decided by the Court.  The proposed report is not relevant to that determination and therefore does not warrant further briefing.

7.       Plaintiff has set forth no good faith basis as to why a Sur Reply is necessary or warranted.  In fact, based on the information contained in the proposed Sur Reply, the only purpose for additional briefing is for Plaintiff to supply the Court with self-serving, inadmissible and improper information.

00132524

WHEREFORE, upon consideration of Defendants', Ashland Construction Company, Inc.,

Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo,

and Vincent Rizzo, Response in Opposition to Plaintiff's Petition for Leave to File a Sur Reply,

Plaintiff's Petition should be denied.


Respectfully submitted,

MURPHY SPADARO & LANDON

/s/ Chase T. Brockstedt
Roger D. Landon (ID #: 2460)
Chase T. Brockstedt (ID #: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
June 20, 2006                    Joseph V. Rizzo, and Vincent Rizzo

00132524

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR.,<br>Administrator of the Estate of<br>Marissa Rose Fishman, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD LONGWILL,<br>BARBARA LONGWILL,<br>AIR BASE CARPET MART, INC.<br>d/b/a Air Base Distributing, Inc. d/b/a<br>Air Base Carpet Mart, AIR BASE<br>DISTRIBUTING, INC., ASHLAND<br>CONSTRUCTION COMPANY, INC.,<br>JOSEPH RIZZO & SONS<br>CONSTRUCTION, VINCENT RIZZO<br>CONSTRUCTION CO., INC.,<br>d/b/a Ashland Construction Co., Inc.,<br>JOSEPH V. RIZZO, VINCENT RIZZO,<br><br>        Defendants. | C.A. No. 05-211 KAJ<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Chase T. Brockstedt, Esq., do hereby certify that on this 20th day of June, 2006, one copy of the foregoing DEFENDANTS', ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a ASHLAND CONSTRUCTION CO., INC., JOSEPH RIZZO, AND VINCENT RIZZO, RESPONSE IN OPPOSITION TO PLAINTIFF'S PETITION FOR LEAVE TO FILE A SUR REPLY were e-filed and delivered in the manner indicated to the following individual(s):

**Via First Class Mail**
Matthew Casey, Esq.
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA  19102

**Via First Class Mail**
Edward C. Mintzer, Jr., Esq.
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

00132524

**Via First Class Mail**
Benjamin C. Wetzel, III, Esq.
Wetzel & Associates, P.A.
1100 N. Grant Avenue, #201
Wilmington, DE  19805

**Via Hand Delivery**
Kevin J. Connors, Esq.
Marshall Dennehey Warner Coleman &
Goggin
1220 N. Market Street, 5th Floor
Wilmington, DE  19801

**Via Hand Delivery**
William J. Cattie, III, Esq.
Rawle & Henderson LLP
300 Delaware Avenue, #1015
Wilmington, DE  19801

**Via First Class Mail**
Daniel Hart, Esq.
Marshall Dennehey Warner Coleman &
Goggin
1845 Walnut Street
Philadelphia, PA  19103

MURPHY SPADARO & LANDON


 _/s/ Chase T. Brockstedt_
ROGER D. LANDON (ID #: 2460)
CHASE T. BROCKSTEDT (ID #: 3815)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for Defendants
Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co., Inc. d/b/a
Ashland Construction Co., Inc.,
Joseph V. Rizzo, and Vincent Rizzo

00132524