IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : : : : Civil Action No.: 05-211-KAJ |
| Plaintiff, | : |
| vs. | : : |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, and VINCENT RIZZO | : : : : : : : : : : |
| Defendants. | : |

_____

**FINAL PRETRIAL ORDER**

This matter comes before the court at a final pretrial conference held pursuant to

Rule 16, Federal Rules of Civil Procedure.

**Plaintiff Counsel**
Lead Counsel
Jonathan M. Cohen, Esquire
Joshua Van Naarden, Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102 (215) 772-1000

Local Counsel
Benjamin C. Wetzel, III
Wetzel & Associates, P.A.
The Carriage House
1100 North Grant Avenue, Suite 201
Wilmington, DE 1980 (302) 652-1200

**Defendants Counsel:**
Defendant Richard and Barbara Longwill
Daniel J. Hart, Esquire
Kevin J. Connors, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 North Market Street, 5th Floor
Wilmington, Delaware (302) 552-4300.

Defendant Ashland Construction Company, Inc.,
Vincent Rizzo Construction Co. d/b/a Ashland
Construction Company, Vincent and Joseph Rizzo
Roger D. Landon, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, Delaware (302) 472 8100

**I.      Nature of the Case**

This is a Wrongful Death and Survival Action that involves the August 30, 2002, drowning of Marissa Rose Fishman, at an indoor swimming pool located at the home of her maternal grandparents at 3220 Coachman Road, Wilmington, Delaware. Plaintiff's decedent was approximately two years of age at the time of her death. At the time of her death, she was visiting her grandparents' house in Delaware. Plaintiff alleges that the workmen employed by the Longwill Defendants left a door open to the home's indoor pool, and that Plaintiff's decedent was allowed to enter the pool area and, ultimately, the pool itself. Plaintiff further alleges that the indoor pool constitutes an artificial condition on the Longwill Defendant premises thus creating an attractive nuisance. The Longwill Defendants failed to exercise reasonable care to eliminate the danger presented by the indoor pool. Defendants deny liability and damages.

**II.     Jurisdiction**

   A.      This is an action for:

Plaintiff is claiming damages under Pennsylvania's Wrongful Death and Survival Statutes, 42 Pa.C.S.A. § 8301 and 42 Pa.C.S.A. § 8302, for estate administration expenses, for the estate's future lost earning capacity, and for the pain and suffering endured by Plaintiff's decedent during the drowning episode.[1]

   B.      The jurisdiction of the Court is not disputed.

      1.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 as a civil action in

---

[1] Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc. Joseph V. Rizzo, and Vincent Rizzo, have moved for partial summary judgment as to choice of law and damages, claiming that Delaware damages law should apply. The Longwill Defendants join that Motion.

which the amount in controversy exceeds the sum or value of the applicable limits for diversity jurisdiction, exclusive of interest and costs, and it a controversy between citizens of different states; Plaintiff is a citizen of the Commonwealth of Pennsylvania and the defendants are citizens of Delaware.[2]

### III.     Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

On August 30, 2002, Marissa Rose Fishman drowned at an indoor swimming pool located at the home of her maternal grandparents at 3220 Coachman Road, Wilmington, Delaware. Plaintiff's decedent was approximately two years of age at the time of her death. The indoor pool was owned, maintained, purchased and constructed for the Longwill Defendants. On August 30, 2002, Defendants Ashland Construction Co., Inc. were employed by the Longwill Defendants to perform construction related work on the 3220 Coachman Road address.

### IV.     Agreed to Issues of Law

The Defendants claim that the following are issues to be decided by the Court:

A.     Whether Delaware's premises guest statute bars Plaintiff from recovering any negligence claims against the Longwill Defendants, private property owners, where a "guest without payment" has been injured on the property or if the attractive nuisance doctrine allows for such recovery of negligence claims.

---

[2]Plaintiff originally filed this case in the Philadelphia Court of Common Pleas. On August 27, 2004, the Defendants removed it to the United States District Court for the Eastern District of Pennsylvania Eastern District and, on March 4, 2005, upon application of the Defendants, the case was transferred to this Court.

    B.    Whether Pennsylvania or Delaware damages law will apply.

    C.    Whether Ashland Defendants are entitled to summary judgment.

    D.    Whether David Hopkins' proposed testimony is admissible.

    E.    Whether Alan Meade's proposed testimony is admissible.

**V.**    **Witnesses**

    A.    List of witnesses the Plaintiff expects to call:

        1.    Expert witnesses:

            (a)    David Hopkins ASA, MAAA;

            (b)    Ian Hood, MB, ChB, JD;

            (c)    Alan E. Meade, P.E.;

        2.    Non-expert witnesses:

            (a)    Eric C. Fishman;

            (b)    Rochelle Longwill Fishman;

            (c)    Barbara H. Longwill;

            (d)    Richard Longwill;

            (e)    Alexandra Soshana Fishman;

            (f)    Samuel Fishman;

            (g)    Deborah Fox;

            (h)    Harrison Fishman;

            (i)    Allison Ann Lucas;

            (j)    Helen Longwill;

   (k) New Castle Police Detective Claudine Malone;

   (l) New Castle Police Officer Michael Santos;

   (m) New Castle Detective K. Murphy;

   (n) New Castle Police Officer Marc Alfree;

   (o) New Castle Police Officer John W. Schlosser;

   (p) Detective George Bell;

   (q) Detective Joseph Trala;

   (r) James Gorbey, Jr., Esquire;

   (s) Salvador Oritz-Britto;

   (t) Vincent Rizzo;

   (u) Theresa Garcia Zavala;

   (v) John Magner;

   (w) Glen Stryjewski, M..D.;

   (x) Kathy Palmer. M.D.;

   (y) Records Custodian of Alfred I. Dupont Institute;

   (z) Records Custodian of New Castle County Police Department;

   (aa) Records Custodian of New Castle County EMS

 B. List of witnesses Defendants expect to call:

  1. Expert witnesses:

   (a) Emanuel Rubin, M.D.;

  2. Non-expert witnesses:

  The Longwill Defendants reserve the right to call any non-expert witness

        identified by Plaintiff, to which the Longwill Defendants do not raise an objection.

    3.    The Ashland Defendants reserve the right to call any non-expert witness identified by Plaintiff.

**VI.    Exhibits**

    A.    Plaintiff's Proposed Exhibits:

        (1)    Expert Report of Alan Meade, P.E.;

        (2)    Curriculum Vitae of Alan Meade, P.E.;

        (3)    Expert Report of David Hopkins, ASA, MAAA;

        (4)    Curriculum Vitae of David Hopkins, ASA, MAAA;

        (5)    Expert Report of Ian Hood, MB, ChB, JD;

        (6)    Curriculum Vitae of Ian Hood, MB, ChB, JD;

        (7)    New Castle County Police Report dated 8/30/02;

        (8)    Supplemental Reports 1 through 4 New Castle County;

        (9)    Department of Public Safety Supplemental Report Detective George Bell;

        (10)    Department of Public Safety Supplemental Report Detective Joseph Trala;

        (11)    Department of Public Safety Supplemental Report Detective Murphy;

        (12)    New Castle County Police Department Videotape of the Longwill residence;

        (13)    Color Photographs of scene of accident set 1 and 2 from New Castle County Police Department;

        (14)    Ashland Invoices from 1997-2003;

        (15)    Sierra Claim Services Investigative File;

(16) Plaintiff's Philadelphia Court of Common Pleas, Fourth Amended Complaint;

(17) Plaintiff's Philadelphia Federal Court Complaint;

(18) Interrogatories and Documents exchanged between the parties;

(19) Deposition transcript of Corporal Claudine Malone;

(20) Deposition transcript of Office John W. Schlosser;

(21) Deposition transcript of Officer Marc Alfree;

(22) Deposition transcript of Salvador Ortiz-Britto;

(23) Deposition transcript of Richard Longwill;

(24) Deposition transcript of James H. Gorbey, Esquire;

(25) Deposition transcript of Eric Fishman;

(26) Deposition transcript of Vincent Rizzo, December 2004;

(27) Deposition transcript of Vincent Rizzo, January 2006;

(28) Deposition transcript of Arnold W. Frey;

(29) Deposition transcript of Rochelle Longwill;

(30) Deposition transcript of Barbara Longwill;

(31) Medical Records from Alfred I. Dupont Institute;

(32) Medical Records from New Castel County EMS;

(33) Photographs of Marissa Fishman and family;

(34) Statement of Richard Longwill;

(35) Statement of Rochelle Longwill Fishman;

(36) Death Certificate

  B.  Longwill Defendants' Proposed Exhibits:

    1. Expert report of Emanuel Rubin, M.D.;

    2. Curriculum Vitae of Emanuel Rubin, M.D.;

    3. Color photographs of scene taken by Sierra Claims Services;

    4. All Interrogatories and documents exchanged between the parties;

    5. All documents referred or relied upon by any experts in this case;

    6. All documents filed in the Court of Common Pleas, Delaware County, PA, relevant to the Estate of Marissa Rose Fishman, deceased, or any other attempts by parties to raise in the state on behalf of Marissa Rose Fishman;

    7. Any an all agreements between James H. Gorbey, Jr. and the law firm of Kline & Specter relating to this lawsuit;

    8. Any and all agreements between Eric A. Fishman and the law firm of Kline & Specter relating to this lawsuit.

The Longwill Defendants reserve the right to use any exhibits identified as exhibits by Plaintiff, except to the extent they are objectionable.

  C.  Ashland Defendants' Proposed Exhibits:

  The Ashland Defendants reserve the right to use any exhibits identified by other parties except to the extent they are objectionable.

**VII. Damages**

  A. Plaintiff's Damages/Allegations:

Plaintiff has retained Dr. Ian C. Hood, MB, ChB. as an expert in forensic pathology. Dr. Hood is a Deputy Medical Examiner for the City of Philadelphia Medical Examiner's Office and

fellow of the National Association of Medical Examiners and the American Board of Pathology.

In his report dated January 24, 2006, Dr. Hood sets forth

    A.   Pain and Suffering

"The sensation of wanting to breathe but being unable to do so is extremely distressing and within common experience. A 20 month old could be expected to experience the same level of pain and suffering during this period of struggling for breath as would any competent adult and although not as capable as an adult of contemplating her death as the expected outcome if she cannot succeed in drawing breath while in the water, she would nonetheless be as panic stricken at her inability to breathe as would any adult. There was no reason to indicate that Marissa would not have been as frantic and panic stricken as any conscious individual in the same circumstances.

It is therefore my opinion offered within a reasonable medical certainty and in light of my training, education and experience that Marissa Rose Fishman most probably suffered one to two minutes of extreme air hunger as she struggled at the water s surface and started to drown with its consequent pain and suffering and the increasing panic and terror that could be expected to consume a 20 month old even if not capable of contemplating that their life was coming to an end. I hope these opinions and observations are of assistance to you."

(See report of Ian C. Hood, MB, ChB, JD, dated 1/24/06 attached as Exhibit "A".)

    B.    Loss of Earning Capacity and Fringe Benefits

Plaintiff has retained David L. Hopkins, ASA, MAAA. as an actuarial/economic expert. Mr. Hopkins is an actuarial-economic consultant and economic expert, and fellow of the American Society of Acturaries. In his report dated May 16, 2006, Mr. Hopkins sets forth Decedent's economic losses as follows:

## *0% NET INTEREST*

### *RETIREMENT AT AGE 60*

|  | Bachelor's Degree | Master's Degree | PhD/ Professional Degree |
|---|---|---|---|
| Future Lost Earning Capacity | $1,375,965 | $1,694,883 | $2,245,581 |
| Future Lost Fringe Benefits | 393,133 | 470,801 | 598,822 |
| TOTALS | $1,769,098 | $2,165,684 | $2,844,403 |

### *RETIREMENT AT AGE 65*

|  | Bachelor's Degree | Master's Degree | PhD/ Professional Degree |
|---|---|---|---|
| Future Lost Earning Capacity | $1,557,013 | $1,930,283 | $2,575,814 |
| Future Lost Fringe Benefits | 444,861 | 536,190 | 686,884 |
| TOTALS | $2,001,874 | $2,466,473 | $3,262,698 |

### *RETIREMENT A TA GE 70*

|  | Bachelor's Degree | Master's Degree | PhD/ Professional Degree |
|---|---|---|---|
| Future Lost Earning Capacity | $1,557,013 | $1,930,283 | $2,575,814 |
| Future Lost Fringe Benefits | 444,861 | 536,190 | 686,884 |
| TOTALS | $2,001,874 | $2,466,473 | $3,262,698 |

### *RETIREMENT AT AGE 72*

|  | Bachelor's Degree | Master's Degree | PhD/ Professional Degree |
|---|---|---|---|
| Future Lost Earning Capacity | $1,738,061 | $2,165,684 | $2,906,046 |
| Future Lost Fringe Benefits | 496,589 | 601,579 | 774,946 |
| TOTALS | $2,234,650 | $2,767,263 | $3,680,992 |

## *2% NET INTEREST*

### *RETIREMENT AT AGE 60*

|  | Bachelor's Degree | Master's Degree | PhD/ Professional Degree |
|---|---|---|---|
| Future Lost Earning Capacity | $702,964 | $846,885 | $1,097,558 |
| Future Lost Fringe Benefits | 200,847 | 235,246 | 292,682 |
| TOTALS | $903,811 | $1,082,131 | $1,390,240 |

### *RETIREMENT AT AGE 65*

|  | Bachelor's Degree | Master's Degree | PhD/ Professional Degree |
|---|---|---|---|
| Future Lost Earning Capacity | $762,010 | $ 923,658 | $1,205,260 |
| Future Lost Fringe Benefits | 217,717 | 256,572 | 321,403 |
| TOTALS | $979,727 | $1,180,1230 | $1,526,663 |

### *RETIREMENT AT AGE 70*

|  | Bachelor's Degree | Master's Degree | PhD/ Professional Degree |
|---|---|---|---|
| Future Lost Earning Capacity | $815,491 | $ 993,193 | $1,302,808 |
| Future Lost Fringe Benefits | 232,997 | 275,887 | 347,415 |
| TOTALS | $1,048,488 | $1,269,080 | $1,650,223 |

(See Report of David L. Hopkins, ASA, MAAA dated 5/16/06 attached as Exhibit "B.")

B.    **Longwill Defendants' Damages/Allegations:**

The Longwill Defendants have retained Emanuel Rubin, M.D., as an expert in forensic pathology. A copy of Dr. Rubin's report is attached to this Final Pre-Trial Order as Exhibit "C." In essence, Dr. Rubin claims that an expert in forensic pathology is not competent to testify as to the psychological impact a drowning is having on a twenty-month old child. As such, Dr. Hood's statements regarding Marissa Fishman's state of mind and conscious pain and suffering is insupportable. Further, the Longwill Defendants have joined the Motion filed by Ashland Construction alleging that Delaware Damages Law should apply to this matter, and Plaintiff's claims for all future economic losses of Marissa Fishman are misplaced. The Longwill Defendants reserve the right to retain an expert to refute the analysis of David Hopkins in the event this Honorable Court determines that Pennsylvania Damages Law does apply in this case.

C.    **Ashland Defendants' Damages/Allegations:**

Plaintiff's claims for damages are limited to general damages for Marissa Fishman's conscious pain and suffering, if any, and medical expenses incurred in connection with the efforts to sve her following the drowning.

**VIII.   Bifurcated Trial**

Bifurcated trial is not desired.

**IX.   Trial Briefs**

**X.    Limitations, Reservations and Other Matters**

A.    **Length of Trial.**  The probable length of trial is  5  days.  The case will be listed on the trial calendar to be tried when reached.

    Mark appropriate box:  Jury  X

             Non-jury _____

B. **Number of Jurors.** There shall be six jurors and two alternate jurors.

C. **Jury Voir Dire.** See Plaintiff's Proposed Jury Voir Dire attached as Exhibit "D."

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____    _____
                    UNITED STATES DISTRICT JUDGE

                 APPROVES AS TO FORM AND SUBSTANCE

                 S/JOSHUA VAN NAARDEN
                 ATTORNEY FOR PLAINTIFF

                 S/DANIEL J. HART, ESQUIRE
                 ATTORNEY FOR RICHARD AND BARBARA
                 LONGWILL

                 S/ROGER D. LANDON, Esquire
                 ATTORNEY FOR ASHLAND CONSTRUCTION
                 COMPANY, INC., VINCENT RIZZO
                 CONSTRUCTION CO. D/B/A ASHLAND
                 CONSTRUCTION COMPANY, VINCENT AND
                 JOSEPH RIZZO