IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : <br> : <br> : Civil Action No.: 05-211-KAJ |
| Plaintiff, | : |
| vs. | : <br> : |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, and VINCENT RIZZO, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

_____

## JOINT PROPOSED VOIR DIRE

Good morning, ladies and gentlemen. I am Judge Jordan, and I will be presiding over the trial for which a jury is about to be drawn in the case. The parties are Plaintiff James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman, deceased and Defendants Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Co. d/b/a Ashland Construction Company, Vincent Rizzo and Joseph Rizzo for negligent supervision and control for the failure to exercise reasonable care to eliminate the danger presented by an indoor pool and the failure to maintain a safe work environment. The trial may last up to 5 days. I time my trials, so the attorneys will have to complete their trial presentations within these limits.

I am going to ask you a series of "yes or no" questions, the purpose of which is to: (1) enable the court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment in helping to

determine the final composition of the jury. If any of you have a "yes" answer to any of my questions, please keep track of that in your own mind. When I have concluded asking all the questions I will ask all those who had a "yes" answer to any of my questions to raise their hands. Then we will call you to the bench individually to speak with you about your affirmative response or responses.

1. As I mentioned, this case is expected to take 5 or less business days to try. Is there any member of the panel who would be unable to sit as a juror in the case for that period of time?

2. Do you know anything about this case?

3. Plaintiffs are represented by Joshua Van Naarden and Jonathan Cohen of Kline & Specter, P.C. and Benjamin C. Wetzel, III of Wetzel & Associates, P.A. Do you know, or are you a client of Joshua Van Naarden and Jonathan Cohen or Benjamin C. Wetzel, III or the law firms of Kline & Specter, P.C. or Wetzel & Associates, P.A.?

4. Defendants Richard and Barbara Longwill are represented by Daniel J. Hart and Kevin J. Connors of the law firm Marshall, Dennehey, Warner, Coleman & Goggin. Do you know, or are you a client of Daniel J. Hart, Kevin J. Connors or the law firm Marshall, Dennehey, Warner, Coleman & Goggin. Defendants Ashland Construction Company, Inc., Vincent Rizzo Construction Co. d/b/a Ashland Construction Company, Vincent and Joseph Rizzo are represented by Roger D. Landon of the firm Murphy Spadaro & Landon. Do you know, or are you a client of Roger D. Landon or the firm Murphy Spadaro & Landon?

5. Is any member of the panel related to or personally acquainted with any of the parties, either the Plaintiff James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman, deceased or Defendants Richard and Barbara Longwill, Ashland

2

Construction Company, Inc., Vincent Rizzo Construction Co. d/b/a Ashland Construction Company, Vincent Rizzo and Joseph Rizzo ?

6. Are you or any of your family members a present or former employee of Defendants Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Co. d/b/a Ashland Construction Company, Vincent Rizzo and Joseph Rizzo?

7. Do you know any of the witnesses who will appear in this trial? They are:

    1. David Hopkins ASA, MAAA;

    2. Ian Hood, MB, ChB, JD;

    3. Alan E. Meade, P.E.;

    4. Emanuel Rubin, M.D.

    5. Eric C. Fishman;

    6. Rochelle Longwill Fishman;

    7. Barbara H. Longwill;

    8. Richard Longwill;

    9. Alexandra Soshana Fishman;

    10. Samuel Fishman;

    11. Deborah Fox;

    12. Harrison Fishman;

    13. Allison Ann Lucas;

    14. Helen Longwill;

    15. New Castle Police Detective Claudine Malone;

    16. New Castle Police Officer Michael Santos;

17. New Castle Detective K. Murphy;

18. New Castle Police Officer Marc Alfree;

19. New Castle Police Officer John W. Schlosser;

20. Detective George Bell;

21. Detective Joseph Trala;

22. James Gorbey, Jr., Esquire;

23. Salvador Oritz-Britto;

24. Vincent Rizzo;

25. Theresa Garcia Zavala;

26. John Magner;

27. Glen Stryjewski, M..D.;

28. Kathy Palmer. M.D.;

29. Records Custodian of Alfred I. Dupont Institute;

30. Records Custodian of New Castle County Police Department;

31. Records Custodian of New Castle County EMS

8. Are any of you, or are members of your immediate families, employed by, or have you been employed by a construction company, general contractor, contractor, or any provider of construction related services?

9. Do you have specialized training in construction?

10. The law allows Plaintiff to recover for a property owners failure to exercise reasonable care to eliminate the danger presented by an artificial structure located on their property, in this case an indoor pool. Richard and Barbara Longwill are the maternal grandparents of the decedent and the property owners. Is there anything about the relationship

between the parties in this case that would not allow you to be fair and impartial in your judgment of this case? If Plaintiff establishes by a preponderance of the evidence that Richard and Barbara Longwill were negligent in failing to exercise reasonable care to eliminate the danger presented by their indoor pool, would you be able to return a verdict in favor of Plaintiff?

11. Has anyone here or members of their immediate families now or ever been employed as a claims adjuster or otherwise by a company or concern which in whole or in part is engaged in the casualty or liability insurance business or the business of investigating claims?

12. Have you ever been a party in a lawsuit?

13. Have you or a family member had an experience that was so positive or so negative with a contractor/construction company as to make you unable to be a fair and impartial juror in this case?

14. Do you have an opinion or a belief for or against people who file lawsuits, or persons who are sued in this type of case, such that you may not be fair and impartial in your judgment of this case?

15. Is there anything that you have heard in the news media regarding civil lawsuits or "tort reform" which would prevent you from rendering a monetary award in a civil damages case?

16. Would any member of the jury arbitrarily set a limit ("cap") on monetary damages for pain and suffering without regard to the evidence or law which allows such damages without arbitrary limits?

17. Do you believe that a decedent's estate should not receive monetary compensation for the death of the decedent?

18. The judge will instruct you that your decision should be based on the facts, and not

on sympathy.  Will you have any difficulty following that instruction?

19. Ladies and Gentlemen, the plaintiff, has the burden of proof in this case. However, I want you to understand how different our burden is from the burden of proof in a criminal case. I will instruct you further on this matter, but you should know now that plaintiff is required to have merely a majority or 50.1%, of the weight of the evidence in order for you to give plaintiff favorable verdict. Plaintiff is <u>not</u> required to prove his case beyond a reasonable doubt. Is there anyone here who would require the plaintiff in this case to prove the case beyond a reasonable doubt before awarding money damages to the plaintiff?

20. Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?