IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., ADMINISTRATOR OF THE ESTATE OF MARISSA ROSE FISHMAN, DECEASED,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART INC. d/b/a AIR BASE CARPET MART, ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION CO., INC. d/b/a/ ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH V. RIZZO AND VINCENT RIZZO,<br><br>Defendants. | C.A. No.: 05-211-MPT |

## MEMORANDUM OPINION

Benjamin C. Wetzel, III, Esquire, Wetzel & Associates, P.A., 1100 North Grant Avenue, Suite 201, Wilmington, DE 19805 and Matthew Casey, Esquire, Kline & Specter, 1525 Locust Street, 19th Floor, Philadelphia PA 19102.
Counsel for Plaintiff James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman.

Kevin J. Connors, Esquire and Daniel J. Hart, Esquire, Marshall, Dennehy, Warner, Coleman, & Goggin, 1220 North Market Street, 5th Floor, P.O. Box 8888, Wilmington, DE 19899.
Counsel for Defendants Richard and Barbara Longwill.

Roger D. Landon, Esquire and Chase T. Brockstedt, Esquire, Murphy, Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805.
Counsel for Defendants Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo and Vincent Rizzo.

Edward C. Mintzer, Jr., Esquire,. Rawle & Henderson, LLP, The Widener Building, One South Penn Square, Philadelphia, PA 19107.

    <u>Of Counsel</u>:  Delia Ann Clark, Esquire, Rawle and Hendersn, LLP, Wilmington, Delaware

Counsel for Defendants Air Base Carpet Mart, Inc., Air Base Carpet Mart, Inc. d/b/a Air Base Distributing, Inc., d/b/a Air Base Carpet Mart, and Richard and Barbara Longwill (as represented in the employment capacity only).

Wilmington, Delaware
March 12, 2007

Thynge, U.S. Magistrate Judge

## I. INTRODUCTION

This is a premises liability case. Plaintiff, James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman, deceased, filed the present action against Richard and Barbara Longwill ("Longwills"), grandparents of the deceased, alleging that the August 30, 2002 drowning death of the decedent was caused by the negligent conduct of the defendants.[1] On August 30, 2002, the decedent, entered the patio area allegedly through an open sliding glass door, which separated the interior of the home from the enclosed pool, and fell into the pool. At the time of the accident, the decedent was twenty months of age and was temporarily residing with her mother and siblings at the Longwills' home in Wilmington, Delaware.

## II. POSITION OF THE PARTIES

On April 27, 2006, Longwills submitted their motion for summary judgment. Longwills argue that the language of the Delaware Guest Statute, 25 Del.C. § 1501, applies to the present action and bars plaintiff from asserting an ordinary negligence claim against them.[2] They contend that at the time of the accident, decedent was a guest without payment within the meaning of the statute because she was temporarily residing with her grandparents. Therefore, they argue that the applicable standard is "willful and wanton," and not just negligence. Longwills further argue that there is no proof that their conduct amounts to willful or wanton disregard for the safety of

---

[1] D.I. 84, Ex. A (Plaintiff Gorbey's Fourth Amended Complaint).

[2] D.I. 84 (Brief in Support of Motion for Summary Judgment of Defendants, Richard Longwill and Barbara Longwill).

3

decedent.

On May 11, 2006, plaintiff submitted his opposition to the Longwills' motion.[3] Plaintiff argues that the motion should be denied because the Delaware Guest Statute does not apply where the injured party is a child and is lured by an attractive nuisance. Plaintiff also contends that the indoor swimming pool, located on the Longwills' property, constitutes an attractive nuisance because it is an artificial condition and defendants knew that unsupervised access to the pool involved an unreasonable risk of death or serious bodily injury. Therefore, the appropriate standard for an attractive nuisance is that of ordinary care, and proof of intentional or willful or wanton conduct is not required.

In their reply brief, Longwills argue that the attractive nuisance doctrine does not override Delaware Guest Statute.[4] Rather, they assert that the legislative history of § 1501 indicates an intent to immunize owners of pools on private property from liability arising from injury or death.

For the reasons discussed below, Longwills' motion for summary judgment is denied.

## III. STANDARD OF REVIEW

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is

---

[3] D.I. 96 (Brief in Support of Plaintiff's Response In Opposition to Motion for Summary Judgment of Defendants, Richard Longwill and Barbara Longwill).

[4] D.I. 98 (Reply Brief of Defendants, Richard Longwill and Barbara Longwill, In Support of Motion for Summary Judgment).

4

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Federal Rule of Civil Procedure 56(c)*. The party seeking summary judgment bears the initial burden of establishing the lack of a genuinely disputed material fact by demonstrating that there is an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the non-moving party, after adequate time for discovery, fails to make a sufficient showing on an essential element of its case with respect to which there is a burden of proof, summary judgment is appropriate. *Id.* at 323. However, a court is to give the non-moving party the benefit of all justifiable inferences and must resolve disputed issues of fact in favor of the non-movant. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992).

**IV.   ANALYSIS**

Plaintiff contends that summary judgment is improper because the Delaware Guest Statute does not apply if the claim for recovery is premised on the attractive nuisance theory. The Delaware Guest Statute states that a person who enters onto private property as a guest without payment may not assert a cause of action against the owner of the property for injuries sustained by the person unless the accident was "intentional on the part of the owner" or caused by the "willful or wanton disregard of the rights of others." 25 *Del. C.* §1501. In effect, a social guest cannot recover for simple acts of negligence on the part of the property owner. *See e.g. Facciolo v. Facciolo Const. Co.*, Del. Super., 317 A.2d 27 (1974). Under Delaware case law, however, the Guest Statute is not an absolute bar to recovery for injuries where the doctrine of attractive nuisance is applicable.

The attractive nuisance doctrine, as stated in the Restatement (Second) of Torts §339, holds that a "possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land. The owner is only liable if five conditions are met:

> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the danger. *Id.*

Ordinarily, the common law duty of care owed by a landowner to a trespasser or guest without payment is to "refrain from willful or wanton conduct." *Hoesch v. National R.R. Passenger Corp.*, 677 A.2d 29, 33 (Del. Supr. 1996). Delaware recognizes that the duty owed to a child trespasser differs from that owed to an adult trespasser. *Porter v. Delmarva Power & Light Co.*, 547 A.2d 124, 129 (Del Supr. 1988). In *Porter*, the Delaware Supreme Court explicitly stated that where a child trespasser's claim is premised on the attractive nuisance doctrine, the common law duty owed is the duty to avoid conduct which constitutes ordinary negligence. *Id.* In that case, the court recognized that "a child of tender years is not to be held to the same level of foreseeability or appreciation of danger as an adult." *Id.* A landowner's duty to exercise reasonable care also applies to children invitees or licensees. In *Fox v. Fox*, the Delaware Supreme Court formally applied Section 343B of the Restatement (Second)

of Torts to the attractive nuisance doctrine. 729 A.2d 825, 826 (Del. Supr. 1999). *Fox* extended the duty of reasonable care owed to child trespassers to children licensees and invitees.[5] *Id.*; *See also Porter v. Delmarva Power & Light Co.*, Del. Supr., 547 A.3d 27 (1974) (noting that a child guest is permitted to recover for injuries caused by a nuisance on the premises despite the bar of the guest statute); *Roberts v. Bush*, No. 84C-AU-17, 1987 Del. Super. LEXIS 1034, *6 (Del. Super. Feb. 12, 1987) (holding that, "until the General Assembly speaks clearly to the contrary, a child trespasser can recover for ordinary negligence of a landowner if the criteria of Restatement (Second) of Torts are met.").

Longwills argue that decedent's status as a guest without payment at the time of the accident triggers the willful and wanton standard set forth in the Guest Statute. It is their contention that absent proof that they acted "maliciously or wickedly," plaintiff cannot state a claim for recovery. Moreover, Longwills assert that the synopsis of the Delaware General Assembly to the 1980 amendment to §1501 indicates legislative intent to provide absolute immunity to swimming pool owners under that statute. The Longwills are wrong. The cases previously cited herein clearly establish that the Guest Statute will not bar recovery by a child guest who is injured and whose claim is premised on the attractive nuisance provisions of § 339. Therefore, in the present case, the applicable standard is that of reasonable care, and not intentional or willful and wanton conduct.

In Delaware, there is no "hard and fast rule prohibiting recovery under the

---

[5] A "guest without payment" is construed to include licensees. *Acton v. Wilmington and Northern R. Co.*, 407 A.2d 204, 206 (Del. Supr. 1979).

7

attractive nuisance doctrine if the danger involved is fire, water, or falling from a height." *Butler v. Newark Country Club, Inc.*, C.A. No. 02C-11-072-PLA, 2005 Del. Super. LEXIS 301, *1 (Aug. 29, 2005). In *Roberts v. Bush*, the Superior Court of Delaware declined to adopt a fixed rule that § 339 cannot apply to swimming pools as a matter of law. 1987 Del. Super. LEXIS 1034 at 8. In that case, two children, ages 13 and 10 entered onto the defendant's property unsupervised and drowned in the swimming pool. Id. at 3. The parents of the deceased children argued that the defendant was liable under the attractive nuisance doctrine. *Id.* at 7. The defendant countered that the Guest Statute barred the plaintiff's claim for recovery. *Id.* In denying the defendant's motion for summary judgment, the court determined that there were several material issues of fact to be determined by the jury, including whether the defendant's failure to install a lock on the pool gate which would prevent children from gaining access amount to a wanton disregard of the rights of others.[6] *Id.* at 10.

In the instant matter, the court finds as a matter of law that the Longwills' indoor swimming pool constitutes an attractive nuisance within the meaning of § 339. An indoor swimming pool is undoubtedly an artificial condition on the Longwills' property which they knew or should have known that young children could likely gain access if the sliding glass door was left open. Further, the indoor pool is a condition which presents an unreasonable risk of death or serious bodily harm, that is, drowning. Moreover, the court also finds that decedent, at twenty months of age, could not

---

[6] Under the facts in that case which involved children much older than the decedent in the present matter, the court also found that there was a material issue of fact as to whether the children appreciated the risk of entering the pool area unsupervised and whether the defendant's pool presented a risk of death or serious bodily harm under §339. *Id.* at 8.

appreciate the risk associated by the indoor pool and any burden posed to the Longwills in eliminating such risk would have been minimal. Lastly, whether the Longwills exercised reasonable care to eliminate the danger posed by the indoor pool raises a genuine issue of material fact.

The Longwills fail to address the arguments advanced by plaintiff with respect to the applicability of the attractive nuisance doctrine. Moreover, the Longwills present no evidence which shows that their conduct was reasonable under the circumstances. Whether a defendant acts with reasonable care raises a genuine issue of material fact not appropriate for summary judgment and is best decided by a jury. *Butler*, 1987 Del. Super. LEXIS 1034 at 9.[7] Accordingly, Longwills' motion for summary judgment is denied.

---

[7] A case directly on point is the unpublished decision of the Delaware Supreme Court, *Durham v. Leduc*, 782 A. 2d 263 (Del. 2001), which found that a child guest is permitted to recover for injuries under the attractive nuisance doctrine despite the bar of the Guest Statute. Accordingly, because of the restriction of relying on unpublished opinions, the court does not rely of *Durham* as a basis for its opinion. *Durham*, however, indicates how the Delaware Supreme Court interprets the relationship between the attractive nuisance doctrine under Restatement (Second) of Torts § 339 and the Guest Statute.