## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES H. GORBEY, JR.,<br>ADMINISTRATOR OF THE ESTATE OF<br>MARISSA ROSE FISHMAN, DECEASED | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | C.A. No. 05-211-MPT |
| RICHARD LONGWILL, BARBARA,<br>LONGWILL, AIR BASE CARPET MART<br>INC. d/b/a AIR BASE CARPET MART,<br>ASHLAND CONSTRUCTION COMPANY,<br>INC., JOSEPH RIZZO & SONS<br>CONSTRUCTION CO., INC. a/d/b/a/<br>ASHLAND CONSTRUCTION COMPANY,<br>INC., JOSEPH V. RIZZO AND VINCENT<br>RIZZO | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Benjamin C. Wetzel, III, Esquire, Wetzel & Associates, P.A., 1100 North Grant Avenue, Suite 201, Wilmington, DE 19805 and Matthew Casey, Esquire, Kline & Specter, 1525 Locust Street, 19th Floor, Philadelphia PA 19102.
Counsel for Plaintiff James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman.

Kevin J. Connors, Esquire and Daniel J. Hart, Esquire, Marshall, Dennehy, Warner, Coleman, & Goggin, 1220 North Market Street, 5th Floor, P.O. Box 8888, Wilmington, DE 19899.
Counsel for Defendants Richard and Barbara Longwill.

Roger D. Landon, Esquire and Chase T. Brockstedt, Esquire, Murphy, Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805.
Counsel for Defendants Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo and Vincent Rizzo.

William J. Cattie, III, Esquire,. Rawle & Henderson, LLP, The Widener Building, One South Penn Square, Philadelphia, PA 19107.
    Of Counsel:   Delia Ann Clark, Esquire, Rawle and Henderson, LLP, Wilmington,
                  Delaware

Counsel for Defendants Air Base Carpet Mart, Inc., Air Base Carpet Mart, Inc. d/b/a Air Base Distributing, Inc., d/b/a Air Base Carpet Mart, and Richard and Barbara Longwill (as represented in the employment capacity only).

Wilmington, Delaware
March 22, 2007

Thynge, U.S. Magistrate Judge

## I.    INTRODUCTION

This is a premises liability case.  The Plaintiff is James H. Gorbey, Jr.,
Administrator of the Estate of Marissa Rose Fishman.  The defendants are Richard and
Barbara Longwill ("Longwills"), Air Base Carpet Mart, Inc., d/b/a/ Air Base Distributing,
Inc. d/b/a/ Air Base Carpet Mar, Air Base Distributing, Inc. ("Air Base Carpet"), Ashland
Construction Company, Inc., Vincent Rizzo Construction Co., d/b/a/ Ashland
Construction Co., Inc., Joseph V. Rizzo and Vincent Rizzo ("Ashland").[1]  On August 30,
2002, Marissa Fishman, the decedent, allegedly entered the patio area of the Longwills'
residence through an open sliding glass door which separated the interior of the home
from an enclosed pool, fell into the pool and drowned.  At the time of the accident, the
decedent was twenty months of age and was residing with her mother and siblings at
the home of the Longwills, who are her grandparents, in Wilmington, Delaware.

Plaintiff filed this civil action and alleged that the negligent conduct of the
defendants in this case caused the drowning death of the decedent.  With respect to
Ashland, Plaintiff asserts that Ashland failed to take reasonable care to make the
premises safe for the work to be done and negligently exposed an infant to an
unsupervised indoor swimming pool.[2]  On the day of the incident,  Ashland was
installing pavers to an outdoor patio at the Longwills' residence.

This opinion only addresses Ashland's motion for partial summary judgment on

---

[1]D.I. 84, Ex. A (Plaintiff Gorbey's Fourth Amended Complaint).

[2]D.I. 81, Ex. B (Plaintiff's Civil Action Complaint).

3

choice of law and damages.[3]

## II. POSITIONS OF THE PARTIES

In the motion under consideration, Ashland makes two arguments.[4] First, they argue that Delaware law, rather than Pennsylvania law, governs this case under the "most significant relationship test." Ashland contends that several key facts demonstrate that Delaware has the most significant relationship to the case, including that the injury occurred in Delaware, the Ashland entities are Delaware corporations, the Air Base Carpet entities are Delaware corporations, and the employees of Ashland were performing work at a Delaware home on the day of the incident. Ashland also asserts that the only contact with Pennsylvania is the administrator of the estate, who was appointed by the Delaware County Register of Wills. Moreover, they argue that even if the decedent is a Pennsylvania resident, she was residing with her mother and maternal grandparents at their Delaware home at the time of the accident.

Ashland's second argument is that Plaintiff is limited to damages recoverable under Delaware's Survival Statute,10 *Del. C.* § 3701, because an estate cannot assert a claim for damages under the Delaware Wrongful Death Act, 10 *Del. C.* § 3724.

Plaintiff argues that Pennsylvania has the most significant relationship to the facts and circumstances of the present action.[5] Plaintiff contends that the decedent,

_____

[3]Ashland filed another motion for summary judgment on liability.

[4]D.I. 81 (Opening Brief in Support of Defendants' Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph P. Rizzo, and Vincent Rizzo, Motion for Partial Summary Judgment as to Choice of Law and Damages).

[5]D.I. 88 (Brief in Support of Plaintiff's Response in Opposition to Defendants' Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph P. Rizzo, and Vincent Rizzo Motion for Partial Summary Judgment as to Choice of Law and

4

her mother and father were all domiciled in Pennsylvania at the time of the incident. Moreover, Plaintiff asserts that Pennsylvania has a strong interest in assuring that its citizens are afforded the full of measure of damages available under its constitution. Plaintiff also argues that should the court ultimately decide to apply Delaware law to the case, he should be permitted to amend the complaint to include language, "for the benefit of" the appropriate wrongful death beneficiaries in order to conform to Delaware law.

In reply, Ashland maintains that Delaware law applies because that state has the most significant relationship to the facts of the case.[6] Further, Ashland argues that Plaintiff's request for leave to amend for the benefit of certain beneficiaries should be denied, because the decedent's parents and siblings must individually bring suit in order to recover wrongful death damages and thus, Plaintiff's damages are limited solely to conscious pain and suffering under Delaware's Survival Statute.

## III. STANDARD OF REVIEW

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Federal Rule of Civil Procedure 56(c)*. The party seeking summary judgment bears the initial burden of establishing the lack of a genuinely

Damages).

[6]D.I. 91 (Corrected Reply Brief in Support of Defendants' Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph P. Rizzo, and Vincent Rizzo, Motion for Partial Summary Judgment as to Choice of Law and Damages).

5

disputed material fact by demonstrating that there is an "absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the non-moving party, after adequate time for discovery, fails to make a sufficient showing on an essential element of its case with respect to which that party has the burden of proof, summary judgment is appropriate. *Id.* at 323. However, a court is to give the non-moving party the benefit of all justifiable inferences and must resolve disputed issues of fact in favor of the non-movant. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992).

## IV.    ANALYSIS

### (a) Choice of Law

In a federal diversity action, the choice of law rules of the forum state will determine the state law to be applied. *Carrick v. Zurich-American Ins. Co.*, 14 F.3d 907, 909 (3d Cir. 1994). Pursuant to §145 of the Restatement (Second) of Torts, Delaware applies the local law of the state which has the "'most significant relationship to the occurrence and the parties under the principles stated in § 6' will govern the rights of the litigants." *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (D. Del. 1991). The relevant considerations thereunder are: (a) the needs of interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relevant interests of those states in the determination of a particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) predictability and uniformity of result; and (g) ease of determination and application of law to be applied. *Id.* Section 145 lists four

6

factors that a court should consider regarding the principles listed in § 6: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered.

Plaintiff argues that Pennsylvania has the most significant relationship to the claims at issue because the deceased and her immediate family were domiciled in Pennsylvania on or about the time of the August 30, 2002 incident. Plaintiff contends that Pennsylvania has a strong interest to assure the full measure of damages to its citizens. On the other hand, Ashland maintains that Delaware law applies since the injury occurred within that state; all defendant entities are Delaware corporations which primarily work within Delaware, the Longwills who at the time of the incident resided in Delaware, and the decedent, although formerly domiciled in Pennsylvania, had recently been living in Delaware with her mother and siblings. There is no dispute between the parties on those facts. In light of the considerations under § 145, the evidence amply sustains the application of Delaware law.

The undisputed facts demonstrate that the incident occurred in Delaware at the home of the decedent's grandparents. In the complaint, Plaintiff alleges that Ashland's negligent conduct occurring around or near the pool area of the Longwill residence contributed to the decedent's drowning. Therefore, the conduct causing death necessarily occurred in Delaware. Morever, the relationship between all of the parties is centered in Delaware. The Ashland entities are Delaware corporations, who primarily

7

work within Delaware.[7]  The Ashland Construction Corporation is co-owned by two

Delaware residents, Joseph and Vincent Rizzo,[8] who are defendants in this action, and

whose only relationship to Plaintiff is through the drowning incident.  Additionally, the

Longwills are Delaware residents and the sole owners of Air Base Carpet.[9]  Air Base

Carpet Mart is located only in Delaware and does not conduct any business in

Pennsylvania.[10]

The domicile or residence of the parties is one factor among several that the

court must consider in determining which state's law to apply.  The unrefuted facts

show that the decedent lived with her parents in Chadd's Ford, Pennsylvania until

approximately twelve days prior to the date of her death.[11]  At the time of the accident,

the decedent, her mother and three siblings were temporarily living with the Longwills in

Delaware.  Following the incident, the decedent's mother and siblings remained at the

Longwills' home for approximately two years.[12]  Furthermore, the evidence

demonstrates that the decedent's mother and siblings never returned to live in

Pennsylvania following the incident and are currently Delaware residents.[13]  Thus, the

---

[7]D.I. 24, Ex. 13 (Record of Case Transferred in from Eastern District of Pennsylvania) (Certificate of Incorporation for Ashland Construction Corporation).

[8]D.I. 91, Ex. A, ¶¶ 7-8.

[9]D.I. 81, Ex. G at 18-20 (Dec. 6, 2004 Dep. Tr. Richard Longwill).

[10]D.I. 24, Ex. 12, ¶¶ 6-7 (Affidavit of Arnold W. Frey, Vice President of Air Base Carpet Mart)

[11] D.I. 81, Ex. I at 28. (Mar. 7, 2006 Dep. Tr. Rochelle Longwill).

[12]Id. at 28-29.

[13]D.I. 24, Ex. 9, ¶ 8 (Affidavit of Rochelle Fishman, June 28, 2004). According to her affidavit, Ms. Fishman lived with her parents in Wilmington for approximately two years and, since 2004, has resided in her own home in Wilmington, Delaware. She confirmed that when she moved in with her parents that she

only contact with Pennsylvania is through the residence of the father of the decedent,
Eric Fishman.

Although the estate was opened in Delaware County, Pennsylvania with a
Pennsylvania attorney appointed as administrator, those factors are insufficient in light
of the contacts that Delaware has with the case. Plaintiff argues that Pennsylvania has
a "vital interest" in the administration of the estates of its citizens and ensuring the well
being of surviving beneficiaries, however, most of the surviving beneficiaries (a parent
and siblings) live in Delaware. Moreover, after limited discovery, Plaintiff stipulated to
removing the case from the Eastern District of Pennsylvania to the District of
Delaware[14] which suggests that Delaware has the most significant relationship to the
case.[15] Accordingly, Delaware law controls the issue of damages.

### (b) Damages

Ashland argues that Plaintiff failed to stated a proper claim for damages
pursuant to Delaware's Wrongful Death Act,10 Del. C. §§ 3721-3725, and therefore, his
claim should be dismissed. According to Ashland, Plaintiff can not recover damages
under § 3724 because a claim brought by the administrator of the estate is not a claim
made "for the benefit of" the decedent's spouse, parent, child or siblings. Ashland

---

had "no intention of living in . . . Pennsylvania [and her] children continue to reside with [her] in Delaware."
Thus, the fact that the decedent's mother did not and never intended to return to her former Pennsylvania
residence strongly indicates that, had the decedent lived, she would have remained in Delaware as well.

[14]The matter was originally filed Pennsylvania state court in the Court of Common Pleas.

[15]D.I. 24, Ex. 40 (Order by Judge Brody Transferring Matter to U.S. District Court to the District of
Delaware, March 4 2005); D.I. 24, Ex. 14, ¶¶ 11-13 (Affidavit of Delia A. Clark, attorney for defendant Air
Base Carpet Mart) (testifying that the District of Delaware is the situs of the accident and all discovery
involving issues of liability is contained in Delaware and that the Commonwealth of Pennsylvania does not
have any relationship with the defendants).

9

contends that the lawsuit was not filed "for the benefit of" the decedent's parents or siblings because the evidence suggests that Eric Fishman and Rochelle Longwill (formerly Fishman) do not want to be involved in the litigation.

The purpose for repealing the old Wrongful Death Statute and enacting the new Act was to expand and liberalize the recovery for damages. Under the former statute, 10 *Del. C.* § 3704, recovery was limited to the pecuniary loss occasioned from death,[16] which did not include funeral expenses,[17] compensation for household and child care work (loss of consortium type damages),[18] or punitive damages.[19] The revised Wrongful Death Act dramatically expanded the allowable damages beyond pure pecuniary loss. 10 *Del. C.* § 3724(d).

Under the former Act, a personal representative or administrator was precluded from bringing an action when the decedent's spouse was alive. *Reynolds v. Willis*, 269 A.2d 760 (Del. 1965). The revised Act authorizes an action to the decedent's survivors for injuries incurred due to a death. 10 *Del. C.* § 3724 (c).[20] Moreover, under the former Wrongful Death Act, the administrator or personal representative was allowed to bring suit if no spouse survived the decedent. *Seth v. Spruenken*, 328 A.2d 143, 145 (Del. Super. 1974). Therefore, Ashland's suggestion that the amended Wrongful Death

---

[16]*Reynolds v. Willlis*, 269 A.2d 760 (Del. 1965).

[17]*Bennet v. Andree*, 252 A.2d 100 (Del. 1969).

[18]*Abele v. Massi*, 273 A.2d 260 (Del. 1970).

[19]*Benson v. Lynch*, 404 F. Supp. 8 (D. Del. 1975).

[20]The statute provides that "damages may be awarded *to the beneficiaries* proportional to the injury resulting from the wrongful death." (emphasis added).

10

Act, which clearly intended to modify and expand the repealed Act, eliminates an administrator as a party to bring a wrongful death action, is in direct contradiction with its purpose.

Insofar as Defendants are correct about the pleading requirements under Delaware's Wrongful Death Statute, the court will allow Plaintiff leave to amend and add the proper language required by §3724(a). Plaintiff originally filed suit in Pennsylvania under the assumption that Pennsylvania's law on damages would ultimately apply. Therefore, in the interest of justice, Plaintiff should be permitted to amend his complaint to conform with Delaware law. Furthermore, Ashland's argument that Eric Fishman[21] and Rochelle Longwill did not want a lawsuit arising out the drowning death of their daughter is not relevant to the request to amend. *See Johnson v. Physicians Anesthesia Service, P.A.*, 621 F. Supp 908, 916 (D. Del. 1985). In *Johnson,* the court squarely addresses the issue of whether an administrator could properly bring an action under Delaware's revised Wrongful Death Statute. *Id*. As the court notes, the intent of the General Assembly by enacting a new wrongful death statute was to expand the pool of individuals who would benefit under its provisions, rather than restrict which parties may file suit. *Id.* The *Johnson* court emphasizes that the revised Wrongful Death Act, unlike the former statute, authorizes an action brought for the benefit of certain beneficiaries and does not require the action to be brought "'by' them." *Id. Johnson* expressly holds that "actions under the new wrongful death act can

---

[21]The citation in Ashland's appendix to Eric Fishman's deposition does not specifically state that he was opposed to the action. He did, however, fail to institute an action or join in the present case because he "just . . . didn't bother." D.I. 91, Ex. G at 51 (Apr. 5, 2006 Dep. Tr. Eric Fishman).

be brought either by the personal representative 'for the benefit of' the wife, husband, parents, and child of a deceased person *or* by the named beneficiaries themselves." *Id.* (emphasis added). *See* 10 *Del. C.* § 3724(a) which also includes siblings . Therefore, Ashland's argument that the decedent's parents and siblings must individually file suit under Delaware's Wrongful Death Act is without merit.

As a result, an amendment to the complaint to add language showing that the action is brought for the benefit the decedent's beneficiaries is not futile, and would clarify that the matter falls within the Wrongful Death Act and the types of damages allowed.

For the reasons stated herein, Ashland's motion for partial summary judgment to limit damages to those only recoverable under 10 *Del. C.* § 7401, the Survival Statute, is denied.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR.,         )
ADMINISTRATOR OF THE ESTATE OF  )
MARISSA ROSE FISHMAN, DECEASED  )
                               )
      Plaintiffs,          )
                               )
        v.            )    C.A. No. 05-211-MPT
RICHARD LONGWILL, BARBARA,     )
LONGWILL, AIR BASE CARPET MART   )
INC. d/b/a AIR BASE CARPET MART,   )
ASHLAND CONSTRUCTION COMPANY,  )
INC., JOSEPH RIZZO & SONS       )
CONSTRUCTION CO., INC. a/d/b/a/   )
ASHLAND CONSTRUCTION COMPANY,  )
INC., JOSEPH V. RIZZO AND VINCENT  )
RIZZO                           )
                               )
      Defendants.       )

**ORDER**

Consistent with the Memorandum Opinion dated March 22, 2007,

IT IS ORDERED, ADJUDGED AND DECREED that Ashland's Motion for

Partial Summary Judgment as to Choice of Law and Damages (D.I. 81) is GRANTED in

part and DENIED in part.


Date:  March 22, 2007

UNITED STATES MAGISTRATE JUDGE