## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR.,                              )
ADMINISTRATOR OF THE ESTATE OF      )
MARISSA ROSE FISHMAN, DECEASED     )
                                                                   )
     Plaintiffs,                                         )
                                                                   )
             v.                                    )     C.A. No. 05-211-MPT
RICHARD LONGWILL, BARBARA,              )
LONGWILL, AIR BASE CARPET MART        )
INC. d/b/a AIR BASE CARPET MART,          )
ASHLAND CONSTRUCTION COMPANY,     )
INC., JOSEPH RIZZO & SONS                   )
CONSTRUCTION CO., INC. a/d/b/a/            )
ASHLAND CONSTRUCTION COMPANY,     )
INC., JOSEPH V. RIZZO AND VINCENT      )
RIZZO                                                           )
                                                                   )
     Defendants.                                      )

## MEMORANDUM OPINION

Benjamin C. Wetzel, III, Esquire, Wetzel & Associates, P.A., 1100 North Grant Avenue, Suite 201, Wilmington, DE 19805 and Matthew Casey, Esquire, Kline & Specter, 1525 Locust Street, 19th Floor, Philadelphia PA 19102.
Counsel for Plaintiff James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman.

Kevin J. Connors, Esquire and Daniel J. Hart, Esquire, Marshall, Dennehy, Warner, Coleman, & Goggin, 1220 North Market Street, 5th Floor, P.O. Box 8888, Wilmington, DE 19899.
Counsel for Defendants Richard and Barbara Longwill.

Roger D. Landon, Esquire and Chase T. Brockstedt, Esquire, Murphy, Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805.
Counsel for Defendants Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph V. Rizzo and Vincent Rizzo.

William J. Cattie, III, Esquire,. Rawle & Henderson, LLP, The Widener Building, One South Penn Square, Philadelphia, PA 19107.
    Of Counsel:  Delia Ann Clark, Esquire, Rawle and Henderson, LLP, Wilmington,
                Delaware

Counsel for Defendants Air Base Carpet Mart, Inc., Air Base Carpet Mart, Inc. d/b/a Air Base Distributing, Inc., d/b/a Air Base Carpet Mart, and Richard and Barbara Longwill (as represented in the employment capacity only).

April 13, 2007

Thynge, U.S. Magistrate Judge

## I.   INTRODUCTION

This is a premises liability case. The Plaintiff is James H. Gorbey, Jr.,
Administrator of the Estate of Marissa Rose Fishman. The defendants are Richard and
Barbara Longwill ("Longwills"), Air Base Carpet Mart, Inc., d/b/a/ Air Base Distributing,
Inc. d/b/a/ Air Base Carpet Mart, Air Base Distributing, Inc. ("Air Base Carpet"), Ashland
Construction Company, Inc., Vincent Rizzo Construction Co., d/b/a/ Ashland
Construction Co., Inc., Joseph V. Rizzo and Vincent Rizzo ("Ashland").[1]  On August 30,
2002, Marissa Fishman, the decedent, allegedly entered the patio area of the Longwills'
residence through an open sliding glass door that separated the interior of the home
from an enclosed pool, fell into the pool and drowned. At the time of the accident, the
decedent was twenty months of age and was residing with her mother and siblings at
the home of the Longwills, who are her grandparents, in Wilmington, Delaware.

Plaintiff filed this civil action and alleged that the negligent conduct of the
defendants in this case caused the drowning death of the decedent. With respect to
Ashland, Plaintiff asserts that Ashland failed to take reasonable care to make the
premises safe for the work to be done and negligently exposed an infant to an
unsupervised indoor swimming pool.[2]  On the day of the incident,  Ashland was
installing pavers to an outdoor patio at the Longwills' residence.

This opinion only addresses Ashland's motion for summary judgment as to

[1] D.I. 84, Ex. A (Plaintiff Gorbey's Fourth Amended Complaint).

[2] D.I. 81, Ex. B (Plaintiff's Civil Action Complaint)

3

liability.

## II.  POSITION OF THE PARTIES

In the motion under consideration, Ashland advances three arguments.  First, it
owed no duty to the decedent, because the accident occurred in an area outside of
their control.[3]  Ashland argues that Air Base Carpet hired it to install pavers specifically
on the outdoor patio and therefore, there is no evidence to support its control over the
area where the incident occurred, namely the interior sliding glass door which
connected the dining room to the indoor pool.  Ashland notes that Vincent Rizzo and
Salvador Ortiz-Britto (employees of Ashland) were inside the Longwill home for a brief
period of time to move patio furniture to the interior of the home at Barbara Longwill's
request.  Second, Ashland contends that there is no support for the allegation that its
employees opened the interior sliding glass door to the pool.  Ashland argues that
members of the Longwill household opened the door and failed to supervise the
decedent.  Lastly, it maintains that there is no evidence to support any allegation
against Joseph V. Rizzo individually.

Plaintiff argues that Ashland owed a duty of care to the decedent because the
work area included the interior sliding glass door.[4]  In support of his position, Plaintiff
observes that Ashland voluntarily acknowledged a duty to keep the door to the pool
area closed because of the presence of young children.  Plaintiff also maintains that

---

[3] D.I. 86 (Opening Brief in Support of Defendants' Ashland Construction Company, Inc., Vincent
Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph P. Rizzo, and Vincent Rizzo,
Motion for Summary Judgment as to Liability).

[4] D.I. 99 (Brief in Support of Plaintiff's Response in Opposition to Defendants' Ashland
Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc.,
Joseph P. Rizzo, and Vincent Rizzo, Motion for Summary Judgment as to Liability).

4

summary judgment is inappropriate because there are multiple issues of material fact, evidenced by the conflicting testimony of witnesses, including Ashland employees, regarding who left the interior sliding glass door open.

In its reply, Ashland claims that Plaintiff's reliance on the admission of Ortiz-Britto that he knew that the door should be kept closed as an assumption of a duty to the decedent is misplaced.[5]  Rather, Ashland contends that Ortiz-Britto's statement, even if properly interpreted by the translator, does not accurately reflect an assumption of duty over the interior of the home because the work was in an area located outside the Longwill home.  Moreover, Ashland points out that its employees were inside the home only at the request of Barbara Longwill to move a table and chairs from the outside into the enclosed pool area.  Lastly, Ashland maintains that any discrepancies between Barbara Longwill's testimony and Ortiz-Britto's deposition do not create a genuine issue of material fact because those disputed facts are not relevant to the issue of duty and control.

## III.   STANDARD OF REVIEW

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6]  The party seeking summary judgment bears the initial

---

[5] D.I. 101 (Reply Brief in Support of Defendants' Ashland Construction Company, Inc., Vincent Rizzo Construction Co., Inc., d/b/a Ashland Construction Co., Inc., Joseph P. Rizzo, and Vincent Rizzo, Motion for Summary Judgment as to Liability).

[6] Federal Rule of Civil Procedure 56(c).

5

burden of establishing the lack of a genuinely disputed material fact by demonstrating that there is an "absence of evidence to support the nonmoving party's case."[7]  If the non-moving party, after adequate time for discovery, fails to make a sufficient showing on an essential element of its case with respect to which that party has the burden of proof, summary judgment is appropriate.[8]  However, a court is to give the non-moving party the benefit of all justifiable inferences and must resolve disputed issues of fact in favor of the non-movant.[9]

## IV.   ANALYSIS

Ashland contends that to impose a duty of care in a premise liability matter, Delaware law requires that the defendant maintain "control" of the area.  Ashland's position on the applicable law is inaccurate.  For liability in a negligence action, a plaintiff must prove that the defendant had a legal duty to protect from or prevent the type of harm that caused the injury.[10]  "Whether a duty exists is entirely a question of law to be determined by the court." [11]  In this jurisdiction, a duty is determined by whether the "relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person . . . ."[12]

---

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[8] *Id.* at 323.

[9] *Eastman Kodak Co. v. Image Technical Servs.*, Inc., 504 U.S. 451, 456 (1992).

[10] *Urena v. Capano Homes, Inc.*, 901 A.2d 145, 150 (Del. Super. Ct. 2006).

[11] *Kuczynski v. McLaughin*, 835 A.2d 150, 153 (Del. Super. 2003) *citing Shively v. Kent Crest Centers for Exceptional Persons*, 2001 Del. Super. LEXIS 58, 2001 WL 209910, at *5 (Del. Super.).

[12] *Higgins v. Walls*, 901 A.2d 122, 136 (Del Super. 2005) *citing  Atlantic & Pacific Railroad Co. v. Laird*, 164 U.S. 393, 399 (1896).

6

Therefore, the court must study the relationship between the parties and decide, based upon statutory or common law principles, whether the nature or character of that relationship imposes a legal duty upon one party to act for the benefit of another.[13]

Delaware law measures duties owed in terms of reasonableness and that determination is based upon the facts of each case.[14] The issue, therefore, to be addressed herein is whether Ashland owed a duty of care to refrain from conduct which it knew or should have known would create an unreasonable risk of harm.

Ashland argues that because it did not have legal control of the interior sliding glass door, no duty of care was owed to the decedent to ensure that the door remained closed. Ashland opines that its legal control was limited to the outdoor patio where its employees were installing pavers, and its contact with the inside of the residence occurred solely because of Longwill's request. Plaintiff, on the other hand, argues that Ashland exerted control over the sliding glass door while its employees moved the furniture, and therefore Ashland's actual work area is irrelevant to determine whether it owed a legal duty of care to the decedent in relation to the sliding glass door and pool. Plaintiff reasons that the cases on which Ashland relies are irrelevant because they are factually distinguishable from the present matter and do not address the appropriate legal standard, particularly since Ashland does not own the property where the drowning occurred.[15]

---

[13] *Higgins v. Walls*, 901 A.2d 122, 136 (Del. Super. 2005).

[14] *Robelen Piano Co. v. DiFonzo*, 169 A.2d 240, 244 (Del. Supr. 1961).

[15] For example, Ashland cites *Rabar v. E.I. DuPont de Nemours & Co., Inc.*, 415 A.2d 499 (Del. Super. 1980) and *Craig v. A.A.R. Realty Corp.*, 576 A..2d 688 (Del. Super. 1989) in support of its control argument. The facts, however, in those cases are distinguishable for determining the question and scope

Ashland represents that the evidence demonstrates that no Ashland employee

opened the interior sliding glass door. The court disagrees. Reviewing the record in a

light most favorable to Plaintiff, the discrepancies in the testimony amongst the

witnesses create a genuine issue as to this material fact that falls within the purview of

the jury. In fact, Ashland highlights in its opening brief several genuine, relevant issues

that make summary judgment inappropriate:

> [t]he questions that have not been *definitively* answered . . . during the
> discovery phase of this lawsuit are: *Who opened the door to the pool?*
> *When was that door opened? When did Marissa walk through it and*
> *drown in the pool?*[16] (emphasis added).

Contrary to the Ashland's position, Rizzo's testimony that he did not open the

interior sliding glass door to the pool is not uncontroverted to allow judgment in its

favor.[17]

Ashland's conjuring of potential scenarios which do not implicate it, but rather

Barbara Longwill, shows that there are factual issues related to who was responsible for

opening the door and further supports that summary judgment is inappropriate.[18]

---

of Ashland's duty herein. In *Rabar*, the issue before the court was whether the defendant landowner could
be liable for injuries sustained by an employee of an independent contractor hired by the defendant to
perform construction work on its premises. In *Craig*, the issue was whether a landlord, who did not
maintain actual control over the premises, had a duty to protect business invitees against criminal conduct
on the property. The issues between plaintiff and Ashland do not involve a landowner-independent
contractor or a landlord-tenant relationship. Rather, the question before the court is whether a person,
who is hired by a landowner to perform work on its premises, owes a legal duty of care to refrain from
conduct which he knows or should know creates an unreasonable risk of harm to others on the premises.

[16] D.I. 86, at 16.

[17] D.I. 86, Ex. K (Dep. Tr. Vincent Rizzo, Jan. 30, 2006, at 84:4-7) ("I'm telling you this, if I walked
into that house, and I opened up that door, okay, then yes, it's my responsibility to close it. But I did not
open that door.").

[18] D.I. 86, at 16-18. Ashland posits that it is "undisputed fact" that the pool door was already open
when Rizzo and Ortiz-Britto brought the table and chairs inside. However, as Plaintiff points out, it is

Ashland points to Barbara Longwill's recollection as shaky and contradictory. Plaintiff,
however, recites inconsistencies in Rizzo's testimony and the varying recollections
among the witnesses on the factual issue of who was responsible for opening the
door.[19]  Moreover, the weight and credibility given to Longwill's testimony is a question
of fact to be decided by a jury and can not be resolved on summary judgment.

   In light of the disputed facts, there is ample evidence to suggest that Ashland
owed a duty of care to the decedent and that the danger of breaching that duty was
reasonably foreseeable. First, in his deposition testimony, Rizzo acknowledges an
obligation to close any door that he would have opened in the Longwill home.[20]
Second, the risk of death or serious bodily injury to a child in failing to close the interior
sliding glass door is obvious.  The dangers posed by the indoor swimming pool are

---

disputed whether Ashland employees made more than one trip through the home and whether the tables
or chairs were brought in first. See D.I. 99, at 12-13. In drawing all reasonable inferences in favor of
Plaintiff, it can not be said as a matter of law that the pool door was already open at the time the Ashland
employees carried the furniture through the home into the patio area.

[19] At her deposition, Barbara Longwill testified that on the day of the incident, she closed the
interior sliding glass door after she showed Rizzo where to place the table. See D.I. 86, Ex. I, at 27-28
("A.. I saw Vinnie in the backyard. . . I opened up the slider to the – from the den dining to the outside to
tell him to come in. And I unlocked the pool door, and I showed him by hand, you know, I want the table
over here. . . . So I told him, you know, to put it there. And as I've done – I've had the pool, like, 23 years.
I closed the door, and he went out. I didn't lock it."). However, in his deposition, Rizzo testified that
Barbara Longwill walked into the pool area to show him where to place the table and that he subsequently
followed her into the home and outside to the patio area to continue with his work. See D.I. 86, Ex. K, at
37 ("A. I walked in with Mrs. Longwill, inside the house, I followed her down into the pool area, and she
said this is where I would like you to set the table at. Okay. I proceeded to walk out of the house. She
was in front of me. Walked out of the house, walked back out the outside door, okay and then continued
with my work."). Ashland asserts that Rizzo's testimony about Barbara Longwill leading him into the pool
area and that the interior sliding glass door was already open when the furniture was brought into the pool
area, is uncontroverted. However, the testimony referenced herein clearly shows a genuine issue of
material fact regarding the sequence of events before the decedent was discovered in the swimming pool.

[20] D.I. 99, at 3. ("Q. You told me earlier that if that area was left unguarded for a certain period of
time, you would have to close the doors, correct?. A. I'm telling you this, if I walked in that house, and I
opened that door, okay, then yes, it's my responsibility to close it.") (D.I. 99, Ex. B, Dep. Tr. Vincent Rizzo,
at 84, 86).

9

substantially increased with the interior door left opened. The door involved is of a weight and size that it is unlikely, and probably impossible, for a small child to open. Third, the court evaluates the relationship between the parties when determining the existence of a legal duty of care. In assessing that relationship in this instant matter, the depositions of Ashland employees defendants show that they knew or should have known that small children, including the decedent, were on the premises prior to and on the day of the incident. Rizzo's testimony in particular, though somewhat conflicting, reveals that he knew or was aware that children were in the Longwill home on the day of the incident and had seen them earlier that morning.[21] Ortiz-Britto, another Ashland employee involved in the installation of the pavers, testified that he knew of at least one child at the Longwill residence while he worked on that site.[22]

Based on the present state of the facts, the court can not determine which party, if any, opened the interior sliding door to the pool; rather, there is a genuine dispute as to this particular fact which falls within the jury's domain. The court, however, does conclude that the individual or entity responsible for opening the interior sliding glass door owed a legal duty of care to the decedent to ensure that it was subsequently closed.

---

[21] D.I. 86, Ex. K , at 104:19-22 ("Q. Earlier in your testimony you said you did see children in the kitchen area. Do you remember when you saw children in the kitchen area that day? A. That was as soon as I got there. Q. So that would have been between eight and eight-thirty."); Cf. Id. at 32 ("Q. Were you aware that there was this infant, Marissa Fishman, staying at the premises? A. I had not seen her.").

[22] D.I. 99, Ex. C, at 20:18-24, 21:1-3 (Dep. Tr. Salvador Ortiz-Britto, Feb. 23, 2006) ("Q. But in any event, you remember seeing the child who drown[ed] in the pool on the days prior to the drowning incident? A. I remember that I used to see this girl taking this child out of the house every day I came . . . Q. So you knew that there was at least one little child living there when you were working there, correct? A. Yes.").

Finally, Ashland challenges Plaintiff's allegation against Joseph V. Rizzo individually. It is undisputed that Joseph V. Rizzo and Vincent Rizzo own Ashland Construction Company. However, Ashland maintains, and Plaintiff does not dispute,[23] that Joseph V. Rizzo had no personal involvement in the drowning incident and was not present at the Longwill residence on August 30, 2002. Because Joseph V. Rizzo was not present on the day of the drowning, under the facts of this case, he, individually, did not owe a duty of care to the decedent. Therefore, Joseph V. Rizzo is entitled to summary judgment as a matter of law because Plaintiff has failed to present any evidence that would support a finding of liability, that is a duty and breach of that duty.

Accordingly, Ashland's motion for summary judgment as to liability is granted in part, and denied in part.

---

[23] Plaintiff did not address Ashland's arguments regarding Joseph V. Rizzo in his brief.