## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR., Administrator of the     :
Estate of Marissa Rose Fishman, Deceased,     :
         :
         Plaintiff     :   Civil Action No.  05-211-MPT
      vs.            :
         :
RICHARD LONGWILL, et al.,         :
         :
         Defendants.   :

### FIFTH AMENDED COMPLAINT

1.       Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware County dated September 23, 2003; Mr. Gorbey is a citizen and resident of the Commonwealth of  Pennsylvania.

2.       Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000 and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

3.       Plaintiff's decedent drowned on August 30, 2002 while staying at the home of her maternal grandparents, who are named defendants herein, at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803.

4.       Defendant Air Base Carpet Mart, Inc., d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart ("Air Base") is a Delaware corporation or other jural entity with a principal place of business at 230 N. Dupont Hwy., New Castle, DE 19720.

5.       Defendant Air Base Distributing, Inc. is a Delaware corporation or other jural entity, which, upon information and belief, shows the same address.

6.       Defendants Richard Longwill and Barbara Longwill ("the Longwill defendants") reside at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803. The Longwill defendants, either jointly or individually, own the premises, which includes an indoor pool, at this address.

7.       Defendant Richard Longwill is an owner, operator, director and/or officer in

several Pennsylvania corporations, including Lancaster Carpet Mart, Inc.; Allentown Carpet Mart and

Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne Carpet Mart, Inc.; and Lomax

Home Center, Inc. Lomax Home Center, Inc. is located at 2940 Jasper Street in Philadelphia,

Pennsylvania, and 100% of its stock is owned by defendant Richard Longwill.  See Air Base Web Site

Home Page, attached as Exhibit "A".

8.      Defendant Barbara Longwill is the secretary-treasurer of Air Base Carpet Mart, Inc.,

which regularly conducts business in Pennsylvania through its affiliates Lancaster Carpet Mart, Inc.;

Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne

Carpet Mart, Inc.; and Lomax Home Center, Inc.  See Exhibit "A".

9.      Defendant Air Base, itself and through the foregoing affiliates, purposefully avails

itself of the laws and benefits of the Commonwealth of Pennsylvania.  See Exhibit "A".

10.     Philadelphia county venue is proper because the Longwill defendants, both

individually and through their corporate affiliations with Defendant Air Base, and defendant Air Base

own and operate Lomax Home Center, Inc. at 2940 Jasper Street in Philadelphia, Pennsylvania.

11.             On August 30, 2002, Marissa Rose Fishman, a minor, who was visiting at

Richard and Barbara Longwill's residence, was upon information and belief, to be confirmed through

discovery, caused to drown due to the negligent acts and/or failures to act on the part of defendants and

their actual and/or ostensible agents, servants and/or employees, including their failure to take reasonable

steps to make the premises safe and negligently exposing an infant to an unsupervised swimming pool,

which may have constituted an attractive nuisance.

12.     Plaintiff's decedent, an infant, proceeded unattended through an open sliding glass door

separating the kitchen and a large, indoor pool.

13.     Said actual and/or ostensible agents, servants and/or employees included, upon

information and belief, Teresa Garcia Zavala, a nanny, and workmen, either employed or contracted by

defendant Richard Longwill and defendant Air Base.

14.             Upon information and belief, said workmen negligently left the sliding door open

leading to the pool on the subject premises.

15.     Plaintiff will pursue a separate action against said workmen in a different forum that has jurisdiction over them, which action may, at a future date, be consolidated with the within action. If if is found that said workmen, alone, were responsible for making the pool premises safe by keeping entryways to the subject pool closed, then said workmen, and their principals, employers and/or masters, may be solely liable to plaintiff.

16.     All defendants named herein are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known to plaintiff without the benefit of discovery. By way of more specific identification, said actual /or ostensible agents, servants and/or employees were working at the subject premises on August 30, 2002.

17.     The Longwill defendants owed a non-delegable duty to children on the premises to protect them from all hazards that were reasonably foreseeable; said hazards included both the means of access to the indoor pool and the work that was being conducted on the premises that day.

18.     The door to the pool being left open, and the pool itself, constituted an attractive nuisance, one that was reasonably foreseeable given the work that was being done that day. This attractive nuisance caused the death of Marissa Rose Fishman.

19.     The unreasonably dangerous condition created by the work was foreseeable, and it caused the death of Marissa Rose Fishman.

20.     Plaintiff claims all damages recoverable under the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302,  arising out of Marissa Rose Fishman's  drowning and subsequent death and, pursuant to 10 Del. C. §3724(a), this action is brought for the benefit of the deceased's beneficiaries, parents Rochelle Beth Longwill (D.O.B. 1/20/66) and Eric Casey Fishman (D.O.B. 9/9/57) and siblings Alexandra Shoshana Fishman (D.O.B. 12/21/93), Harrison Benjamin Fishman (D.O.B. 10/21/97) and Samuel Solomon Fishman (D.O.B. 6/10/98).

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against

defendants in an amount in excess of Fifty Thousand Dollars ($50,000) exclusive of pre-judgment

interest, costs, and post-judgment interest.

WETZEL & ASSOCIATES, P.A.

 /s/Benjamin C. Wetzel, III
BENJAMIN C. WETZEL, III (ID No. 985)
The Carriage House, Suite 201
1100 North Grant Avenue
Wilmington, DE 19805
(302) 652-1200
Attorney for Plaintiff


**KLINE & SPECTER,**
**A Professional Corporation**

 /s/ Jonathan M. Cohen
JONATHAN M. COHEN (ID No. 69062)
1525 Locust Street
19th Floor
Philadelphia PA 19102
Attorney for Plaintiff

Dated: May 4, 2007