A REGIONAL DEFENSE LITIGATION LAW FIRM

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
A PROFESSIONAL CORPORATION      www.marshalldennehey.com

**1220 Market Street, 5th Floor, Wilmington, DE 19801**
(302) 552-4300 · Fax (302) 651-7905

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

**Direct Dial: 302-552-4302**
**Email: kjconnors@mdwcg.com**

FLORIDA
Fort Lauderdale
Jacksonville
Orlando
Tampa

OHIO
Akron

May 9, 2007



Via E-File
The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 North King Street
Lockbox 8
Wilmington, DE 18901

    RE:    Gorbey, et al. v. Longwill, et al.
            U.S.D.C. – District of Delaware, C.A. No. 05-211 MPT
            Our File No.: 03030.02632

Dear Judge Thynge:

    The undersigned attorneys represent the Longwill defendants in this case.

    Your Honor held a telephonic conference on April 27, 2007. During the conference, I inquired as to whether plaintiff intended to amend the Complaint consistent with the Court's previous Memorandum addressing defendants' choice of law arguments. At issue was whether plaintiff would amend the Complaint to include a Wrongful Death action in addition to the current Survival action and if the new action was barred by the statute of limitations.

    In response to my inquiry, the Court instructed plaintiff to file an Amended Complaint by May 2, 2007. Plaintiff did file an Amended Complaint on May 4, 2007. I attach a copy of the plaintiff's "Fifth Amended Complaint" as Exhibit "A." This pleading actually raises far more issues than I originally anticipated during the telephone conference.

    First, plaintiff's Amended Complaint asserts claims against Air Base Carpet Mart, Inc. d/b/a Air Base Distribution, Inc. d/b/a Air Base Carpet Mart and Barbara and Richard Longwill, as officers of those corporations. This Honorable Court entered summary judgment in favor of those defendants on April 12, 2006. Mr. Gorbey's claims against those parties are objectionable.

    Second, plaintiff's Fifth Amended Complaint contains Exhibit "A" which is an advertisement for Air Base Carpet, Carpet Mart and Lomax Rug Co. This exhibit is irrelevant to the pending litigation and is objectionable.

The Honorable Mary Pat Thynge
May 9, 2007
Page 2

---

Third, paragraph 10 of plaintiff's Fifth Amended Complaint alleges that Philadelphia County, Pennsylvania, is a proper venue for this action. Plaintiff stipulated to transfer this matter to the State of Delaware on March 4, 2005 and abandoned jurisdiction in the Commonwealth of Pennsylvania. Mr. Gorbey's jurisdiction allegations are objectionable.

Fourth, paragraph 20 of plaintiff's Fifth Amended Complaint seeks damages under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301, and the Pennsylvania Survival Act, 42 Pa. C.S.A. §8302. This Court already ruled that the laws of the State of Delaware control this action, not Pennsylvania. Mr. Gorbey's claims under Pennsylvania law are objectionable.

Fifth, plaintiff had claims against co-defendants, Ashland Construction and Vincent Rizzo. Plaintiff's Fifth Amended Complaint does not contain any allegations against either Ashland Construction or Mr. Rizzo. Plaintiff's Fifth Amended Complaint only states that plaintiff will pursue a separate action against those parties in a different forum. Ashland and Mr. Rizzo have already consented to jurisdiction over them in this forum, and the Longwill defendants will need to file third-party claims against those parties.

At this time, the Longwill defendants seek to reopen Motion practice to dismiss the claims against Richard and Barbara Longwill as corporate officers of the Air Base defendants; to file a Motion to Dismiss plaintiff's claims under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301, and the Pennsylvania Survival Act, 42 Pa. C.S.A. §8302, and to join Ashland and Mr. Rizzo as third-party defendants.

Finally, and as to my original inquiry, under Delaware law, an action for Wrongful Death, 10 Del. C. §3724, is separate and distinct from an action under the Survival Statute, 10 Del C. §3701. The Wrongful Death statute creates "an action...for the benefit of the spouse, parent, child and siblings of a deceased person." 10 Del. C. §3724(a). By contrast, the Delaware Survival Statute states that "all causes of action...shall survive to and against the executors or administrators of the person to, or against whom, the cause of action occurred." 10 Del. C. §3701. Prior to filing the Fifth Amended Complaint, Mr. Gorbey was the sole plaintiff pursuing a Survival action. His damages were limited to "1) pain and suffering from the time of injury until the time of death; 2) expenses incurred by the injured party to recover from such injury; and 3) loss of earnings as a result of the injury from the date of injury until the time of death." *Id.*

In the Fifth Amended Complaint, Mr. Gorbey amends to bring an action "for the benefit of the deceased's beneficiaries, parents, Rochelle Beth Longwill (d.o.b. 1/20/66) and Eric Casey Fishman (d.o.b. 9/9/57) and siblings Alexandra Shoshanna Fishman (d.o.b. 12/21/93), Harrison Benjamin Fishman (d.o.b. 10/21/97) and Samuel Solomon Fishman (d.o.b. 6/10/98)." Exhibit "A", ¶20. The parties to and the damages recoverable under the Wrongful Death statute are separate and distinct from the parties to and the damages recoverable under the Survival statute.

The Longwills contend that the Fifth Amended Complaint adds new parties and a new cause of action. Title 10 of the Delaware Code states, in pertinent part, "no action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of two years from the accruing of the cause of such action." 10 Del. C. §8107. The beneficiaries' Wrongful Death action accrued on August 20, 2002 when

The Honorable Mary Pat Thynge
May 9, 2007
Page 3

---

Marissa Rose Fishman accidentally drowned. The statute of limitations for that action expired on August 30, 2004.

 Prior to the filing of the Fifth Amended Complaint, Mr. Gorbey stood alone as the plaintiff seeking damages under a Survival action. The Fifth Amended Complaint adds the beneficiaries of the Estate of Marissa Rose Fishman as parties to this action.

 A party's ability to amend a pleading is governed by Federal Rule of Civil Procedure 15. Rule 15(c) discusses relation back of amendments to the date of the original pleading. Most of the language of Rule 15(c) addresses situations in which a plaintiff seeks to introduce additional claims against a defendant or seeks to add defendants to the claim. In this case, Mr. Gorbey is not seeking to add new claims against the existing defendants or add new defendants to the case. Instead, the Amended Complaint adds plaintiffs to this case; plaintiffs which could have brought a Wrongful Death action within the two-year statute of limitations period. Further, the new plaintiffs are asserting a new cause of action; which cause of action could have been brought within the two-year statute of limitations.

 While the Longwill defendants' research on this issue is not complete, defendants cite to *Judy Lee v. Toshiba Machine Company of America*, 804 F. Supp. 1029 (U.S.D.C. E.D. Tenn. 1992) and *Prebble v. Hinson*, 825 F. Supp. 185 (U.S.D.C. S.D. Ohio 1993) as support for a proposition that adding a new cause of action on behalf of new plaintiffs after the statute of limitations has run may be inappropriate.

              Respectfully submitted,

              */s/ Kevin J. Connors*
              Kevin J. Connors

              */s/ Daniel J. Hart*
              Daniel J. Hart


KJC/jms
Enclosure
cc: Jonathan M. Cohen, Esquire
   Roger D. Landon, Esquire
   Benjamin C. Wetzel, III, Esquire
   Martin S. Lessner, Esquire
   Court of Court

\01_21\LIAB\DJHART\LLPG\604985\JMSMITH\03030\02632

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR., Administrator of the :
Estate of Marissa Rose Fishman, Deceased, :
                                          :
                    Plaintiff             : Civil Action No. 05-211-MPT
        vs.                               :
                                          :
RICHARD LONGWILL, et al.,                 :
                                          :
                    Defendants.           :

### FIFTH AMENDED COMPLAINT

1.      Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware County dated September 23, 2003; Mr. Gorbey is a citizen and resident of the Commonwealth of Pennsylvania.

2.      Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000 and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

3.      Plaintiff's decedent drowned on August 30, 2002 while staying at the home of her maternal grandparents, who are named defendants herein, at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803.

4.      Defendant Air Base Carpet Mart, Inc., d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart ("Air Base") is a Delaware corporation or other jural entity with a principal place of business at 230 N. Dupont Hwy., New Castle, DE 19720.

5.      Defendant Air Base Distributing, Inc. is a Delaware corporation or other jural entity, which, upon information and belief, shows the same address.

6.      Defendants Richard Longwill and Barbara Longwill ("the Longwill defendants") reside at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803. The Longwill defendants, either jointly or individually, own the premises, which includes an indoor pool, at this address.

7.      Defendant Richard Longwill is an owner, operator, director and/or officer in

several Pennsylvania corporations, including Lancaster Carpet Mart, Inc.; Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne Carpet Mart, Inc.; and Lomax Home Center, Inc. Lomax Home Center, Inc. is located at 2940 Jasper Street in Philadelphia, Pennsylvania, and 100% of its stock is owned by defendant Richard Longwill. See Air Base Web Site Home Page, attached as Exhibit "A".

8. Defendant Barbara Longwill is the secretary-treasurer of Air Base Carpet Mart, Inc., which regularly conducts business in Pennsylvania through its affiliates Lancaster Carpet Mart, Inc.; Allentown Carpet Mart and Wallpaper Outlet, Inc.; Reading Carpet Factory Outlet, Inc.; Yorktowne Carpet Mart, Inc.; and Lomax Home Center, Inc. See Exhibit "A".

9. Defendant Air Base, itself and through the foregoing affiliates, purposefully avails itself of the laws and benefits of the Commonwealth of Pennsylvania. See Exhibit "A".

10. Philadelphia county venue is proper because the Longwill defendants, both individually and through their corporate affiliations with Defendant Air Base, and defendant Air Base own and operate Lomax Home Center, Inc. at 2940 Jasper Street in Philadelphia, Pennsylvania.

11. On August 30, 2002, Marissa Rose Fishman, a minor, who was visiting at Richard and Barbara Longwill's residence, was upon information and belief, to be confirmed through discovery, caused to drown due to the negligent acts and/or failures to act on the part of defendants and their actual and/or ostensible agents, servants and/or employees, including their failure to take reasonable steps to make the premises safe and negligently exposing an infant to an unsupervised swimming pool, which may have constituted an attractive nuisance.

12. Plaintiff's decedent, an infant, proceeded unattended through an open sliding glass door separating the kitchen and a large, indoor pool.

13. Said actual and/or ostensible agents, servants and/or employees included, upon information and belief, Teresa Garcia Zavala, a nanny, and workmen, either employed or contracted by defendant Richard Longwill and defendant Air Base.

14. Upon information and belief, said workmen negligently left the sliding door open

leading to the pool on the subject premises.

15. Plaintiff will pursue a separate action against said workmen in a different forum that has jurisdiction over them, which action may, at a future date, be consolidated with the within action. If it is found that said workmen, alone, were responsible for making the pool premises safe by keeping entryways to the subject pool closed, then said workmen, and their principals, employers and/or masters, may be solely liable to plaintiff.

16. All defendants named herein are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known to plaintiff without the benefit of discovery. By way of more specific identification, said actual /or ostensible agents, servants and/or employees were working at the subject premises on August 30, 2002.

17. The Longwill defendants owed a non-delegable duty to children on the premises to protect them from all hazards that were reasonably foreseeable; said hazards included both the means of access to the indoor pool and the work that was being conducted on the premises that day.

18. The door to the pool being left open, and the pool itself, constituted an attractive nuisance, one that was reasonably foreseeable given the work that was being done that day. This attractive nuisance caused the death of Marissa Rose Fishman.

19. The unreasonably dangerous condition created by the work was foreseeable, and it caused the death of Marissa Rose Fishman.

20. Plaintiff claims all damages recoverable under the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Survival Act, 42 Pa. C.S.A. §8302, arising out of Marissa Rose Fishman's drowning and subsequent death and, pursuant to 10 Del. C. §3724(a), this action is brought for the benefit of the deceased's beneficiaries, parents Rochelle Beth Longwill (D.O.B. 1/20/66) and Eric Casey Fishman (D.O.B. 9/9/57) and siblings Alexandra Shoshana Fishman (D.O.B. 12/21/93), Harrison Benjamin Fishman (D.O.B. 10/21/97) and Samuel Solomon Fishman (D.O.B. 6/10/98).

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against

defendants in an amount in excess of Fifty Thousand Dollars ($50,000) exclusive of pre-judgment interest, costs, and post-judgment interest.

                    WETZEL & ASSOCIATES, P.A.

                    /s/Benjamin C. Wetzel, III
                    BENJAMIN C. WETZEL, III (ID No. 985)
                    The Carriage House, Suite 201
                    1100 North Grant Avenue
                    Wilmington, DE 19805
                    (302) 652-1200
                    Attorney for Plaintiff

                    **KLINE & SPECTER,**
                    **A Professional Corporation**

                    /s/ Jonathan M. Cohen
                    JONATHAN M. COHEN (ID No. 69062)
                    1525 Locust Street
                    19th Floor
                    Philadelphia PA 19102
                    Attorney for Plaintiff

Dated: May 4, 2007

AIRBASE CARPET / CARPET MART / LOMAX RUG CO.                Page 1 of 2



   



  

Air Base Carpet Mart locations

AIRBASE CARPET / CARPET MART / LOMAX RUG CO.    Page 2 of 2



Air Base Carpet Mart
230 N. DuPont Hwy
New Castle, DE 19720
Phone 302-828-1597

Air Base Carpet Mart
756 S Little Creek Rd
Dover, DE 19901
Phone: 302-678-0970

Lomax Rug Company
2940-56 Jasper Street
Philadelphia, PA 19134
Phone: 215-739-8110

Exton Carpet Mart
270 Pottstown Pike or Road
Exton, PA 19341
Phone: 610-363-5017

Hours all locations:

Sunday 11 - 5
Monday 10 - 9
Tuesday 10 - 6
Wed - Friday 10 - 9
Saturday 9 - 6

E-mail: rugnrolk@aol.com

Lancaster Carpet Mart
1271 Manheim Pike
Lancaster, PA 17601
Phone: 717-299-2381

York Carpet Mart
1391 Eden Rd. & Rt 130
York, PA 17402-1939
Phone: 717-848-3905

Reading Carpet Mart
3515 N. 5th St. Highway
N.
Reading, PA 19605
Phone: 610-921-2037

Mechanicsburg Carpet
5103 Carlisle Pike
Mechanicsburg, PA 170
Phone: 717-975-1717

Harrisburg Carpet Mar
5051 Hampton CT RD
Harrisburg, PA 17112
Phone: 717-671-1414