**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : : : | |
| Plaintiff | : | Civil Action No. 05-211-MPT |
| vs. | : : | |
| RICHARD LONGWILL, BARBARA LONGWILL, ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., and VINCENT RIZZO, | : : : : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

**AMENDED CIVIL ACTION MASTER COMPLAINT**

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. Damages in this matter are in excess of $75,000.00.

2. This is a survival action pursuant to 10 Del. C. § 3704 filed on behalf of the Estate and a wrongful death action pursuant to 10 Del. C. § 3724 filed on behalf of decedent's beneficiaries.

3. Plaintiff James H. Gorbey, Jr., was appointed Administrator of the Estate of Marissa Rose Fishman, deceased, pursuant to the Order of the Register of Wills of Delaware County dated September 23, 2003; Mr. Gorbey is a citizen and resident of the Commonwealth of Pennsylvania.

4. Defendants Richard Longwill and Barbara Longwill ("the Longwill defendants") reside at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803. The Longwill defendants, either jointly or individually, own the premises, which includes an indoor pool, at this address.

5. Defendant Ashland Construction Co., Inc. is a Delaware corporation with a principal place of business at 1800 West 11th Street, Wilmington, DE 19805.

6. Defendant Joseph Rizzo & Sons Construction Co. is a Delaware corporation with a principal place of business at 13 Rizzo Avenue, New Castle, Delaware 19720.

7. Defendant Vincent Rizzo Construction Co., Inc., is a Delaware corporation with a business and/or mailing address at 1800 West 11th Street, Wilmington, DE 19805.

8. The aforementioned defendants, Ashland Construction Co., Inc., Joseph Rizzo & Sons Construction Co., and Vincent Rizzo Construction Co., Inc. will hereinafter be referred to as "the corporate defendants."

9. Defendant Vincent Rizzo is an individual citizen of the state of Delaware with a business address therein at 1800 West 11th Street, Wilmington, DE 19805.

10. Defendant Vincent Rizzo owns, operates and controls the business affairs and daily operations of the corporate defendants, including the training, supervision and monitoring of the daily activities of their agents, servants and/or employees.

11. Defendant Vincent Rizzo and the corporate defendants were engaged at all times applicable hereto in the masonry and/or construction business.

12. Upon information and belief, the corporate defendants and defendant Vincent Rizzo, either individually and/or through his agents, servants, and/or employees, were working at a residence located at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803 ("the Coachman Road residence") on August 30, 2002.

13. The area where the work was being done included the area in and around the patio and a swimming pool located on the premises of the Coachman Road residence.

14. Marissa Rose Fishman ("plaintiff's decedent") was born on December 30, 2000, and resided at 110 Kelly Drive, Chadds Ford, PA 19317.

15. Plaintiff's decedent drowned on August 30, 2002 while staying at the home of her maternal grandparents, who are named defendants herein, located on the premises of the Coachman Road residence.

16. On August 30, 2002, Marissa Rose Fishman, a minor, who was visiting at Richard and Barbara Longwill's residence, was upon information and belief, to be confirmed through discovery, caused to drown due to the negligent acts and/or failures to act on the part of defendants and their actual and/or ostensible agents, servants and/or employees, including their failure to take reasonable steps to make the premises safe and negligently exposing an infant to an unsupervised swimming pool, which may have constituted an attractive nuisance.

17. The Longwill defendants owed a non-delegable duty to children on the premises to protect them from all hazards that were reasonably foreseeable; said hazards included both the means of access to the indoor pool and the work that was being conducted on the premises that day.

18. The door to the pool being left open, and the pool itself, constituted an attractive nuisance, one that was reasonably foreseeable given the work that was being done that day. This attractive nuisance caused the death of Marissa Rose Fishman.

19. The unreasonably dangerous condition created by the work was foreseeable, and
    it
caused the death of Marissa Rose Fishman.

20. The corporate defendants are vicariously liable for acts and/or failures to act on the part of their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz.

21. Said acts and/or failures to act included the failure to take reasonable care to make the premises safe for the work to be done; negligently exposing an infant to an unsupervised swimming pool; failing to conduct their work in a manner that gave due consideration to the presence of young children on the premises; negligently leaving open, and/or failing to properly close, a door on the premises that leads to the swimming pool; and negligently creating an attractive nuisance and unreasonably dangerous condition that exposed others at the residence, including plaintiff's decedent, to an increased risk of physical harm.

22. Defendant Vincent Rizzo failed to properly train, supervise and/or monitor his actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002.

23. These failures to properly train, supervise and/or monitor their actual and/or ostensible agents, servants and/or employees who were working at the Coachman Road residence on August 30, 2002, caused the negligence more particularly described herein.

24. Plaintiff's decedent, an infant, proceeded unattended through the open and/or improperly closed door leading to the swimming pool.

25. Plaintiff's decedent then fell into the swimming pool.

26. Plaintiff's decedent was thereafter caused to endure the horrors associated with death by drowning, which process includes, among other things, profound air hunger, laryngospasm, and conscious and severe pain and suffering.

27. The corporate defendants are vicariously liable for the negligent acts and/or failures to act on the part of said actual and/or ostensible agents, servants and/or employees, whose identities may at the present time be known only to defendants and who cannot be known

to plaintiff without the benefit of discovery. By way of more specific identification, said actual/or ostensible agents, servants and/or employees were working at the subject residence on August 30, 2002.

28. The door to the pool being left open, and/or not properly closed, created an attractive nuisance, and an unreasonably dangerous condition, which was reasonably foreseeable to the said actual /or ostensible agents, servants and/or employees who were working at the subject residence on August 30, 2002, including, without limitation, Salvador Brito-Ortiz, as well as to defendant Vincent Rizzo himself in his training, supervision and/or monitoring of the workers.

29. This attractive nuisance and unreasonably dangerous condition caused the death of Marissa Rose Fishman.

30. Plaintiff claims all damages recoverable under the Wrongful Death Statute, 10 Del. C. §3724 and Survival Statute, 10 Del. C. §3704, arising out of Marissa Rose Fishman's drowning and subsequent death. This wrongful death action is brought for the benefit of the deceased's beneficiaries, parents Rochelle Beth Longwill (D.O.B. 1/20/66) and Eric Casey Fishman (D.O.B. 9/9/57) and siblings Alexandra Shoshana Fishman (D.O.B. 12/21/93), Harrison Benjamin Fishman (D.O.B. 10/21/97) and Samuel Solomon Fishman (D.O.B. 6/10/98).

WHEREFORE, plaintiff James H. Gorbey, Jr., hereby demands judgment against defendants in an amount in excess of $75,000.00, exclusive of pre-judgment interest, costs, and post-judgment interest.

                          **Wetzel & Associates, P.A.**

BY: **/s/ Benjamin C. Wetzel, III**
                Benjamin C. Wetzel, III (I.D. No. 985)
                The Carriage House
                1100 North Grant Avenue
                Suite 201
                Wilmington, DE 19805
                (302) 652-1200
                    and
                **KLINE & SPECTER,**
                **A Professional Corporation**

BY: S/Jonathan M. Cohen
      I.D. No. 69062
      1525 Locust Street
      19th Floor
      Philadelphia PA 19102
Dated: May 25, 2007          Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : : : | |
| Plaintiff | : | Civil Action No. 05-211-MPT |
| vs. | : : | |
| RICHARD LONGWILL, BARBARA LONGWILL, ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., and VINCENT RIZZO, | : : : : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

**CERTIFICATE OF SERVICE**

I, Benjamin C. Wetzel, III, Esquire, hereby certify that Plaintiff, James H. Gorbey, Jr., as Administrator of the Estate of Marissa Rose Fishman, deceased's Amended Civil Action Master Complaint was served this date on the following:

BY E-FILE:

Roger D. Landon, Esquire
Murphy Spadaro & Landon
1011 Centre Road - Suite 210
Wilmington, DE 19805

Kevin J. Connors, Esquire
Marshall Dennehey Warner Coleman & Goggin
1220 N. Market Street
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

BY REGULAR MAIL

Martin S. Lessner, Esquire
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
Wilmington, DE 19801

Daniel J. Hart, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797

                                  **Wetzel & Associates, P.A.**

                    BY: **/s/ Benjamin C. Wetzel, III**
                          Benjamin C. Wetzel, III, Esq.

                          (I.D. No. 985)
                          The Carriage House
                          1100 North Grant Avenue
                          Suite 201
                          Wilmington, DE 19805
                          (302) 652-1200
                                and
                          **Kline & Specter, P.C.**

                    BY:   **/s/ Jonathan M. Cohen**
                          Jonathan M. Cohen, Esq.
                          (I.D. No. 69062)
                          1525 Locust Street
                          19th Floor
                          Philadelphia PA 19102
                          (215) 772-1000
                          Attorneys for Plaintiff

Date: May 25, 2007