IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES H. GORBEY, JR., ADMINISTRATOR OF THE ESTATE OF MARISSA ROSE FISHMAN, DECEASED | : : : : | CIVIL ACTION |
| v. | : : : | C.A. No. 05-211 MPT |
| RICHARD LONGWILL, BARBARA LONGWILL, ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a ASHLAND CONSTRUCTION CO., INC., and VINCENT RIZZO | : : : : : : : : : | |

**ANSWER OF DEFENDANTS, RICHARD LONGWILL AND
BARBARA LONGWILL, TO PLAINTIFF'S AMENDED
<u>CIVIL ACTION MASTER COMPLAINT</u>**

Defendants, Richard Longwill and Barbara Longwill ("Longwill defendants"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby respond as follows to plaintiff's Amended Civil Action Master Complaint.

1. Admitted in part; denied in part. The Longwill defendants admit that this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. The Longwill defendants deny that the damages in the matter exceed $75,000.00. The Longwill defendants only admit that plaintiff's allege that the damages in this matter are in excess of $75,000.00.

2. Denied as stated. The Longwill defendants only admit that plaintiff claims he is bringing a survival action pursuant to 10 Del C. §3704 and a wrongful death action pursuant to 10 Del. C. §3724.

3. Admitted.

4. Denied. The Longwill defendants deny that they are residents of 3220 Coachman Road, Surrey Park, Wilmington, DE 19803. The Longwill defendants admit that the foregoing address has an indoor pool. The Longwill defendants state that the foregoing residence is held in trust with Barbara Longwill as trustee.

5. Denied. The Longwill defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

6. Denied. The Longwill defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

7. Denied. The Longwill defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

8. Denied. The Longwill defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

9. Denied. The Longwill defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

10. Denied. The Longwill defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

11. Denied. The Longwill defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

12. Admitted. The Longwill defendants admit that Vincent Rizzo and a co-worker, Salvador Brito-Ortiz were working at the residence located at 3220 Coachman Road, Surrey Park, Wilmington, DE 19803 on August 30, 2002.

13. Admitted.

14. Admitted.

15. Admitted in part; denied in part. The Longwill defendants admit that Marissa Rose Fishman drowned on August 30, 2002 and that they are maternal grandparents of Marissa Rose Fishman. The Longwill defendants deny the remaining allegations contained in this paragraph of plaintiff's Amended Complaint.

16. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

17. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

18. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

19. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

20. Denied. The allegations contained in this paragraph of plaintiff's Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

21. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

22. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

23. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

24. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

25. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

26. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of plaintiff's Amended Complaint. Strict proof is demanded at the time of trial.

27. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

28. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

29. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

30. Denied. The allegations contained in this paragraph of plaintiff's Amended Complaint constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

WHEREFORE, defendants, Richard Longwill and Barbara Longwill deny liability and demand judgment in their favor together with interest, cost and attorneys' fees

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against the Longwill defendants.

### SECOND AFFIRMATIVE DEFENSE

This action was not commenced as to the Longwill defendants within the statutory time, and accordingly, this suit is barred as to the Longwill defendants by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrines of waiver, estoppel and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or plaintiff's decedent's injuries, if any, were the result of superseding and/or intervening causes or parties over which or whom the Longwill defendants had no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by one or more of the co-defendants and not by the Longwill defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were proximately caused by the intervening conduct of third persons, parental authorities or entities over whom the Longwill defendants had no control, authority or responsibility.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's injuries, if any, may have been caused by the conduct of others.

### EIGHTH AFFIRMATIVE DEFENSE

The Longwill defendants had no legal duty to plaintiff's decedent because others/adults were in a better or legal position to warn and protect plaintiff's decedent, and the failure of these other persons and/or entities to so protect the decedent was the proximate cause of plaintiff's injuries, if any.

### NINTH AFFIRMATIVE DEFENSE

The Longwill defendants breached no duty owed to plaintiff or plaintiff's decedent.

### TENTH AFFIRMATIVE DEFENSE

The Longwill defendants are entitled to an offset/net reduction for any compensation obtained or to be obtained by or on behalf of plaintiff and/or plaintiff's decedent from other sources, parties, entities and/or defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff, as against the Longwill defendants, has failed to properly elect his remedies and forum barring some or all of his claims.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or limited by the statutes, immunities and laws of the State of Delaware and the laws, ordinance and rules of the City of Wilmington and New Castle County.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Longwill defendants aver that the accident more specifically described in the allegations contained in plaintiff's Amended Complaint was caused by individuals and/or entities who are unknown to the Longwill defendants and over whom the Longwill defendants had no control at any time material hereto.

**FIFTEENTH AFFIRMATIVE DEFENSE**

No conduct on the part of the Longwill defendants contributed to plaintiff's alleged injury and/or damages.

**CROSS-CLAIM OF DEFENDANTS, RICHARD LONGWILL AND BARBARA LONGWILL, AGAINST CO-DEFENDANTS**

Defendants, Richard Longwill and Barbara Longwill, hereby crossclaim against co-defendants, and, in denying liability to plaintiff, hereby avers that if there is any liability at all, it is the liability of the co-defendants, which are either solely liable to plaintiff, jointly and severally liable, and/or liable over to co-defendant, for contribution and/or common law or contractual indemnity on the claims set forth by plaintiff in his Complaint. Defendants, Richard Longwill and Barbara Longwill, also seek a determination of pro rata legal responsibility pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. §6301 et seq.

WHEREFORE, defendants, Richard Longwill and Barbara Longwill, deny liability and demand judgment in their favor, together with interest, costs and attorney's fees.

          **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:   */s/ Kevin J. Connors, Esquire*
      Kevin J. Connors, Esquire
      Attorney I.D. No. 2135
      Daniel J. Hart, Esquire
      Attorney I.D. No. 1937
      Attorneys for Defendants
      Richard and Barbara Longwill

      1220 Market Street, 5th Floor
      Wilmington, DE  19801
      302-552-4302

      1845 Walnut Street
      Philadelphia, PA  19103
      215-575-2677

**DATED**: June 14, 2007
\01_21\LIAB\DJHART\LLPG\610147\CXEDWARDS\03030\02632

9

# CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of the Answer with Affirmative Defenses of Defendants, Richard Longwill and Barbara Longwill, to Plaintiff's Amended Civil Action Master Complaint in the above-captioned matter this date via e-file and serve and regular mail as follows:

Jonathan M. Cohen, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102

Yvonne Takvorian Saville, Esquire
1220 North Market Street
Suite 604
P.O. Box 370
Wilmington, DE  19801

Roger D. Landon, Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road
Suite 210
Wilmington, DE  19805

      **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:    /s/ Kevin J. Connors, Esquire
       Kevin J. Connors, Esquire
       Attorney I.D. No. 2135
       Daniel J. Hart, Esquire
       Attorney I.D. No. 1937
       Attorneys for Defendants
       Richard and Barbara Longwill

       1220 Market Street, 5th Floor
       Wilmington, DE  19801
       302-552-4302

       1845 Walnut Street
       Philadelphia, PA  19103
       215-575-2677

**DATED: June 14, 2007**