**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
A PROFESSIONAL CORPORATION   www.marshalldennehey.com

A REGIONAL DEFENSE LITIGATION LAW FIRM

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

FLORIDA
Fort Lauderdale
Jacksonville
Orlando
Tampa

OHIO
Akron

**1220 Market Street, 5th Floor, Wilmington, DE  19801**
(302) 552-4300 · Fax (302) 651-7905

**Direct Dial: 302-552-4302**
**Email: kjconnors@mdwcg.com**



August 15, 2007

Via E-File

The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 North King Street
Lockbox 8
Wilmington, DE  18901

      RE:   Gorbey, et al. v. Longwill, et al.
             U.S.D.C. – District of Delaware, C.A. No. 05-211 MPT
             Our File No.:  03030.02632

Dear Judge Thynge:

     The undersigned attorneys represent the Longwill defendants in this case.  Pursuant to this Honorable Court's June 4, 2007 Amended Scheduling Order, please accept this letter brief seeking permission to file a Motion for Summary Judgment to dismiss plaintiff's wrongful death claims.

     Under Delaware law, an action for Wrongful Death, 10 Del. C. §3724, is separate and distinct from an action under the Survival Statute, 10 Del C. §3701.  The Wrongful Death statute creates "an action…for the benefit of the spouse, parent, child and siblings of a deceased person."  10 Del. C. §3724(a).  By contrast, the Delaware Survival Statute states that "all causes of action…shall survive to and against the executors or administrators of the person to, or against whom, the cause of action occurred."  10 Del. C. §3701.  Prior to filing the Fifth Amended Complaint, Mr. Gorbey was the sole plaintiff pursuing a Survival action.  His damages were limited to "1) pain and suffering from the time of injury until the time of death; 2) expenses incurred by the injured party to recover from such injury; and 3) loss of earnings as a result of the injury from the date of injury until the time of death." *Id.*

     In the Amended Civil Action Master Complaint, Mr. Gorbey amends to bring an action "for the benefit of the deceased's beneficiaries, parents, Rochelle Beth Longwill (d.o.b. 1/20/66) and Eric Casey Fishman (d.o.b. 9/9/57) and siblings Alexandra Shoshanna Fishman (d.o.b. 12/21/93), Harrison Benjamin Fishman (d.o.b. 10/21/97) and Samuel Solomon Fishman (d.o.b. 6/10/98)."  The parties to and the damages recoverable under the Wrongful Death statute are separate and distinct from the parties to and the damages recoverable under the Survival statute.

The Honorable Mary Pat Thynge
August 15, 2007
Page 2

---

      The Longwills contend that the Amended Civil Action Master Complaint adds new parties and a new cause of action. Title 10 of the Delaware Code states, in pertinent part, "no action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of two years from the accruing of the cause of such action." 10 Del. C. §8107. The beneficiaries' Wrongful Death action accrued on August 20, 2002 when Marissa Rose Fishman accidentally drowned. The statute of limitations for that action expired on August 30, 2004.

      Prior to the filing of the Amended Civil Action Master Complaint, Mr. Gorbey stood alone as the plaintiff seeking damages under a Survival action. The Amended Civil Action Master Complaint adds the beneficiaries of the Estate of Marissa Rose Fishman as parties to this action.

      A party's ability to amend a pleading is governed by Federal Rule of Civil Procedure 15. Rule 15(c) discusses relation back of amendments to the date of the original pleading. Most of the language of Rule 15(c) addresses situations in which a plaintiff seeks to introduce additional claims against a defendant or seeks to add defendants to the claim. In this case, Mr. Gorbey is not seeking to add new claims against the existing defendants or add new defendants to the case. Instead, the Amended Civil Action Master Complaint adds plaintiffs to this case; plaintiffs which could have brought a Wrongful Death action within the two-year statute of limitations period. Further, the new plaintiffs are asserting a new cause of action; which cause of action could have been brought within the two-year statute of limitations.

      While the Longwill defendants' research on this issue is not complete, defendants cite to *Judy Lee v. Toshiba Machine Company of America*, 804 F. Supp. 1029 (U.S.D.C. E.D. Tenn. 1992) and *Prebble v. Hinson*, 825 F. Supp. 185 (U.S.D.C. S.D. Ohio 1993) as support for a proposition that adding a new cause of action on behalf of new plaintiffs after the statute of limitations has run may be inappropriate.

      Respectfully submitted,


    */s/ Kevin J. Connors*
    Kevin J. Connors

    */s/ Daniel J. Hart*
    Daniel J. Hart


KJC/jms
Enclosure
cc:    Jonathan M. Cohen, Esquire
       Roger D. Landon, Esquire
       Martin S. Lessner, Esquire
       Yvonne Takvorian Saville, Esquire
       Clerk of Court

01/4063330.v1