IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES H. GORBEY, JR.,      |
Administrator of the Estate of      |
Marissa Rose Fishman, Deceased,      |
     |
        Plaintiff,      |
     |
v.      |      C.A. No. 05-211 MPT
     |
RICHARD LONGWILL,      |
BARBARA LONGWILL,      |
ASHLAND CONSTRUCTION      |
COMPANY, INC.,      |
VINCENT RIZZO CONSTRUCTION      |
CO., INC., d/b/a Ashland Construction      |
Co., Inc., and VINCENT RIZZO,      |
     |
        Defendants.      |

**JOINT PROPOSED JURY INSTRUCTIONS**

WEISS AND SAVILLE, P.A.

By: /s/ Yvonne Takvorian Saville
    YVONNE TAKVORIAN SAVILLE (ID No. 3430)
    1220 Market Steet, Suite 604
    Wilmington, DE 19805
    (302) 656-0400
    *Attorney for Plaintiff*

## TABLE OF CONTENTS

Instruction                                                                                        Page

Province of the Court and Jury. ..........................................................................  1

Statements of Counsel...................................................................................  3

Courtroom Interpretation.................................................................................  4

English Translation. .......................................................................................  6

Burden of Proof by a Preponderance of the Evidence. .....................................  7

Evidence Equally Balanced. ............................................................................  9

Negligence Defined. .....................................................................................  10

No Duty to Anticipate Negligence.....................................................................  11

Multiple Defendants.......................................................................................  12

Joint Tortfeasors. .........................................................................................  13

Prior Sworn Statements. ...............................................................................  14

Prior Inconsistent Statement by Witness...........................................................  15

Objections - Rulings on Evidence.....................................................................  16

Deposition - Use as Evidence. ........................................................................  17

Use of Interrogatories at Trial..........................................................................  18

Credibility of Witnesses - Weighing Conflicting Testimony. ..............................  19

Expert Testimony..........................................................................................  20

Effect of Instructions as to Damages................................................................  21

Instructions to be Considered as a Whole. .......................................................  22

Court Impartiality. ............................................................................. 23

Jury's Deliberations. ......................................................................... 24

**PROVINCE OF THE COURT AND JURY** [1]

Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the law governing this case.  Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence.  You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions.  It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things:  first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case.  Evidence includes the witnesses' sworn testimony and the items admitted into evidence.  You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified.  In other words, use your common sense to reach conclusions based on the evidence.

---

[1] Civil Pattern Jury Instruction 3.2.  (This and all such citations throughout are to the Delaware Superior Court Civil Pattern Jury Instructions, Annotated, 2000 Edition, revised in part 8/15/2006)

1

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

Source:

DEL. CONST. art. IV, ' 19 (1897); *Porter v. State*, Del. Supr., 243 A.2d 699 (1968)(judge may not comment on the facts of the case); *Gutheridge v. Pen-Mod, Inc.*, Del. Super., 239 A.2d 709 (1967)(jury sole judges of the facts); *Girardo v. Wilmington & Philadelphia Traction Co.*, Del. Super., 90 A. 476 (1914)(same). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS '' 70.03, 71.01 (4th ed. 1987); BLACK'S LAW DICTIONARY 555 (6th ed. 1990).

2

## STATEMENTS OF COUNSEL [2]

What the attorneys say is not evidence.  Instead, whatever they say is intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.


Source:
See *DeAngelis v. Harrison*, Del. Supr., 628 A.2d 77, 88 (1993); *McNally v. Eckman*, Del. Supr., 466 A.2d 363, 371-75 (1983); *Delaware Olds, Inc. v. Dixon*, Del. Supr., 367 A.2d 178, 179 (1976).  *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 70.03 (4th ed. 1987); 75A AM. JUR. 2d '' 554, 566, 632.

---

[2] Civil Pattern Jury Instruction 3.3

3

**COURTROOM INTERPRETATION** [3]

Interpretation of the Proceedings:

This Court seeks a fair trial for all regardless of the language a person speaks and regardless of how well a person may, or may not, use the English language.  Bias against or for persons who have little or no proficiency in English, or because they do not use English, is not allowed.  The fact that any party requires an interpreter must not influence you in any way.

Esta Corte busca un juicio para todos sin considerar que lengua hablan y sin considerar el bien o mal uso que hagan de la lengua inglesa.  Prejuicio contra o hacia personas que tienen poco o nada de pericia en el idioma ingles, porque nunca lo usan, no es permitido.  Por lo tanto, de niguna manera permita usted ser influenciado por el hecho de que la parte requere un interprete.

Witness Interpretation:

Treat the interpretation of the witness's testimony as if the witness had spoken English and no interpreter were present.  Do not allow the fact that testimony is given in a language other than English to affect your view of the witness's credibility.

Trate la interpretacion del testigo como si el testigo hubiera hablado en ingles y sin un interprete presente.  No permita el hecho de que el testimonio es dado en una lengua, que no es el ingles, afecte su opinion acerca de la credibilidad del testigo.

Court Interpreters:

I want you to understand the role of the court interpreter.  The court interpreter is here only to interpret the questions that you are asked and to interpret your responses.

_____

[3] Civil Pattern Jury Instruction 3.7a, 3.7b, 3.7c

They will say only what we or you say and will not add to your testimony, omit anything you say, or summarize what you say.  They are not lawyers and are prohibited from giving legal advice.

If you do not understand the court interpreter, please let me know.  If you need the interpreter to repeat something you missed, you may do so.

Do you have any questions about the role or responsibilities of the court interpreter?

Yo quiero que usted comprenda la funcion del interprete de la corte.  El interprete de corte esta aqui solamente para interpretar las preguntas dirigidas a usted y para interpretar sus repuestas.  Ellos diran solamente lo que nosotros o usted decimos y no agregaran nada a su testimonio, no omitiran nada que usted diga, ni resumiran lo que usted diga.  Ellos no son abogados y les esta prohibido dar consejo legal.

Si usted no comprende al interprete de la corte, por favor hagamelo saber.  Si usted necesita que el interprete repita algo que usted no capto, puede hacerlo.

Tiene usted alguna pregunta acerca de la funcion o de las responsabilidades del interprete de la corte?

Source:

Del. Supr. Admin. Directive 107 (1996).

5

**ENGLISH TRANSLATION [4]**

Languages other than English may be used during this trial. The evidence you are to consider is only that provided through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

Comment: This instruction is appropriate when there is a juror proficient in English as well as the language of a party or witness that will be translated by an interpreter during the trial. The instruction should be given prior to opening arguments and at the end of the case.

Source:

*Diaz v. State*, Del. Supr., 743 A.2d 1166, 1175 (1999).

---

[4] Civil Pattern Jury Instruction 3.8

6

## BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE [5]

In a civil case such as this one, the burden of proof is by a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.  Preponderance of the evidence does not depend on the number of witnesses.  If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

In this particular case, the plaintiff must prove all the elements of its claim of negligence as to a given defendant by a preponderance of the evidence in order to hold that defendant liable.  Those elements are as follows:

(1)    That the defendant was negligent; and,

(2)    That such negligence caused Marissa Fishman's death.

---

[5] Civil Pattern Jury Instruction 4.1, edited

Source:

Reynolds v. Reynolds, Del. Supr., 237 A.2d 708, 711 (1967)(defining preponderance of the evidence); *McCartney v. Peoples Ry. Co.*, Del. Super., 78 A. 771, 772 (1911)(same); *Oberly v. Howard Hughes Medical Inst.*, Del. Ch., 472 A.2d 366, 390 (1984)(same). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 72.01 (4th ed. 1987).

DEL. CODE ANN. tit. 10, ' 8132 (1999) (elements of comparative negligence); *Duphily v. Delaware Elec. Coop., Inc.*, Del. Supr., 662 A.2d 821, 828 (1995)(basic elements of negligence claim); *Culver v. Bennett*, Del. Supr., 588 A.2d 1094, 1096-97 (1991)(same); *McGraw v. Corrin*, Del. Supr., 303 A.2d 641 (1973)(comparative negligence).

## EVIDENCE EQUALLY BALANCED [6]

If the evidence tends equally to suggest two inconsistent views, neither has been established.  That is, where the evidence shows that one or two things may have caused the accident:  one for which a defendant was responsible and one for which it was not.  You cannot find for the plaintiff if it is just as likely that the accident was caused by one thing as by the other.

In other words, if you find that the evidence suggests, on the one hand, that a defendant is liable, but on the other hand, that it is not liable, then you must not speculate about the suggested causes of the accident; in that circumstance you must find for that defendant.

Source:

*Eskridge v.* Voshell, Del. Supr., 1991 WL 78471, **3 (1991)(1991 Del. Lexis 155, *7 (1991)); Voshell *v. Attix*, Del. Supr., No. 435, 1989, slip op. at 5, Walsh, J. (Mar. 21, 1990); *Law v. Gallegher*, Del. Supr., 197 A. 479, 488 (1938); *Gutheridge v. Pen-Mod, Inc.*, Del. Super., 239 A.2d 709, 713 (1967).   *See also Hopkins v. E.I. duPont de Nemours & Co.*, 3d Cir., 212 F.2d 623 (1954).

---

[6] Civil Pattern Jury Instruction 4.2

## NEGLIGENCE DEFINED [7]

This case involves claims of negligence.  Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances.  That standard is your guide.  If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent.  On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

Source:

*Russell v. K-Mart*, Del. Supr., 761 A.2d 1, 5 (2000); Duphily *v. Delaware Elec. Coop., Inc.*, Del. Supr., 662 A.2d 821, 828 (1995); *Culver v. Bennett*, Del. Supr., 588 A.2d 1094, 1096-97 (1991); *Robelen Piano Co. v. Di Fonzo*, Del. Supr., 169 A.2d 240 (1961); *Rabar v. E.I. duPont de Nemours & Co.*, Del. Super., 415 A.2d 499, 506 (1980); *DeAngelis v. U.S.A.C. Transport*, Del. Super., 105 A.2d 458 (1954); *Kane v. Reed*, Del. Super., 101 A.2d 800 (1954).

---

[7] Civil Pattern Jury Instruction 5.1

## NO DUTY TO ANTICIPATE NEGLIGENCE [8]

Nobody is required to anticipate someone else's negligence.  A person is allowed to assume that another person will not act negligently until he or she knows or should know that the other person is acting or is about to act negligently.  Therefore, a person is required to act reasonably and prudently under the circumstances of the particular situation.

Source:

*Bullock v. State*, Del. Supr., 775 A.2d 1043, 1052 (2001); *Furek v. University of Delaware*, Del. Supr., 594 A.2d 506, 523 (1991); *Levine v. Lam*, Del. Supr., 226 A.2d 925, 926-27 (1967); *Biddle v. Haldas Bros.*, Del. Super., 190 A. 588, 595 (1937).

---

[8] Civil Pattern Jury Instruction 5.3

## MULTIPLE DEFENDANTS [9]

There are essentially three defendants in this case: (1) Richard Longwill; (2) Barbara Longwill; and, (3) the Ashland defendants, which are being treated as a single defendant.  One may be liable while the other is not.  Each defendant is entitled to your fair consideration of its own defenses.  If you find against one defendant, that shouldn't affect your consideration of other defendant.  Unless I tell you otherwise, all my instructions apply to each defendant.

Source:

*Laws v. Webb*, Del. Supr., 658 A.2d 1000, 1007 (1995); *See Travelers Ins. Co. v. Magic Chef, Inc.*,  Del. Supr., 483 A.2d 1115 (1984); *Diamond State Tel. Co. v. University of Delaware*, Del. Supr., 269 A.2d 52, 56 (1970).

---

[9] Civil Pattern Jury Instruction 5.5, edited

### JOINT TORTFEASORS [10]

If you find that one or both Longwill defendants and the Ashland defendants were negligent, and that their negligence combined to cause injury, you must determine their relative degrees of fault.  Using 100% as the total amount of the defendants' negligence, you must decide the percentage of each defendant's negligence.  I will give you a special-verdict form for this purpose.  Your answers in this form will enable me to apportion damages.

Source:

DEL. CODE ANN. tit. 10, " 6302, 6304, 8132 (1999); *Alexander v. Cahill*, Del. Supr., 2003 WL 1793514, *5-6 (2003) (2003 Del. Lexis 199, *17-19 (2003)); *Sears Roebuck & Co. v. Huang*, Del. Supr., 652 A.2d 568, 573 (1995); *Medical Ctr. of Delaware v. Mullins*, Del. Supr., 637 A.2d 6 (1994); *Blackshear v. Clark*, Del. Supr., 391 A.2d 747 (1978); *Farrall v. A.C. & S. Co.*, Del. Super., 586 A.2d 662 (1990).

---

[10] Civil Pattern Jury Instruction 5.6, edited

## PRIOR SWORN STATEMENTS [1][1]

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe.  You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

Source:
*See generally* D.R.E. 801(d)(1), 803(8); *Lampkins v. State*, Del. Supr., 465 A.2d 785, 790 (1983)(prior statements generally); *Bruce E.M. v. Dorothy A.M.*, Del. Supr., 455 A.2d 866, 869 (1983)(prior sworn statements); 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.09 (4th ed. 1987).

---

[11] Civil Pattern Jury Instruction 23.2

## PRIOR INCONSISTENT STATEMENT BY WITNESS [2][1]

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

Source:

D.R.E. 613.  *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.04 (4th ed. 1987).

---

[12] Civil Pattern Jury Instruction 23.3

15

## OBJECTIONS - RULINGS ON EVIDENCE [13]

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

Source:

D.R.E. 103(c), 104(c)&(e), 105; *City of Wilmington v. Parcel of Land*, Del. Supr., 607 A.2d 1163, 1170 (1992); *Concord Towers, Inc. v. Long*, Del. Supr., 348 A.2d 325, 327 (1975)(court must avoid giving the impression of favoring one side or other in ruling on counsel's objections). *See also* 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 70.01 (4th ed. 1987).

---

[13] Civil Pattern Jury Instruction 23.4

16

## DEPOSITION - USE AS EVIDENCE [14]

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial.  This is known as deposition testimony.  This kind of testimony is used when a witness, for some reason, cannot be present to testify in person.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

Source:

*Del. C.* Super. Ct. Civ. R. 32(a); D.R.E. 804(a)(5); *Firestone Tire & Rubber Co. v. Adams*, Del. Supr., 541 A.2d 567, 572 (1988).  *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.02 (4th ed. 1987).

---

[14] Civil Pattern Jury Instruction 23.5

## USE OF INTERROGATORIES AT TRIAL [15]

Some of the evidence has been in the form of interrogatory answers.  An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial.  You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

Source:
*Del. C.* Super. Ct. Civ. R. 33(c).  *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 72.19 (4th ed. 1987).

---

[15] Civil Pattern Jury Instruction 23.6

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY [6][1]

You are the sole judges of each witness's credibility.  That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

Source:

*See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.01 (4th ed. 1987); 75A AM. JUR. 2d §§ 747, 749, 750.

---

[16] Civil Pattern Jury Instruction 23.9

## EXPERT TESTIMONY [17]

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.   This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

Source:

D.R.E. 701, 702, 703.

---

[17] Civil Pattern Jury Instruction 23.10

## EFFECT OF INSTRUCTIONS AS TO DAMAGES[18]

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

Source:

*Philadelphia, B.&W. R.R. Co. v. Gatta*, Del .Supr., 85 A. 721, 729 (1913) (jury is sole judge of facts).

---

[18]  Civil Pattern Jury Instruction 22.28

21

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE [19]

I have read a number of instructions to you.  The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point.  You should consider all the instructions.

Source:

DEL. CONST. art. IV, § 19; *Culver v. Bennett*, 588 A.2d 1094, 1096 (Del. 1991)(instructions to be considered as a whole); *Sirmans v. Penn*, 588 A.2d 1103, 1104 (Del. 1991)(instructions are not in error if they correctly state the law, are reasonably informative and not misleading judged by common practices and standards of verbal communication); *Dawson v. State*, 581 A.2d 1078, 1105 (Del. 1990)(jury instructions do not need to be perfect); *Probst v. State*, 547 A.2d 114, 119 (Del. 1988)(entire charge must be considered as a whole); *Haas v. United Technologies Corp.*, 1173, 1179 (Del. 1982), *appeal dismissed*, 459 U.S. 1192, 103 S. Ct. 1170, 75 L.Ed.2d 423 (1983); *State Hwy. Dep't v. Bazzuto*, 264 A.2d 347, 351 (Del. 1970); *Cloud v. State*, 154 A.2d 680 (Del. 1959); *Philadelphia B. & W. R.R. Co. v. Gatta*, 85 A. 721, 729 (Del. 1913)(jury is sole judge of facts).

---

[19] Civil Pattern Jury Instruction 24.3

# COURT IMPARTIALITY [20]

Nothing I have said since the trial began should be taken as an opinion about the outcome of the case. You should understand that no favoritism or partisan meaning was intended in any ruling I made during the trial or by these instructions. Further, you must not view these instructions as an opinion about the facts. You are the judges of the facts, not me.

Source:

DEL. CONST. art. IV, § 19; *Lagola v. Thomas*, 867 A.2d 891, 898 (Del. 2005)(self-restraint in questioning of any witness); *Price v. Blood Bank of Delaware, Inc.*, 790 A.2d 1203, 1210-12 (Del. 2002)(heightened requirement of impartiality when questioning witness); *Culver v. Bennett*, 588 A.2d 1094, 1096 (Del. 1991)(instructions to be considered as a whole); *Probst v. State*, 547 A.2d 114, 119 (Del. 1988); *Haas v. United Technologies Corp.*, 1173, 1179 (Del. 1982), *appeal dismissed*, 459 U.S. 1192, 103 S. Ct. 1170, 75 L.Ed.2d 423 (1983); *State Hwy. Dep't v. Bazzuto*, 264 A.2d 347, 351 (Del. 1970); *Cloud v. State*, 154 A.2d 680 (Del. 1959); *Philadelphia B. & W. R.R. Co. v. Gatta*, 85 A. 721, 729 (Del. 1913)(jury is sole judge of facts).

---

[20] Civil Pattern Jury Instruction 24.4

## JURY'S DELIBERATIONS [1][2]

How you conduct your deliberations is up to you.  But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position.  You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict.  Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors.  You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.

### [EXCUSE JURY ALTERNATES -- SWEAR BAILIFF]

Source:
*Hyman Reiver & Co. v. Rose*, Del. Supr., 147 A.2d 500, 505-07 (1958)(the private deliberations of the jury should not be a concern of the court).

---

[21] Civil Pattern Jury Instruction 24.5

24