## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---

JAMES H. GORBEY, JR., Administrator of the
Estate of Marissa Rose Fishman, Deceased,

Plaintiff,

vs.

RICHARD LONGWILL, BARBARA
LONGWILL, AIR BASE CARPET MART, INC.
d/b/a Air Base Distributing, Inc. d/b/a Air Base
Carpet Mart, AIR BASE DISTRIBUTING, INC.,
ASHLAND CONSTRUCTION COMPANY, INC.,
JOSEPH RIZZO & SONS CONSTRUCTION,
VINCENT RIZZO CONSTRUCTION CO., INC.
d/b/a Ashland Construction Co., Inc.,  JOSEPH V.
RIZZO, and VINCENT RIZZO

Defendants.

: Civil Action No.: 05-211-KAJ

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

---

Respectfully submitted,

**KLINE & SPECTER**                         **WEISS & SAVILLE**
*A Professional Corporation*

BY: S/ JONATHAN M. COHEN, ESQUIRE      BY: S/YVONNE SAVILLE, ESQUIRE
    JONATHAN M. COHEN, ESQUIRE             YVONNE SAVILLE, ESQUIRE
    JAMES J. WALDENBERGER, ESQUIRE         Attorney for Plaintiff
    Attorneys for Plaintiff                1220 Market Street
    Nineteenth Floor                      Suite 604
    1525 Locust Street                    Wilmington, DE 19899
    Philadelphia, Pennsylvania 19102      (302-656-0400)
    (215) 772-1000

**POINT FOR CHARGE NO. 1**

**PROVINCE OF THE COURT AND JURY**

Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the law governing this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions; It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case. Evidence includes the witnesses' sworn testimony and the items admitted into evidence. You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

{Comment: It is recommended that this charge be given at the beginning of the trial proceedings as well as at the end.}

DEL. P.J.I. CIV. § 3.2 (2000).

Source:
DEL. CONST. art. IV, § 19 (1897); Porter v. State, Del. Supr., 243 A.2d 699 (1968)(judge may not comment on the facts of the case); Gutheridge v. Pen-Mod, Inc., Del. Super., 239 A.2d 709 (1967)(jury sole judges of the facts); Girardo v. Wilmington & Philadelphia Traction Co., Del. Super., 90 A. 476 (1914)(same). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 70.03, 71.01 (4th ed. 1987); BLACK'S LAW DICTIONARY 555 (6th ed. 1990).

**POINT FOR CHARGE NO. 2**

**STATEMENTS OF COUNSEL**

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

DEL. P.J.I. CIV. § 3.3 (2000).

Source:
See DeAngelis v. Harrison, Del. Supr., 628 A.2d 77, 88 (1993); McNally v. Eckman, Del. Supr., 466 A.2d 363, 371-75 (1983); Delaware Olds, Inc. v. Dixon, Del. Supr., 367 A.2d 178, 179 (1976). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 70.03 (4th ed. 1987); 75A AM. JUR. 2d §§ 554, 566, 632.

**POINT FOR CHARGE NO. 3**

**INSTRUCTION TO JURORS AT THE BEGINNING OF TRIAL:**

**THE ROLE OF ATTORNEYS IN THESE PROCEEDINGS**

      The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

      Notwithstanding what you have may have seen on television or at the movies, the attorneys in this trial will be expected to act professionally, argue persuasively, and conduct themselves with civility.

DEL. P.J.I. CIV. § 3.3A (2000).

Source:
See DeAngelis v. Harrison, Del. Supr., 628 A.2d 77, 88 (1993); McNally v. Eckman, Del. Supr., 466 A.2d 363, 371-75 (1983); Delaware Olds, Inc. v. Dixon, Del. Supr., 367 A.2d 178, 179 (1976). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 70.03 (4th ed. 1987); 75A AM. JUR. 2d §§ 554, 566, 632.

**POINT FOR CHARGE NO. 4**

**NATURE OF THE CASE**

In this case, Plaintiff, James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, Deceased, is suing for damages arising from the drowning death of Marissa Fishman on August 30, 2002.  On that date, Marissa Fishman, twenty months old at the time, was visiting the house of Defendants, Richard and Barbara Longwell, at 3220 Coachman Road, Wilmington, Delaware, where Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and Vincent Rizzo, were performing construction work to an in-ground swimming pool enclosure and nearby patio.  A sliding glass door from the house to the pool area was left open, allowing Marissa to enter the pool and drown.

Plaintiff claims that all defendants failed to exercise reasonable care by permitting the door to be left open, and by not eliminating the danger presented by the indoor pool such as installing an alarm or self-closing device on the door.

Defendants deny that they were negligent in any manner.

**POINT FOR CHARGE NO. 5**

**BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE**

       In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

       In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

DEL. P.J.I. CIV. § 4.1 (2000).

Source:
Reynolds v. Reynolds, Del. Supr., 237 A.2d 708, 711 (1967)(defining preponderance of the evidence); McCartney v. Peoples Ry. Co., Del. Super., 78 A. 771, 772 (1911)(same); Oberly v. Howard Hughes Medical Inst., Del. Ch., 472 A.2d 366, 390 (1984)(same). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.01 (4th ed. 1987).
10 Del. C. § 8132 (elements of comparative negligence); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995)(basic elements of negligence claim); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096-97 (1991)(same); McGraw v. Corrin, Del. Supr., 303 A.2d 641 (1973)(comparative negligence).

**POINT FOR CHARGE NO. 6**

**NEGLIGENCE DEFINED**

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

The mere fact that an accident occurred isn't enough to establish negligence.

DEL. P.J.I. CIV. § 5.1 (2000).

Source:
Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096-97 (1991); Robelen Piano Co. v. Di Fonzo, Del. Supr., 169 A.2d 240 (1961); Rabar v. E.I. duPont de Nemours & Co., Del. Super., 415 A.2d 499, 506 (1980); DeAngelis v. U.S.A.C. Transport, Del. Super., 105 A.2d 458 (1954); Kane v. Reed, Del. Super., 101 A.2d 800 (1954).

**POINT FOR CHARGE NO. 7**

**NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE**

      Plaintiff has alleged that the Defendants were negligent in various ways, but a party does not have to be negligent in all these ways to be liable. You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

DEL. P.J.I. CIV. § 5.2 (2000).

**POINT FOR CHARGE NO. 8**

**MULTIPLE DEFENDANTS**

There are several defendants in this case. Some may be liable while others are not. All the defendants are entitled to your fair consideration of their own defenses. If you find against one defendant, that shouldn't affect your consideration of other defendants. Unless I tell you otherwise, all my instructions apply to every defendant.

DEL. P.J.I. CIV. § 5.5 (2000).

Source:
Laws v. Webb, Del. Supr., 658 A.2d 1000, 1007 (1995); Diamond State Tel. Co. v. University of Delaware, Del. Supr., 269 A.2d 52, 56 (1970).

**POINT FOR CHARGE NO. 9**

**JOINT TORTFEASORS**

If two or more defendants are negligent, and their negligence combines to cause injury, you must determine their relative degrees of fault. Using 100% as the total amount of the defendants' negligence, you must decide the percentage of each defendant's negligence. I will give you a special-verdict form for this purpose. Your answers in this form will enable me to apportion damages.

DEL. P.J.I. CIV. § 5.6 (2000).

Source:
10 Del. C. §§ 6302, 6304, 8132; Sears Roebuck & Co. v. Huang, Del. Supr., 652 A.2d 568, 573 (1995); Medical Ctr. of Delaware v. Mullins, Del. Supr., 637 A.2d 6 (1994); Blackshear v. Clark, Del. Supr., 391 A.2d 747 (1978); Farrall v. A.C. & S. Co., Del. Super., 586 A.2d 662 (1990).

**POINT FOR CHARGE NO. 10**

**VIOLATION OF CODES OR ORDINANCES / NEGLIGENCE AS A MATTER OF LAW**

A person is also considered negligent if he or she violates a code or ordinance that has been enacted for people's safety. The violation of the following codes or ordinances, which were in effect at the time of Marissa Fishman's death, is negligence as a matter of law:

1)      1996 BOCA National Building Code (adopted by Wilmington City Council, Sec. 4-26)

    9.      Where a wall of a dwelling unit serves as part of th barrier and contains a door that provides direct access to the pool, one of the following shall apply:

        9.1      All doors with direct access to the pool through that wall shall be equipped with an alarm which produces an audible warning when the door and its screen, if present, are opened . . . .

        9.2      All doors with direct access to the pool through that wall shall be equipped with a self-closing and self-latching device with the release mechanism located a minimum of 54 inches (1372 mm) above the floor. Swinging doors shall open away from the pool area.

        9.3      The pool shall be equipped with a power safety cover . . . .

2)      1996 BOCA National Building Code, Section 421.3 (adopted by Wilmington City Council, Sec. 4-26)

A swimming pool or appurtenances thereto shall not be constructed, installed, enlarged or altered until construction documents have been submitted and a permit has been obtained from the code official. . . .

3)      Wilmington City Code, Section 108.1.1.

It shall be unlawful for any of the aforesaid persons to proceed with work without having first obtained permits required by this code.

If you find that Defendants violated any of these codes or ordinances, you must find that the defendants were negligent. Sammons v. Ridgeway, Del. Supr., 293 A.2d 547, 549 (1972); Nance v. Rees, Del. Super., 161 A.2d 795, 797 (1960); Wealth v. Renai, Del. Super., 114 A.2d 809, 810-811 (1955); see also DEL. P.J.I. 5.7 (the first sentence of this proposed instruction is taken from the proposed instruction; the remainder was drafted by counsel).

**POINT FOR CHARGE NO. 11**

**LIABILITY TO CHILDREN FOR HIGHLY DANGEROUS ARTIFICIAL CONDITIONS**

Possessors of land, such as Defendants, Richard and Barbara Longwell, can be liable to children for injuries caused by dangerous, artificial conditions on land when the landowner knows or has reason to know that the artificial condition will attract children who will not recognize the risk because of their age.  Butler v. Newark County Country Club, Del. Super., 909 A.2d 111, 113 (2006); Roberts v. Bush, Del. Super., 1987 WL 8661 (1987).

Possessors of land, such as Defendants, Richard and Barbara Longwell, can be liable for physical harm to young children on the land for bodily harm caused by a structure or other artificial condition upon the land, if:

> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to encounter, and

> (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling within or in coming within the area made dangerous by it, and

> (d) the utility to the possessor of maintaining the condition and the burden eliminating the danger are slight as compared with the risk to children involved, and

> (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

> If you find that all of these elements exist, then you must find for Plaintiff.

Butler v. Newark County Country Club, Del. Super., 909 A.2d 111, 113 (2006); see also DEL. P.J.I. 15.10 (the second paragraph with elements is taken from the standard instruction (however, "trespass" was changed to "encounter" under subsection(a); the remainder was drafted by counsel).

**POINT FOR CHARGE NO. 12**

**AGENT'S NEGLIGENCE IMPUTED TO PRINCIPAL**

If you find that Marissa Fishman died as a result of a negligent act committed by an agent or employee of Defendants, Ashland Construction Company, Inc. and/or Vincent Rizzo Construction Company d/b/a Ashland Construction Company, while acting within the scope of his/her employment and/or agency, then that negligence is the legal responsibility of Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company.

An agent is one who acts for another, known as a principal, on the principal's behalf and subject to the principal's control and consent.

DEL. P.J.I. CIV. § 18.1 (2000).

Source:
Fisher v. Townsends, Inc., Del. Supr., 695 A.2d 53 (1997)(discussing in great detail the various agency relationships); Billops v. Magness Constr. Co., Del. Supr., 391 A.2d 196, 198-99 (1978); Eastern Memorial Consultants, Inc. v. Greenlawn Memorial Park, Inc., Del. Supr., 364 A.2d 821 (1976)(principal is not employer of a sub-agent hired by principal's agent); Fields v. Synthetic Ropes, Inc., Del. Supr., 215 A.2d 427, 432-33 (1965); Richardson v. John T. Hardy & Sons, Inc., Del. Supr., 182 A.2d 901, 902-03 (1962). See also RESTATEMENT (SECOND) OF AGENCY § 1 (1983).

**POINT FOR CHARGE NO. 13**

**CORPORATIONS AND THEIR AGENTS**

Defendants, Ashland Construction Company, Inc. and/or Vincent Rizzo Construction Company d/b/a Ashland Construction Company are corporations. A corporation is considered a person within the meaning of the law. As an artificial person, a corporation can only act through its servants, agents, or employees. If you find that any of a corporation's personnel were negligent in performing their duties at the time of the incident, then the corporation is also negligent.

The fact that a party is a corporation should not affect your decision in any way. All persons, whether corporate or human, appear equally in a court of law and are entitled to the same equal consideration.

DEL. P.J.I. CIV. § 18.8 (2000).

Source:
Fisher v. Townsends, Inc., Del. Supr., No. 308, 1996, Holland, J. (June 11, 1997)(discussing in great detail agency relationships); Gutheridge v. Pen-Mod, Inc., Del. Super., 239 A.2d 709, 710-11 (1967).

**POINT FOR CHARGE NO. 14**

**AGENCY ADMITTED**

It has been admitted in legal documents that, at all times relevant to this litigation, Vincent Rizzo was an employee acting within the scope of employment and was the agent of Ashland Construction Company, Inc., and Vincent Rizzo Construction Company d/b/a Ashland Construction Company.

As a matter of law, therefore Ashland Construction Company, Inc. and/or Vincent Rizzo Construction Company d/b/a Ashland Construction Company is equally responsible with Vincent Rizzo for any acts or omissions Vincent Rizzo may have committed at the time of the incident.

DEL. P.J.I. CIV. § 18.2 (2000).

**POINT FOR CHARGE NO. 15**

**PROXIMATE CAUSE**

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

There may be more than one proximate cause of an injury.

DEL. P.J.I. CIV. § 21.1 (2000).

Source:
Wilmington Country Club v. Cowee, Del. Supr.,747 A.2d 1087, 1097 (2000); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Money v. Manville Corp. Asbestos Disease Comp. Trust Fund, Del. Supr., 596 A.2d 1372, 1375-76 (1991); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1099 (1991).

**POINT FOR CHARGE NO. 16**

**CONCURRENT CAUSES**

There may be more than one cause of an injury.  The conduct of two or more persons or corporations may operate at the same time, either independently or together, to cause injury. Each cause may be a proximate cause. A negligent party can't avoid responsibility by claiming that somebody else – not a party in this lawsuit -- was also negligent and proximately caused the injury.

DEL. P.J.I. CIV. § 21.2 (2000).

Source:
See Laws v. Webb, Del. Supr., 658 A.2d 1000, 1007-08 (1995).

**POINT FOR CHARGE NO. 17**:

**DAMAGES – SURVIVAL ACT**

If you do not find that the Estate of Marissa Fishman have sustained the burden of proof, the verdict must be for defendants. If you do find that the Estate of Marissa Fishman is entitled to recover for damages proximately caused by the injury, you should consider the compensation to which they are entitled.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists.

The plaintiffs claim damages under Delaware's Survival Act and Wrongful Death Act. I will give you separate instructions regarding the damages recoverable under each Act.

Under the Survival Act, the Estate of Marissa Fishman may recover for her pain and suffering prior to her death. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for plaintiff, you should award to the Estate of Marissa Fishman the sum of money that in your judgment will fairly and reasonably compensate them for the pain and suffering that Marissa suffered prior to her death.

In evaluating Marissa's pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

The law does not prescribe any definite standard by which to compensate for pain and suffering, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Marissa Fishman's Estate fully and adequately.

Under the Survival Act, the Estate of Marissa Fishman may recover for earnings and fringe benefits that will be lost in the future. If you find for plaintiff, you should award to the Estate of Marissa Fishman the sum of money that in your judgment will fairly and reasonably compensate for earnings and fringe benefits that will be lost in the future.

Source:

Loden v. Getty Oil Company, Del., 359 A.2d 161 (1976); P.J.I. CIV. § 22.1 (2000); 10 *Del. C.* § 3701 (Survival of Actions and Causes of Actions Statute); *Pipher v. Burr*, 1998 WL 110135 (Del. Super. 1998); Magee v. Rose, Del. Super., 405 A.2d 143, 146 (1979); *Coulson v. Shirks Motor Express Corp.,* Del. Super., 107 A.2d 922 (1954); *Bennett v. Andree*, Del.Supr., 252 A.2d 100, 103 (1969).

**POINT FOR CHARGE NO. 18**:

**DAMAGES - WRONGFUL DEATH ACT**

The law recognizes that when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to her immediate family members. While it is impossible to compensate Marissa Fishman for the loss of her life, it is possible to compensate certain family members for the losses that they have suffered from the death of a loved one. For this reason, Delaware law provides that when a person dies as a result of another's wrongful act, certain family members may recover fair compensation for their losses resulting from the death. In determining a fair compensation, you may consider the following:

(1)     the loss of the expectation of monetary benefits that would have resulted from the continued life of Marissa Fishman; that is, the expectation of inheritance that her parents and siblings have lost.

(2)     the loss of the portion of Marissa's earnings and income that probably would have been used for the support of her parents and siblings;

(3)     the loss of Marissa's household services;

(4)     the reasonable cost of funeral expenses, not to exceed $7000; and

(5)     the mental anguish suffered by Marissa's parents and siblings as a result of Marissa's death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one. You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration. The ability to cope with the loss may be different for each person.

There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial.

While the Estate of Marissa Fishman carries the burden of proving damages by a preponderance of the evidence, the Estate is not required to claim and prove with mathematical precision exact sums of money representing their damages for mental anguish. It is required only that the Estate furnishes enough evidence so that you, the jury, can make a reasonable determination of those damages.

DEL. P.J.I. CIV. § 22.8 (2000).

Source:

10 *Del. C.* § 3724 (Wrongful Death Statute)(as amended June 14, 1999). *Bennett v. Andree*, Del. Supr., 252 A.2d 100, 101-03 (1969); *Gill v. Celotex Corp.*, Del. Super., 565 A.2d 21, 23-24 (1989)(mental anguish); *Saxton v. Harvey & Harvey*, Del. Super., C.A. No. 85C-JL-3, Poppiti, J. (April 14, 1987); *Sach v. Kent Gen. Hosp.*, Del. Super., 518 A.2d 695, 696-97 (1986)(claim by surviving parents); *Okie v. Owens*, Del. Super., C.A. No. 83C-AP-15, Poppiti, J. (October 16, 1985).

*See also Frantz v. United States*, D. Del., 791 F. Supp. 445, 448 (1992)(proper beneficiaries of claim for wrongful death); *Johnson v. Physicians Anesthesia Serv.*, D. Del., 621 F. Supp., 908, 915-16 (1985)(action and potential damages arise only after time of death)

**POINT FOR CHARGE NO. 19**:

**DAMAGES - SURVIVAL ACTION - PAIN AND SUFFERING**

      The Estate may also recover damages for the conscious pain and suffering experienced by Marissa Fishman from the time of injury until death.

      The damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard.  They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.  In evaluating pain and suffering, you may consider its mental as well as its physical consequences.  You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

      The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury.  Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Marissa Fishman fully and adequately.

DEL. P.J.I. §22.4

Source: 10 Del. C. §3701; Magee v. Rose, Del. Super., 405 A.2d 143 (1979).

**POINT FOR CHARGE NO. 20**

**DAMAGES - SURVIVAL ACTION - PUNITIVE DAMAGES**

If you find against Defendants, Richard and Barbara Longwell, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo , you must determine whether they are also liable to Marissa Fishman's Estate for punitive damages.

Punitive damages are different from compensatory damages.  Compensatory damages are awarded to compensate the plaintiff for the injury suffered.  Punitive damages, on the other hand, are awarded in addition to compensatory damages for the purpose of punishing the person doing the wrongful act and to discourage such persons and others from similar wrongful conduct in the future.  You may award punitive damages to punish Defendants, Richard and Barbara Longwell, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo  for outrageous conduct and to deter them, and others like them, from engaging in similar conduct in the future if you find by a preponderance of the evidence that Defendants, Richard and Barbara Longwell, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo  acted recklessly.
Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct refers to conscious awareness.  Reckless conduct refers to conscious indifference.  Each requires that the defendant foresee that his or her conduct threatens a particular harm to another.  Reckless conduct is a conscious indifference that amounts to a "I don't care" attitude.  Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that he or she knows or should know that there is an eminent likelihood of harm that can result.

The law provides no fixed standards for the amount of punitive damages but leaves the amount to your sound discretion, exercised without passion or prejudice.  In determining any award of punitive damages, you must consider the following: the reprehensibility or outrageousness of the conduct of Defendants, Richard and Barbara Longwell, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo, and the amount of punitive damages that will deter them and others like them from similar conduct in the future.  You may consider the financial condition of Defendants, Richard and Barbara Longwell, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo, for this purpose only.  Their financial condition must not be considered in assessing compensatory damages.  Any award of punitive damages must bear a reasonable relation to the Estate's compensatory or nominal damages.  If you find that the Estate of Marissa Fishman is entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.

DEL. P.J.I. §22.27

Source:
Devaney v. Nationwide Mut. Auto Ins. Co., Del. Supr., 679 A.2d 71, 76-77 (1996); Tackett v. State Farm Fire and Cas. Ins. Co., Del. Supr., 653 A.2d 254, 265-66 (1995) (punitive damages available in bad faith action if breach is particularly egregious); Jardel Co. v. Hughes, Del. Supr., 523 A.2d 518, 527-31 (1987); Saxton v. Harvey & Harvey, Del. Super., C.A. No. 85C-JL-3, Poppiti, J. (Apr. 14, 1987)

**POINT FOR CHARGE 21:**

**DAMAGES - PUNITIVE DAMAGES - EMPLOYER OF TORTFEASOR**

You may award punitive damages against Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo , because of the acts of anyone employed by them, if one of the following conditions is met:

(1)     Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo , authorized the doing and manner of the employee's action, or;

(2)     The employee was unfit and Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo were reckless in employing him, or;

(3)     the emplyee was employed in a managerial capacity and was acting within his scope of employment, or;

(4)     Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo ratified or approved the employee's action, or;

(5)     The individuals employed by Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo, were reckless in , or;

(6)     The individuals employed by Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo were reckless in permitting the door to be left open, and  not eliminating the danger presented by the indoor pool, such as through installing an alarm or self-closing device on the door.

[Comment: The Court will determine whether a party is a principal/employer as a matter of law.  This instruction should be used only if an instruction for punitive damages is to be given against the individual tortfeasor and should be given immediately following the general instruction on "Punitive Damages" (21.27).  The special verdict form should reflect that punitive damages may only be awarded against a principal/employer if punitive damages have first been awarded against the tortfeasor.]

Source:
Ramada Inns, Inc. v. Dow Jones & Co., Del. Super., C.A. No. 83C-AU-56, Poppiti, J., at 3 (Feb. 9, 1988) (citing DiStephano v. Hercules, Inc., Del. Super., C.A. No. 83C-JN-24, Taylor, J. (June 4, 1985) and Roberts v. Wilmington Medical Center, Inc., Del. Super., Del. Super., 345 C.A. No. 1977, Christie, J. (Apr. 28, 1978)); RESTATEMENT (SECOND) of TORTS § 909 (1965); Porter v. Pathfinder Services, Inc., Del. Supr., 683 A.2d 40, 42 (1996) (employer-employee relationship determined as a matter of law).

**POINT FOR CHARGE NO. 22**:

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

  The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case.  Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

DEL. P.J.I. §22.28

Source:
Philadelphia, B. & W. R.R. Co. v. Gatta, Del. Supr., 85 A. 721, 729 (1913) (jury is sole judge of facts).

**POINT FOR CHARGE NO. 23**:

**EFFECT OF INSTRUCTIONS AS TO PUNITIVE DAMAGES**

The fact that I have instructed you about the proper measure of punitive damages should not be considered as an indication that the Estate of Marissa Fishman is entitled to recover punitive damages from Defendants, Richard and Barbara Longwell, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo. The instructions on punitive damages are given only for your guidance, in the event you find in favor of the Estate of Marissa Fishman on their claims for punitive damages.

DEL. P.J.I. §22.29

Source:
3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS §74.02 (4TH ed. 1987).

**POINT FOR CHARGE NO. 24**

**EVIDENCE: DIRECT, INDIRECT OR CIRCUMSTANTIAL**

Generally speaking, there are two types of evidence from which a jury may properly find the facts. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

DEL. P.J.I. CIV. § 23.1 (2000).

Source:
See 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.03 (4th ed. 1987); BLACK'S LAW DICTIONARY 555-56 (6th ed. 1990); 75A AM. JUR. 2d §§ 719-720.

**POINT FOR CHARGE NO. 25**

**PRIOR SWORN STATEMENTS**

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe. You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

DEL. P.J.I. CIV. § 23.2 (2000).

Source:
See generally D.R.E. 801(d)(1), 803(8); Lampkins v. State, Del. Supr., 465 A.2d 785, 790 (1983)(prior statements generally); Bruce E.M. v. Dorothy A.M., Del. Supr., 455 A.2d 866, 869 (1983)(prior sworn statements); 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.09 (4th ed. 1987).

**POINT FOR CHARGE NO. 26**

**PRIOR INCONSISTENT STATEMENT BY WITNESS**

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

DEL. P.J.I. CIV. § 23.3 (2000).

Source:
D.R.E. 613. See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.04 (4th ed. 1987).

**POINT FOR CHARGE NO. 27**

**OBJECTIONS - RULINGS ON EVIDENCE**

      Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

DEL. P.J.I. CIV. § 23.4 (2000).

Source:
D.R.E. 103(c), 104(c)&(e), 105; City of Wilmington v. Parcel of Land, Del. Supr., 607 A.2d 1163, 1170 (1992); Concord Towers, Inc. v. Long, Del. Supr., 348 A.2d 325, 327 (1975)(court must avoid giving the impression of favoring one side or other in ruling on counsel's objections). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 70.01 (4th ed. 1987).

**POINT FOR CHARGE NO. 28**

**DEPOSITION - USE AS EVIDENCE**

      Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

DEL. P.J.I. CIV. § 23.5 (2000).

Source:
Del. C. Super. Ct. Civ. R. 32(a); D.R.E. 804(a)(5); Firestone Tire & Rubber Co. v. Adams, Del. Supr., 541 A.2d 567, 572 (1988). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.02 (4th ed. 1987).

**POINT FOR CHARGE NO. 29**

**USE OF INTERROGATORIES AT TRIAL**

Some of the evidence has been in the form of interrogatory answers. An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial. You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

DEL. P.J.I. CIV. § 23.6 (2000).

Source:
Del. C. Super. Ct. Civ. R. 33(c). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.19 (4th ed. 1987).

**POINT FOR CHARGE NO. 30**

**USE OF REQUESTS FOR ADMISSIONS AT TRIAL**

      Some of the evidence has been in the form of written admissions. You must regard as being conclusively proven all facts that were expressly admitted by the defendants or all facts which the defendants' failed to deny.

DEL. P.J.I. CIV. § 23.7 (2000).

Source:
Del. C. Super. Ct. Civ. R. 36(b). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.17 (4th ed. 1987).

**POINT FOR CHARGE NO. 31**

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

DEL. P.J.I. CIV. § 23.9 (2000).

Source:
See 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 73.01 (4th ed. 1987); 75A AM. JUR. 2d §§ 747, 749, 750.

**POINT FOR CHARGE NO. 32**

**EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

DEL. P.J.I. CIV. § 23.10 (2000).

Source:
D.R.E. 701, 702, 703.

**POINT FOR CHARGE NO. 33**

**JUROR NOTE-TAKING AND EXHIBIT BINDERS**
*At beginning of trial:*

I am allowing you to take notes during trial. If you wish to take notes, be sure that your note-taking does not interfere with your ability to follow and consider all the evidence. You may not discuss your notes with anyone until deliberations begin. At the end of each day, the Bailiff will collect your notes and return them to you the next day.

*At the close of evidence:*

I have allowed you to take notes during trial. The purpose of taking notes is to assist you during your deliberations. During your deliberations you should not allow the notes taken by one juror or several jurors to control your consideration of the evidence. Instead, give due regard to the individual recollection of each juror whether or not supported by written notes. Your ultimate judgment should be the product of the collective memory of all twelve jurors.

*If appropriate:*

I have also permitted you to have notebook binders containing exhibits. The fact that evidence is contained in the binder does not mean that you should give it more weight than other evidence in the case. These documents have no more or less weight than the other evidence presented.

DEL. P.J.I. CIV. § 24.2 (2000).

Source:
Estate of Tribbitt v. Alexander, Del. Super., C.A. No. 95C-02-138, Herlihy, J. (Jan. 17, 1997); Bradley v. A.C. & S. Co., Del. Super., 1989 WL 70834, Taylor, J. (May 23, 1989) at *1-2; In re Asbestos Litigation, Del. Super., 1988 WL 77737, Taylor, J. (June 28, 1988) at *2.
See also United States v. Maclean, 3d Cir., 578 F.2d 64, 65-67 (1978)(permitting note-taking by jurors); Esaw v. Friedman, Conn. Supr., 586 A.2d 1164 (1991)(permitting juror note taking); Wigler v. City of Newark, N.J. Super. A.D., 309 A.2d 897, 899 (1973)(juror note taking was not improper and it was within discretion of trial court to control and direct the manner of juror note taking), cert. denied, 317 A.2d 703 (1974); Note, Court-Sanctioned Means of Improving Jury Competence in Complex Civil Litigation, 24 ARIZ. L. REV. 715, 720 (1982).

**POINT FOR CHARGE NO. 34**

**INSTRUCTIONS TO BE CONSIDERED AS A WHOLE**

I have read a number of instructions to you. The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point. You should consider these instructions as a whole, and you should not choose any one or more instructions and disregard the others. You must follow all the instructions that I have given you.

DEL. P.J.I. CIV. § 24.3 (2000).

Source:
DEL. CONST. art. IV, § 19; Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096 (1991)(instructions to be
considered as a whole); Sirmans v. Penn, Del. Supr., 588 A.2d 1103, 1104 (1991)(instructions are not in error if they correctly state the law, are reasonably informative and not misleading judged by common practices and standards of verbal communication); Dawson v. State, Del. Supr., 581 A.2d 1078, 1105 (1990)(jury instructions do not need to be perfect); Probst v. State, Del. Supr., 547 A.2d 114, 119 (1988)(entire charge must be considered as a whole); Haas v. United Technologies Corp., Del. Supr., 1173, 1179 (1982), appeal dismissed, 459 U.S. 1192, 103 S. Ct. 1170, 75 L.Ed.2d 423 (1983); State Hwy. Dep't v. Bazzuto, Del. Supr., 264 A.2d 347, 351 (1970); Cloud v. State, Del. Supr., 154 A.2d 680 (1959); Philadelphia B. & W. R.R. Co. v. Gatta, Del. Supr., 85 A. 721, 729 (1913)(jury is sole judge of facts).

**POINT FOR CHARGE NO. 35**

**COURT IMPARTIALITY**

       Nothing I have said since the trial began should be taken as an opinion about the outcome of the case. You should understand that no favoritism or partisan meaning was intended in any ruling I made during the trial or by these instructions. Further, you must not view these instructions as an opinion about the facts. You are the judges of the facts, not me.

DEL. P.J.I. CIV. § 24.4 (2000).

Source:
DEL. CONST. art. IV, § 19; Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096 (1991)(instructions to be
considered as a whole); Probst v. State, Del. Supr., 547 A.2d 114, 119 (1988)(same); Haas v. United
Technologies Corp., Del. Supr., 1173, 1179 (1982), appeal dismissed, 459 U.S. 1192, 103 S. Ct. 1170, 75
L.Ed.2d 423 (1983); State Hwy. Dep't v. Bazzuto, Del. Supr., 264 A.2d 347, 351 (1970); Cloud v. State,
Del. Supr., 154 A.2d 680 (1959); Philadelphia B. & W. R.R. Co. v. Gatta, Del. Supr., 85 A. 721, 729
(1913)(jury is sole judge of facts).

**POINT FOR CHARGE NO. 36.**

**JURY DELIBERATIONS**

     How you conduct your deliberations is up to you. But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position. You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict. Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors. You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.
Your verdict, whatever it is, must be unanimous.

[EXCUSE JURY ALTERNATES--SWEAR BAILIFF]

DEL. P.J.I. CIV. § 24.5 (2000).

Source:
Hyman Reiver & Co. v. Rose, Del. Supr., 147 A.2d 500, 505-07 (1958)(the private deliberations of the jury should not be a concern of the court).