IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR.,<br>Administrator of the Estate of<br>Marissa Rose Fishman, Deceased,<br><br>          Plaintiff,<br><br>v.<br><br>RICHARD LONGWILL,<br>BARBARA LONGWILL,<br>ASHLAND CONSTRUCTION<br>COMPANY, INC.,<br>VINCENT RIZZO CONSTRUCTION<br>CO., INC., d/b/a Ashland Construction<br>Co., Inc., and VINCENT RIZZO,<br><br>          Defendants. | C.A. No. 05-211 MPT |

**DEFENDANTS' ADDITIONAL
PROPOSED JURY INSTRUCTIONS**

**NEGLIGENCE IS NEVER PRESUMED**

Negligence is never presumed. It must be proved by a preponderance of the evidence before the plaintiff is entitled to recover. No presumption that a defendant was negligent arises from the mere fact that an accident occurred.

Source:

*Levine v. Lam*, Del. Supr., 226 A.2d 925, 926-27 (1967); *Wilson v. Derrickson*, Del. Supr., 175 A.2d 400 (1961); *Biddle v. Haldas Bros.*, Del. Super., 190 A. 588, 595 (1937).

## DUTY OF THE DEFENDANTS

The Ashland and Longwill defendants owed a general duty of care to refrain from conduct which they knew, or which they should have known, would create an unreasonable risk of harm to Marissa Fishman. They had a duty to act as a reasonably prudent person would be expected to act under the same or similar circumstances.

## PROXIMATE CAUSE

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the accident.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the accident, and it must have been necessary to the result.

Source:

*Wilmington Country Club v. Cowee*, Del. Supr.,747 A.2d 1087, 1097 (2000); *Duphily v. Delaware Elec. Coop., Inc.*, Del. Supr., 662 A.2d 821, 828 (1995); *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*, Del. Supr., 596 A.2d 1372, 1375-76 (1991); *Culver v. Bennett*, Del. Supr., 588 A.2d 1094, 1099 (1991).

**SUPERSEDING CAUSE**

In this case, the Ashland defendants allege that the negligence of third parties over whom they exercised no control was the only direct cause of Marissa Fishman's death. Just because a defendant was negligent and that negligence set in motion the chain of events that caused the accident does not necessarily mean that such a defendant is liable to the plaintiff.

One cause of injury may come after an earlier cause of injury. The second is called an intervening cause. The fact that an intervening cause occurs does not automatically break the chain of causation arising from the original cause. There may be more than one proximate cause of an injury. In order to break the original chain of causation, the intervening cause must also be a superseding cause, that is, the intervening act or event itself must not have been anticipated nor reasonably foreseen by the person committing the original negligence. An intervening act of negligence will relieve the person who originally committed negligence from liability:

(1)  if at the time of the original negligence, the person who committed it would not reasonably have realized that another's negligence might cause harm; or,

(2)  if a reasonable person would consider the occurrence of the intervening act as highly extraordinary; or,

(3)  if the intervening act was extraordinarily negligent.

If a third party's negligence, coming after another's negligence, was a distinct and unrelated cause of the injuries, and if that negligence could not have been reasonably

anticipated, then you may find that third party's negligence to be the sole proximate cause of the injuries.

Source:

*Delaware Elec. Coop. v. Duphily*, Del. Supr., 703 A.2d 1202 (1997); *Duphily v. Delaware Elec. Coop., Inc.*, 662 A.2d 821, 829-30 (1995); *Sears Roebuck & Co. v. Huang*, Del. Supr., 652 A.2d 568, 573-74 (1995); *Sirmans v. Penn*, Del. Supr., 588 A.2d 1103, 1106-07 (1991); *Nutt v. GAF Corp.*, Del. Supr., 526 A.2d 564 (1987); *McKeon v. Goldstein*, Del. Supr., 164 A.2d 260, 262 (1960); *Paris v. Wilmington Medical Center Inc.*, Del. Super., CA. No. 80C-ND-14 (Feb. 13, 1987).

## DAMAGES - ESTATE CLAIMS

The plaintiff, Tim Gorbey, as administrator of the Estate of Marissa Rose Fishman, is entitled to recover for damages if you find that the plaintiff has sustained its burden of proof against at least one of the defendants.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for the plaintiff, you should award the Estate of Marissa Rose Fishman the sum of money that in your judgment will fairly and reasonably compensate the estate for: (1) Marissa Fishman's conscious pain and suffering during the drowning accident; and (2) any reasonable and necessary medical expenses incurred by the estate as a result of the drowning accident.

In evaluating pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress.

The law does not prescribe any definite standard by which to compensate

an injured person for pain and suffering, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate the estate fully and adequately.

## DAMAGES - WRONGFUL DEATH CLAIMS

The law recognizes that when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to immediate family members. While it is impossible to compensate the deceased for the loss of her life, it is possible to compensate certain family members for the losses that they have suffered from the death of a loved one. For this reason, Delaware law provides that when a person dies as a result of another's wrongful act, certain family members may recover fair compensation for their losses resulting from the death. In determining a fair compensation in this particular case, you may consider the following:

(1) the reasonable cost of funeral expenses, not to exceed $2000; and,

(2) the mental anguish suffered by Marissa Fishman's parents as a result of her death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one. You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration. The ability to cope with the loss may be different for each person.

There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial.

While the plaintiff carries the burden of proving its damages by a preponderance of the evidence, it is not required to claim and prove with mathematical precision exact

sums of money representing its damages for mental anguish. It is required only that the plaintiff furnish enough evidence so that you, the jury, can make a reasonable determination of those damages.

Source:
10 *Del. C.* ' 3724 (Wrongful Death Statute)(as amended June 14, 1999). *Bennett v. Andree*, Del. Supr., 252 A.2d 100, 101-03 (1969); *Gill v. Celotex Corp.*, Del. Super., 565 A.2d 21, 23-24 (1989)(mental anguish); *Saxton v. Harvey & Harvey*, Del. Super., C.A. No. 85C-JL-3, Poppiti, J. (April 14, 1987); *Sach v. Kent Gen. Hosp.*, Del. Super., 518 A.2d 695, 696-97 (1986)(claim by surviving parents); *Okie v. Owens*, Del. Super., C.A. No. 83C-AP-15, Poppiti, J. (October 16, 1985).

See also *Frantz v. United States*, D. Del., 791 F. Supp. 445, 448 (1992) (proper beneficiaries of claim for wrongful death); *Johnson v. Physicians Anesthesia Serv.*, D. Del., 621 F. Supp., 908, 915-16 (1985)(action and potential damages arise only after time of death).

## EXPERT OPINION MUST BE TO A REASONABLE PROBABILITY

You have heard experts being asked to give opinions based on a reasonable [__scientific, engineering, economic, etc.__] probability. In Delaware, an expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.

Source:
D.R.E. 703, 705 (expert testimony); *Van Arsdale v. State*, Del. Supr., 486 A.2d 1, 9 (1984)(medical expert testimony); *Delmarva Power & Light Co. v. Burrows*, Del. Supr., 435 A.2d 716, 720-21 (1981)(testimony of economist); *0.040 Acres of Land v. State* ex rel. *State Hwy. Dep't*, 198 A.2d 7, 11 (1964)(real estate appraisers); *General Motors Corp. v. Freeman*, Del. Supr., 164 A.2d 686, 688-89 (1960)(medical expert testimony).

## EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY

You have heard a medical expert being asked to give opinions based on a reasonable medical probability. In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.

Source:

D.R.E. 703, 705 (expert testimony); *Van Arsdale v. State*, Del. Supr., 486 A.2d 1, 9 (1984)(medical expert testimony); *General Motors Corp. v. Freeman*, Del. Supr., 164 A.2d 686, 688-89 (1960)(medical expert testimony).

## SYMPATHY

Your verdict must be based solely on the evidence in the case. You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties. It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

Source:
Based on Judge Christie's charge in *Vigneulle v. Goldsborough*. See *DeAngelis v. Harrison,* Del. Supr., 628 A.2d 77, 80 (1993); *Delaware Olds, Inc. v. Dixon*, Del. Supr., 367 A.2d 178, 179-80 (1976). See also 75 Am. Jur. 2d Trial " 648-649; 53 Am. Jur. 2d " 495-496.