# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased, | : : : | Civil Action No.: 05-211-KAJ |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, and VINCENT RIZZO | : : : : : : : : : | |
| Defendants. | : : | |

## PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTIONS
### ( THESE DO NOT CONTAIN THE PROPOSED JOINT JURY INSTRUCTIONS)

Respectfully submitted,

**KLINE & SPECTER**
*A Professional Corporation*

BY: S/ JONATHAN M. COHEN, ESQUIRE
    JONATHAN M. COHEN, ESQUIRE
    JAMES J. WALDENBERGER, ESQUIRE
    Attorneys for Plaintiff
    Nineteenth Floor
    1525 Locust Street
    Philadelphia, Pennsylvania 19102
    (215) 772-1000

**WEISS & SAVILLE**

BY: S/YVONNE SAVILLE, ESQUIRE
    YVONNE SAVILLE, ESQUIRE
    Attorney for Plaintiff
    1220 Market Street
    Suite 604
    Wilmington, DE 19899
    (302-656-0400)

**NATURE OF THE CASE**

In this case, Plaintiff, James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, Deceased, is suing for damages arising from the drowning death of Marissa Fishman on August 30, 2002. On that date, Marissa Fishman, twenty months old at the time, was visiting the house of Defendants, Richard and Barbara Longwill, at 3220 Coachman Road, Wilmington, Delaware, where Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and Vincent Rizzo, were performing construction work to an in-ground swimming pool enclosure and nearby patio. A sliding glass door from the house to the pool area was left open, allowing Marissa to enter the pool and drown.

Plaintiff claims that all defendants failed to exercise reasonable care by permitting the door to be left open, and by not eliminating the danger presented by the indoor pool such as installing an alarm or self-closing device on the door.

Defendants deny that they were negligent in any manner.

**NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE**

      Plaintiff has alleged that the Defendants were negligent in various ways, but a party does not have to be negligent in all these ways to be liable. You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

DEL. P.J.I. CIV. § 5.2 (2000).

**VIOLATION OF CODES OR ORDINANCES / NEGLIGENCE AS A MATTER OF LAW**

      A person is also considered negligent if he or she violates a code or ordinance that has been enacted for people's safety.  The violation of the following codes or ordinances, which were in effect at the time of Marissa Fishman's death, is negligence as a matter of law:

1)     1996 BOCA National Building Code (adopted by Wilmington City Council, Sec. 4-26)

     9.     Where a wall of a dwelling unit serves as part of th barrier and contains a door that provides direct access to the pool, one of the following shall apply:

          9.1     All doors with direct access to the pool through that wall shall be equipped with an alarm which produces an audible warning when the door and its screen, if present, are opened . . . .

          9.2     All doors with direct access to the pool through that wall shall be equipped with a self-closing and self-latching device with the release mechanism located a minimum of 54 inches (1372 mm) above the floor.  Swinging doors shall open away from the pool area.

          9.3     The pool shall be equipped with a power safety cover . . . .

2)     1996 BOCA National Building Code, Section 421.3 (adopted by Wilmington City Council, Sec. 4-26)

     A swimming pool or appurtenances thereto shall not be constructed, installed, enlarged or altered until construction documents have been submitted and a permit has been obtained from the code official. . . .

3)     Wilmington City Code, Section 108.1.1.

     It shall be unlawful for any of the aforesaid persons to proceed with work without having first obtained permits required by this code.

      If you find that Defendants violated any of these codes or ordinances, you must find that the defendants were negligent.  Sammons v. Ridgeway, Del. Supr., 293 A.2d 547, 549 (1972); Nance v. Rees, Del. Super., 161 A.2d 795, 797 (1960); Wealth v. Renai, Del. Super., 114 A.2d 809, 810-811 (1955); see also DEL. P.J.I. 5.7 (the first sentence of this proposed instruction is taken from the proposed instruction; the remainder was drafted by counsel).

**LIABILITY TO CHILDREN FOR HIGHLY DANGEROUS ARTIFICIAL CONDITIONS**

Possessors of land, such as Defendants, Richard and Barbara Longwill, can be liable to children for injuries caused by dangerous, artificial conditions on land when the landowner knows or has reason to know that the artificial condition will attract children who will not recognize the risk because of their age. Butler v. Newark County Country Club, Del. Super., 909 A.2d 111, 113 (2006); Roberts v. Bush, Del. Super., 1987 WL 8661 (1987).

Possessors of land, such as Defendants, Richard and Barbara Longwill, can be liable for physical harm to young children on the land for bodily harm caused by a structure or other artificial condition upon the land, if:

    (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to encounter, and

    (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

    (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling within or in coming within the area made dangerous by it, and

    (d) the utility to the possessor of maintaining the condition and the burden eliminating the danger are slight as compared with the risk to children involved, and

    (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

    If you find that all of these elements exist, then you must find for Plaintiff.

Butler v. Newark County Country Club, Del. Super., 909 A.2d 111, 113 (2006); see also DEL. P.J.I. 15.10 (the second paragraph with elements is taken from the standard instruction (however, "trespass" was changed to "encounter" under subsection(a); the remainder was drafted by counsel).

**AGENT'S NEGLIGENCE IMPUTED TO PRINCIPAL**

If you find that Marissa Fishman died as a result of a negligent act committed by an agent or employee of Defendants, Ashland Construction Company, Inc. and/or Vincent Rizzo Construction Company d/b/a Ashland Construction Company, while acting within the scope of his/her employment and/or agency, then that negligence is the legal responsibility of Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company.

An agent is one who acts for another, known as a principal, on the principal's behalf and subject to the principal's control and consent.

DEL. P.J.I. CIV. § 18.1 (2000).

Source:
Fisher v. Townsends, Inc., Del. Supr., 695 A.2d 53 (1997)(discussing in great detail the various agency relationships); Billops v. Magness Constr. Co., Del. Supr., 391 A.2d 196, 198-99 (1978); Eastern Memorial Consultants, Inc. v. Greenlawn Memorial Park, Inc., Del. Supr., 364 A.2d 821 (1976)(principal is not employer of a sub-agent hired by principal's agent); Fields v. Synthetic Ropes, Inc., Del. Supr., 215 A.2d 427, 432-33 (1965); Richardson v. John T. Hardy & Sons, Inc., Del. Supr., 182 A.2d 901, 902-03 (1962). See also RESTATEMENT (SECOND) OF AGENCY § 1 (1983).

**CORPORATIONS AND THEIR AGENTS**

Defendants, Ashland Construction Company, Inc. and/or Vincent Rizzo Construction Company d/b/a Ashland Construction Company are corporations. A corporation is considered a person within the meaning of the law. As an artificial person, a corporation can only act through its servants, agents, or employees. If you find that any of a corporation's personnel were negligent in performing their duties at the time of the incident, then the corporation is also negligent.

The fact that a party is a corporation should not affect your decision in any way. All persons, whether corporate or human, appear equally in a court of law and are entitled to the same equal consideration.

DEL. P.J.I. CIV. § 18.8 (2000).

Source:
Fisher v. Townsends, Inc., Del. Supr., No. 308, 1996, Holland, J. (June 11, 1997)(discussing in great detail agency relationships); Gutheridge v. Pen-Mod, Inc., Del. Super., 239 A.2d 709, 710-11 (1967).

P-7

**AGENCY ADMITTED**

It has been admitted in legal documents that, at all times relevant to this litigation, Vincent Rizzo was an employee acting within the scope of employment and was the agent of Ashland Construction Company, Inc., and Vincent Rizzo Construction Company d/b/a Ashland Construction Company.

As a matter of law, therefore Ashland Construction Company, Inc. and/or Vincent Rizzo Construction Company d/b/a Ashland Construction Company is equally responsible with Vincent Rizzo for any acts or omissions Vincent Rizzo may have committed at the time of the incident.

DEL. P.J.I. CIV. § 18.2 (2000).

**PROXIMATE CAUSE**

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

There may be more than one proximate cause of an injury.


DEL. P.J.I. CIV. § 21.1 (2000).

Source:
Wilmington Country Club v. Cowee, Del. Supr.,747 A.2d 1087, 1097 (2000); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Money v. Manville Corp. Asbestos Disease Comp. Trust Fund, Del. Supr., 596 A.2d 1372, 1375-76 (1991); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1099 (1991).

**CONCURRENT CAUSES**

There may be more than one cause of an injury.  The conduct of two or more persons or corporations may operate at the same time, either independently or together, to cause injury. Each cause may be a proximate cause. A negligent party can't avoid responsibility by claiming that somebody else – not a party in this lawsuit -- was also negligent and proximately caused the injury.


DEL. P.J.I. CIV. § 21.2 (2000).

Source:
See Laws v. Webb, Del. Supr., 658 A.2d 1000, 1007-08 (1995).

**DAMAGES – SURVIVAL ACT**

If you do not find that the Estate of Marissa Fishman have sustained the burden of proof, the verdict must be for defendants. If you do find that the Estate of Marissa Fishman is entitled to recover for damages proximately caused by the injury, you should consider the compensation to which they are entitled.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists.

The plaintiffs claim damages under Delaware's Survival Act and Wrongful Death Act. I will give you separate instructions regarding the damages recoverable under each Act.

Under the Survival Act, the Estate of Marissa Fishman may recover for her pain and suffering prior to her death. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for plaintiff, you should award to the Estate of Marissa Fishman the sum of money that in your judgment will fairly and reasonably compensate them for the pain and suffering that Marissa suffered prior to her death.

In evaluating Marissa's pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

The law does not prescribe any definite standard by which to compensate for pain and suffering, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Marissa Fishman's Estate fully and adequately.

Under the Survival Act, the Estate of Marissa Fishman may recover for earnings and fringe benefits that will be lost in the future. If you find for plaintiff, you should award to the Estate of Marissa Fishman the sum of money that in your judgment will fairly and reasonably compensate for earnings and fringe benefits that will be lost in the future.

Source:

Loden v. Getty Oil Company, Del., 359 A.2d 161 (1976); P.J.I. CIV. § 22.1 (2000); 10 *Del. C.* § 3701 (Survival of Actions and Causes of Actions Statute); *Pipher v. Burr*, 1998 WL 110135 (Del. Super. 1998); Magee v. Rose, Del. Super., 405 A.2d 143, 146 (1979); *Coulson v. Shirks Motor Express Corp.,* Del. Super., 107 A.2d 922 (1954); *Bennett v. Andree*, Del.Supr., 252 A.2d 100, 103 (1969).

**DAMAGES - WRONGFUL DEATH ACT**

The law recognizes that when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to her immediate family members. While it is impossible to compensate Marissa Fishman for the loss of her life, it is possible to compensate certain family members for the losses that they have suffered from the death of a loved one. For this reason, Delaware law provides that when a person dies as a result of another's wrongful act, certain family members may recover fair compensation for their losses resulting from the death. In determining a fair compensation, you may consider the following:

(1) the loss of the expectation of monetary benefits that would have resulted from the continued life of Marissa Fishman; that is, the expectation of inheritance that her parents and siblings have lost.

(2) the loss of the portion of Marissa's earnings and income that probably would have been used for the support of her parents and siblings;

(3) the loss of Marissa's household services;

(4) the reasonable cost of funeral expenses, not to exceed $7000; and

(5) the mental anguish suffered by Marissa's parents and siblings as a result of Marissa's death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one. You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration. The ability to cope with the loss may be different for each person.

There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial.

While the Estate of Marissa Fishman carries the burden of proving damages by a preponderance of the evidence, the Estate is not required to claim and prove with mathematical precision exact sums of money representing their damages for mental anguish. It is required only that the Estate furnishes enough evidence so that you, the jury, can make a reasonable determination of those damages.

DEL. P.J.I. CIV. § 22.8 (2000).

Source:

10 *Del. C.* § 3724 (Wrongful Death Statute)(as amended June 14, 1999). *Bennett v. Andree*, Del. Supr., 252 A.2d 100, 101-03 (1969); *Gill v. Celotex Corp.*, Del. Super., 565 A.2d 21, 23-24 (1989)(mental anguish); *Saxton v. Harvey & Harvey*, Del. Super., C.A. No. 85C-JL-3, Poppiti, J. (April 14, 1987); *Sach v. Kent Gen. Hosp.*, Del. Super., 518 A.2d 695, 696-97 (1986)(claim by surviving parents); *Okie v. Owens*, Del. Super., C.A. No. 83C-AP-15, Poppiti, J. (October 16, 1985).

*See also Frantz v. United States*, D. Del., 791 F. Supp. 445, 448 (1992)(proper beneficiaries of claim for wrongful death); *Johnson v. Physicians Anesthesia Serv.*, D. Del., 621 F. Supp., 908, 915-16 (1985)(action and potential damages arise only after time of death)

**DAMAGES - SURVIVAL ACTION - PAIN AND SUFFERING**

The Estate may also recover damages for the conscious pain and suffering experienced by Marissa Fishman from the time of injury until death.

The damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard.  They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.  In evaluating pain and suffering, you may consider its mental as well as its physical consequences.  You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury.  Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Marissa Fishman fully and adequately.

DEL. P.J.I. §22.4

Source: 10 Del. C. §3701; Magee v. Rose, Del. Super., 405 A.2d 143 (1979).

**DAMAGES - SURVIVAL ACTION - PUNITIVE DAMAGES**

If you find against Defendants, Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo , you must determine whether they are also liable to Marissa Fishman's Estate for punitive damages.

Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the plaintiff for the injury suffered. Punitive damages, on the other hand, are awarded in addition to compensatory damages for the purpose of punishing the person doing the wrongful act and to discourage such persons and others from similar wrongful conduct in the future. You may award punitive damages to punish Defendants, Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo for outrageous conduct and to deter them, and others like them, from engaging in similar conduct in the future if you find by a preponderance of the evidence that Defendants, Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo acted recklessly. Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct refers to conscious awareness. Reckless conduct refers to conscious indifference. Each requires that the defendant foresee that his or her conduct threatens a particular harm to another. Reckless conduct is a conscious indifference that amounts to a "I don't care" attitude. Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that he or she knows or should know that there is an eminent likelihood of harm that can result.

The law provides no fixed standards for the amount of punitive damages but leaves the amount to your sound discretion, exercised without passion or prejudice. In determining any award of punitive damages, you must consider the following: the reprehensibility or outrageousness of the conduct of Defendants, Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo, and the amount of punitive damages that will deter them and others like them from similar conduct in the future. You may consider the financial condition of Defendants, Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo, for this purpose only. Their financial condition must not be considered in assessing compensatory damages. Any award of punitive damages must bear a reasonable relation to the Estate's compensatory or nominal damages. If you find that the Estate of Marissa Fishman is entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.

DEL. P.J.I. §22.27

Source:
Devaney v. Nationwide Mut. Auto Ins. Co., Del. Supr., 679 A.2d 71, 76-77 (1996); Tackett v. State Farm Fire and Cas. Ins. Co., Del. Supr., 653 A.2d 254, 265-66 (1995) (punitive damages available in bad faith action if breach is particularly egregious); Jardel Co. v. Hughes, Del. Supr., 523 A.2d 518, 527-31 (1987); Saxton v. Harvey & Harvey, Del. Super., C.A. No. 85C-JL-3, Poppiti, J. (Apr. 14, 1987)

**DAMAGES - PUNITIVE DAMAGES - EMPLOYER OF TORTFEASOR**

   You may award punitive damages against Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo , because of the acts of anyone employed by them, if one of the following conditions is met:

(1) Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo , authorized the doing and manner of the employee's action, or;

(2) The employee was unfit and Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo were reckless in employing him, or;

(3) the emplyee was employed in a managerial capacity and was acting within his scope of employment, or;

(4) Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo ratified or approved the employee's action, or;

(5) The individuals employed by Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo, were reckless in , or;

(6) The individuals employed by Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo were reckless in permitting the door to be left open, and not eliminating the danger presented by the indoor pool, such as through installing an alarm or self-closing device on the door.

[Comment: The Court will determine whether a party is a principal/employer as a matter of law. This instruction should be used only if an instruction for punitive damages is to be given against the individual tortfeasor and should be given immediately following the general instruction on "Punitive Damages" (21.27). The special verdict form should reflect that punitive damages may only be awarded against a principal/employer if punitive damages have first been awarded against the tortfeasor.]

Source:
Ramada Inns, Inc. v. Dow Jones & Co., Del. Super., C.A. No. 83C-AU-56, Poppiti, J., at 3 (Feb. 9, 1988) (citing DiStephano v. Hercules, Inc., Del. Super., C.A. No. 83C-JN-24, Taylor, J. (June 4, 1985) and Roberts v. Wilmington Medical Center, Inc., Del. Super., Del. Super., 345 C.A. No. 1977, Christie, J. (Apr. 28, 1978)); RESTATEMENT (SECOND) of TORTS § 909 (1965); Porter v. Pathfinder Services, Inc., Del. Supr., 683 A.2d 40, 42 (1996) (employer-employee relationship determined as a matter of law).

**EFFECT OF INSTRUCTIONS AS TO PUNITIVE DAMAGES**

      The fact that I have instructed you about the proper measure of punitive damages should not be considered as an indication that the Estate of Marissa Fishman is entitled to recover punitive damages from Defendants, Richard and Barbara Longwill, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and/or Vincent Rizzo. The instructions on punitive damages are given only for your guidance, in the event you find in favor of the Estate of Marissa Fishman on their claims for punitive damages.

DEL. P.J.I. §22.29

Source:
3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS §74.02 (4TH ed. 1987).

**EVIDENCE: DIRECT, INDIRECT OR CIRCUMSTANTIAL**

      Generally speaking, there are two types of evidence from which a jury may properly find the facts. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

      As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

DEL. P.J.I. CIV. § 23.1 (2000).

Source:
See 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.03 (4th ed. 1987); BLACK'S LAW DICTIONARY 555-56 (6th ed. 1990); 75A AM. JUR. 2d §§ 719-720.

**USE OF REQUESTS FOR ADMISSIONS AT TRIAL**

Some of the evidence has been in the form of written admissions. You must regard as being conclusively proven all facts that were expressly admitted by the defendants or all facts which the defendants' failed to deny.

DEL. P.J.I. CIV. § 23.7 (2000).

Source:
Del. C. Super. Ct. Civ. R. 36(b). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.17 (4th ed. 1987).

**JUROR NOTE-TAKING AND EXHIBIT BINDERS**

*At beginning of trial:*

I am allowing you to take notes during trial. If you wish to take notes, be sure that your note-taking does not interfere with your ability to follow and consider all the evidence. You may not discuss your notes with anyone until deliberations begin. At the end of each day, the Bailiff will collect your notes and return them to you the next day.

*At the close of evidence:*

I have allowed you to take notes during trial. The purpose of taking notes is to assist you during your deliberations. During your deliberations you should not allow the notes taken by one juror or several jurors to control your consideration of the evidence. Instead, give due regard to the individual recollection of each juror whether or not supported by written notes. Your ultimate judgment should be the product of the collective memory of all twelve jurors.

*If appropriate:*

I have also permitted you to have notebook binders containing exhibits. The fact that evidence is contained in the binder does not mean that you should give it more weight than other evidence in the case. These documents have no more or less weight than the other evidence presented.

DEL. P.J.I. CIV. § 24.2 (2000).

Source:
Estate of Tribbitt v. Alexander, Del. Super., C.A. No. 95C-02-138, Herlihy, J. (Jan. 17, 1997); Bradley v. A.C. & S. Co., Del. Super., 1989 WL 70834, Taylor, J. (May 23, 1989) at *1-2; In re Asbestos Litigation, Del. Super., 1988 WL 77737, Taylor, J. (June 28, 1988) at *2.
See also United States v. Maclean, 3d Cir., 578 F.2d 64, 65-67 (1978)(permitting note-taking by jurors); Esaw v. Friedman, Conn. Supr., 586 A.2d 1164 (1991)(permitting juror note taking); Wigler v. City of Newark, N.J. Super. A.D., 309 A.2d 897, 899 (1973)(juror note taking was not improper and it was within discretion of trial court to control and direct the manner of juror note taking), cert. denied, 317 A.2d 703 (1974); Note, Court-Sanctioned Means of Improving Jury Competence in Complex Civil Litigation, 24 ARIZ. L. REV. 715, 720 (1982).