IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>RICHARD LONGWILL, BARBARA LONGWILL, AIR BASE CARPET MART, INC. d/b/a Air Base Distributing, Inc. d/b/a Air Base Carpet Mart, AIR BASE DISTRIBUTING, INC., ASHLAND CONSTRUCTION COMPANY, INC., JOSEPH RIZZO & SONS CONSTRUCTION, VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a Ashland Construction Co., Inc., JOSEPH V. RIZZO, and VINCENT RIZZO,<br><br>      Defendants. | :<br>:<br>:<br>: Civil Action No.: 05-211-KAJ<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S PROPOSED VOIR DIRE**

A.   **Proposed Brief Description of the Case**

  In this case, Plaintiff, James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, Deceased, is suing for damages arising from the drowning death of Marissa Fishman on August 30, 2002. On that date, Marissa Fishman, twenty months old at the time, was visiting the house of Defendants, Richard and Barbara Longwill, at 3220 Coachman Road, Wilmington, Delaware, where Defendants, Ashland Construction Company, Inc., Vincent Rizzo Construction Company d/b/a Ashland Construction Company and Vincent Rizzo, were performing construction work to an in-ground swimming pool enclosure and nearby patio. A sliding glass door from the house to the pool area was left open, allowing Marissa to enter the pool and drown.

  Plaintiff claims that all defendants failed to exercise reasonable care by permitting the door to be left open, and by not eliminating the danger presented by the indoor pool such as installing an alarm or self-closing device on the door.

  Defendants deny that they were negligent in any manner.

  Is any member of the panel familiar with the case or has any member of the panel heard or read anything about it?

**B.     Court's Standard Voir Dire Questions**

1.     *Judge will ask counsel to introduce themselves.* Have you or any member of your family had any business dealings with any of the attorneys or their law firms?

2.     *Judge will ask counsel to introduce the parties and name any witnesses they expect to call.* Do any members of the panel know the parties or any of the witnesses?

<u>Plaintiff's Expert Witnesses</u>

a. David Hopkins ASA, MAAA;

b. Ian Hood, MB, ChB, JD;

c. Alan E. Meade, P.E.;

<u>Non-Expert Witnesses</u>

a. Eric C. Fishman;

b. Longwill Fishman;

c. Barbara H. Longwill;

d. Richard Longwill;

e. Alexandra Soshana Fishman;

f. Samuel Fishman;

g. Deborah Fox;

h. Harrison Fishman;

i. Allison Ann Lucas;

j. Helen Longwill;

k. New Castle Police Detective Claudine Malone;

l. New Castle Police Officer Michael Santos;

m. New Castle Detective K. Murphy;

n. New Castle Police Officer Marc Alfree;

    o.  New Castle Police Officer John W. Schlosser;

    p.  Detective George Bell;

    q.  Detective Joseph Trala;

    r.  Tim Gorbey, Jr., Esquire;

    s.  Vincent Rizzo;

    t.  Theresa Garcia Zavala;

    u.  John Magner;

    v.  Glen Stryjewski, M..D.;

    w.  Kathy Palmer. M.D.;

    y.  Records Custodian of Alfred I. Dupont Institute;

    z.  Records Custodian of New Castle County Police Department;

    aa. Records Custodian of New Castle County EMS;

    bb. Gerald Cooke, Ph.D.;

    cc. Dr. Melanie Lewis of Silverside Counseling Center;

    dd. Dr. Lee Anderson;

    ee. Dr. Marla Issacs; and

    ff. Salvador Ortiz-Britto.

    <u>Defendant's Expert Witnesses</u>

    a.  Emanuel Rubin, M.D.

  4. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have in reaching your verdict?

  5. Is there any member of the panel who has any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury?

      6.    This case is expected to take 5 days to try so that we expect the testimony in the trial will be completed by . Is there any member of the panel who would be unable to sit as a juror in the case for that period of time?

**C.    Plaintiff's Additional Proposed Voir Dire Questions
(limited to ten per Final Pre-Trial and Trial Management Order)**

      1.    Are any of you, or are members of your immediate families, employed by, or have you been employed by a construction company, general contractor, contractor, or any provider of construction related services?

      2.    Do you have specialized training in construction?

      3.    The law allows Plaintiff to recover for a property owners failure to exercise reasonable care to eliminate the danger presented by an artificial structure located on their property, in this case an indoor pool.  Richard and Barbara Longwill are the maternal grandparents of the decedent and the property owners.  Is there anything about the relationship between the parties in this case that would not allow you to be fair and impartial in your judgment of this case?  If Plaintiff establishes by a preponderance of the evidence that Richard and Barbara Longwill were negligent in failing to exercise reasonable care to eliminate the danger presented by their indoor pool, would you be able to return a verdict in favor of Plaintiff?

      4.    Has anyone here or members of their immediate families now or ever been employed as a claims adjuster or otherwise by a company or concern which in whole or in part is engaged in the casualty or liability insurance business or the business of investigating claims?

      5.    Have you ever been a party in a lawsuit?

      6.    Do you have an opinion or a belief for or against people who file lawsuits, or persons who are sued in this type of case, such that you may not be fair and impartial in your judgment of this case?

      7.    Is there anything that you have heard in the news media regarding civil lawsuits or "tort reform" which would prevent you from rendering a monetary award in a civil damages case?

      8.    Would any member of the jury arbitrarily set a limit ("cap") on monetary damages for pain and suffering without regard to the evidence or law which allows such damages without arbitrary limits?

      9.    Do you believe that a decedent's estate should not receive monetary compensation for the death of the decedent?

10. Ladies and Gentlemen, the plaintiff, has the burden of proof in this case. However, I want you to understand how different our burden is from the burden of proof in a criminal case. I will instruct you further on this matter, but you should know now that plaintiff is required to have merely a majority or 50.1%, of the weight of the evidence in order for you to give plaintiff favorable verdict. Plaintiff is <u>not</u> required to prove his case beyond a reasonable doubt. Is there anyone here who would require the plaintiff in this case to prove the case beyond a reasonable doubt before awarding money damages to the plaintiff?