IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR., Administrator of the Estate of Marissa Rose Fishman, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD LONGWILL, BARBARA LONGWILL, ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO CONSTRUCTION CO., INC., d/b/a Ashland Construction Co., Inc., and VINCENT RIZZO,<br><br>Defendants. | C.A. No. 05-211 MPT |

**DEFENDANTS', ASHLAND CONSTRUCTION COMPANY, INC., VINCENT RIZZO CONSTRUCTION CO., INC. d/b/a ASHLAND CONSTRUCTION CO., INC., AND VINCENT RIZZO, PROPOSED PRELIMINARY JURY INSTRUCTIONS**

MURPHY & LANDON

ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE  19805
(302) 472-8100

March 20, 2008

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

**<u>Duty of Jury</u>**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts as you find them to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

**<u>Evidence</u>**

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence. They include:

1.     Statements, arguments, and questions by lawyers are not evidence.

2.     Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling

on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

      3.      You should not consider testimony and documents I have excluded and not admitted into evidence.

      4.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**Burden of Proof**

This is a civil case. The plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means the plaintiff has to produce evidence which, when considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of a scale, the evidence supporting plaintiff's claims would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, your verdict must be for defendant.

Those of you who have sat in on criminal cases will have heard the term "proof beyond a reasonable doubt." That requirement does not apply to a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff has met his burden of proof by a preponderance of the evidence in this case.

**Summary of Applicable Law**

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

In this case, the plaintiff is Tim Gorbey, who, as the Administrator of the estate of Marissa Rose Fishman, is suing for damages resulting from an accident that occurred on August 30, 2002. Marissa Fishman was then twenty months old and was residing with her mother and siblings at the home of Richard and Barbara Longwill, her maternal grandparents. The Longwills had an enclosed swimming pool on the property, separated from the main interior of the home by a sliding glass door. The plaintiff claims that Marissa entered the pool area via the open sliding glass door, entered the pool and drowned, causing her death.

The plaintiff also claims that the death of Marissa Fishman was caused by the negligent conduct of the defendants. The defendants are (1) Richard and Barbara Longwill, Marissa's grandparents and owners of the property where the accident occurred; and, (2) the defendants that I'll refer to collectively as "the Ashland defendants": Ashland Construction Company, Inc., Vincent Rizzo Construction Co. doing business as Ashland Construction Company, Inc., and Vincent Rizzo, which were independent contractors hired by the Longwills to install pavers at their residence. Unless I instruct you otherwise, for purposes of this trial, your deliberations and verdict, you should consider the Ashland defendants essentially as one defendant.

All defendants deny that they were negligent in any manner that caused the death of Marissa Fishman.

The Ashland defendants also claim that it was the unforeseen negligence of third parties over whom they exercised no control that caused Marissa Fishman's death.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

Incidentally, as you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for

5

that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

### **Course of the Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the plaintiff will present his witnesses, and defendants may cross-examine them. Then the defendants will present their witnesses, and plaintiff may cross-examine them.

After that, I will give you instructions on the law and the attorneys will make their closing arguments to summarize and interpret the evidence for you.

You will then retire to deliberate on your verdict.