A REGIONAL DEFENSE LITIGATION LAW FIRM

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
A PROFESSIONAL CORPORATION    www.marshalldennehey.com

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

FLORIDA
Fort Lauderdale
Jacksonville
Orlando
Tampa

OHIO
Akron

**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
**(302) 552-4300 · Fax (302) 651-7905**

**Direct Dial: 302-552-4302**
**Email: kjconnors@mdwcg.com**

April 9, 2008



The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 North King Street
Lockbox 8
Wilmington, DE  19801

RE:    Gorbey, et al. v.  Longwill, et al.
       U.S.D.C. – District of Delaware, C.A. No. 05-211 MPT
       Our File No.:  03030.02632

Dear Judge Thynge:

The Ashland and Longwill defendants in this case have moved in limine to preclude evidence and testimony from plaintiff's economic expert, David L. Hopkins, in regard to the value of Marissa Fishman's hypothetical estate if she had lived to a normal life expectancy.  Defendants argued in their Motion in Limine that damages should not be recoverable as a matter of law under the Wrongful Death Statute, 10 Del. C.§3724, because neither Marissa Fishman's older siblings nor her parents would have any reasonable expectations of inheriting Marissa Fishman's residual estate upon her death at her normal life expectancy.  Defendants are writing now to the Court to state additional reasons why the testimony of David L. Hopkins should be precluded.

Plaintiff's economic expert is precluded because his report does not comply with Delaware law.

Mr. Hopkins produced an economic report in January of 2006 which cited Pennsylvania law, specifically Kaczkowski v. Bolubasz, 421 A.2d 1027 (Pa. 1980), as the basis for the calculations and conclusions therein.  Exhibit "A."  After this Court ruled that Delaware law should apply, Mr. Hopkins produced a new report in May of 2006 which eliminated the reference to the Bolubasz case.  Exhibit "B."  Otherwise, however, the report was exactly the same.  All the conclusions and all the figures were identical to the first report.

The report of Mr. Hopkins must be precluded because Mr. Hopkins has not complied with Delaware law by reducing his figures to present value.  Even if Mr. Hopkins has reached exactly the same conclusions under Delaware law as under Pennsylvania law, the testimony must be precluded anyway because he has not explained how he accomplished that feat.

Judge Thynge
April 9, 2008
Page 2

_____

Federal Rule of Evidence 702 states that an expert may testify if:

> (1) The testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, (3) and the witnesses has applied the principles and methods reliably to the facts of the case.

In the present case, the report on which Mr. Hopkins will base his testimony does not comply with these standards in supplying economic opinions pursuant to Delaware law.

In the case of <u>Cann v. Mann Construction Co.</u>, 93 A.2d 741 (Del. Super. Ct. 1952), the Delaware Superior Court considered the economic claims which arise from the wrongful death of a child and noted as follows:

> Thus, it is settled in this jurisdiction that the recovery in an action for the wrongful death of a child of tender years is a jury's estimate of the value of the estate the child probably would have <u>earned, saved and left to his next of kin at the end of his life expectancy</u>. This sea of pure conjecture may be otherwise described as a jury's estimate of the present money value of the child's life to the estimated prospective estate of the child. <u>Id</u>. at 743. (Emphasis added.)

The Superior Court of Delaware in <u>Shively v. Klein</u>, C.A. No. 84 C-JL-12, 1986 Del. Super. LEXIS 1459 (Del. Super. Ct. Sept. 9, 1986) Exhibit "C", ruled that the decision of the <u>Cann</u> Court regarding the recovery of pecuniary damages for a young child's wrongful death remains applicable under the present version of the Wrongful Death Statute set forth at 10 <u>Del. C</u>. §3724.

The testimony of David Hopkins should be precluded, because the report on which his testimony will be based does not comply with the requirements of the Wrongful Death Statute. The report arguably addresses the issue of what the child "probably would have earned." However, the issues of what the child "probably would have …saved and left to his next of kin at the end of his life expectancy" are not mentioned by Mr. Hopkins.

The only deductions taken from the child's projected earnings by Mr. Hopkins are the personal maintenance expenses which Mr. Hopkins states specifically "do not include the entire amount of the expenditures of the deceased, but only the supply of the necessaries of life-sustenance, subsistence, livelihood and support." Under Mr. Hopkins' own analysis, what the child would have saved and then left in her estate should be a separate issue. However, the report does not address the issue of what the child theoretically would have "saved and left to [her] next of kin," let alone provide a reliable factual basis for offering opinions on that issue.

Accordingly, the testimony should be precluded pursuant to Federal Rule of Evidence 702 which allows expert testimony only if "based upon sufficient factual data." Moreover, since the report and intended testimony of Mr. Hopkins provide no basis for a jury to navigate the "sea of pure conjecture" regarding this pecuniary claim, the testimony is arguably not relevant and should be precluded under Federal Rule of Evidence 401. Even if considered relevant, it should also be precluded under Federal Rule of Evidence 403 on grounds of "unfair prejudice, confusing issues, [and] misleading the jury."

Judge Thynge
April 9, 2008
Page 3

_____

       For all of the foregoing reasons, defendants, Richard and Barbara Longwill, contend that this Honorable Court should grant their Motion in Limine and preclude the testimony of David L. Hopkins.

                             Respectfully submitted,

                             */s/ Kevin J. Connors*
                             Kevin J. Connors

                             */s/ Daniel J. Hart*
                             Daniel J. Hart
                             Attorneys for Defendants, Richard and Barbara Longwill

KJC/vll


Cc:     Clerk of Court
          All Counsel – via e/filing

03030.02632  15/604487.v1