**EXHIBIT "C"**

LEXSEE 1986 DEL. SUPER. LEXIS 1459

ROBERT SHIVELY, individually, and as Administrator of the Estate of TROY SHIVELY, Deceased and PRISCILLA SHIVELY, Plaintiffs, v. GERSHON KLEIN, M.D., J. BARTLEY STEWART, M.D., and EDWIN KATZMAN, M.D., Defendants

C.A. No. 84C-JL-112

Superior Court of Delaware, New Castle

1986 Del. Super. LEXIS 1459

September 9, 1986, Decided

**PRIOR HISTORY:** [*1] Defendants' application in limine to exclude as an element of damages the estimated value of the estate of Troy Shively-Denied.

**DISPOSITION:** IT IS SO ORDERED.

**COUNSEL:** Bayard Marin, Esquire of Marin and Hudson, Wilmington, Delaware for Plaintiffs.

F. Alton Tybout, Esquire of Tybout, Redfearn, Casarino & Pell, Wilmington, Delaware for Defendants.

**OPINION BY:** POPPITI

**OPINION**

POPPITI, Judge

The matter is presently before the Court on the defendants' application in limine to exclude as an element of damages the estimated value of the estate of Troy Shively. I am satisfied for reasons stated herein the application should be and is HEREBY DENIED.

When a person dies, two distinct causes of action may exist. First, there is a "survival action" under *10 Del. C. § 3704*, which allows a personal representative of the decedent to substitute as plaintiff in an action which might have been brought by the decedent "to recover damages for injuries to the person" had he survived. Damages in a survival action would thus include pain and suffering and loss of income due to the injury up to the time of death. *Magee v. Rose, Del. Super., 405 A.2d 143, 145 (1979); Coulson v. Shirks Motor Express Corp., Del.* [*2] *Super, 107 A.2d 922 (1954).*

The second cause of action is a wrongful death action under *10 Del. C. §3724*. This cause of action is for the "wife, husband, parent and child of the deceased person." Its purpose is to "fairly compensate for the injury resulting from the death." *10 Del. C. § 3724(d).* Under its predecessor statute, this action was limited to pecuniary loss occasioned by the death. *Magee, 405 A.2d at 147.* The purpose of the new statute, which became effective on December 1, 1982, is "to permit the recovery of damages not limited to pecuniary losses by persons injured as the result of the death of another person." *10 Del. C. § 37245.* The statutory language does not in my view in any ways diminish the amount of pecuniary damages allowed in a Wrongful Death action. Thus it is still settled law that:

"the recovery in an action for the wrongful death of a child of tender years is the jury's estimate of the value of the estate the child probably would have earned, saved and left to his next of kin at the end of his life expectancy. This sea of pure conjecture may be otherwise described as the jury's estimate of the present money value of the child's life [*3] to the estimated prospective estate of the child." *Cann v. Mann Constr. Co., Del. Super., 93 A.2d 741, 743 (1952).*

The defendants suggest that the case of *Biro v. Schombert Md. App., 398 A.2d 519 (1979)*, dealing with Maryland statutes, may be read as stating that future loss of earnings may not be recovered in a wrongful death action. On the contrary, I read the case, which addressed both the survival and the wrongful death causes of action, as agreeing with the viewpoint I have just stated. In that case, the court states: "Damages [in a wrongful death

action] are measured by the standard of pecuniary value of the life of the person who was killed to the person or persons entitled to damages." *Biro, 398 A.2d at 523.* The Court further indicates however that it is in the *survival* action that loss of earnings, wages and other income are limited to the period from the time of injury to the time of death, thus precluding consideration of the value of the decedent's estate. *Biro, 398 A.2d at 523-24.*

IT IS SO ORDERED.