IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES H. GORBEY, JR.,<br>Administrator of the Estate of<br>Marissa Rose Fishman, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD LONGWILL,<br>BARBARA LONGWILL,<br>ASHLAND CONSTRUCTION<br>COMPANY, INC.,and VINCENT RIZZO,<br><br>        Defendants. | C.A. No. 05-211 MPT |

**PROPOSED JURY INSTRUCTIONS**
**(Joint Instructions; Plaintiff's Proposed Instructions; Defendants' Proposed Instructions)**

WEISS AND SAVILLE, P.A.

By: /s/ Yvonne Takvorian Saville
    YVONNE TAKVORIAN SAVILLE (ID No. 3430)
    1220 Market Steet, Suite 604
    Wilmington, DE 19805
    (302) 656-0400
    Attorney for Plaintiff

## TABLE OF CONTENTS

Instruction                                                                        Page

### **JOINT INSTRUCTIONS**

Province of the Court and Jury................................................................    J1

Statements of Counsel.........................................................................    J2

Courtroom Interpretation....................................................................    J3

English Translation.............................................................................    J4

Burden of Proof by a Preponderance of the Evidence.............................    J5

Evidence Equally Balanced..................................................................    J6

Negligence Defined.............................................................................    J7

No Duty to Anticipate Negligence........................................................    J8

Multiple Defendants...........................................................................    J9

Joint Tortfeasors................................................................................    J10

Prior Sworn Statements......................................................................    J11

Prior Inconsistent Statement by Witness...............................................    J12

Objections - Rulings on Evidence.........................................................    J13

Deposition - Use as Evidence..............................................................    J14

Use of Interrogatories at Trial.............................................................    J15

Credibility of Witnesses - Weighing Conflicting Testimony........................    J16

Expert Testimony...............................................................................    J17

Effect of Instructions as to Damages....................................................    J18

Instructions to be Considered as a Whole.............................................    J19

Court Impartiality.............................................................................. J20

Jury's Deliberations........................................................................... J21

## PLAINTIFF'S PROPOSED INSTRUCTIONS

Nature of the Case.............................................................................. P1

No Need to Prove All Charges of Negligence...................................... P2

Violation of Codes or Ordinances/Negligence as a Matter of Law..................... P3

Liability to Children for Highly Dangerous Artificial Conditions...................... P4

Agents Negligence Imputed to Principal............................................... P5

Corporations and Their Agents........................................................... P6

Agency Admitted................................................................................. P7

Proximate Cause................................................................................. P8

Concurrent Causes.............................................................................. P9

Damages- Survival Act....................................................................... P10

Damages-Wrongful Death Act............................................................ P11

Damages-Survival Action-Pain and Suffering.................................... P12

Evidence Direct, Indirect or Circumstantial....................................... P13

Use of Requests for Admissions at Trial............................................ P14

Juror Note-Taking and Exhibit Binders.............................................. P15

## DEFENDANTS' PROPOSED INSTRUCTIONS

Negligence is Never Presumed............................................................ D1

Duty of the Ashland Defendants.......................................................... D2

Proximate Cause...................................................................................... D3

Superseding Cause.................................................................................. D4

Damages - Estate Claims....................................................................... D5

Damages - Wrongful Death Claims....................................................... D6

Expert Opinion Must be to a Reasonable Probability........................... D7

Expert Medical Opinion Must be to a  Reasonable Probability............ D8

Sympathy................................................................................................ D9

## POINT FOR CHARGE NO. 1

### PROVINCE OF THE COURT AND JURY

Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the law governing this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions. It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case. Evidence includes the witnesses' sworn testimony and the items admitted into evidence. You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and the public expect that

you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

Source:

Del. Const. art. IV, ' 19 (1897); <u>Porter v. State</u>, Del. Supr., 243 A.2d 699 (1968)(judge may not comment on the facts of the case); <u>Gutheridge v. Pen-Mod, Inc</u>., Del. Super., 239 A.2d 709 (1967)(jury sole judges of the facts); <u>Girardo v. Wilmington & Philadelphia Traction Co.</u>, Del. Super., 90 A. 476 (1914)(same). See also 3 Devitt & Blackmar, Federal Jury Practice and Instructions " 70.03, 71.01 (4th ed. 1987); Black's Law Dictionary 555 (6th ed. 1990).

Civil Pattern Jury Instruction 3.2. (This and all such citations throughout are to the Delaware Superior Court Civil Pattern Jury Instructions, Annotated, 2000 Edition, revised in part 8/15/2006)

**POINT FOR CHARGE NO. 2**

**STATEMENTS OF COUNSEL**

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

Source:

See DeAngelis v. Harrison, Del. Supr., 628 A.2d 77, 88 (1993); McNally v. Eckman, Del. Supr., 466 A.2d 363, 371-75 (1983); Delaware Olds, Inc. v. Dixon, Del. Supr., 367 A.2d 178, 179 (1976). See also 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 70.03 (4th ed. 1987); 75A Am. Jur. 2d " 554, 566, 632.

Civil Pattern Jury Instruction 3.3

J-2

**POINT FOR CHARGE NO. 3**

**COURTROOM INTERPRETATION**

*Interpretation of the Proceedings:*

This Court seeks a fair trial for all regardless of the language a person speaks and regardless of how well a person may, or may not, use the English language. Bias against or for persons who have little or no proficiency in English, or because they do not use English, is not allowed. The fact that any party requires an interpreter must not influence you in any way.

Esta Corte busca un juicio para todos sin considerar que lengua hablan y sin considerar el bien o mal uso que hagan de la lengua inglesa. Prejuicio contra o hacia personas que tienen poco o nada de pericia en el idioma ingles, porque nunca lo usan, no es permitido. Por lo tanto, de niguna manera permita usted ser influenciado por el hecho de que la parte requere un interprete.

*Witness Interpretation:*

Treat the interpretation of the witness's testimony as if the witness had spoken English and no interpreter were present. Do not allow the fact that testimony is given in a language other than English to affect your view of the witness's credibility.

Trate la interpretacion del testigo como si el testigo hubiera hablado en ingles y sin un interprete presente. No permita el hecho de que el testimonio es dado en una lengua, que no es el ingles, afecte su opinion acerca de la credibilidad del testigo.

*Court Interpreters:*

I want you to understand the role of the court interpreter. The court interpreter is here only to interpret the questions that you are asked and to interpret your responses. They will say only what

we or you say and will not add to your testimony, omit anything you say, or summarize what you

say.  They are not lawyers and are prohibited from giving legal advice.

If you do not understand the court interpreter, please let me know.  If you need the interpreter

to repeat something you missed, you may do so.

Do you have any questions about the role or responsibilities of the court interpreter?

Yo quiero que usted comprenda la funcion del interprete de la corte.  El interprete de corte

esta aqui solamente para interpretar las preguntas dirigidas a usted y para interpretar sus repuestas.

Ellos diran solamente lo que nosotros o usted decimos y no agregaran nada a su testimonio, no

omitiran nada que usted diga, ni resumiran lo que usted diga.  Ellos no son abogados y les esta

prohibido dar consejo legal.

Si usted no comprende al interprete de la corte, por favor hagamelo saber.  Si usted necesita

que el interprete repita algo que usted no capto, puede hacerlo.

Tiene usted alguna pregunta acerca de la funcion o de las responsabilidades del interprete de

la corte?


Source:

Del. Supr. Admin. Directive 107 (1996).


Civil Pattern Jury Instruction 3.7a, 3.7b, 3.7c

**POINT FOR CHARGE NO. 4**

**ENGLISH TRANSLATION**

Languages other than English may be used during this trial.  The evidence you are to consider is only that provided through the official court interpreter.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English interpretation.  You must disregard any different meaning of the non-English words.

Comment:  This instruction is appropriate when there is a juror proficient in English as well as the language of a party or witness that will be translated by an interpreter during the trial.  The instruction should be given prior to opening arguments and at the end of the case.

Source:

Diaz v. State, Del. Supr., 743 A.2d 1166, 1175 (1999).

Civil Pattern Jury Instruction 3.8

J-4

## POINT FOR CHARGE NO. 5

### BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

In this particular case, the plaintiff must prove all the elements of its claim of negligence as to a given defendant by a preponderance of the evidence in order to hold that defendant liable. Those elements are as follows:

(1)    That the defendant was negligent; and,

(2)    That such negligence caused Marissa Fishman's death.

Source:

Reynolds v. Reynolds, Del. Supr., 237 A.2d 708, 711 (1967)(defining preponderance of the evidence); McCartney v. Peoples Ry. Co., Del. Super., 78 A. 771, 772 (1911)(same); Oberly v. Howard Hughes Medical Inst., Del. Ch., 472 A.2d 366, 390 (1984)(same). See also 3 Devitt &

J-5

Blackmar, Federal Jury Practice and Instructions ' 72.01 (4th ed. 1987).

DEL. CODE ANN. tit. 10, ' 8132 (1999) (elements of comparative negligence); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995)(basic elements of negligence claim); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096-97 (1991)(same); McGraw v. Corrin, Del. Supr., 303 A.2d 641 (1973)(comparative negligence).

Civil Pattern Jury Instruction 4.1, edited

## POINT FOR CHARGE NO. 6

### EVIDENCE EQUALLY BALANCED

If the evidence tends equally to suggest two inconsistent views, neither has been established. That is, where the evidence shows that one or two things may have caused the accident: one for which a defendant was responsible and one for which it was not. You cannot find for the plaintiff if it is just as likely that the accident was caused by one thing as by the other.

In other words, if you find that the evidence suggests, on the one hand, that a defendant is liable, but on the other hand, that it is not liable, then you must not speculate about the suggested causes of the accident; in that circumstance you must find for that defendant.

Source:

Eskridge v. Voshell, Del. Supr., 1991 WL 78471, **3 (1991)(1991 Del. Lexis 155, *7 (1991)); Voshell v. Attix, Del. Supr., No. 435, 1989, slip op. at 5, Walsh, J. (Mar. 21, 1990); Law v. Gallegher, Del. Supr., 197 A. 479, 488 (1938); Gutheridge v. Pen-Mod, Inc., Del. Super., 239 A.2d 709, 713 (1967). See also Hopkins v. E.I. duPont de Nemours & Co., 3d Cir., 212 F.2d 623 (1954).

Civil Pattern Jury Instruction 4.2

**POINT FOR CHARGE NO. 7**

**NEGLIGENCE DEFINED**

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

Source:

Russell v. K-Mart, Del. Supr., 761 A.2d 1, 5 (2000); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1096-97 (1991); Robelen Piano Co. v. Di Fonzo, Del. Supr., 169 A.2d 240 (1961); Rabar v. E.I. duPont de Nemours & Co., Del. Super., 415 A.2d 499, 506 (1980); DeAngelis v. U.S.A.C. Transport, Del. Super., 105 A.2d 458 (1954); Kane v. Reed, Del. Super., 101 A.2d 800 (1954).

Civil Pattern Jury Instruction 5.1

**POINT FOR CHARGE NO. 8**


**NO DUTY TO ANTICIPATE NEGLIGENCE**


Nobody is required to anticipate someone else's negligence.  A person is allowed to assume that another person will not act negligently until he or she knows or should know that the other person is acting or is about to act negligently.  Therefore, a person is required to act reasonably and prudently under the circumstances of the particular situation.


Source:

Bullock v. State, Del. Supr., 775 A.2d 1043, 1052 (2001); Furek v. University of Delaware, Del. Supr., 594 A.2d 506, 523 (1991); Levine v. Lam, Del. Supr., 226 A.2d 925, 926-27 (1967); Biddle v. Haldas Bros., Del. Super., 190 A. 588, 595 (1937).


Civil Pattern Jury Instruction 5.3

**POINT FOR CHARGE NO. 9**

**MULTIPLE DEFENDANTS**

There are essentially three defendants in this case: (1) Richard Longwill; (2) Barbara Longwill; and, (3) the Ashland defendants, which are being treated as a single defendant. One may be liable while the other is not. Each defendant is entitled to your fair consideration of its own defenses. If you find against one defendant, that shouldn't affect your consideration of other defendant. Unless I tell you otherwise, all my instructions apply to each defendant.

Source:

Laws v. Webb, Del. Supr., 658 A.2d 1000, 1007 (1995); See Travelers Ins. Co. v. Magic Chef, Inc., Del. Supr., 483 A.2d 1115 (1984); Diamond State Tel. Co. v. University of Delaware, Del. Supr., 269 A.2d 52, 56 (1970).

Civil Pattern Jury Instruction 5.5, edited

J-9

## POINT FOR CHARGE NO. 10

### JOINT TORTFEASORS

If you find that one or both Longwill defendants and the Ashland defendants were negligent, and that their negligence combined to cause injury, you must determine their relative degrees of fault. Using 100% as the total amount of the defendants' negligence, you must decide the percentage of each defendant's negligence. I will give you a special-verdict form for this purpose. Your answers in this form will enable me to apportion damages.

Source:

DEL. CODE ANN. tit. 10, " 6302, 6304, 8132 (1999); <u>Alexander v. Cahill</u>, Del. Supr., 2003 WL 1793514, *5-6 (2003) (2003 Del. Lexis 199, *17-19 (2003)); <u>Sears Roebuck & Co. v. Huang</u>, Del. Supr., 652 A.2d 568, 573 (1995); <u>Medical Ctr. of Delaware v. Mullins</u>, Del. Supr., 637 A.2d 6 (1994); <u>Blackshear v. Clark</u>, Del. Supr., 391 A.2d 747 (1978); <u>Farrall v. A.C. & S. Co.</u>, Del. Super., 586 A.2d 662 (1990).

Civil Pattern Jury Instruction 5.6, edited

## POINT FOR CHARGE NO. 11

### PRIOR SWORN STATEMENTS

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe.  You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.


Source:

See generally D.R.E. 801(d)(1), 803(8); <u>Lampkins v. State</u>, Del. Supr., 465 A.2d 785, 790 (1983)(prior statements generally); <u>Bruce E.M. v. Dorothy A.M.</u>, Del. Supr., 455 A.2d 866, 869 (1983)(prior sworn statements); 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 73.09 (4th ed. 1987).



Civil Pattern Jury Instruction 23.


J-11

## POINT FOR CHARGE NO. 12

### PRIOR INCONSISTENT STATEMENT BY WITNESS

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

Source:

D.R.E. 613.  See also 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 73.04 (4th ed. 1987).

Civil Pattern Jury Instruction 23.2

J-12

## POINT FOR CHARGE NO. 13

### OBJECTIONS - RULINGS ON EVIDENCE

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent.  If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be.  If I have overruled an objection, you are free to consider the evidence that has been offered.


Source:

D.R.E. 103(c), 104(c)&(e), 105; City of Wilmington v. Parcel of Land, Del. Supr., 607 A.2d 1163, 1170 (1992); Concord Towers, Inc. v. Long, Del. Supr., 348 A.2d 325, 327 (1975)(court must avoid giving the impression of favoring one side or other in ruling on counsel's objections).  See also 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 70.01 (4th ed. 1987).

Civil Pattern Jury Instruction 23.4

J-13

## POINT FOR CHARGE NO. 14

### DEPOSITION - USE AS EVIDENCE

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

Source:

Del. C. Super. Ct. Civ. R. 32(a); D.R.E. 804(a)(5); <u>Firestone Tire & Rubber Co. v. Adams</u>, Del. Supr., 541 A.2d 567, 572 (1988). See also 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 73.02 (4th ed. 1987).

Civil Pattern Jury Instruction 23.5

J-14

## POINT FOR CHARGE NO. 15

### USE OF INTERROGATORIES AT TRIAL

Some of the evidence has been in the form of interrogatory answers.  An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial.  You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

Source:

Del. C. Super. Ct. Civ. R. 33(c).  See also 3 Devitt & Blackmar, Federal Jury Practice and Instructions ' 72.19 (4th ed. 1987).

Civil Pattern Jury Instruction 23.6

J-15

**POINT FOR CHARGE NO. 16**

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness's credibility.  That includes the parties.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

Source:

See 3 Devitt & Blackmar, Federal Jury Practice and Instructions § 73.01 (4th ed. 1987); 75A Am. Jur. 2d §§ 747, 749, 750.

Civil Pattern Jury Instruction 23.9

J-16

POINT FOR CHARGE NO. 17

### EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

Source:

D.R.E. 701, 702, 703.

Civil Pattern Jury Instruction 23.10

J-17

## POINT FOR CHARGE NO. 18

### EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.


Source:

Philadelphia, B.&W. R.R. Co. v. Gatta, Del .Supr., 85 A. 721, 729 (1913) (jury is sole judge of facts).

Civil Pattern Jury Instruction 22.28

**POINT FOR CHARGE NO. 19**

**INSTRUCTIONS TO BE CONSIDERED AS A WHOLE**

I have read a number of instructions to you.  The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point.  You should consider all the instructions.


Source:

Del. Const. art. IV, § 19; Culver v. Bennett, 588 A.2d 1094, 1096 (Del. 1991)(instructions to be considered as a whole); Sirmans v. Penn, 588 A.2d 1103, 1104 (Del. 1991)(instructions are not in error if they correctly state the law, are reasonably informative and not misleading judged by common practices and standards of verbal communication); Dawson v. State, 581 A.2d 1078, 1105 (Del. 1990)(jury instructions do not need to be perfect); Probst v. State, 547 A.2d 114, 119 (Del. 1988)(entire charge must be considered as a whole); Haas v. United Technologies Corp., 1173, 1179 (Del. 1982), appeal dismissed, 459 U.S. 1192, 103 S. Ct. 1170, 75 L.Ed.2d 423 (1983); State Hwy. Dep't v. Bazzuto, 264 A.2d 347, 351 (Del. 1970); Cloud v. State, 154 A.2d 680 (Del. 1959); Philadelphia B. & W. R.R. Co. v. Gatta, 85 A. 721, 729 (Del. 1913)(jury is sole judge of facts).


Civil Pattern Jury Instruction 24.3

**POINT FOR CHARGE NO. 20**

**COURT IMPARTIALITY**

Nothing I have said since the trial began should be taken as an opinion about the outcome of the case. You should understand that no favoritism or partisan meaning was intended in any ruling I made during the trial or by these instructions. Further, you must not view these instructions as an opinion about the facts. You are the judges of the facts, not me.

Source:

Del. Const. art. IV, § 19; Lagola v. Thomas, 867 A.2d 891, 898 (Del. 2005)(self-restraint in questioning of any witness); Price v. Blood Bank of Delaware, Inc., 790 A.2d 1203, 1210-12 (Del. 2002)(heightened requirement of impartiality when questioning witness); Culver v. Bennett, 588 A.2d 1094, 1096 (Del. 1991)(instructions to be considered as a whole); Probst v. State, 547 A.2d 114, 119 (Del. 1988); Haas v. United Technologies Corp., 1173, 1179 (Del. 1982), appeal dismissed, 459 U.S. 1192, 103 S. Ct. 1170, 75 L.Ed.2d 423 (1983); State Hwy. Dep't v. Bazzuto, 264 A.2d 347, 351 (Del. 1970); Cloud v. State, 154 A.2d 680 (Del. 1959); Philadelphia B. & W. R.R. Co. v. Gatta, 85 A. 721, 729 (Del. 1913)(jury is sole judge of facts).

Civil Pattern Jury Instruction 24.4

**POINT FOR CHARGE NO. 21**

**JURY'S DELIBERATIONS**

How you conduct your deliberations is up to you.  But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position.  You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict.  Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors.  You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.

[EXCUSE JURY ALTERNATES -- SWEAR BAILIFF]

Source:

Hyman Reiver & Co. v. Rose, Del. Supr., 147 A.2d 500, 505-07 (1958)(the private deliberations of the jury should not be a concern of the court).

Civil Pattern Jury Instruction 24.5

J-21

**PLAINTIFF'S PROPOSED INSTRUCTIONS**

## NATURE OF THE CASE

In this case, Plaintiff, James H. Gorbey, Jr., Administrator of the Estate of Marissa Rose Fishman, Deceased, is suing for damages arising from the drowning death of Marissa Fishman on August 30, 2002. On that date, Marissa Fishman, twenty months old at the time, was visiting the house of Defendants, Richard and Barbara Longwill, at 3220 Coachman Road, Wilmington, Delaware, where Defendants, Ashland Construction Company, Inc., and Vincent Rizzo, were performing construction work to an in-ground swimming pool enclosure and nearby patio. A sliding glass door from the house to the pool area was left open, allowing Marissa to enter the pool and drown.

Plaintiff claims that all defendants failed to exercise reasonable care by permitting the door to be left open, and by not eliminating the danger presented by the indoor pool such as installing an alarm or self-closing device on the door.

Defendants deny that they were negligent in any manner.

**DEFENDANTS OBJECT:** **1) To the statement that Ashland defendants were performing construction work to an in ground swimming pool enclosure.**
**2) To the statement that "a sliding glass door from the house to the pool area was left open." That's a contention to be proved by the plaintiff.**
**3) To the reference "installation of an alarm or self-closing device" on proximate cause grounds and because the various defenses are not set forth in the Nature of the Case.**

P-1

## NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE

Plaintiff has alleged that the Defendants were negligent in various ways, but a party does not have to be negligent in all these ways to be liable. You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

DEL. P.J.I. CIV. § 5.2 (2000).

P-2

## VIOLATION OF CODES OR ORDINANCES / NEGLIGENCE
## AS A MATTER OF LAW

A person is also considered negligent if he or she violates a code or ordinance that has been

enacted for people's safety.  The violation of the following codes or ordinances, which were in effect

at the time of Marissa Fishman's death, is negligence as a matter of law:

1)      1996 BOCA National Building Code (adopted by Wilmington City Council, Sec. 4-26)

9.      Where a wall of a dwelling unit serves as part of th barrier and contains a door that provides direct access to the pool, one of the following shall apply:

9.1     All doors with direct access to the pool through that wall shall be equipped with an alarm which produces an audible warning when the door and its screen, if present, are opened . . . .

9.2     All doors with direct access to the pool through that wall shall be equipped with a self-closing and self-latching device with the release mechanism located a minimum of 54 inches (1372 mm) above the floor.  Swinging doors shall open away from the pool area.

9.3     The pool shall be equipped with a power safety cover . . . .

2)      1996 BOCA National Building Code, Section 421.3 (adopted by Wilmington City Council, Sec. 4-26)

A swimming pool or appurtenances thereto shall not be constructed, installed, enlarged or altered until construction documents have been submitted and a permit has been obtained from the code official. . . .

3)      Wilmington City Code, Section 108.1.1.

It shall be unlawful for any of the aforesaid persons to proceed with work without having first obtained permits required by this code.

If you find that Defendants violated any of these codes or ordinances, you must find that the defendants were negligent.

Source:

<u>Sammons v. Ridgeway</u>, Del. Supr., 293 A.2d 547, 549 (1972); <u>Nance v. Rees</u>, Del. Super., 161 A.2d

795, 797 (1960); <u>Wealth v. Renai</u>, Del. Super., 114 A.2d 809, 810-811 (1955); see also DEL. P.J.I.

5.7 (the first sentence of this proposed instruction is taken from the proposed instruction; the

remainder was drafted by counsel).

**DEFENDANTS OBJECT:  On the basis that the Wilmington City Code does not apply to this property and there is no proximate cause between any alleged violation of any code and the incident**.

**LIABILITY TO CHILDREN FOR HIGHLY DANGEROUS ARTIFICIAL CONDITIONS**

Possessors of land, such as Defendants, Richard and Barbara Longwill, can be liable to children for injuries caused by dangerous, artificial conditions on land when the landowner knows or has reason to know that the artificial condition will attract children who will not recognize the risk because of their age.

Butler v. Newark County Country Club, Del. Super., 909 A.2d 111, 113 (2006); Roberts v. Bush, Del. Super., 1987 WL 8661 (1987).

Possessors of land, such as Defendants, Richard and Barbara Longwill, can be liable for physical harm to young children on the land for bodily harm caused by a structure or other artificial condition upon the land, if:

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to encounter, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling within or in coming within the area made dangerous by it, and

P-4

(d) the utility to the possessor of maintaining the condition and the burden eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

If you find that all of these elements exist, then you must find for Plaintiff.

Source:

Butler v. Newark County Country Club, Del. Super., 909 A.2d 111, 113 (2006); see also DEL. P.J.I. 15.10 (the second paragraph with elements is taken from the standard instruction (however, "trespass" was changed to "encounter" under subsection(a); the remainder was drafted by counsel).

**DEFENDANTS OBJECT :**   **1)Plaintiffs have amended the charge to substitute the word "encounter" for "trespass."  In so doing, they have completely altered the intent of the charge.  This charge applies to children who are permitted to "roam at large" and trespass on another's property.  As such, the charge is not even applicable to this case. 2) The concept of attractive nuisance centers on the duty of a land owner to a child "roaming at large." The law places the duty upon a land owner to take reasonable steps to prevent a child who should be permitted to "roam at large" from known hazards to which they may be attracted. Courts of this State recently determined that it is not "reasonable" to protect a child who should be roaming at large from all known hazards such as bodies of water and streams. Butler v. Newark Country Club, Del. Super., 909 A.2d 111 (2006). Concurrent with the concept is the question of whether the child is of sufficient age to be "roaming at large" in the first place.  The Longwills contend that a land owner is not responsible when a parent abandons their own duty to supervise a child who is not of sufficient age to "roam alone" and especially in a place where the parent knows there is an attractive nuisance. If a parent who has the duty to care for a child brings the child into an environment where the parent knows there is an danger and then that parent abandons their duty to watch the child and permits the child who otherwise should not be to "roam at large," then land owner owes no duty to that child. For these reasons, this is not an attractive nuisance case.**

**AGENT'S NEGLIGENCE IMPUTED TO PRINCIPAL**

If you find that Marissa Fishman died as a result of a negligent act committed by an agent or employee of Defendants, Ashland Construction Company, Inc. and/or Vincent Rizzo, while acting within the scope of his/her employment and/or agency, then that negligence is the legal responsibility of Defendants, Ashland Construction Company, Inc., and Vincent Rizzo.

An agent is one who acts for another, known as a principal, on the principal's behalf and subject to the principal's control and consent.

Source:

Fisher v. Townsends, Inc., Del. Supr., 695 A.2d 53 (1997)(discussing in great detail the various agency relationships); Billops v. Magness Constr. Co., Del. Supr., 391 A.2d 196, 198-99 (1978); Eastern Memorial Consultants, Inc. v. Greenlawn Memorial Park, Inc., Del. Supr., 364 A.2d 821 (1976)(principal is not employer of a sub-agent hired by principal's agent); Fields v. Synthetic Ropes, Inc., Del. Supr., 215 A.2d 427, 432-33 (1965); Richardson v. John T. Hardy & Sons, Inc., Del. Supr., 182 A.2d 901, 902-03 (1962). See also RESTATEMENT (SECOND) OF AGENCY § 1 (1983).

DEL. P.J.I. CIV. § 18.1 (2000).

P-5

## CORPORATIONS AND THEIR AGENTS

Defendant, Ashland Construction Company, Inc. is a corporation. A corporation is considered a person within the meaning of the law. As an artificial person, a corporation can only act through its servants, agents, or employees. If you find that any of a corporation's personnel were negligent in performing their duties at the time of the incident, then the corporation is also negligent.

The fact that a party is a corporation should not affect your decision in any way. All persons, whether corporate or human, appear equally in a court of law and are entitled to the same equal consideration.

Source:

Fisher v. Townsends, Inc., Del. Supr., No. 308, 1996, Holland, J. (June 11, 1997)(discussing in great detail agency relationships); Gutheridge v. Pen-Mod, Inc., Del. Super., 239 A.2d 709, 710-11 (1967).

DEL. P.J.I. CIV. § 18.8 (2000).

P-6

**AGENCY ADMITTED**

It has been admitted in legal documents that, at all times relevant to this litigation, Vincent Rizzo and Salvatore Ortiz-Britto  were employees acting within the scope of employment and were the agents of Ashland Construction Company, Inc., and Vincent Rizzo.

As a matter of law, therefore Ashland Construction Company, Inc. and/or Vincent Rizzo is equally responsible with Vincent Rizzo and Salvatore Ortiz-Britto for any acts or omissions Vincent Rizzo and/or Salvatore Ortiz Britto may have committed at the time of the incident.

DEL. P.J.I. CIV. § 18.2 (2000).

P-7

## PROXIMATE CAUSE

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

There may be more than one proximate cause of an injury.

Source:

Wilmington Country Club v. Cowee, Del. Supr.,747 A.2d 1087, 1097 (2000); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Money v. Manville Corp. Asbestos Disease Comp. Trust Fund, Del. Supr., 596 A.2d 1372, 1375-76 (1991); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1099 (1991).

DEL. P.J.I. CIV. § 21.1 (2000).

### CONCURRENT CAUSES

There may be more than one cause of an injury.  The conduct of two or more persons or corporations may operate at the same time, either independently or together, to cause injury. Each cause may be a proximate cause. A negligent party can't avoid responsibility by claiming that somebody else – not a party in this lawsuit -- was also negligent and proximately caused the injury.

Source:

See <u>Laws v. Webb</u>, Del. Supr., 658 A.2d 1000, 1007-08 (1995).

**DEFENDANTS OBJECT:  This is contrary to the superseding/intervening cause defense**.

DEL. P.J.I. CIV. § 21.2 (2000).

## DAMAGES – SURVIVAL ACT

If you do not find that the Estate of Marissa Fishman have sustained the burden

of proof, the verdict must be for defendants.  If you do find that the Estate of Marissa Fishman is

entitled to recover for damages proximately caused by the injury, you should consider the

compensation to which they are entitled.  The purpose of a damages award in a civil lawsuit is just

and reasonable compensation for the harm or injury done.   Certain guiding principles must be

employed to reach a proper damages award.  First, damages must be proved with reasonable

probability and not left to speculation.  Damages are speculative when there is merely a possibility

rather than a reasonable probability that an injury exists.

The plaintiffs claim damages under Delaware's Survival Act and Wrongful Death Act.  I will

give you separate instructions regarding the damages recoverable under each Act.

Under the Survival Act, the Estate of Marissa Fishman may recover for her pain and suffering

prior to her death.  While pain and suffering are proper elements on which to determine monetary

damages, the damages for pain and suffering must be fair and reasonably determined and may not

be determined by a fanciful or sentimental standard.  They must be determined from a conclusion

about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the

suffering.

If you find for plaintiff, you should award to the Estate of Marissa Fishman the sum of money

that in your judgment will fairly and reasonably compensate them for the

pain and suffering that Marissa suffered prior to her death.

In evaluating Marissa's pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

The law does not prescribe any definite standard by which to compensate for pain and suffering, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Marissa Fishman's Estate fully and adequately.

Under the Survival Act, the Estate of Marissa Fishman may recover for earnings and fringe benefits that will be lost in the future. If you find for plaintiff, you should award to the Estate of Marissa Fishman the sum of money that in your judgment will fairly and reasonably compensate for earnings and fringe benefits that will be lost in the future.

Source:

 Loden v. Getty Oil Company, Del., 359 A.2d 161 (1976); P.J.I. CIV. § 22.1 (2000); 10 Del. C. § 3701 (Survival of Actions and Causes of Actions  Statute); Pipher v. Burr, 1998 WL 110135 (Del. Super. 1998); Magee v. Rose, Del. Super., 405 A.2d 143, 146 (1979); Coulson v. Shirks Motor Express Corp., Del. Super., 107 A.2d 922 (1954); Bennett v. Andree, Del.Supr., 252 A.2d 100, 103 (1969).

**DEFENDANTS OBJECT:**  **Ashland objects to the second sentence in the sixth paragraph as it does not apply in this case.  Ashland objects to the first sentence of the eighth paragraph as it is contrary to Delaware law.**

## DAMAGES - WRONGFUL DEATH ACT

The law recognizes that when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to her immediate family members. While it is impossible to compensate Marissa Fishman for the loss of her life, it is possible to compensate certain family members for the losses that they have suffered from the death of a loved one. For this reason, Delaware law provides that when a person dies as a result of another's wrongful act, certain family members may recover fair compensation for their losses resulting from the death. In determining a fair compensation, you may consider the following:

(1)    the loss of the expectation of monetary benefits that would have resulted from the continued life of Marissa Fishman; that is, the expectation of inheritance that her parents and siblings have lost.

(2)    the loss of the portion of Marissa's earnings and income that probably would have been used for the support of her parents and siblings;

(3)    the loss of Marissa's household services;

(4)    the reasonable cost of funeral expenses, not to exceed $7000; and

(5)    the mental anguish suffered by Marissa's parents and siblings as a result of Marissa's death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one. You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration.

P-11

The ability to cope with the loss may be different for each person.

There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial.

While the Estate of Marissa Fishman carries the burden of proving damages by a preponderance of the evidence, the Estate is not required to claim and prove with mathematical precision exact sums of money representing their damages for mental anguish. It is required only that the Estate furnishes enough evidence so that you, the jury, can make a reasonable determination of those damages.

Source:

10 Del. C. § 3724 (Wrongful Death Statute)(as amended June 14, 1999). <u>Bennett v. Andree</u>, Del. Supr., 252 A.2d 100, 101-03 (1969); <u>Gill v. Celotex Corp.</u>, Del. Super., 565 A.2d 21, 23-24 (1989)(mental anguish); <u>Saxton v. Harvey & Harvey</u>, Del. Super., C.A. No. 85C-JL-3, Poppiti, J. (April 14, 1987); <u>Sach v. Kent Gen. Hosp.</u>, Del. Super., 518 A.2d 695, 696-97 (1986)(claim by surviving parents); <u>Okie v. Owens</u>, Del. Super., C.A. No. 83C-AP-15, Poppiti, J. (October 16, 1985).

See also <u>Frantz v. United States</u>, D. Del., 791 F. Supp. 445, 448 (1992)(proper beneficiaries of claim for wrongful death); <u>Johnson v. Physicians Anesthesia Serv.</u>, D. Del., 621 F. Supp., 908, 915-16 (1985)(action and potential damages arise only after time of death) DEL. P.J.I. CIV. § 22.8 (2000).

**DEFENDANTS OBJECT:**   **Ashland objects to subparagraph (1), (2) and (3) as they are not applicable in this case. Ashland objects to the funeral expense in (4) as the statute limits it to $2,000 and Ashland objects to inclusion of the siblings under subparagraph (5).**

### DAMAGES - SURVIVAL ACTION - PAIN AND SUFFERING

The Estate may also recover damages for the conscious pain and suffering experienced by Marissa Fishman from the time of injury until death.

The damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard.  They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.  In evaluating pain and suffering, you may consider its mental as well as its physical consequences.  You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury.  Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Marissa Fishman fully and adequately.

Source:

10 Del. C. §3701; <u>Magee v. Rose,</u> Del. Super., 405 A.2d 143 (1979).

DEL. P.J.I. §22.4

**DEFENDANTS OBJECT:   Ashland objects to subparagraph (1), (2) and (3) as they are not applicable in this case.  Ashland objects to the funeral expense in (4) as the statute limits it to $2,000 and Ashland objects to inclusion of the siblings under subparagraph (5).**

P-12

**EVIDENCE: DIRECT, INDIRECT OR CIRCUMSTANTIAL**

Generally speaking, there are two types of evidence from which a jury may properly find the facts. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

Source:

See 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.03 (4th ed. 1987); BLACK'S LAW DICTIONARY 555-56 (6th ed. 1990); 75A AM. JUR. 2d §§ 719-720.

DEL. P.J.I. CIV. § 23.1 (2000).

P-13

## USE OF REQUESTS FOR ADMISSIONS AT TRIAL

Some of the evidence has been in the form of written admissions. You must regard as being conclusively proven all facts that were expressly admitted by the defendants or all facts which the defendants' failed to deny.


Source:

Del. C. Super. Ct. Civ. R. 36(b). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.17 (4th ed. 1987).

DEL. P.J.I. CIV. § 23.7 (2000).

## JUROR NOTE-TAKING AND EXHIBIT BINDERS

At beginning of trial:

I am allowing you to take notes during trial. If you wish to take notes, be sure that your note-taking does not interfere with your ability to follow and consider all the evidence. You may not discuss your notes with anyone until deliberations begin. At the end of each day, the Bailiff will collect your notes and return them to you the next day.

At the close of evidence:

I have allowed you to take notes during trial. The purpose of taking notes is to assist you during your deliberations. During your deliberations you should not allow the notes taken by one juror or several jurors to control your consideration of the evidence. Instead, give due regard to the individual recollection of each juror whether or not supported by written notes. Your ultimate judgment should be the product of the collective memory of all twelve jurors.

If appropriate:

I have also permitted you to have notebook binders containing exhibits. The fact that evidence is contained in the binder does not mean that you should give it more weight than other evidence in the case. These documents have no more or less weight than the other evidence presented.

Source:

Estate of Tribbitt v. Alexander, Del. Super., C.A. No. 95C-02-138, Herlihy, J. (Jan. 17, 1997);

Bradley v. A.C. & S. Co., Del. Super., 1989 WL 70834, Taylor, J. (May 23, 1989)

at *1-2; <u>In re Asbestos Litigation</u>, Del. Super., 1988 WL 77737, Taylor, J. (June 28, 1988) at *2. See

also <u>United States v. Maclean</u>, 3d Cir., 578 F.2d 64, 65-67 (1978)(permitting note-taking by jurors);

Esaw v. Friedman, Conn. Supr., 586 A.2d 1164 (1991)(permitting juror note taking); <u>Wigler v. City</u>

<u>of Newark</u>, N.J. Super. A.D., 309 A.2d 897, 899 (1973)(juror note taking was not improper and it

was within discretion of trial court to control and direct the manner of juror note taking), cert.

denied, 317 A.2d 703 (1974); Note, Court-Sanctioned Means of Improving Jury Competence in

Complex Civil Litigation, 24 ARIZ. L. REV. 715, 720 (1982).

DEL. P.J.I. CIV. § 24.2 (2000).

**DEFENDANTS' PROPOSED INSTRUCTIONS**

## NEGLIGENCE IS NEVER PRESUMED

Negligence is never presumed.  It must be proved by a preponderance of the evidence before the plaintiff is entitled to recover.  No presumption that a defendant was negligent arises from the mere fact that an accident occurred.


Source:


Levine v. Lam, Del. Supr., 226 A.2d 925, 926-27 (1967); Wilson v. Derrickson, Del. Supr., 175 A.2d 400 (1961); Biddle v. Haldas Bros., Del. Super., 190 A. 588, 595 (1937).


**PLAINTIFF OBJECTS:**    **This Instruction is unnecessary in light of Joint Instructions Nos. J7 (Negligence Defined) and J8 (No Duty to Anticipate Negligence).**


D-1

## DUTY OF THE DEFENDANTS

The Ashland and Longwill defendants owed a general duty of care to refrain from conduct which they knew, or which they should have known, would create an unreasonable risk of harm to Marissa Fishman.  They had a duty to act as a reasonably prudent person would be expected to act under the same or similar circumstances.

**PLAINTIFF OBJECTS:**          **This Instruction is an oversimplification of Defendants' duties, which are more accurately set forth in Plaintiff's proposed Instruction P3 (Violation of Codes or Ordinances/Negligence as a Matter of Law) and P4 (Liability to Children for Highly Dangerous Artificial Conditions).**

D-2

## PROXIMATE CAUSE

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed:  the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the accident.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  A proximate cause brings about, or helps to bring about, the accident, and it must have been necessary to the result.

Source:

Wilmington Country Club v. Cowee, Del. Supr.,747 A.2d 1087, 1097 (2000); Duphily v. Delaware Elec. Coop., Inc., Del. Supr., 662 A.2d 821, 828 (1995); Money v. Manville Corp. Asbestos Disease Comp. Trust Fund, Del. Supr., 596 A.2d 1372, 1375-76 (1991); Culver v. Bennett, Del. Supr., 588 A.2d 1094, 1099 (1991).

**PLAINTIFF OBJECTS:**     **This Instruction does not state that there can be more than one cause of injury.  See P8.**

D-3

## SUPERSEDING CAUSE

In this case, the Ashland defendants allege that the negligence of third parties over whom they exercised no control was the only direct cause of Marissa Fishman's death.  Just because a defendant was negligent and that negligence set in motion the chain of events that caused the accident does not necessarily mean that such a defendant is liable to the plaintiff.

One cause of injury may come after an earlier cause of injury.  The second is called an intervening cause.  The fact that an intervening cause occurs does not automatically break the chain of causation arising from the original cause.  There may be more than one proximate cause of an injury.  In order to break the original chain of causation, the intervening cause must also be a superseding cause, that is, the intervening act or event itself must not have been anticipated nor reasonably foreseen by the person committing the original negligence.  An intervening act of negligence will relieve the person who originally committed negligence from liability:

(1)     if at the time of the original negligence, the person who committed it would not reasonably have realized that another's negligence might cause harm; or,

(2)     if a reasonable person would consider the occurrence of the intervening act as highly extraordinary; or,

(3)     if the intervening act was extraordinarily negligent.

If a third party's negligence, coming after another's negligence, was a distinct and unrelated cause of the injuries, and if that negligence could not have been reasonably anticipated, then you may find that third party's negligence to be the sole proximate cause of the injuries.

D-4

Source:

Delaware Elec. Coop. v. Duphily, Del. Supr., 703 A.2d 1202 (1997); Duphily v. Delaware Elec. Coop., Inc., 662 A.2d 821, 829-30 (1995); Sears Roebuck & Co. v. Huang, Del. Supr., 652 A.2d 568, 573-74 (1995); Sirmans v. Penn, Del. Supr., 588 A.2d 1103, 1106-07 (1991); Nutt v. GAF Corp., Del. Supr., 526 A.2d 564 (1987); McKeon v. Goldstein, Del. Supr., 164 A.2d 260, 262 (1960); Paris v. Wilmington Medical Center Inc., Del. Super., CA. No. 80C-ND-14 (Feb. 13, 1987).

**PLAINTIFF OBJECTS:     There is no proof of negligence of third parties.  As such, this Instruction is confusing and misleading.**

## DAMAGES - ESTATE CLAIMS

The plaintiff, Tim Gorbey, as administrator of the Estate of Marissa Rose Fishman, is entitled to recover for damages if you find that the plaintiff has sustained its burden of proof against at least one of the defendants.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for the plaintiff, you should award the Estate of Marissa Rose Fishman the sum of money that in your judgment will fairly and reasonably compensate the estate for: (1) Marissa Fishman's conscious pain and suffering during the drowning accident; and (2) any reasonable and necessary medical expenses incurred by the estate as a result of the drowning accident.

In evaluating pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress.

The law does not prescribe any definite standard by which to compensate an injured person

D-5

for pain and suffering, nor does it require that any witness should have expressed an opinion about

the amount of damages that would compensate for such injury.  Your award should be just and

reasonable in light of the evidence and reasonably sufficient to compensate the estate fully and

adequately.

**PLAINTIFF OBJECTS:**    **This Instruction does not include a reference to lost earning capacity.  See  Loden v. Getty Oil Company, Del., 359 A.2d 161 (1976).**

## DAMAGES - WRONGFUL DEATH CLAIMS

The law recognizes that when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to immediate family members. While it is impossible to compensate the deceased for the loss of her life, it is possible to compensate certain family members for the losses that they have suffered from the death of a loved one. For this reason, Delaware law provides that when a person dies as a result of another's wrongful act, certain family members may recover fair compensation for their losses resulting from the death. In determining a fair compensation in this particular case, you may consider the following:

(1)     the reasonable cost of funeral expenses, not to exceed $2000; and,

(2)     the mental anguish suffered by Marissa Fishman's parents as a result of her death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one. You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration. The ability to cope with the loss may be different for each person.

There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial.

While the plaintiff carries the burden of proving its damages by a preponderance of the evidence, it is not required to claim and prove with mathematical precision exact sums of money representing its damages for mental anguish. It is required only that the plaintiff

D-6

furnish enough evidence so that you, the jury, can make a reasonable determination of those damages.

Source:

10 Del. C. ' 3724 (Wrongful Death Statute)(as amended June 14, 1999).  Bennett v. Andree, Del. Supr., 252 A.2d 100, 101-03 (1969); Gill v. Celotex Corp., Del. Super., 565 A.2d 21, 23-24 (1989)(mental anguish); Saxton v. Harvey & Harvey, Del. Super., C.A. No. 85C-JL-3, Poppiti, J. (April 14, 1987); Sach v. Kent Gen. Hosp., Del. Super., 518 A.2d 695, 696-97 (1986)(claim by surviving parents); Okie v. Owens, Del. Super., C.A. No. 83C-AP-15, Poppiti, J. (October 16, 1985).

See also Frantz v. United States, D. Del., 791 F. Supp. 445, 448 (1992)(proper beneficiaries of claim for wrongful death); Johnson v. Physicians Anesthesia Serv., D. Del., 621 F. Supp., 908, 915-16 (1985)(action and potential damages arise only after time of death).

**PLAINTIFF OBJECTS:**    **This Instruction does not include a reference to lost earning capacity.  See  Loden v. Getty Oil Company, Del., 359 A.2d 161 (1976).**

### EXPERT OPINION MUST BE TO A REASONABLE PROBABILITY

You have heard experts being asked to give opinions based on a reasonable [__scientific, engineering, economic, etc.__] probability. In Delaware, an expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.


Source:

D.R.E. 703, 705 (expert testimony); Van Arsdale v. State, Del. Supr., 486 A.2d 1, 9 (1984)(medical expert testimony); Delmarva Power & Light Co. v. Burrows, Del. Supr., 435 A.2d 716, 720-21 (1981)(testimony of economist); 0.040 Acres of Land v. State ex rel. State Hwy. Dep't, 198 A.2d 7, 11 (1964)(real estate appraisers); General Motors Corp. v. Freeman, Del. Supr., 164 A.2d 686, 688-89 (1960)(medical expert testimony).


**PLAINTIFF OBJECTS:      This Instruction is unnecessary in light of Joint Instruction No. 17 (Expert Testimony).**

D-7

**EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY**

You have heard a medical expert being asked to give opinions based on a reasonable medical probability. In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.

Source:

D.R.E. 703, 705 (expert testimony); <u>Van Arsdale v. State</u>, Del. Supr., 486 A.2d 1, 9 (1984)(medical expert testimony); <u>General Motors Corp. v. Freeman</u>, Del. Supr., 164 A.2d 686, 688-89 (1960)(medical expert testimony).

**PLAINTIFF OBJECTS:     This Instruction is unnecessary in light of Joint Instruction No. 17 (Expert Testimony).**

D-8

—————

## SYMPATHY

Your verdict must be based solely on the evidence in the case.  You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence.  You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties.  It is only natural and human to sympathize with persons involved in litigation.  But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

Source:

Based on Judge Christie's charge in Vigneulle v. Goldsborough.  See DeAngelis v. Harrison, Del. Supr., 628 A.2d 77, 80 (1993); Delaware Olds, Inc. v. Dixon, Del. Supr., 367 A.2d 178, 179-80 (1976).  See also 75 AM. JUR. 2D Trial " 648-649; 53 AM. JUR. 2D " 495-496.

**PLAINTIFF OBJECTS:     This Instruction is unnecessary in light of Joint Instruction Nos. J1 (Province of Court and Jury) and J21 (Jury's Deliberations).**

D-9