**KLINE & SPECTER**
ATTORNEYS AT LAW

LIBERTY VIEW
457 HADDONFIELD ROAD, SUITE 540
CHERRY HILL, NEW JERSEY 08002
WWW.KLINESPECTER.COM

856-662-1180
FAX: 856-662-1184

April 11, 2008

**Via E-Mail Filing and Facsimile**

The Honorable Mary Pat Thynge
Magistrate Judge
United States District Court of Delaware
844 N. King Street
Wilmington, Delaware 19801

      *Re:*    *James H. Gorbey, Jr., Adm. of the Estate of Marissa Rose Fishman*
             *v. Ashland Construction Company, Inc., et al, CA NO. 05-211(MPT)*

Dear Judge Thynge:

      Please accept this letter as Plaintiff's response in opposition to the Defendants' "additional reasons why the testimony of David L. Hopkins (plaintiff's economic expert) should be precluded" as set forth in the letter of Daniel Hart, Esquire, dated April 9, 2008. Notably, this Court already ruled that Mr. Hopkins will be permitted to testify consistent with his report.

      First, Defendants argue that Mr. Hopkins "has not complied with Delaware law by reducing his figures to present value." This is simply wrong. On page 3 of his report of May 16, 2006, Mr. Hopkins opines as follows:

> By using rates of growth in earnings that are representative of average rates of growth in earnings in the U.S. labor market, and using interest rates that reflect current interest rates in the U.S. economy, **the allowance for future growth in earnings coupled with the reduction of future earnings to their present value would be approximately equivalent to a reduction to present value worth at 0% to 2% net interest for present value. On this basis, the present value of the lost earning capacity would be as follows ..**

(See Hopkins report of May 16, 2006 at Exhibit "A" at page 3)(emphasis added). As such, Defendants argument has no merit as Mr. Hopkins clearly presents his opinions in terms of present value.

The Honorable Mary Pat Thynge
April 11, 2008
Page 2 of 2

Defendants' second argument is indecipherable. However, it appears that Defendants argue that Mr. Hopkins' opinions should be precluded because he "does not address the issue of what the child theoretically would have saved and left to her next of kin." Defendants cite <u>Cann v. Mann Construction Co.</u>, 93 A.2d 741 9Del. Super. Ct. 1952) for this premise.

However, Defendants fail to note that the <u>Cann</u> court defines this analysis as the "estimate of the present money value of the child's life to the estimated prospective estate of the child." Mr. Hopkins provide this estimate in the report. Further, as to an estimate of "what would have been saved," there is simply no requirement under the Wrongful Death (10 Del. C. Sec. 3724) or Survival (10 Del. C. Sec. 3704) statutes that Plaintiff exactly prove what would have been saved. In any event, Mr. Hopkins analyzed potential personal maintenance expenses representing deductions from earning capacity for "sustenance, subsistence, livelihood and support." (<u>See</u> Hopkins report at Exhibit "A" at page 4).

Accordingly, Plaintiff respectfully request this Court not reconsider its decision to allow Mr. Hopkins' testimony and reject Defendants' additional arguments.

Respectfully submitted,

JAMES J. WALDENBERGER

JJW/ckp
cc: All counsel (w/encl)