IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
:
Timothy J. Gorbey, Administrator, d.b.n., of the :
Estate of Marissa Rose Fishman, deceased :
                              Plaintiff     :        Civil Action No.  05-211-MPT
       vs.                                    :
:
Richard Longwill, Barbara Longwill    Ashland :
Construction Co., Inc. and Vincent Rizzo    :        <u>JURY TRIAL DEMANDED</u>
                              Defendants.  :
_____ :

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO AMEND CAPTION AND COMPLAINT**

**I.     Introduction**

Plaintiff seeks to amend its caption and complaint in order to more specifically plead the claim for survival pursuant to 10 Del. C. Sec. 3704 and wrongful death pursuant to 10 Del. C. Sec. 3724. In particular, Plaintiff seeks to amend the caption and complaint as follows:

> Timothy J. Gorbey, Administrator, d.b.n., of the Estate of Marissa Rose Fishman, deceased, on behalf of the Estate of Marissa Rose Fishman pursuant to the Survival Statute, 10 Del. C. Sec. 3704, and on behalf of Rochelle Beth Longwill, Eric Casey Fishman, Alexandra Shoshana Fishman, Harrison Benjamin Fishman and Samuel Solomon Fishman as beneficiaries of Marissa Rose Fishman pursuant to the Wrongful Death Statute, 10 Del. C. Sec. 3724.
>
>                         v.
>
> Richard Longwill, Barbara Longwill, Ashland Construction Co., Inc. and Vincent Rizzo

## II. Standard for Permission to Amend

Leave to amend a complaint "shall be freely given when justice so requires." See F.R.C.P. 15(a). The Supreme Court of the United States mandated that a plaintiff "be afforded an opportunity to test his claim on the merits," rather than having the claim dismissed by denying him leave to amend his complaint:

> "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be 'freely given.'"

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct.227, 9 L.Ed.2d 222 (1962).   In light of the liberal standard for permitting amendments, as well as the fact that the statute of limitations has not yet expired, Plaintiff should be permitted to amend her complaint as proposed.

## III. Plaintiff is Bringing this Action on Behalf of All Possible Entities/Persons under the Survival and Wrongful Death Statutes.

Substantively, Plaintiff is not now changing any of the allegations or parties on behalf this action is brought.  Paragraph 30 of Plaintiff's Amended Master Complaint is not affected by this motion and clearly sets forth as follows:

> Plaintiff claims all damages recoverable under the Wrongful Death Statute, 10 Del. C. §3724 and Survival Statute, 10 Del. C. §3704, arising out of Marissa Rose Fishman's  drowning and subsequent death.  This wrongful death action is brought for the benefit of the deceased's beneficiaries, parents Rochelle Beth Longwill (D.O.B. 1/20/66) and Eric Casey Fishman (D.O.B. 9/9/57) and siblings Alexandra Shoshana Fishman (D.O.B. 12/21/93), Harrison Benjamin Fishman (D.O.B. 10/21/97) and Samuel Solomon Fishman (D.O.B. 6/10/98).

(See Amended Master Complaint at Exhibit "A").

Rather, Plaintiff is merely changing the designation in the caption in order to more specifically reflect upon whom this case is brought. (See Proposed Second Amended Master Complaint at Exhibit "B"). For example, the Survival Statute, 10 Del.C. Sec. 3704 notes that "the personal representative of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction." The requested change is not changing any of the allegations or parties, but only more clearly setting out, in the caption, what was already pled.

Further, the Wrongful Death Statute, 10 Del. C. Sec. 3724 notes that "an action under this subchapter shall be for the benefit of the spouse, parent, child and siblings of the deceased person." As noted, Marissa Fishman's beneficiaries pursuant to the Wrong Death Statute are parents, Rochelle Beth Longwill and Eric Casey Fishman and siblings Alexandra Shoshana Fishman, Harrison Benjamin Fishman and Samuel Solomon Fishman. Again, the requested change is not changing any of the allegations or parties, but only more clearly setting out, in the caption, what was already pled.

IV.     **Conclusion**

Based on the foregoing, Plaintiff respectfully requests this Honorable Court grant leave to file the proposed Second Amended Master Complaint.

**WEISS AND SAVILLE, P.A.**

By: /s/ Yvonne Takvorian Saville
YVONNE TAKVORIAN SAVILLE (ID No. 3430)
1220 Market Steet, Suite 604
Wilmington, DE 19805
(302) 656-0400
*Attorney for Plaintiff*

and
**KLINE & SPECTER,**
**A Professional Corporation**

By: S/Jonathan M. Cohen
I.D. No. 69062
James J. Waldenberger
I.D. No. 83837
1525 Locust Street
19th Floor
Philadelphia PA 19102

Dated: April 25, 2008         Attorneys for Plaintiff