**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIMOTHY J. GORBEY, Administrator, d.b.n., of | : |
| the Estate of Marissa Rose Fishman, Deceased, | : |
| Plaintiff | : Civil Action No.: 05-211 (MPT) |
| vs. | : |
| | : |
| RICHARD LONGWILL, BARBARA | : |
| LONGWILL, ASHLAND CONSTRUCTION | : |
| COMPANY, INC. AND VINCENT RIZZO | : |
| Defendants. | : |

**JURY INSTRUCTIONS**

WEISS AND SAVILLE, P.A.

By: /s/ Yvonne Takvorian Saville
YVONNE TAKVORIAN SAVILLE (ID No. 3430)
1220 Market Street, Suite 604
Wilmington, DE 19805
(302) 656-0400
Attorney for Plaintiff

## PROVINCE OF THE COURT AND JURY

Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the law governing this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions. It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case. Evidence includes the witnesses' sworn testimony and the items admitted into evidence. You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

## STATEMENTS OF COUNSEL

What the attorneys say is not evidence.  Instead, whatever they say is intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

**BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE**

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

In this particular case, the plaintiff must prove all the elements of its claim of negligence as to a given defendant by a preponderance of the evidence in order to hold that defendant liable.

## EVIDENCE EQUALLY BALANCED

If the evidence tends equally to suggest two inconsistent views, neither has been established. That is, where the evidence shows that one or two things may have caused the accident:  one for which a defendant was responsible and one for which it was not.  You cannot find for the plaintiff if it is just as likely that the accident was caused by one thing as by the other.

In other words, if you find that the evidence suggests, on the one hand, that a defendant is liable, but on the other hand, that it is not liable, then you must not speculate about the suggested causes of the accident; in that circumstance you must find for that defendant.

## NEGLIGENCE DEFINED

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance does not measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person was not negligent.

Defendants had a duty to act as a reasonably prudent person would be expected to act under the same or similar set of circumstances.

No presumption that a Defendant was negligent arises from the mere fact that an accident occurred.

## NO DUTY TO ANTICIPATE NEGLIGENCE

Nobody is required to anticipate someone else's negligence.  A person is allowed to assume that another person will not act negligently until he or she knows or should know that the other person is acting or is about to act negligently.  Therefore, a person is required to act reasonably and prudently under the circumstances of the particular situation.

_____

## MULTIPLE DEFENDANTS

There are essentially three defendants in this case: (1) Richard Longwill; (2) Barbara Longwill; and, (3) the Ashland defendants, which are being treated as a single defendant. One may be liable while the other is not. Each defendant is entitled to your fair consideration of its own defenses. If you find against one defendant, that should not affect your consideration of other defendant. Unless I tell you otherwise, all my instructions apply to each defendant.

**JOINT TORTFEASORS**

If you find that one or both Longwill defendants and the Ashland defendants were negligent, and that their negligence combined to cause injury, you must determine their relative degrees of fault. Using 100% as the total amount of the defendants' negligence, you must decide the percentage of each defendant's negligence. I will give you a special-verdict form for this purpose. Your answers in this form will enable me to apportion damages.

———

## PRIOR SWORN STATEMENTS

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe. You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

_____

## PRIOR INCONSISTENT STATEMENT BY WITNESS

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

**OBJECTIONS - RULINGS ON EVIDENCE**

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

**DEPOSITION - USE AS EVIDENCE**

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial.  This is known as deposition testimony.  This kind of testimony is used when a witness, for some reason, cannot be present to testify in person.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

**USE OF INTERROGATORIES AT TRIAL**

Some of the evidence has been in the form of interrogatory answers. An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial. You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can not do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

_____

## EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.   This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

You have heard experts being asked to give opinions based on a reasonable professional probability in given fields.  In Delaware, an expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable probability.  Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

**INSTRUCTIONS TO BE CONSIDERED AS A WHOLE**

I have read a number of instructions to you. The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point. You should consider all the instructions.

## COURT IMPARTIALITY

Nothing I have said since the trial began should be taken as an opinion about the outcome of the case.  You should understand that no favoritism or partisan meaning was intended in any ruling I made during the trial or by these instructions.  Further, you must not view these instructions as an opinion about the facts.  You are the judges of the facts, not me.

**NATURE OF THE CASE**

In this case, Plaintiff, Timothy J. Gorbey, Administrator, d.b.n., of the Estate of Marissa Rose Fishman, Deceased, is suing for damages arising from the drowning death of Marissa Fishman on August 30, 2002. On that date, Marissa Fishman, twenty months old at the time, was visiting the house of Defendants, Richard and Barbara Longwill, at 3220 Coachman Road, Wilmington, Delaware, where Defendants, Ashland Construction Company, Inc., and Vincent Rizzo, were performing construction work.

Plaintiff claims that a sliding glass door from the house to the pool area was left open and all defendants failed to exercise reasonable care by permitting the door to be left open, and by not eliminating the danger presented by the indoor pool.

Defendants deny that they were negligent in any manner.

**NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE**


Plaintiff has alleged that the Defendants were negligent in various ways, but a party does not have to be negligent in all these ways to be liable. You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

**LIABILITY TO CHILDREN FOR HIGHLY DANGEROUS ARTIFICIAL CONDITIONS**

Possessors of land, such as Defendants, Richard and Barbara Longwill, can be liable to children for injuries caused by dangerous, artificial conditions on land when the landowner knows or has reason to know that the artificial condition will attract children who will not recognize the risk because of their age.

Possessors of land, such as Defendants, Richard and Barbara Longwill, can be liable for physical harm to young children on the land for bodily harm caused by a structure or other artificial condition upon the land, if:

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to be, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling within or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

If you find that all of these elements exist, then you must find for Plaintiff.

_____

## AGENT'S NEGLIGENCE IMPUTED TO PRINCIPAL

If you find that Marissa Fishman died as a result of a negligent act committed by an agent or employee of Defendants, Ashland Construction Company, Inc. and/or Vincent Rizzo, while acting within the scope of his employment and/or agency, then that negligence is the legal responsibility of Defendants, Ashland Construction Company, Inc., and Vincent Rizzo.

An agent is one who acts for another, known as a principal, on the principal's behalf and subject to the principal's control and consent.

## CORPORATIONS AND THEIR AGENTS

Defendant, Ashland Construction Company, Inc. is a corporation. A corporation is considered a person within the meaning of the law. As an artificial person, a corporation can only act through its servants, agents, or employees. If you find that any of a corporation's personnel were negligent in performing their duties at the time of the incident, then the corporation is also negligent.

The fact that a party is a corporation should not affect your decision in any way. All persons, whether corporate or human, appear equally in a court of law and are entitled to the same equal consideration.

## AGENCY ADMITTED

It has been admitted in legal documents that, at all times relevant to this litigation, Vincent Rizzo and Salvatore Ortiz-Britto were employees acting within the scope of employment and were the agents of Ashland Construction Company, Inc., and Vincent Rizzo.

As a matter of law, therefore Ashland Construction Company, Inc. and/or Vincent Rizzo is equally responsible with Vincent Rizzo and Salvatore Ortiz-Britto for any acts or omissions Vincent Rizzo and/or Salvatore Ortiz Britto may have committed at the time of the incident.

## PROXIMATE CAUSE

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

There may be more than one proximate cause of an injury.

## CONCURRENT CAUSES

There may be more than one cause of an injury. The conduct of two or more persons or corporations may operate at the same time, either independently or together, to cause injury. Each cause may be a proximate cause. A negligent party can not avoid responsibility by solely claiming that somebody else was also negligent and proximately caused the injury, unless that person's conduct was a superseding cause.

## SUPERSEDING CAUSE

In this case, the defendants allege that the negligence of third parties over whom they exercised no control was the only direct cause of Marissa Fishman's death.  Just because a defendant was negligent and that negligence set in motion the chain of events that caused the accident does not necessarily mean that such a defendant is liable to the plaintiff.

One cause of injury may come after an earlier cause of injury.  The second is called an intervening cause.  The fact that an intervening cause occurs does not automatically break the chain of causation arising from the original cause.  There may be more than one proximate cause of an injury.  In order to break the original chain of causation, the intervening cause must also be a superseding cause, that is, the intervening act or event itself must not have been anticipated nor reasonably foreseen by the person committing the original negligence.  An intervening act of negligence will relieve the person who originally committed negligence from liability:

(1)     if at the time of the original negligence, the person who committed it would not reasonably have realized that another's negligence might cause harm; or,

(2)     if a reasonable person would consider the occurrence of the intervening act as highly extraordinary; or,

(3)     if the intervening act was extraordinarily negligent.

If a third party's negligence, coming after another's negligence, was a distinct and unrelated cause of the injuries, and if that negligence could not have been reasonably anticipated, then you may find that third party's negligence to be the sole proximate cause of the injuries.

## DAMAGES - WRONGFUL DEATH ACT

The law recognizes that when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to her immediate family members. While it is impossible to compensate Marissa Fishman for the loss of her life, it is possible to compensate certain family members for the losses that they have suffered from the death of a loved one. For this reason, Delaware law provides that when a person dies as a result of another's wrongful act, certain family members may recover fair compensation for their losses resulting from the death. In determining a fair compensation, you may consider the following:

(1)    the loss of the expectation of monetary benefits that would have resulted from the continued life of Marissa Fishman; that is, the expectation of inheritance that her parents and siblings have lost.

(2)    the mental anguish suffered by Marissa's parents as a result of Marissa's death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one. You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration.

The ability to cope with the loss may be different for each person.

There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial.

While the Administrator of the Estate of Marissa Fishman carries the burden of proving damages by a preponderance of the evidence, the Administrator is not required to claim and prove with mathematical precision exact sums of money representing damages for mental anguish. It is required only that the Administrator furnishes enough evidence so that you, the jury, can make a reasonable determination of those damages.

## DAMAGES - SURVIVAL ACTION - PAIN AND SUFFERING

The Estate may recover damages for the conscious pain and suffering experienced by Marissa Fishman from the time of injury until death.

The damages for conscious pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering. In evaluating conscious pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress.

The law does not prescribe any definite standard by which to compensate an injured person for conscious pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Marissa Fishman's Estate fully and adequately or her conscious pain and suffering.

**EVIDENCE: DIRECT, INDIRECT OR CIRCUMSTANTIAL**

Generally speaking, there are two types of evidence from which a jury may properly find the facts. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

**SYMPATHY**

Your verdict must be based solely on the evidence in the case.  You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties.  It is only natural and human to sympathize with persons involved in litigation.  But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

**JURY'S DELIBERATIONS**

How you conduct your deliberations is up to you.  But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position.  You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict.  Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors.  You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.